UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ULLICO INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 1:06CV00080 (RJL) |
| | : | |
| | : | |
| NATIONAL UNION FIRE INSURANCE | : | |
| COMPANY OF PITTSBURGH, PA | : | |
| | : | |
| | : | |
| AMERICAN INTERNATIONAL | : | |
| SPECIAL LINES INSURANCE | : | |
| COMPANY | : | |
| | : | |
| v. | : | |
| | : | |
| JOSEPH A. CARABILLO, | : | |
| | : | |
| JAMES W. LUCE and | : | |
| | : | |
| JOHN K. GRELLE | : | |

### JOSEPH A. CARABILLO'S MOTION TO DISMISS
### ULLICO INC.'S FIRST AMENDED COMPLAINT FOR DAMAGES,
### DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Joseph A. Carabillo ("Carabillo"), by counsel, respectfully moves to dismiss Count II of

ULLICO's First Amended Complaint for failure to state a claim pursuant to Fed R. Civ. P.

12(b)(6), and Count IV for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P.

12(b)(1). The grounds therefore are more fully set forth in the Memorandum of Points and

Authorities filed by James W. Luce which is incorporated herein by reference. In support of this

Motion, Carabillo states the following:

1.    Carabillo adopts the arguments set forth by James W. Luce in his Motion to

Dismiss Ullico Inc.'s First Amended Complaint For Damages, Declaratory Judgment and

Injunctive Relief with permission from Luce, by counsel. Arguments set forth in James W. Luce's Memorandum of Points and Authorities are equally applicable to Carabillo.

2.      Ullico Inc.'s First Amended Complaint fails to state a claim upon which relief can be granted against Carabillo pursuant to Fed R. Civ. P. 12(b)(6).

3.      Count IV of Ullico Inc.'s First Amended Complaint fails for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

4.      Carabillo intends to file a supplement to this Motion to Dismiss Ullico Inc.'s First Amended Complaint for Damages, Declaratory Judgment and Injunctive Relief.

For the reasons set forth above and in James W. Luce's Motion to Dismiss and Memorandum of Points and Authorities, Count II fails to state a claim for relief against Carabillo and Count IV states a claim for declaratory judgment over which this Court should decline to exercise its discretionary jurisdiction. Therefore, Carabillo prays that this Court dismiss Ullico Inc.'s claims asserted against him in Ullico Inc.'s First Amended Complaint.

### JOSEPH A. CARABILLO'S ANSWER TO ULLICO INC.'S FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Joseph A. Carabillo, by counsel, responds to Ullico Inc.'s First Amended Complaint for Damages, Declaratory Judgment and Injunctive Relief as follows:

1.      Paragraph 1 of Ullico Inc.'s First Amended Complaint is a characterization of pending litigation and contains no allegation of fact to which a response is required as the allegations contained in the pleadings speak for themselves.

2.      To the extent the allegations contained in Paragraph 2 are related to Carabillo, Carabillo denies the allegations. Carabillo is without knowledge or information sufficient to

2

form a belief as to the truth of the remaining allegations set forth in paragraph 2 of the First Amended Complaint and therefore denies the same.

3.      Carabillo admits Ullico became the subject of investigations.  Carabillo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 3 of the First Amended Complaint and therefore denies the same.

4.      Carabillo admits the allegations contained in paragraph 4 of the First Amended Complaint.

5.      To the extent the allegations of paragraph 5 are related to Carabillo, Carabillo admits the allegations contained in paragraph 5 of the First Amended Complaint.  Carabillo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of the First Amended Complaint and therefore denies the same.

6.      Carabillo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the First Amended Complaint and therefore denies the same.

7.      Carabillo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the First Amended Complaint and therefore denies the same.

8.      Paragraph 8 of Ullico Inc.'s First Amended Complaint is a characterization of Ullico Inc.'s claims and contains no allegation of fact to which a response is required.

## THE PARTIES

9.     Carabillo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the First Amended Complaint and therefore denies the same.

10.     To the best of his information and belief, Carabillo states that the allegations of paragraph 10 are true.

11.     To the best of his information and belief, Carabillo states that the allegations of paragraph 11 are true.

12.     Carabillo admits the allegations contained in paragraph 12 of the First Amended Complaint, except Carabillo states he was wrongfully terminated without cause on May 30, 2003.

13.     Carabillo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the First Amended Complaint and therefore denies the same.

14.     Carabillo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the First Amended Complaint and therefore denies the same.

## JURISDICTION AND VENUE

15.     In response to paragraph 15, Carabillo admits that this Court has jurisdiction pursuant to Fed. R. Civ. P. 13, 28 U.S.C. § 1332.

16.     In response to paragraph 16, Carabillo admits hat the amount in controversy, exclusive of interest, exceeds the sum of $75,000 and there is complete diversity between the parties.

4

17.    In response to paragraph 17, Carabillo admits that venue is proper pursuant to 28 U.S.C. § 1391.

## UNDERLYING DOL INVESTIGATIONS

18.    To the best of his information and belief, Carabillo admits that the DOL commenced an investigation. Carabillo denies the accuracy of Ullico Inc.'s characterizations or inferences contained in sentence one of paragraph 18 concerning the investigation. Carabillo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in sentence two of paragraph 18 of the First Amended Complaint and therefore denies the same.

## UNDERLYING LITIGATION
## CARABILLO

19.    In response to paragraph 19, Carablillo admits he was terminated from employment with Ullico Inc. on May 30, 2003. Carabillo denies he was terminated for cause.

20.    Carabillo denies the allegations contained in paragraph 20 of the First Amended Complaint.

21.    Carabillo admits he filed a lawsuit after his termination. To the extent Paragraph 21 of Ullico Inc.'s First Amended Complaint characterizes the pending litigation, it contains no allegation of fact to which a response is required as the allegations contained in the pleadings speak for themselves.

22.    Carabillo admits Ullico Inc., among others, filed counterclaims. To the extent, Paragraph 22 of Ullico Inc.'s First Amended Complaint characterizes pending litigation, it contains no allegation of fact to which a response is required as the allegations contained in the pleadings speak for themselves.

### Carabillo I

23.     Paragraph 23 of Ullico Inc.'s First Amended Complaint is a characterization of civil action *Carabillo v. Ullico, Inc.*, No. 1:03CV01556 (Dist. Ct. D.C.) and contains no allegation of fact to which a response is required as the language of the Complaint speaks for itself.

24.     Paragraph 24 of Ullico Inc.'s First Amended Complaint is a characterization of civil action *Carabillo v. Ullico, Inc.*, No. 1:03CV01556 (Dist. Ct. D.C.) and contains no allegation of fact to which a response is required as the language of the Complaint speaks for itself.

25.     Paragraph 25 of Ullico Inc.'s First Amended Complaint is a characterization of pending litigation and contains no allegation of fact to which a response is required as the allegations contained in the pleadings speak for themselves.

### Carabillo II

26.     Paragraph 26 of Ullico Inc.'s First Amended Complaint is a characterization of civil action *Carabillo v. Ullico, Inc. Pension Plan & Trust, et al.*, No. 1:03CV00776 (Dist. Ct. D.C.) and contains no allegation of fact to which a response is required as the language of the Complaint speaks for itself.

27.     Paragraph 27 of Ullico Inc.'s First Amended Complaint is a characterization of civil action *Carabillo v. Ullico, Inc. Pension Plan & Trust, et al.*, No. 1:03CV00776 (Dist. Ct. D.C.) and contains no allegation of fact to which a response is required as the language of the Complaint speaks for itself.

6

## LUCE

### Luce I

28.     Paragraph 28 of Ullico Inc.'s First Amended Complaint is a characterization of pending litigation and contains no allegation of fact to which a response is required as the allegations contained in the pleadings speak for themselves.

### Luce II

29.     Paragraph 29 of Ullico Inc.'s First Amended Complaint is a characterization of pending litigation and contains no allegation of fact to which a response is required as the allegations contained in the pleadings speak for themselves.

### Luce III

30.     Paragraph 30 of Ullico Inc.'s First Amended Complaint is a characterization of pending litigation and contains no allegation of fact to which a response is required as the allegations contained in the pleadings speak for themselves.

## ULLICO'S INSURANCE PROGRAM

31.     To the best of his information and belief, Carabillo states that the allegations of paragraph 31 are true.

32.     In response to paragraph 32, Carabillo asserts that Ullico Inc. sets forth provisions contained in Policy 874-44-03 to which no response is required because the language of the Policy speaks for itself.

33.     In response to paragraph 33, Carabillo asserts that Ullico Inc. sets forth provisions contained in Policy 874-44-03 to which no response is required because the language of the Policy speaks for itself.

34.    In response to paragraph 34, including all subparts, Carabillo asserts that Ullico Inc. sets forth provisions contained in Policy 874-44-03 to which no response is required because the language of the Policy speaks for itself.

35.    In response to paragraph 35, including all subparts, Carabillo asserts that Ullico Inc. sets forth provisions contained in Policy 874-44-03 to which no response is required because the language of the Policy speaks for itself.

36.    In response to paragraph 36, including all subparts, Carabillo asserts that Ullico Inc. sets forth provisions contained in Policy 874-44-03 to which no response is required because the language of the Policy speaks for itself.

37.    In response to paragraph 37, Carabillo asserts that Ullico Inc. sets forth provisions contained in Policy 874-44-03 to which no response is required because the language of the Policy speaks for itself.  Carabillo denies that the portions of the Policy quoted in paragraph 37 are relevant to this controversy.

## 2002 Fiduciary Policy

38.    In response to paragraph 38, Carabillo asserts that Ullico Inc. sets forth provisions contained in Policy 495-38-35 to which no response is required because the language of the Policy speaks for itself.

39.    In response to paragraph 39, Carabillo asserts that Ullico Inc. sets forth provisions contained in Policy 495-38-35 to which no response is required because the language of the Policy speaks for itself.

40.    In response to paragraph 40 including all subparts, Carabillo asserts that Ullico Inc. sets forth provisions contained in Policy 495-38-35 to which no response is required because the language of the Policy speaks for itself.

8

41.      In response to paragraph 41, including all subparts, Carabillo asserts that Ullico Inc. sets forth provisions contained in Policy 495-38-35 to which no response is required because the language of the Policy speaks for itself.

42.      In response to paragraph 42 including all subparts, Carabillo asserts that Ullico Inc. sets forth provisions contained in Policy 495-38-35 to which no response is required because the language of the Policy speaks for itself.

43.      In response to paragraph 43, Carabillo asserts that Ullico Inc. sets forth provisions contained in Policy 495-38-35 to which no response is required because the language of the Policy speaks for itself.  Carabillo denies that the portions of the Policy quoted in paragraph 37 are relevant to this controversy.  Carabillo denies that the portions of the Policy quoted in paragraph 43 are relevant to this controversy.

## DIRECTORS' & OFFICERS' POLICY

44.      In response to paragraph 44, Carabillo asserts that Ullico Inc. sets forth provisions contained in Policy 495-36-84 to which no response is required because the language of the Policy speaks for itself.

45.      In response to paragraph 45, including all subparts, Carabillo asserts that Ullico Inc. sets forth provisions contained in Policy 495-36-84 to which no response is required because the language of the Policy speaks for itself.

46.      In response to paragraph 46, Carabillo asserts that Ullico Inc. sets forth provisions contained in Policy 495-36-84 to which no response is required because the language of the Policy speaks for itself.

47.    In response to paragraph 47, including all subparts, Carabillo asserts that Ullico Inc. sets forth provisions contained in Policy 495-36-84 to which no response is required because the language of the Policy speaks for itself.

48.    In response to paragraph 48, Carabillo asserts that Ullico Inc. sets forth provisions contained in Policy 495-36-84 to which no response is required because the language of the Policy speaks for itself.

## PROFESSIONAL LIABILITY POLICY

49.    In response to paragraph 49, Carabillo asserts that Ullico Inc. sets forth provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself.

50.    In response to paragraph 50, including all subparts, Carabillo asserts that Ullico Inc. sets forth provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself.

51.    In response to paragraph 51, Carabillo asserts that Ullico Inc. sets forth provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself.

52.    In response to paragraph 52, Carabillo asserts that Ullico Inc. sets forth provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself.

53.    In response to paragraph 53, Carabillo asserts that Ullico Inc. sets forth provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself.

54.     In response to paragraph 54 including all subparts, Carabillo asserts that Ullico Inc. sets forth provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself.

55.     In response to paragraph 55, Carabillo asserts that Ullico Inc. sets forth provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself. Carabillo denies any characterizations or inferences made by Ullico Inc in paragraph 55.

56.     In response to paragraph 56, Carabillo asserts that Ullico Inc. sets forth provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself. Carabillo denies any characterizations or inferences made by Ullico Inc in paragraph 56.

57.     In response to paragraph 57, Carabillo asserts that Ullico Inc. sets forth provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself. Carabillo denies any characterizations or inferences made by Ullico Inc in paragraph 57.

### THE INSURERS' BREACH OF THEIR POLICY OBLIGATIONS

58.     Carabillo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the First Amended Complaint and therefore denies the same.

59.     Carabillo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the First Amended Complaint and therefore denies the same.

60.    Carabillo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the First Amended Complaint and therefore denies the same.

61.    Carabillo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the First Amended Complaint and therefore denies the same.

62.    Carabillo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the First Amended Complaint and therefore denies the same.

**COUNT I**
**BREACH OF CONTRACT UNDER THE FIDUCIARY & D&O POLICY**
**(AGAINST NATIONAL UNION)**

63.    Carabillo incorporates the responses contained in paragraphs 1 through 62 as if fully set forth herein.

64.    The allegations of paragraph 64 are not asserted against Carabillo and no responsive pleading is necessary.  To the extent further response is required, Carabillo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the First Amended Complaint and therefore denies the same.

65.    The allegations of paragraph 65 are not asserted against Carabillo and no responsive pleading is necessary.  To the extent further response is required, Carabillo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the First Amended Complaint and therefore denies the same.

66.    The allegations of paragraph 66 are not asserted against Carabillo and no responsive pleading is necessary.  To the extent further response is required, Carabillo is without

knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66, including all subparts, of the First Amended Complaint and therefore denies the same.

**COUNT II**
**PRELIMINARY AND PERMANENT INJUNCTION**
**(AGAINST NATIONAL UNION AND INDIVIDUAL DEFENDANTS)**

67.    Carabillo incorporates the responses contained in paragraphs 1 through 66 as if fully set forth herein.

68.    To the best of his knowledge and information, Carabillo admits the allegations contained in paragraph 68 of Ullico Inc.'s First Amended Complaint.

69.    Carabillo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the First Amended Complaint and therefore denies the same.

70.    Paragraph 70 of the First Amended Complaint contains legal conclusions to which no responsive pleading is necessary. To the extent further response is required, Carabillo denies the allegations contained therein.

71.    Paragraph 71 of the First Amended Complaint contains legal conclusions to which no responsive pleading is necessary. To the extent further response is required, Carabillo denies the allegations contained therein.

72.    Paragraph 72 of the First Amended Complaint contains legal conclusions to which no responsive pleading is necessary. To the extent further response is required, Carabillo denies the allegations contained therein.

73.     Paragraph 73 of the First Amended Complaint contains legal conclusions to which no responsive pleading is necessary. To the extent further response is required, Carabillo denies the allegations contained therein.

74.     Carabillo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 of the First Amended Complaint and therefore denies the same.

75.     Paragraph 75 of Ullico Inc.'s First Amended Complaint is a characterization of pending litigation and contains no allegation of fact to which a response is required as the allegations contained in the pleadings speak for themselves.

76.     Carabillo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the First Amended Complaint and therefore denies the same.

77.     Paragraph 77 of the First Amended Complaint contains legal conclusions to which no responsive pleading is necessary. To the extent further response is required, Carabillo denies the allegations contained therein.

78.     Carabillo denies the allegations contained in paragraph 78 of Ullico Inc.'s First Amended Complaint.

79.     Carabillo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the First Amended Complaint and therefore denies the same.

80.     Paragraph 80 of the First Amended Complaint contains legal conclusions to which no responsive pleading is necessary. To the extent further response is required, Carabillo denies the allegations contained therein.

81.    Paragraph 81 of the First Amended Complaint contains legal conclusions to which no responsive pleading is necessary. To the extent further response is required, Carabillo denies the allegations contained therein.

82.    Paragraph 82 of the First Amended Complaint contains legal conclusions to which no responsive pleading is necessary. To the extent further response is required, Carabillo denies the allegations contained therein.

## COUNT III
## SPECIFIC PERFORMANCE
## (AGAINST NATIONAL UNION AND AISLIC)

83.    Carabillo incorporates the responses contained in paragraphs 1 through 82 as if fully set forth herein.

84.    The allegations of paragraph 84 are not asserted against Carabillo and no responsive pleading is necessary. To the extent further response is required, Carabillo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84 of the First Amended Complaint and therefore denies the same.

85.    The allegations of paragraph 85 are not asserted against Carabillo and no responsive pleading is necessary. To the extent further response is required, Carabillo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 85 of the First Amended Complaint and therefore denies the same.

## COUNT IV
## DECLARATORY JUDGMENT
## (AGAINST ALL DEFENDANTS)

86.    Carabillo incorporates the responses contained in paragraphs 1 through 85 as if fully set forth herein.

87.    To the extent paragraph 87 relates to Carabillo, Carabillo admits the allegations contained in paragraph 87 of Ullico Inc.'s First Amended Complaint.  Carabillo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 87 of the First Amended Complaint and therefore denies the same.

88.    Carabillo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88 of the First Amended Complaint and therefore denies the same.

89.    The first sentence of Paragraph 89 of the First Amended Complaint contains legal conclusions to which no responsive pleading is necessary.  Carabillo denies that Ullico Inc. is entitled to any judgment demands against Carabillo.

90.    Carabillo denies each and every allegation contained in Ullico Inc.'s First Amended Complaint not specifically admitted herein.

91.    To the extent the section headings in Ullico Inc.'s First Amended Complaint assert any factual allegations or characterizations or legal conclusions, Carabillo denies all such allegations, characterizations, and conclusions.

94.    The claims for which Ullico Inc. seeks judgment were caused solely by parties over which Carabillo had no control or right to control, and which events are unrelated to any conduct of Carabillo.

95.    Carabillo denies that he is liable for the demand for judgment or for any other relief requested by Ullico Inc.

96.    Carabillo denies that he committed any acts or omissions that give rise to the claims asserted in Ullico Inc.'s First Amended Complaint.

WHEREFORE, Joseph A. Carabillo demands that Ullico Inc.'s First Amended Complaint be dismissed against him and that judgment be entered in his favor against Ullico Inc. and that he be awarded defense costs incurred in defending this action and any other relief the Court deems appropriate.

Respectfully submitted,

_____/s/_____
Daniel G. Grove, Esquire
DC Bar #066399
Jackson Kelly, PLLC
2401 Pennsylvania Avenue, N.W.
Suite 400
Washington, D.C. 20037
Telephone:  (202) 973-0200
Facsimile:  (202) 973-0232

*Counsel for Defendant Joseph A. Carabillo*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of January, 2006, a true and correct copy of the foregoing Motion to Dismiss and Answer of Defendant Joseph A. Carabillo to Ullico Inc.'s First Amended Complaint For Damages, Delcaratory Judgment and Injunctive Relief was served upon all counsel of record via Electronic Case Filing or as otherwise required by LCvR 5.4(d) of this Court's Local Rules.

_____/s/_____
Daniel G. Grove