UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ULLICO INC.,<br><br>    **Plaintiff,**<br><br>    v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, et al<br><br>    **Defendants.** | Civil Action No. 1:06cv00080 (RJL) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA<br>and<br>AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,<br><br>    **Counterclaim Plaintiffs,**<br><br>    v.<br><br>ULLICO INC.,<br><br>    **Counterclaim Defendant.** |  |

**ULLICO INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY'S AND NATIONAL UNION FIRE INSURANCE COMPANY'S COUNTERCLAIMS**

Plaintiff/Counterclaim Defendant Ullico Inc. ("Ullico"), by and through its attorneys, submits the following Answer and Affirmative Defenses to the Counterclaims filed by Defendants American International Specialty Lines Insurance Company ("AISLIC") and National Union Fire Insurance Company ("National Union") (collectively "Insurers"):

## COUNTERCLAIM

1. In response to the allegations contained in Paragraph 1 of the counterclaim, Ullico admits that the Insurers assert this counterclaim against Ullico seeking a declaratory judgment of non-coverage for the claims asserted against it, but denies that they are entitled to such relief.

### Jurisdiction and Venue

2. Ullico admits the truth of the allegations contained in Paragraph 2 of the counterclaim.

3. In response to the allegations contained in Paragraph 3 of the counterclaim, Ullico admits that venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391, that Ullico's principal place of business is in the District of Columbia, that proceedings related to this action are currently pending in the District of Columbia, that the insurance policies were sold to Ullico which has offices in the District of Columbia, that a copy of such policies were sent to Ullico in its District of Columbia office and that many of the events giving rise to the claims occurred in the District of Columbia. Ullico denies the truth of each and every remaining allegation in Paragraph 3.

### Parties

4. Ullico admits the truth of the allegations contained in Paragraph 4 of the counterclaim.

5. Ullico admits the truth of the allegations contained in Paragraph 5 of the counterclaim.

6. Ullico admits the truth of the allegations contained in Paragraph 6 of the counterclaim.

**Underlying Facts**

7. Ullico admits the truth of the allegations contained in Paragraph 7 of the counterclaim.

8. In response to the allegations contained in Paragraph 8 of the counterclaim, Ullico admits that the DOL began an investigation of Ullico in or about March of 2002, and that by June 2002 the DOL had issued subpoenas to Ullico and other Ullico related entities. Ullico denies the truth of each and every remaining allegation in Paragraph 8.

9. Ullico is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the counterclaim and therefore those allegations are denied.

10. Ullico admits the truth of the allegations contained in Paragraph 10 of the counterclaim.

11. In response to the allegations contained in Paragraph 11 of the counterclaim, Ullico admits that National Union sent a January 15, 2003 letter to Ullico in which it reserved its rights based upon various alleged coverage defenses, including the panel counsel provisions, but denies that National Union ever agreed to fully pay Ullico's defense costs or that it has paid any such costs. Ullico further denies the truth of each and every remaining allegation contained in Paragraph 11.

12. Ullico admits the truth of the allegations contained in Paragraph 12 of the counterclaim.

13. In response to the allegations contained in Paragraph 13 of the counterclaim, Ullico admits that it asserted claims against Carabillo for breach of fiduciary duty, aiding and abetting breaches of fiduciary duty, unjust enrichment and professional negligence, but denies

that Insurers have fully stated all of the claims Ullico brought in its Counterclaim and deny every remaining allegation contained in Paragraph 13.

14.     In response to the allegations contained in Paragraph 14 of the counterclaim, Ullico admits that National Union denied coverage for the Carabillo I complaint under the 2002 Fiduciary Policy, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 and therefore those allegations are denied.

15.     In response to the allegations contained in Paragraph 15 of the counterclaim, Ullico admits that National Union, in its October 21, 2004 coverage letter, advised that there was no coverage for the Carabillo I Complaint under the 2002 Fiduciary Policy based on the alleged applicability of an exclusion which precludes coverage for claims that arise out of, are attributable to or that are based upon Wrongful Acts alleged or contained in any claim which has been reported under an earlier policy.  Ullico denies that this exclusion applies to the Carabillo I Complaint under the 2002 Fiduciary Policy, denies that any such exclusion applies to the facts of the present case, and denies the truth of each and every remaining allegation contained in Paragraph 15.

16.     In response to the allegations contained in Paragraph 16 of the counterclaim, Ullico admits that National Union, in its October 21, 2004 letter, alleged that the Carabillo I complaint was related to the DOL Investigation.  Ullico further denies the truth of each and every remaining allegation in Paragraph 16.

17.     In response to the allegations contained in Paragraph 17 of the counterclaim, Ullico admits that National Union purported to accept the Carabillo I complaint under the 2001

Fiduciary Policy because of its alleged relatedness to the DOL Investigation but denies every remaining allegation contained in Paragraph 17.

18. In response to the allegations contained in Paragraph 18 of the counterclaim, Ullico admits that National Union purported to agree to pay certain defense costs for the Carabillo I Complaint under the 2001 Fiduciary Policy, but denies that National Union has paid any of Ullico's defense costs, denies that such an allocation scheme is allowed under the policy and further denies that the Insurers have accurately, fully and completely summarized all of the relevant provisions of its coverage determination letter dated October 21, 2004 in the allegations contained in Paragraph 18, and, on that basis, denies every remaining allegation.

19. In response to the allegations contained in Paragraph 19 of the counterclaim, Ullico admits National Union issued a coverage determination in its letter of April 7, 2004 with respect to coverage for Carabillo I under the D&O Policy, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 and therefore denies those allegations.

20. In response to the allegations contained in Paragraph 20 of the counterclaim, Ullico admits that National Union purported to accept its coverage obligation for portions of the Carabillo I Complaint under the D&O Policy in its letter of April 7, 2004, but denies such an allocation scheme is allowed under the policy, denies that National Union has paid Ullico any defense costs and denies that the Insurers have accurately, fully and completely summarized all of the relevant provisions of its coverage determination letter dated April 4, 2004 in the allegations contained in Paragraph 20, and, on that basis, denies every remaining allegation.

21. In response to the allegations contained in Paragraph 21 of the counterclaim, Ullico admits that National Union purported to agree to pay an allocated share of its defense

5

costs for the Carabillo I complaint under the D&O Policy, but denies that such an allocation scheme is allowed under the D&O Policy, denies that National Union has paid any of Ullico's defense costs and further denies that the Insurers have accurately, fully and completely summarized all of the relevant provisions of its coverage determination letter dated April 7, 2004 in the allegations contained in Paragraph 21, and, on that basis, denies every remaining allegation.

22.   Ullico admits the truth of the allegations contained in Paragraph 22 of the counterclaim.

23.   In response to the allegations contained in Paragraph 23 of the counterclaim, Ullico admits that it received a letter from AISLIC dated February 11, 2004 in which AISLIC purported to deny coverage for Carabillo I based on the Policy's ERISA exclusion. Ullico denies the truth of the remaining allegations containing in Paragraph 23.

24.   Ullico admits the truth of the allegations contained in Paragraph 24 of the Counterclaim.

25.   Ullico admits the truth of the allegations contained in Paragraph 25 of the counterclaim.

26.   In response to the allegations contained in Paragraph 26 of the counterclaim, Ullico admits that if Ullico agreed to certain extra-contractual conditions, National Union purported to agree to pay the defense costs incurred by Ullico for the Carabillo II complaint under the 2001 Fiduciary Policy, but denies that National Union has paid any of Ullico's defense costs and further denies that the Insurers have accurately, fully and completely summarized all of the relevant provisions of its coverage determination letter dated October 21, 2004 in the allegations contained in Paragraph 26, and, on that basis, denies every remaining allegation.

27. In response to the allegations contained in Paragraph 27 of the counterclaim, Ullico admits that on June 23, 2005 the Individual Defendants and Robert Georgine filed a consolidated complaint in the United States District Court for the District of Columbia in action number 1:03cv01556. Ullico denies the truth of the remaining allegations in Paragraph 27.

### 2001 Fiduciary Policy

28. Ullico admits the truth of the allegations contained in Paragraph 28 of the counterclaim.

29. Ullico admits the truth of the allegations contained in Paragraph 29 of the counterclaim.

30. In response to the allegations contained in Paragraph 30 of the counterclaim, Ullico admits that the 2001 Fiduciary Policy National Union issued to Ullico contains the coverage described in the allegations contained in Paragraph 30.

31. In response to the allegations contained in Paragraph 31 of the counterclaim, Ullico admits that the 2001 Fiduciary Policy National Union issued to Ullico contains the coverage described in the allegations contained in Paragraph 31.

32. In response to the allegations contained in Paragraph 32 of the counterclaim, Ullico admits that Section 9 of the 2001 Fiduciary Policy National Union issued to Ullico contains the following provision: "This clause only applies with respect to: (1) an agency proceeding or investigation as defined in either paragraphs (c)(4) or (5) of clause 3, Definitions, or (2) a class or representative action." Ullico denies the truth of the remaining allegations contained in Paragraph 32.

### 2002 Fiduciary Policy

33. Ullico admits the truth of the allegations contained in Paragraph 33 of the counterclaim.

34. In response to the allegations contained in Paragraph 34 of the counterclaim, Ullico admits that the 2001 Fiduciary Policy issued by National Union to Ullico has a $5 million limit of liability for all Loss, in the aggregate, including defense costs, and admits that the policy has a retention requirement that applies to certain coverages in certain circumstances. Ullico denies the truth of each and every remaining allegation contained in Paragraph 34.

35. In response to the allegations contained in Paragraph 35 of the counterclaim, Ullico admits that Exclusion 5(d) of the 2002 Fiduciary Policy states that it excludes Loss incurred in connection with the following: "alleging, arising out of, based upon or attributable to the facts alleged, or to the same or related Wrongful Act alleged or contained, in any claim which notice has been given, under any policy of which this policy is a renewal or replacement or which it may succeed in time." Ullico denies that Exclusion 5(d) applies to the facts of the present case.

## Directors' & Officers' Policy

36. Ullico admits the truth of the allegations contained in Paragraph 36 of the counterclaim.

37. Ullico admits the truth of the allegations contained in Paragraph 37 of the counterclaim.

38. In response to the allegations contained in Paragraph 38 of the counterclaim, Ullico admits that under certain coverages a $750,000 retention applies, but denies the truth of the remaining allegations contained in Paragraph 38.

39. In response to the allegations contained in Paragraph 39 of the counterclaim, Ullico admits that Ullico Inc. is the Named Entity under the D&O Policy and that the policy provides for subsidiary coverage for any past, present or future Subsidiary of the Named Entity, but denies the truth of each and every remaining allegation contained in Paragraph 39.

40. Ullico admits the truth of the allegations contained in Paragraph 40 of the counterclaim.

41. Ullico admits the truth of the allegations contained in Paragraph 41 of the counterclaim.

42. In response to the allegations contained in Paragraph 42 of the counterclaim, Ullico admits that Exclusion 4(o) of the D&O Policy states that it precludes coverage for the following: "for violation(s) of any of the responsibilities, obligations or duties imposed by the Employee Retirement Income Security Act of 1974 . . ., any rules or regulations of the foregoing promulgated thereunder, and amendments thereto or any similar provisions of any federal, state, local or foreign statutory law or common law, provided, however, that this exclusion shall not apply to Loss arising from a Claim for Retaliation." Ullico denies that Exclusion 4(o) applies to the facts in the present case.

43. In response to the allegations contained in Paragraph 43 of the counterclaim, Ullico admits that Exclusion 4(p) of the D&O Policy states that it precludes coverage for the following: "alleging, arising out of, based upon or attributable to any obligation pursuant to any worker's compensation, disability benefits, unemployment compensation, unemployment insurance, retirement benefits, social security benefits or similar law; provided, however, this exclusion shall to apply to Loss arising from a Claim for Retaliation." Ullico denies that Exclusion 4(p) applies to the facts of the present case.

44. In response to the allegations contained in Paragraph 44 of the counterclaim, Ullico admits that Exclusion 4(h) of the D&O Policy states that it precludes coverage for the following: "alleging, arising out of, based upon or attributable to any actual or alleged contractual liability of the Company or any other Insured under any express contract or

9

agreement; provided, however, that with respect to Employment Practice Claims, this exclusion shall not apply to the extent any liability does not arise under such express employment contract or agreement." Ullico denies that Exclusion 4(h) applies to the facts of the present case.

45.  In response to the allegations contained in Paragraph 45 of the counterclaim, Ullico admits that Exclusion 4(i) of the D&O Policy states that it precludes coverage for the following: "which is brought by any Insured or by the Company; or which is brought by any security holder of the Company, whether directly or derivatively, unless such security holder's Claim is instigated and continued totally independent of, and totally without the solicitation of, or assistance of, or active participation of, or Intervention of, any insured; provided, however, this exclusion shall not apply to:

(1)  any Claim brought by an individual Insured where such Claim is in the form of a cross-claim or third-party claim for contribution or indemnity which is part of and results directly from a Claim which is not otherwise excluded by the terms of this policy; or

(2)  an Employment Practices Claim brought by an Employee of the Company other than an Employee who is or was a director, member of the Board of Managers or management committee member of the Named Entity."

Ullico denies that Exclusion 4(i) applies to the facts of the present case.

### Professional Liability Policy

46.  Ullico admits the truth of the allegations contained in Paragraph 46 of the counterclaim.

47.  Ullico admits the truth of the allegations contained in Paragraph 47 of the counterclaim.

48.	In response to the allegations contained in Paragraph 48 of the counterclaim, Ullico admits that the Professional Liability Policy contains a $500,000 retention that applies to some coverages, but denies that Insurers have accurately quoted the Policy's provision in Paragraph 48, and therefore denies every remaining allegation.

49.	In response to the allegations contained in Paragraph 49 of the counterclaim, Ullico admits that Ullico and its Subsidiaries are the Named Insured in the Professional Liability Policy.

50.	Ullico admits the truth of the allegations contained in Paragraph 50 of the counterclaim.

51.	In response to the allegations contained in Paragraph 51 of the counterclaim, Ullico admits that the definition of "Insured" under the Professional Liability Policy was amended in Endorsement No. 6 to include "any person admitted to practice law who is, was, or becomes employed as a lawyer full time and salaried by the Name Insured, [herein referred to as an 'Employed Lawyer']." Ullico denies the truth of each and every remaining allegation in Paragraph 51.

52.	In response to the allegations contained in Paragraph 52 of the counterclaim, Ullico admits that Exclusion 4(f) of the Professional Liability Policy states that it does not apply "to any claim brought by one Insured under this policy against another Insured under this policy." Ullico denies that Exclusion (f) applies to the facts of the present case.

53.	In response to the allegations contained in Paragraph 53 of the counterclaim, Ullico admits that Exclusion 4(o) of the Professional Liability Policy states that it does not apply "to any claim made against any Insured for violation of any of the responsibilities, obligations or duties imposed upon fiduciaries by the Employee Retirement Income Security Act of 1974 or

amendments thereto or any similar provision of state statutory law or common law or any other law." Ullico denies that Exclusion (o) applies to the facts of the present case.

## COUNTERCLAIM I — DECLARATORY JUDGMENT
### 2001 Fiduciary Policy

54. In response to the allegations contained in Paragraph 54 of the counterclaim, Ullico realleges and incorporates by reference its responses to Paragraphs 1 through 53, as if set forth fully herein.

55. In response to the allegations contained in Paragraph 55 of the counterclaim, Ullico admits that National Union purported to agree to pay certain of Ullico's defense costs, subject to certain extra-contractual conditions, but denies that National Union has actually paid any of Ullico's defense costs, denies that National Union has accurately and fully summarized the relevant provisions of its reservation of rights, and denies every remaining allegation contained in Paragraph 55.

56. Ullico denies the truth of the allegations contained in Paragraph 56 of the counterclaim.

57. In response to the allegations contained in Paragraph 57 of the counterclaim, Ullico admits that it claims it is entitled to reimbursement of its defense costs under the 2001 Fiduciary Policy, but denies the truth of each and every remaining allegation contained in Paragraph 57.

58. Ullico denies the truth of the allegations contained in Paragraph 58 of the counterclaim.

59. Ullico admits the truth of the allegations contained in Paragraph 59 of the counterclaim.

60. Ullico denies the truth of the allegations contained in Paragraph 60 of the counterclaim.

## COUNTERCLAIM II — DECLARATORY JUDGMENT
### 2002 Fiduciary Policy

61. In response to the allegations contained in Paragraph 61 of the counterclaim, Ullico realleges and incorporates by reference its responses to Paragraphs 1 through 60, as if set forth fully herein.

62. Ullico denies the truth of the allegations contained in Paragraph 62 of the counterclaim.

63. In response to the allegations contained in Paragraph 63 of the counterclaim, Ullico admits that it claims it is entitled to a defense under the 2002 Fiduciary Policy, but denies the truth of each and every remaining allegation contained in Paragraph 63.

64. Ullico denies the truth of the allegations contained in Paragraph 64 of the counterclaim.

65. Ullico admits the truth of the allegations contained in Paragraph 65 of the counterclaim.

66. Ullico denies the truth of the allegations contained in Paragraph 66 of the counterclaim.

## COUNTERCLAIM III — DECLARATORY JUDGMENT
### D&O Policy

67. In response to the allegations contained in Paragraph 67 of the counterclaim, Ullico realleges and incorporates by reference its responses to Paragraphs 1 through 66, as if set forth fully herein.

68. Ullico admits the truth of the allegations contained in Paragraph 68 of the counterclaim.

69. In response to the allegations contained in Paragraph 69 of the counterclaim, Ullico admits that the Individual Defendants are also Insureds under the D&O Policy, but denies the truth of every remaining allegation in Paragraph 69.

70. Ullico denies the truth of the allegations contained in Paragraph 70 of the counterclaim.

71. Ullico denies the truth of the allegations contained in Paragraph 71 of the counterclaim.

(a) In response to the allegations contained in Paragraph 71(a) of the counterclaim, Ullico admits that Exclusion 4(o) of the D&O Policy states that it does not apply "to any claim made against any Insured for violation of any of the responsibilities, obligations or duties imposed upon fiduciaries by the Employee Retirement Income Security Act of 1974 or amendments thereto or any similar provision of state statutory law or common law or any other law." Ullico denies that Exclusion (o) applies to the facts of the present case.

(b) In response to the allegations contained in Paragraph 71(b) of the counterclaim, Ullico admits that Exclusion 4(p) of the D&O Policy states that it precludes coverage for the following: "alleging, arising out of, based upon or attributable to any obligation pursuant to any worker's compensation, disability benefits, unemployment compensation, unemployment insurance, retirement benefits, social security benefits or similar law; provided, however, this exclusion shall to apply to Loss arising from a Claim for Retaliation." Ullico denies that Exclusion 4(p) applies to the facts of the present case.

(c) In response to the allegations contained in Paragraph 71(c) of the counterclaim, Ullico admits that Exclusion 4(h) of the D&O Policy states that it precludes coverage for the following: "alleging, arising out of, based upon or attributable to any actual or

alleged contractual liability of the Company or any other Insured under any express contract or agreement; provided, however, that with respect to Employment Practice Claims, this exclusion shall not apply to the extent any liability does not arise under such express employment contract or agreement." Ullico denies that Exclusion 4(h) applies to the facts of the present case.

72. In response to the allegations contained in Paragraph 72 of the counterclaim, Ullico admits that it claims it is entitled to reimbursement of its defense costs for the claims asserted against it, but denies the truth of each and every remaining allegation contained in Paragraph 72.

73. Ullico denies the truth of the allegations contained in Paragraph 73 of the counterclaim.

74. Ullico admits the truth of the allegations contained in Paragraph 74 of the counterclaim.

75. Ullico denies the truth of the allegations contained in Paragraph 75 of the counterclaim.

### COUNTERCLAIM IV — DECLARATORY JUDGMENT
**Professional Liability Policy**

76. In response to the allegations contained in Paragraph 76 of the counterclaim, Ullico realleges and incorporates by reference its responses to Paragraphs 1 through 75, as if set forth fully herein.

77. Ullico admits the truth of the allegations contained in Paragraph 77 of the counterclaim.

78. Ullico admits the truth of the allegations contained in Paragraph 78 of the counterclaim.

79. Ullico denies the truth of the allegations contained in Paragraph 79 of the counterclaim.

80. Ullico denies the truth of the allegations contained in Paragraph 80 of the counterclaim.

81. Ullico denies the truth of the allegations contained in Paragraph 81 of the counterclaim.

82. Ullico admits the truth of the allegations contained in Paragraph 82 of the counterclaim.

83. Ullico admits the truth of the allegations contained in Paragraph 83 of the counterclaim.

84. In response to the allegations contained in Paragraph 84 of the counterclaim, Ullico admits that it is not seeking a defense under the Professional Liability Policy, but denies the truth of the remaining allegations contained in Paragraph 84.

85. All allegations not specifically admitted above are hereby denied.

## **PRAYER FOR RELIEF**

WHEREFORE, Ullico prays that the Court grant it the following relief:

    a.    dismissal of Insurers' Counterclaims with prejudice;

    b.    an Order that National Union and AISLIC reimburse Ullico for the costs, charges and expenses associated with defending against their Counterclaims;

    c.    pre- and post-judgment interest; and

    d.    any such other relief as this Court deems appropriate under these facts.

**AFFIRMATIVE DEFENSES**

Ullico Inc. states the following affirmative defenses to the Counterclaims brought by AISLIC and National Union:

**FIRST AFFIRMATIVE DEFENSE**

AISLIC's and National Union's counterclaims are barred by the doctrine of waiver.

**SECOND AFFIRMATIVE DEFENSE**

AISLIC's and National Union's counterclaims are barred by the doctrine of laches.

**THIRD AFFIRMATIVE DEFENSE**

AISLIC's and National Union's counterclaims are barred by the doctrine of estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

AISLIC's and National Union's counterclaims are barred by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

National Union's counterclaims are barred by its failure to perform the following conditions precedent: (1) duty to timely pay defense costs; (2) implied covenant of good faith and fair dealing; and (3) duty to provide basic information owed under the policies.

**SIXTH AFFIRMATIVE DEFENSE**

AISLIC's counterclaims are barred by its anticipatory repudiation of its policy in that it asserted baseless defenses including the insured versus insured and ERISA exclusions.

**SEVENTH AFFIRMATIVE DEFENSE**

National Union's counterclaims are barred by its anticipatory repudiation of its policy in that it asserted baseless defenses including the insured versus insured, ERISA, retirement

benefits and contractual liability exclusions and by purporting to require panel counsel after creating a conflict of interest between National Union's choice of counsel and Ullico by reserving its rights to deny coverage and/or repudiating its coverage obligations.

WHEREFORE, Plaintiff and Counter-Defendant, Ullico Inc., respectfully requests an Order from this Court:

(a) Dismissing AISLIC's and National Union's counterclaims in their entirety and with prejudice;

(b) Awarding Ullico Inc. its attorneys' fees, interest, and costs in this action; and

(c) Granting Ullico Inc. such other and further relief as this Court deems just and proper.

Respectfully submitted,

Ullico Inc.

By:  \_/s/ John F. Anderson\_\_
One of Its Attorneys

John F. Anderson
D.C. Bar No. 393764
TROUTMAN SANDERS LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
(703) 734-4356

Of Counsel:
Timothy W. Burns
Angela R. Elbert
Cheryl A. Fender
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Suite 2200
Chicago, IL 60602