UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ULLICO, INC., :
:
      Plaintiff, :
v. :
:
NATIONAL UNION FIRE INSURANCE :
COMPANY OF PITTSBURGH, PA. :
:
and : Case No. 1:06CV00080 (RJL)
:
NATIONAL UNION FIRE INSURANCE :
COMPANY OF PITTSBURGH, PA. :
:
      Defendants. :
:
v. :
:
JOSEPH A. CARABILLO :
JAMES W. LUCE and :
JOHN K. GRELLE :
:
      Defendants. :

### JOSEPH A. CARABILLO'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS ULLICO INC.'S FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Joseph A. Carabillo ("Carabillo"), by counsel, respectfully moved this Court to dismiss Count II of ULLICO Inc.'s ("ULLICO") First Amended Complaint for failure to state a claim pursuant to Fed R. Civ. P. 12(b)(6), and Count IV for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Carabillo joined in the Motion to Dismiss and Memorandum of Points and Authorities filed by James W. Luce which is incorporated herein by reference. All points addressed by Defendant, James W. Luce ("Luce"), also apply to Carabillo. In further support of this Motion, Carabillo states the following:

{S0309128.1}

## I. INTRODUCTION

For more than sixteen years, attorney Joseph A. Carabillo was employed by ULLICO Inc. ("ULLICO")[1] in the company's legal department, serving most of that time as the company's Vice President and Chief Legal Officer. In June of 2003, ULLICO wrongfully terminated his employment. Said termination was alleged by ULLICO to have divested Mr. Carabillo's early retirement pension benefits, upon which he had intended to rely for his livelihood. Soon thereafter, seeking to protect his benefits and contractual rights, Mr. Carabillo filed a civil action against ULLICO, challenging the actions of its Acting President and alleging that following a change of control and acting through new management, ULLICO had breached a contract with him, wrongfully terminated him, and improperly deprived him of his statutory rights under the Employee Retirement Income Security Act ("ERISA") ("Carabillo I"). ULLICO, with four additional parties, asserted a counterclaim against Mr. Carabillo and other individuals, accusing them of "self-dealing . . . in violation of [] fiduciary and contractual duties to, [sic] ULLICO and its shareholders." Carabillo filed a second Complaint against ULLICO sponsored employee benefit plans. ULLICO and its employee benefit plans brought counterclaims.

Carabillo sought coverage for defense and indemnity of the counterclaims set forth against him in Carabillo I from American International Specialty Lines Insurance Co. ("AISLIC") and National Union Fire Insurance Company of Pittsburgh ("National Union"). Carabillo has filed a declaratory judgment action against both companies in pursuit of coverage. Carabillo has received defense costs for the federal court ERISA claims in the underlying litigation from National Union but has received no coverage for claims remaining in the District

---

[1] ULLICO emerged from the Union Labor Life Insurance Company in the 1990s. It is the holding company of nearly two dozen subsidiaries that provide a full range of insurance and financial services products to organized workers, their unions, and their union trust funds.

of Columbia courts. Carabillo relies on and adopts the arguments set forth by Luce in his Motion to Dismiss and Memorandum of Points and Authorities regarding ULLICO's Complaint which sets forth two causes of action against Carabillo, Count II (against National Union and Individual Defendants) and Count IV (against All Defendants). Carabillo supplements to the extent the allegations of the Complaint pertaining to AISLIC policies were not addressed in Luce's Motion and Memorandum.

## II. ARGUMENT

### A. Carabillo's Request For Coverage Under AISLIC Policies Have No Bearing on ULLICO Which Further Supports Carabillo's Request for Dismissal of ULLICO's Claims Against Him.

In its Complaint, ULLICO sets forth provisions of AISLIC Professional Liability Policy No. 348-92-35. The only allegation that pertains to AISLIC is the claim that "Insurers have refused to provide ULLICO the most basic information necessary to protect its rights under the Insurance Policies, including information with respect to how much has been paid to date under the Insurance Policies." Compl. at ¶ 61. In Count III of the Complaint, ULLICO asserts a breach of implied covenant of good faith and fair dealing against National Union and AISLIC for refusal "to provide ULLICO with information concerning the payments made by them under the Insurance Policies." *Id.* at p 25. Count IV, against all defendants, requests declaratory judgment on the rights and duties of the parties with respect to the insurance policies. *Id.*

The fact that Carabillo submitted a claim to AISLIC has no bearing on ULLICO. Carabillo seeks defense costs pursuant to AISLIC's Employed Lawyers Endorsement. *See* Ex. 15 to Pl. Compl. at Endorsement 6. Endorsement #6 amends the policy definition of "Insured" to include "any person admitted to practice law who is, was, or becomes employed as a lawyer

full time and salaried by the Named Insured, (herein referred to as an 'Employed Lawyer')." *Id.* at End. 6, ¶ 2.

> In Endorsement #6, AISLIC agrees to pay on behalf of the Employed Lawyer all sums which the Employed Lawyer shall become legally obligated to pay as damages because of any claim ... first made against the Employed Lawyer and reported in writing to the Company during the Policy Period, arising out of any Wrongful Act of the Employed Lawyer in rendering or failing to render professional services as a lawyer....

*Id.* at End. 6, ¶ 1 at 1(a).

> AISLIC also agrees to pay on behalf of the Named Insured all sums which the Named Insured may be required or permitted by law to indemnify an Employed Lawyer for any sum which the Employed Lawyer becomes legally obligated to pay as Defense Costs, Charges and Expenses or damages because of any claim, including claims for Personal Injury, first made against the Employed Lawyer and reported in writing to the Company during the Policy Period arising out of any Wrongful Act of the Employed Lawyer in rendering or failing to render professional services as a lawyer while acting in the course of the said Employed Lawyer's employment by the Named Insured.

*Id.* at End. 6, ¶ 1 at 1(b).

Clearly, these provisions do not apply to ULLICO and the fact that Carabillo submitted a claim for a separate dispute does not entitle ULLICO to information concerning payment under the policy. The Employed Lawyers endorsement only applies to Carabillo as claims arose out of his role rendering professional services as a lawyer to ULLICO. Payments from AISLIC under the professional liability policies would not affect ULLICO in its requests for coverage for underlying litigation. Therefore, ULLICO is entitled to no information concerning payment or otherwise as it applies to Carabillo. Nothing in Policy No. 348-92-35 requires AISLIC to report information to ULLICO and AISLIC has no such obligation. AISLIC owes a duty to its insured, Carabillo, to act in his best interests. *See Central Armature Works, Inc. v. American Motorists*

*Insurance Co.*, 520 F.Supp. 283, 292 (D.D.C. 1980) (insurer's obligation to its insured subjects it to stringent standards of conduct). Further, disclosure of legal bills and defense cost information from AISLIC and National Union is inappropriate as privileged information is contained in such information. Carabillo has filed a separate declaratory judgment action against AISLIC pursuing coverage.[2]

WHEREFORE for all the foregoing reasons stated herein, in Carabillo's Motion to Dismiss ULLICO Inc.'s First Amended Complaint for Damages, Declaratory Judgment and Injunctive Relief and in Luce's Motion to Dismiss ULLICO's First Amended Complaint and Memorandum of Points and Authorities, Joseph A. Carabillo prays that this Court dismiss ULLICO Inc.'s claims asserted against him in ULLICO Inc.'s First Amended Complaint.

Respectfully submitted,

_____/s/_____
Daniel G. Grove, Esquire
(DC Bar #066399)
Jackson Kelly, PLLC
2401 Pennsylvania Avenue, N.W.
Suite 400
Washington, D.C. 20037
Telephone: (202) 973-0200
Facsimile: (202) 973-0232

---

[2] AISLIC relies in part on the insured v. insured exclusion of its policy to deny coverage to Carabillo. The exclusion prohibits coverage where the underlying lawsuit for which an insured seeks indemnity or defense costs involves two insureds. However, that exclusion was adopted to prevent collusive lawsuits between insureds filed in an attempt to inappropriately receive insurance funds. This case filed by ULLICO clearly demonstrates that Carabillo and ULLICO are not involved in a collusive lawsuit and the insured v. insured exclusion does not apply to Carabillo's request for coverage in the underlying Counterclaims. *See* Carabillo's Motion for Summary Judgment and Memorandum in Support against AISLIC, Civil Action No. 1:04-CV-00970 (RJL).

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 10th day of February, 2006, a true and correct copy of the foregoing Joseph A. Carabillo's Supplemental Memorandum in Support of His Motion to Dismiss ULLICO Inc.'s First Amended Complaint for Damages, Declaratory Judgment and Injunction Relief was served upon all counsel of record via Electronic Case Filing or as otherwise required by LCvR 5.4(d) of this Court's Local Rules.

 

                                                                        /s/_____
                                                        Daniel G. Grove