UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ULLICO INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN INTERNATIONAL SPECIAL LINES INSURANCE COMPANY <br><br> v. <br><br> JOSEPH A. CARABILLO, <br><br> JAMES W. LUCE and <br><br> JOHN K. GRELLE | CASE NO. 1:06CV0080 (RJL) |

**DEFENDANT JOHN K. GRELLE'S ANSWER TO
ULLICO INC'S FIRST AMENDED COMPLAINT FOR DAMAGES,
DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

John K. Grelle, by Counsel, and without waiving the positions set forth in the Motion to Dismiss filed contemporaneously herewith, responds to Ullico Inc.'s First Amended Complaint For Damages, Declaratory Judgment and Injunctive Relief as follows:

1.  Paragraph 1 of Ullico Inc.'s First Amended Complaint is a characterization of pending litigation and contains no allegation of fact to which a response is required as the allegations contained in the pleading speak for themselves.

2.  To the extent the allegations contained in Paragraph 2 are related to Grelle, Grelle denies the allegations. Grelle is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegation set forth in Paragraph 2 of the First Amended Complaint and therefore denies the same.

3. Grelle admits Ullico became the subject of investigations. Grelle is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 3 of the First Amended Complaint and therefore denies the same.

4. Grelle admits the allegations contained in Paragraph 4 of the First Amended Complaint.

5. To the extent the allegations of Paragraph 5 are related to Grelle, Grelle admits allegations contained in Paragraph 5 of the First Amended Complaint. Grelle is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 5 of the First Amended Complaint and therefore denies the same.

6. Grelle denies the allegations set forth in Paragraph 6 of the First Amended Complaint.

7. Grelle is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the First Amended Complaint and therefore denies the same.

8. Paragraph 8 of Ullico Inc.'s First Amended Complaint is a characterization of Ullico Inc.'s claims and contains no allegation of fact to which a response is required. Grelle denies that Ullico Inc. is entitled to any form of relief or damage.

## THE PARTIES

9. Grelle is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the First Amended Complaint and therefore denies the same.

10. Grelle is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the First Amended Complaint and therefore denies the same.

11. Grelle is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the First Amended Complaint and therefore denies the same.

12. Grelle admits that Joseph A. Carabillo ("Carabillo") was employed by Ullico as an attorney. Grelle is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 12 of the First Amended Complaint and therefore denies the same.

13. Grelle admits that Luce was employed by Ullico and held the title Executive Vice President. Grelle is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 13 of the First Amended Complaint and therefore denies the same.

14. Grelle admits the allegations of Paragraph 14 of the First Amended Complaint but states that the term "fiduciary" presents a legal conclusion, which requires no response. To the extent a response is required, Grelle denies that allegation.

## JURISDICTION AND VENUE

15. In response to paragraph 15, Grelle admits that this Court has jurisdiction pursuant to Fed. R. Civ. P. 13, 28 U.S.C. §1332.

16. In response to Paragraph 16, Grelle admits that the amount in controversy, exclusive of interest, exceeds the sum of $75,000 and there is complete diversity between the parties.

17. In response to Paragraph 17, Grelle admits that venue is proper pursuant to 28 U.C.S. §1391.

## UNDERLYING DOL INVESTIGATION

18. To the best of his information and belief, Grelle admits that the DOL commenced an investigation. Grelle denies the accuracy of Ullico Inc.'s characterization or inferences contained in sentence one of Paragraph 18 concerning the investigation. Grelle is without knowledge or information to form a belief as to the truth of the remaining allegations set forth in sentence two of Paragraph 18 of the First Amended Complaint and therefore denies the same.

## UNDERLYING LITIGATION
## CARABILLO

19. Grelle is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the First Amended Complaint and therefore denies the same.

20. Grelle denies the allegations contained in Paragraph 20 of the First Amended Complaint.

21. Grelle admits that Carabillo filed a lawsuit. To the extent Paragraph 21 of Ullico Inc.'s First Amended Complaint characterizes the pending litigation, it contains no allegation of fact to which a response is required as the allegations contained in the pleadings speak for themselves.

22. Grelle admits Ullico Inc. among others, filed counterclaims. To the extent, Paragraph 22 of Ullico Inc.'s First Amended Complaint characterizes pending litigation, it contains no allegation of fact to which a response is required as the allegations contained in the pleadings speak for themselves.

**Carabillo I**

23. Paragraph 23 of Ullico Inc.'s First Amended Complaint is a characterization of a civil action and contains no allegation of fact to which a response is required as the language of the Complaint speaks for itself. To the extent a response is required, the allegations are denied. Grelle is without knowledge or information sufficient to form a belief as to the truth of when Ullico was served with the Complaint and therefore denies the same.

24. Paragraph 24 of Ullico Inc.'s First Amended Complaint is a characterization of a civil action and contains no allegation of fact to which a response is required as the language of the Complaint in that action speaks for itself. To the extent a response is required, the allegations are denied.

25. Paragraph 25 of Ullico Inc.'s First Amended Complaint is a characterization of pending litigation and contains no allegation of fact to which a response is required as the allegations contained in the pleadings speak for themselves. To the extent a response is required, the allegations are denied.

**Carabillo II**

26.     Paragraph 26 of Ullico Inc.'s First Amended Complaint a characterization of a civil action of *Carabillo v. Ullico, Inc. Pension Plan & Trust, et al.,* No. 1:03CV00776 (Dist. Ct. D.C.) and contains no allegation of fact to which a response is required as the language of the Complaint speaks for itself.  To the extent a response is required, the allegations are denied.

27.     Paragraph 27 of Ullico Inc.'s First Amended Complaint a characterization of a civil action of *Carabillo v. Ullico, Inc. Pension Plan & Trust, et al.,* No. 1:03CV00776 (Dist. Ct. D.C.) and contains no allegation of fact to which a response is required as the language of the Complaint speaks for itself.  To the extent a response is required, the allegations are denied.

**LUCE**

**Luce I**

28.     Paragraph 28 of Ullico Inc.'s First Amended Complaint is a characterization of pending litigation and contains no allegation of fact to which a response is required as the allegations contained in the pleadings speak for themselves. To the extent a response is required, the allegations are denied.

**Luce II**

29.     Paragraph 29 of Ullico Inc.'s First Amended Complaint is a characterization of pending litigation and contains no allegation of fact to which a response is required as the allegations contained in the pleadings speak for themselves. To the extent a response is required, the allegations are denied.

### Luce III

30. Paragraph 30 of Ullico Inc.'s First Amended Complaint is a characterization of pending litigation and contains no allegation of fact to which a response is required as the allegations contained in the pleadings speak for themselves. To the extent a response is required, the allegations are denied.

### ULLICO'S INSURANCE PROGRAM

31. To the best of his information and belief, Grelle states that the allegations of Paragraph 31 are true.

### ULLICO'S INSURANCE PROGRAM

**2001 Fiduciary Policy**

32. In response to Paragraph 32, Grelle asserts that Ullico Inc. sets forth provision contained in Policy 874-44-03 to which no response is required because the language of the Policy speaks for itself. To the extent a response is required, the allegations are denied.

33. In response to Paragraph 33, Grelle asserts that Ullico Inc. sets forth provision contained in Policy 874-44-03 to which no response is required because the language of the Policy speaks for itself. To the extent a response is required, the allegations are denied.

34. In response to Paragraph 34, including all subparts, Grelle asserts that Ullico Inc. sets forth provision contained in Policy 874-44-03 to which no response is required because the language of the Policy speaks for itself. To the extent a response is required, the allegations are denied.

35. In response to Paragraph 35, including all subparts, Grelle asserts that Ullico Inc. sets forth provision contained in Policy 874-44-03 to which no response is required because the language of the Policy speaks for itself. To the extent a response is required, the allegations are denied.

36. In response to Paragraph 36, including all subparts, Grelle asserts that Ullico Inc. sets forth provision contained in Policy 874-44-03 to which no response is required because the language of the Policy speaks for itself. To the extent a response is required, the allegations are denied.

37. In response to Paragraph 37, Grelle asserts that Ullico Inc. sets forth provision contained in Policy 874-44-03 to which no response is required because the language of the Policy speaks for itself. Paragraph 37 of the First Amended Complaint contains legal conclusions to which no responsive pleading is necessary. To the extent a response is required, Grelle denies allegations contained therein.

**2002 Fiduciary Policy**

38. In response to Paragraph 38, Grelle asserts that Ullico Inc. Sets forth provisions contained in Policy 495-38-35 to which no response is required because the language of the Policy speaks for itself. To the extent a response is required, the allegations are denied.

39. In response to Paragraph 39, Grelle asserts that Ullico Inc. Sets forth provisions contained in Policy 495-38-35 to which no response is required because the language of the Policy speaks for itself. To the extent a response is required, the allegations are denied.

40. In response to Paragraph 40, including all subparts, Grelle asserts that Ullico Inc. Sets forth provisions contained in Policy 495-38-35 to which no response is required because the language of the Policy speaks for itself. To the extent a response is required, the allegations are denied.

41. In response to Paragraph 41, including all subparts, Grelle asserts that Ullico Inc. Sets forth provisions contained in Policy 495-38-35 to which no response is required because the language of the Policy speaks for itself. To the extent a response is required, the allegations are denied.

42. In response to Paragraph 42, including all subparts, Grelle asserts that Ullico Inc. Sets forth provisions contained in Policy 495-38-35 to which no response is required because the language of the Policy speaks for itself. To the extent a response is required, the allegations are denied.

43. In response to Paragraph 43, Grelle asserts that Ullico Inc. sets forth provisions contained in Policy 495-38-35 to which no response is required because the language of the Policy speaks for itself. Paragraph 43 of the First Amended Complaint contains legal conclusions to which no responsive pleading is necessary. To the extent a response is required, Grelle denies allegations contained therein.

## **DIRECTORS' & OFFICERS' POLICY**

44. In response to Paragraph 44, Grelle asserts that Ullico Inc. sets forth provisions contained in Policy 495-36-84 to which no response is required because the language of the Policy speaks for itself. To the extent a response is required, the allegations are denied.

45.	In response to Paragraph 45, including all subparts, Grelle asserts that Ullico Inc. sets forth provisions contained in Policy 495-36-84 to which no response is required because the language of the Policy speaks for itself. To the extent a response is required, the allegations are denied.

46.	In response to Paragraph 46, Grelle asserts that Ullico Inc. sets forth provisions contained in Policy 495-36-84 to which no response is required because the language of the Policy speaks for itself. To the extent a response is required, the allegations are denied.

47.	In response to Paragraph 47, including all subparts, Grelle asserts that Ullico Inc. sets forth provisions contained in Policy 495-36-84 to which no response is required because the language of the Policy speaks for itself. To the extent a response is required, the allegations are denied.

48.	In response to Paragraph 44, Grelle asserts that Ullico Inc. sets forth provisions contained in Policy 495-36-84 to which no response is required because the language of the Policy speaks for itself. To the extent a response is required, the allegations are denied.

## PROFESSIONAL LIABILITY POLICY

49.	In response to Paragraph 49, Grelle asserts that Ullico Inc. sets forth provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself. To the extent a response is required, the allegations are denied.

50.	In response to Paragraph 50, including all subparts, Grelle asserts that Ullico Inc. sets forth provisions contained in Policy 348-92-35 to which no response is required

because the language of the Policy speaks for itself.  To the extent a response is required, the allegations are denied.

      51.      In response to Paragraph 51, Grelle asserts that Ullico Inc. sets forth provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself.  To the extent a response is required, the allegations are denied.

      52.      In response to Paragraph 52, Grelle asserts that Ullico Inc. sets forth provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself.  To the extent a response is required, the allegations are denied.

      53.      In response to Paragraph 53, Grelle asserts that Ullico Inc. sets forth provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself.  To the extent a response is required, the allegations are denied.

      54.      In response to Paragraph 54, including all subparts, Grelle asserts that Ullico Inc. sets forth provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself.  To the extent a response is required, the allegations are denied.

      55.      In response to Paragraph 55, Grelle asserts that Ullico Inc. sets forth provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself.  Grelle denies any characterization or inferences made by Ullico Inc. in Paragraph 55.  To the extent a response is required, the allegations are denied.

56. In response to Paragraph 56, Grelle asserts that Ullico Inc. sets forth provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself.  Grelle denies any characterization or inferences made by Ullico Inc. in Paragraph 56.  To the extent a response is required, the allegations are denied.

57. In response to Paragraph 57, Grelle asserts that Ullico Inc. sets forth provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself.  Grelle denies any characterization or inferences made by Ullico Inc. in Paragraph 57.  To the extent a response is required, the allegations are denied.

## THE INSURERS' BREACH OF THEIR POLICY OBLIGATIONS

58. Grelle is without knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 58 of the First Amended Complaint and therefore denies the same.

59. Grelle is without knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 59 of the First Amended Complaint and therefore denies the same.  Paragraph 59 of the First Amended Complaint contains legal conclusions to which no responsive pleading is necessary.  To the extent a response is required, Grelle denies allegations contained therein.

60. Grelle is without knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 60 of the First Amended Complaint and therefore denies the same.  Paragraph 60 of the First Amended Complaint contains legal conclusions

to which no responsive pleading is necessary. To the extent a response is required, Grelle denies allegations contained therein.

61. Grelle is without knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 61 of the First Amended Complaint and therefore denies the same.

62. Grelle is without knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 62 of the First Amended Complaint and therefore denies the same. Paragraph 62 of the First Amended Complaint contains legal conclusions to which no responsive pleading is necessary. To the extent a response is required, Grelle denies allegations contained therein.

## COUNT I

### BREACH OF CONTRACT UNDER THE FIDUCIARY & D&O POLICY (AGAINST NATIONAL UNION)

63. Grelle incorporates the responses contained in Paragraph 1 through 62 as if fully set forth herein.

64. The allegations of Paragraph 64 are not asserted against Grelle and no responsive pleading is necessary. To the extend further response is required, Grelle is without knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 64 of the First Amended Complaint and therefore denies the same.

65. The allegations of Paragraph 65 are not asserted against Grelle and no responsive pleading is necessary. To the extend further response is required, Grelle is without knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 65 of the First Amended Complaint and therefore denies the same.

66. The allegations of Paragraph 66 are not asserted against Grelle and no responsive pleading is necessary. To the extend further response is required, Grelle is without knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 66, including all subparts, of the First Amended Complaint and therefore denies the same.

**COUNT II**

**PRELIMINARY AND PERMANENT INJUNCTION**
**(AGAINST NATIONAL UNION AND INDIVIDUAL DEFENDANTS)**

67. Grelle incorporates the responses contained in Paragraph 1 through Paragraph 66 as if fully set forth herein.

68. To the best of his knowledge and information, Grelle admits the allegations contained in Paragraph 68 of Ullico Inc.'s First Amended Complaint.

69. Grelle is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69 of the First Amended Complaint and therefore denies the same.

70. Paragraph 70 of the First Amended Complaint contains legal conclusions to which no responsive pleading is necessary. To the extent further response is required, Grelle denies allegations contained therein.

71. Paragraph 71 of the First Amended Complaint contains legal conclusions to which no responsive pleading is necessary. To the extent further response is required, Grelle denies allegations contained therein.

72. Paragraph 72 of the First Amended Complaint contains legal conclusions to which no responsive pleading is necessary. To the extent further response is required, Grelle denies allegations contained therein.

73. Paragraph 73 of the First Amended Complaint contains legal conclusions to which no responsive pleading is necessary. To the extent further response is required, Grelle denies allegations contained therein.

74. Grelle is without knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 74, including all subparts, of the First Amended Complaint and therefore denies the same.

75. Paragraph 75 of Ullico Inc.'s First Amended Complaint is characterization of pending litigation and contains no allegation of fact to which a response is required as the allegations contained in the pleading speak for themselves. To the extent further response is required, Grelle denies allegations contained therein.

76. Grelle is without knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 76, including all subparts, of the First Amended Complaint and therefore denies the same. Grelle specifically denies that there is a basis upon which to deny coverage to Grelle.

77. Paragraph 77 of the First Amended Complaint contains legal conclusions to which no responsive pleading is necessary. To the extent further response is required, Grelle denies allegations contained therein.

78. Grelle denies all allegations contained in Paragraph 78 of Ullico Inc.'s First Amended Complaint.

79. Grelle is without knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 79, including all subparts, of the First Amended Complaint and therefore denies the same.

80.     Paragraph 80 of the First Amended Complaint contains legal conclusions to which no responsive pleading is necessary. To the extent further response is required, Grelle denies allegations contained therein.

81.     Paragraph 81 of the First Amended Complaint contains legal conclusions to which no responsive pleading is necessary. To the extent further response is required, Grelle denies allegations contained therein.

82.     Paragraph 82 of the First Amended Complaint contains legal conclusions to which no responsive pleading is necessary. To the extent further response is required, Grelle denies allegations contained therein.

## COUNT III

### SPECIFIC PERFORMANCE
### (AGAINST NATIONAL UNION AND AISLIC)

83.     Grelle incorporates the responses contained in Paragraph 1 through Paragraph 82 as if fully set herein.

84.     The allegations of Paragraph 84 are not asserted against Grelle and no pleading is necessary. To the extent further response is required, Grelle is without knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 84 of the First Amended Complaint and therefore denies the same. Paragraph 84 of the First Amended Complaint contains legal conclusions to which no responsive pleading is necessary. To the extent further response is required, Grelle denies allegations contained therein.

85.     The allegations of Paragraph 85 are not asserted against Grelle and no pleading is necessary. To the extent further response is required, Grelle is without knowledge or information to form a belief as to the truth of the allegations set forth in

Paragraph 85 of the First Amended Complaint and therefore denies the same. Paragraph 85 of the First Amended Complaint contains legal conclusions to which no responsive pleading is necessary. To the extent further response is required, Grelle denies allegations contained therein.

## COUNT IV

### DECLARATORY JUDGMENT
### (AGAINST ALL DEFENDANTS)

86. Grelle incorporates the responses contained in Paragraph 1 through Paragraph 85 as if fully set forth herein.

87. To the extent Paragraph 87 relates to Grelle, Grelle admits the allegations contained in Paragraph 87 of Ullico Inc.'s First Amended Complaint. Grelle is without knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 87 of the First Amended Complaint and therefore denies the same.

88. Grelle is without knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 88 of the First Amended Complaint and therefore denies the same.

89. The first sentence of Paragraph 89 of the First Amended Complaint contains legal conclusions to which no responsive pleading is necessary. Grelle denies that Ullico Inc. is entitled to any judgment demands against Grelle.

To the extent the section headings in Ullico Inc.'s First Amended Complaint assert any factual allegations or characterizations or legal conclusions, Grelle denies all such allegations, characterization, and conclusions.

Grelle denies each and every allegation contained in Ullico Inc's First Amended Complaint not specifically admitted herein.

17

## AFFIRMATIVE DEFENSES

For his Affirmative Defenses, John K. Grelle, by and through undersigned counsel, states as follows:

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim against Grelle upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The First Amended Complaint is barred by waiver, estoppel, and unclean hands.

### THIRD AFFIRMATIVE DEFENSE

The First Amended Complaint is barred by applicable statutes of limitations and laches.

### FOURTH AFFIRMATIVE DEFENSE

The First Amended Complaint is barred by failure to exhaust applicable administrative remedies.

### FIFTH AFFIRMATIVE DEFENSE

Ullico Inc. has failed to mitigate damages.

### SIXTH AFFIRMATIVE DEFENSE

The First Amended Complaint is barred, or any award of damages must be offset, under the doctrine of equitable indemnity.

### SEVENTH AFFIRMATIVE DEFENSE

The First Amended Complaint is subject to an offset pursuant to applicable state and federal laws.

### EIGHTH AFFIRMATIVE DEFENSE

The First Amended Complaint is barred by the business judgment rule.

### NINTH AFFIRMATIVE DEFENSE

The First Amended Complaint is barred because Grelle acted in the utmost good faith, exercised reasonable care and skill in the performance of his duties, and relied on the advise of counsel.

### TENTH AFFIRMATIVE DEFENSE

The First Amended Complaint is barred due to ratification.

### ELEVENTH AFFIRMATIVE DEFENSE

The First Amended Complaint is barred under applicable state and federal common law and statutes.

WHEREFORE, Defendant John K. Grelle requests that the First Amended Complaint against him be dismissed with prejudice, and that he be granted judgment against Plaintiffs for costs and attorneys' fees, and any other relief this Court deems appropriate.

DATED:  February 21, 2006.	Respectfully submitted,

    KRUPIN O'BRIEN LLC

By:	/s/
Ari Karen (D.C. Bar No. 457189)
1156 Fifteenth Street, N.W., Suite 200
Washington, D.C. 20005
(202) 530-0700
(202) 530-0703 Facsimile

Counsel for John K. Grelle