UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ULLICO INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 1:06cv00080 (RJL) |
| NATIONAL UNION FIRE INSURANCE ) | |
| COMPANY OF PITTSBURGH, PA., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |
| NATIONAL UNION FIRE INSURANCE ) | |
| COMPANY OF PITTSBURGH, PA. ) | |
| and ) | |
| AMERICAN INTERNATIONAL ) | |
| SPECIALTY LINES INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Counterclaim Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ULLICO INC., ) | |
| ) | |
| Counterclaim Defendant. ) | |
| ) | |

**ULLICO INC.'S RESPONSE TO JOSEPH A. CARABILLO'S
MOTION TO DISMISS AND HIS SUPPLEMENTAL
<u>MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS</u>**

In response to defendant Joseph A. Carabillo's Motion to Dismiss Ullico Inc.'s ("Ullico") First Amended Complaint and his Supplemental Memorandum in Support of His Motion to Dismiss, Ullico incorporates its Response to James W. Luce's Motion to Dismiss Counts II and IV of Ullico's First Amended Complaint, and in further support of its response, states as follows:

Ullico is presently engaged in collateral civil litigation before this Court with Joseph A. Carabillo, James W. Luce and John K. Grelle ("Individual Defendants"), former officers of Ullico, arising out of Individual Defendants' breaches of the fiduciary duties they owed to Ullico, its subsidiaries, and a number of Ullico-sponsored employee benefit plans (collectively, the "Underlying Litigation").  Ullico and the Individual Defendants are all insured under a number of insurance policies issued by National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") and American International Specialty Lines Insurance Company ("AISLIC"), two AIG subsidiaries.  When it became apparent that AIG intended to pay for the defense of Ullico's opponents in the Underlying Litigation, but not to pay for Ullico's defense in that litigation, Ullico brought this insurance coverage action.

Count I of the First Amended Complaint seeks relief with respect to National Union's breach of its contractual obligation to pay for Ullico's defense.  Count II seeks relief with respect to National Union's breach of the implied covenant of good faith and fair dealing by preferentially paying for the defense of the Individual Defendants but not for the defense of Ullico.  Count III seeks specific performance solely against National Union and AISLIC, requiring those insurers to fulfill their duties under the implied covenant of good faith and fair dealing to provide Ullico basic information on the amount that has been paid under the insurance policies sold by those insurers.  Count IV seeks a declaratory judgment against all defendants with respect to the meaning of disputed terms, conditions, and exclusion in the National Union and AISLIC insurance policies.

Defendant Luce filed a motion to dismiss Count II and Count IV of the First Amended Complaint.  Carabillo joined in Luce's motion to dismiss Counts II and IV, the only counts directed against Carabillo, and adopted Luce's Memorandum of Points and Authorities in

support of his motion to dismiss. Accordingly, in response to Carabillo's Motion to Dismiss, Ullico incorporates its Response to Luce's Motion to Dismiss Counts II and IV of Ullico's First Amended Complaint.

Carabillo also filed a Supplemental Memorandum in Support of His Motion to Dismiss ("Supplemental Memorandum"). Carabillo contends that his Supplemental Memorandum seeks to expand on Luce's arguments "to the extent the allegations of the Complaint pertaining to AISLIC policies were not addressed." (Supplemental Memorandum at p. 3). Instead, Carabillo ignores entirely Count II and IV of the First Amended Complaint and argues that Ullico is not entitled to the information it seeks from AISLIC in Count III — a count that is not directed against Carabillo and is not the subject of his or any other motion to dismiss that has been filed with the Court. Because the arguments raised in Carabillo's Supplemental Memorandum do not pertain to Counts II or IV, those arguments should be disregarded in ruling on Luce's and Carabillo's motions to dismiss.

## CONCLUSION

For the reasons set forth in Ullico's Response to Luce's Motion to Dismiss Counts II and IV of Ullico's First Amended Complaint incorporated herein and the reasons set forth above, Luce's and Carabillo's motions to dismiss should be denied in their entirety and this Court should disregard Carabillo's Supplemental Memorandum in Support of His Motion to Dismiss.

        Respectfully submitted,

        Ullico Inc.


        By: /s/ John F. Anderson_____
           One of Its Attorneys

John F. Anderson
D.C. Bar No. 393764
TROUTMAN SANDERS LLP
1660 International Drive
Suite 600
McLean, Virginia 22102
(703) 734-4356

Of Counsel:

Timothy W. Burns
Angela R. Elbert
Cheryl A. Fender
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Suite 2200
Chicago, IL 60602