UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ULLICO INC.,<br>    **Plaintiff,**<br>v.<br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., et al.,<br>    **Defendants.** | Civil Action No. 1:06cv00080 (RJL) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. and AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,<br>    **Counterclaim Plaintiffs,**<br>v.<br>ULLICO INC.,<br>    **Counterclaim Defendant.** | |

## JOINT 16.3 REPORT

Pursuant to Local Rule 16.3, the attorneys for the plaintiff conferred by telephone and e-mail with counsel for the defendants on various dates up to and including April 14, 2006, and hereby submit the following succinct statement of all agreements reached and positions taken by the parties on matters about which there was disagreement.

1

TOPIC NO. 1:   Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

POSITION OF PARTIES:  The individual defendants have filed motions to dismiss Counts II and IV that are currently pending.  Plaintiff believes that the issues raised in this case may be decided in whole or in part by summary judgment.

Defendants/counterclaim plaintiffs AISLIC and National Union agree that the issues raised in this case may be decided in whole or in part by summary judgment, but not until sufficient discovery relating to the underlying litigation and the applicability of the insurance policies' exclusions and coverage terms and conditions has taken place.

TOPIC NO. 2:   (a) The date by which any other parties shall be joined or the pleadings amended, and (b) whether some or all the factual and legal issues can be agreed upon or narrowed.

POSITION OF PARTIES:  (a) At the present time, none of the parties plan to join additional parties or amend the pleadings. The parties acknowledge that, as discovery progresses, there may then be a need to join other parties or to amend the pleadings.  In that event, the parties agree to join other parties or amend the pleadings on or before July 5, 2006. (b)  The parties agree that there are not yet any factual or legal issues that can be agreed upon or narrowed.

TOPIC NO. 3: Whether the case should be assigned to a magistrate judge for all purposes, including trial.

POSITION OF PARTIES: The parties do not consent to having the case assigned to a magistrate judge.

TOPIC NO. 4: Whether there is a realistic possibility of settling the case.

POSITION OF THE PARTIES: In December 2005 the parties participated in a mediation session involving the underlying claims and the insurance claims that was unsuccessful. It is the position of the defendants/counterclaim plaintiffs that a settlement of the case may be possible, but only in conjunction with a settlement of the underlying claims.

TOPIC NO. 5: Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures or some other form of alternative dispute resolution; what related steps should be taken to facilitate ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

POSITION OF PARTIES: The parties may ask the Court to set this case for mediation with a Magistrate Judge shortly after the close of discovery.

TOPIC NO. 6: Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

POSITION OF PARTIES: Depending on the information learned during discovery, it may be possible that the entire case can be resolved by summary judgment. The parties have proposed various deadlines under Topic No. 8.

TOPIC NO. 7:   Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and, if not, what, if any, changes should be made in the scope, form or timing of those disclosures.

POSITION OF PARTIES:   The parties agree to exchange the 26(a)(1) initial disclosures on or before May 12, 2006.

TOPIC NO. 8:   The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery (e.g., number of interrogatories, number of depositions, duration of depositions); whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

POSITION OF PARTIES:   The parties agree that, pursuant to Federal Rule 33, each party is limited to 25 interrogatories. The parties agree that the number of non-party, non-expert depositions should be limited to five for the plaintiff and five for the defendants. The parties agree that the duration of each non-party, non-expert deposition shall be limited to one (1) day or seven (7) hours, whichever is greater. The parties suggest the following schedule:

| | |
|---|---|
| September 29, 2006 | Deadline for plaintiff and counterclaim plaintiffs to designate experts and provide expert reports, pursuant to Rule 26(a)(2). |
| November 1, 2006 | Deadline for defendants and counterclaim defendant to designate experts and provide expert reports, pursuant to Rule 26(a)(2). |

December 20, 2006          All discovery closes. The parties agree that experts for either side may be deposed until the close of discovery.

January 6, 2007             Deadline for Filing and service of Dispositive Motions.

February 2007               Pretrial Conference

April 2007                     Trial

TOPIC NO. 9:     Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., shall be modified and whether and when depositions of experts should occur.

POSITION OF PARTIES: The parties agree to make all expert witnesses available for deposition. Prior to the depositions, the parties agree to exchange expert reports pursuant to Rule 26(a)(2).

TOPIC NO. 10:    In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

POSITION OF PARTIES: Not applicable.

TOPIC NO. 11:    Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

POSITION OF PARTIES: The parties agree that it is too early to determine whether the trial of this case should be bifurcated or managed in phases. The parties may recommend to the Court that the issues of defense and indemnification be bifurcated, depending in part upon the progress of the underlying litigations.

TOPIC NO. 12:    The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

POSITION OF PARTIES:  The parties request a pretrial conference in February 2007.

TOPIC NO. 13:    Whether the court should set a firm trial date at the first schedule conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

POSITION OF PARTIES:  Plaintiff prefers that a firm trial date be set at the first scheduling conference. Defendant/counterclaim plaintiffs prefer that a firm trial date be set at the February 2007 scheduling conference.

TOPIC NO. 14:    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

POSITION OF PARTIES: The parties have no other matters to be included at this time.

STATEMENT OF THE CASE:

    A.    Plaintiff:

This is an insurance coverage dispute.  Plaintiff is engaged in collateral civil litigation in this Court with the individual (but not insurer) defendants.  Plaintiff and the individual defendants are all insured under insurance policies issued by the insurance company defendants.  In this action, plaintiff seeks redress for the insurance company defendants' failure to pay plaintiff's defense costs in the collateral civil litigation, the insurance company defendants' preferential payment of

the defense costs of the individual defendants in that collateral litigation and defendant National Union's failure to pay plaintiff's defense costs incurred in certain Department of Labor investigation activities.

B.   Defendants:

Individual defendants Luce, Carabillo and Grelle deny any liability to ULLICO under the policy and assert the Complaint fails to state a claim for relief against them.  They are properly joined as parties to this coverage dispute only because their interests as insureds would be harmed by the injunctive and declaratory relief sought by ULLICO - which includes prohibiting the continued payment of their defense expenses in the related case: In re ULLICO, Inc. Litigation.

Insurance company defendants AISLIC and National Union also deny any liability to ULLICO and take the position that National Union is fulfilling its coverage obligations under the only policy applicable to the underlying claims.  In addition, the AISLIC policy identified in the Complaint does not provide coverage to any party in the underlying litigation and AISLIC has no coverage or reporting obligations thereunder.

STATUTORY BASIS FOR ALL CAUSES OF ACTION AND DEFENSES:

A.   Plaintiff:

The statutory basis for the Plaintiff's declaratory judgment cause of action is 28 U.S.C. §2201, et seq.  This Court has jurisdiction over the claims raised in this action pursuant to 28 U.S.C. §1332(a) (diversity jurisdiction).

B.   <u>Defendants:</u>

The statutory basis for defendants/counterclaim plaintiffs declaratory judgment counterclaim causes of action is 28 U.S.C. § 2201 et seq. This Court has jurisdiction over the claims raised in this action pursuant to 28 U.S.C. § 1332(a) and venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

Respectfully submitted,

| | |
|---|---|
| TROUTMAN SANDERS LLP | JACKSON KELLY, PLLC |
| By:  /s/ John F. Anderson | By:  Daniel G. Grove |
| John F. Anderson, Esquire (#393764)<br>1660 International Drive<br>Suite 600, Tysons Corner<br>McLean, VA 22102<br>(703) 734-4356<br>Counsel for Ullico Inc. | Daniel G. Grove<br>2401 Pennsylvania Ave., N.W.<br>Suite 400<br>Washington D.C. 20037<br>(202) 973-0200<br>Counsel for Joseph A. Carabillo |
| PATTON BOGGS LLP | KRUPIN O'BRIEN LLC |
| By:  /s/ David J. Farber | By:  /s/ Ari Karen |
| David J. Farber<br>2550 M Street, N.W.<br>Washington, D.C. 20037<br>(202) 457-6000<br>Counsel for National Union Fire Insurance Company of Pittsburg, PA and American International Specialty Lines Insurance Company | Ari Karen<br>1156 Fifteenth Street, N.W.<br>Suite 200<br>Washington, D.C. 20005<br>(202) 530-0700<br>Counsel for John K. Grelle |

REES BROOME & DIAZ, P.C.

By:  /s/ Robert E. Scully, Jr.

Robert E. Scully, Jr.
8133 Leesburg Pike
Ninth Floor
Vienna, VA 22182
(703) 790-1911
Counsel for James W. Luce