## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ULLICO INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 1:06cv00080 (RJL) |
| | : | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. and AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, | : | |
| | : | |
| Counterclaim Plaintiffs, | : | |
| v. | : | |
| ULLICO INC., | : | |
| | : | |
| Counterclaim Defendant. | : | |

### ULLICO INC.'S INITIAL RULE 26(A)(1) DISCLOSURES

Plaintiff and Counterclaim Defendant, Ullico Inc. ("Ullico"), hereby submits its Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). The Initial Disclosures are based on information reasonably available to Ullico at this time. Ullico reserves the right to supplement or amend the information set forth in these disclosures, and to present witnesses, documents and evidence in addition to that which is disclosed herein as additional discovery, investigations and analyses may warrant. The inclusion of a witness or document in these

disclosures is not an admission by Ullico that any or all of the witness' testimony, or the document identified, are or would be admissible or relevant for any purpose. These disclosures are made without waiving any right to object to the production of any document or information on the basis of the attorney-client privilege, the work product doctrine, relevance, the scope of discoverable information, undue burden, any discovery rulings or other grounds.

## I.    Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)(A): Individuals Likely to Have Discoverable Information

The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

### A.    Current Employees of Ullico

Ullico is the Plaintiff in this action, and as such its current employees may have information concerning, but not limited to the following areas: the insurance policies at issue in this coverage action issued to Ullico by Defendants, National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and American International Specialty Lines Insurance Company ("AISLIC") (collectively the "Insurers"); the underlying litigation between Ullico and its former officers ("Underlying Litigation"), Joseph A. Carabillo, John K. Grelle, and James W. Luce (collectively the "Individual Defendants"); the Department of Labor Investigation ("DOL Investigation") concerning the sale and purchase of Ullico stock by Ullico's employee benefit plans and fiduciaries; the defense costs incurred by Ullico in connection with the Underlying Litigation and the DOL Investigation; correspondence between Ullico and the Insurers regarding coverage for the Underlying Litigation and the DOL Investigation; Ullico's claim for breach of contract against National Union; Ullico's claim for preliminary and permanent injunction against National Union and the Individual Defendants; Ullico's claim for specific performance against

the Insurers; Ullico's declaratory judgment claim against all Defendants; and the Insurers' counterclaims against Ullico. These individuals may only be contacted through Ullico's counsel. Individuals that Ullico may use to support its claims or defenses include, at this time and subject to supplementation, the following:

1. **Patrick McGlone**
   Associate General Counsel
   Ullico Inc.
   1625 Eye Street, N.W.
   Washington, D.C. 20006

   Mr. McGlone may have information concerning, but not limited to, each of the areas discussed above.

2. **Daniel Aronowitz**
   President
   Ulico Insurance Group, Inc.
   1625 Eye Street, N.W.
   Washington, D.C. 20006

   Mr. Aronowitz may have information concerning, but not limited to, each of the areas discussed above.

3. **Carolyn Cordone**
   Ullico Inc.
   1625 Eye Street, N.W.
   Washington, D.C. 20006

   Ms. Cordone may have information concerning, but not limited to, each of the areas discussed above.

4. **Teresa E. Valentine**
   Vice President and Deputy General Counsel
   Ullico Inc.
   1625 Eye Street, N.W.
   Washington, D.C. 20006

   Ms. Valentine may have information concerning, but not limited to, each of the areas discussed above.

**B.**    **Miller & Chevalier, Chartered**

The law firm of Miller & Chevalier, Chartered is counsel for Ullico in connection with the Underlying Litigation. As such, current and former partners, associates, agents and employees of Miller & Chevalier, Chartered may possess information concerning, but not limited to, the following areas: the insurance policies at issue in this coverage action; the Underlying Litigation; the defense costs incurred by Ullico in connection with the Underlying Litigation; the coverage dispute between Ullico, the Insurers, and the Individual Defendants; correspondence between Ullico and the Insurers regarding the Underlying Litigation; the Insurers refusal to reimburse defense costs to Ullico in connection with the Underlying Litigation; Ullico's claim for breach of contract against National Union; Ullico's claim for preliminary and permanent injunction against National Union and the Individual Defendants; Ullico's declaratory judgment claim against all Defendants; and the Insurers' counterclaims against Ullico. Individuals that Ullico may use to support its claims or defenses include, at this time and subject to supplementation, the following:

      1.    **Anthony J. Trenga**
Miller & Chevalier, Chartered
655 Fifteenth Street, N.W.
Suite 900
Washington, D.C. 20005
Phone: (202) 626-5800

    Mr. Trenga may have information concerning, but not limited to, each of the areas discussed above.

      2.    **Brian A. Hill**
Miller & Chevalier, Chartered
655 Fifteenth Street, N.W.
Suite 900
Washington, D.C. 20005
Phone: (202) 626-5800

    Mr. Hill may have information concerning, but not limited to, each of the areas discussed above.

## C.    The Individual Defendants

The Individual Defendants are former officers and employees of Ullico and Defendants in this action. The Individual Defendants are also Plaintiffs, Counter-Defendants, and Defendants in the Underlying Litigation. The Individual Defendants may possess information concerning, but not limited to, the following areas: the Underlying Litigation; the DOL Investigation; the defense costs incurred by the Individual Defendants in connection with the Underlying Litigation and the DOL Investigation; the Individual Defendants' claims for coverage under the insurance policies at issue in this action; reimbursement of defense costs or preferential payments made by the Insurers to the Individual Defendants under the insurance policies at issue in this action; correspondence between the Individual Defendants, their representatives and the Insurers regarding the Underlying Litigation and the DOL Investigation; Ullico's claim for preliminary and permanent injunction against National Union and the Individual Defendants; Ullico's claim for specific performance against the Insurers; Ullico's declaratory judgment claim against all Defendants; and the Insurers' counterclaims against Ullico. Individuals that Ullico may use to support its claims or defenses include, at this time and subject to supplementation, the following:

1.    **Joseph A. Carabillo**
       1543 Beahm Town Road
       P.O. Box 43
       Oak Park, Virginia
       Phone: (540) 543-2382

2.    **John K. Grelle**
       2556 Bridge Hill Lane
       Oakton, Virginia 22124
       Phone: (703) 476-5770

3.    **James W. Luce**
10712 Milkweed Drive
Great Falls, Virginia 22066

Each of the individuals listed above may have information concerning,
but not limited to, each of the areas discussed above.

D.    **Attorneys for the Individual Defendants in the Underlying Litigation**

Attorneys for the individual defendants in the Underlying Litigation may possess

information concerning, but not limited to the following areas: claims in the Underlying

Litigation; the DOL Investigation; the Insurers' coverage positions with respect to claims made

by the Individual Defendants under the policies; the Individual Defendants' correspondence with

the Insurers and Ullico; the defense costs incurred by each Individual Defendant in connection

with the Underlying Litigation and the DOL Investigation; reimbursement of defense costs or

preferential payments made by the Insurers to each Individual Defendant under the insurance

policies at issue in this action; Ullico's claim for breach of contract against National Union;

Ullico's claim for preliminary and permanent injunction against National Union and the

Individual Defendants; Ullico's claim for specific performance against the Insurers; Ullico's

declaratory judgment claim against all Defendants; and the Insurers' counterclaims against

Ullico. Individuals that Ullico may use to support its claims or defenses include, at this time and

subject to supplementation, the following:

1.    **Karen M. Wahle**
O'Melveny & Myers
1625 I Street, N.W., 1st Floor
Washington, D.C. 20006

Ms. Wahle may have information concerning, but not limited to, each of
the areas discussed above with respect to each of the Individual
Defendants.

2.   **Daniel G. Grove**
     Jackson Kelly, PLLC
     2401 Pennsylvania Avenue, N.W., #400
     Washington, D.C. 20037

     Mr. Grove may have information concerning, but not limited to, each of
     the areas discussed above with respect to Individual Defendant, Joseph
     A. Carabillo.

3.   **Robert E. Scully, Jr.**
     Rees Broome & Diaz, P.C.
     8133 Leesburg Pike, Ninth Floor
     Vienna, Virginia 22182

     Mr. Scully may have information concerning, but not limited to, each of
     the areas discussed above with respect to Individual Defendant, James
     W. Luce.

4.   **James Fagan**
     Krupin O'Brien LLC
     1156 15th Street, N.W., Suite 200
     Washington, D.C. 20005

5.   **Scott Kamins**
     Krupin O'Brien LLC
     1156 15th Street, N.W., Suite 200
     Washington, D.C. 20005

6.   **Ari Karen**
     Krupin O'Brien LLC
     1156 15th Street, N.W., Suite 200
     Washington, D.C. 20005

7.   **Kara Maciel**
     Krupin O'Brien LLC
     1156 15th Street, N.W., Suite 200
     Washington, D.C. 20005

     Mr. Fagan, Mr. Kamins, Mr. Karen and Ms. Maciel may have
     information concerning, but not limited to, each of the areas discussed
     above with respect to Individual Defendant, John K. Grelle.

E.   **AIG Technical Services, Inc.**

AIG Technical Services, Inc. ("AIG"") is the claims administrator for National Union

and AISLIC regarding Ullico's claims under each of the insurance policies.  As such, AIG

handled the coverage claims made by Ullico and the Individual Defendants under the insurance policies at issue in this action. AIG employees and agents may possess information concerning, but not limited to, the following areas: the insurance policies at issue in this coverage action; AIG's investigation of the claims and of the availability of coverage; AIG's actions and admissions with respect to the application of the policies' exclusions to bar coverage for the Underlying Litigation and the DOL Investigation; waiver of the insurance policies' panel counsel provisions; the Insurers' coverage positions with respect to each claim made under the policies at issue; AIG's correspondence with each of the insureds; the Underlying Litigation; the DOL Investigation; the defense costs incurred by each insured in connection with the Underlying Litigation and the DOL Investigation; reimbursement of defense costs or preferential payments made by the Insurers to the Individual Defendants under the insurance policies at issue in this action; the Insurers' refusal to reimburse Ullico for defense costs incurred in connection with the Underlying Litigation and the DOL Investigation; Ullico's claim for breach of contract against National Union; Ullico's claim for preliminary and permanent injunction against National Union and the Individual Defendants; Ullico's claim for specific performance against the Insurers; Ullico's declaratory judgment claim against all Defendants; and the Insurers' counterclaims against Ullico. Individuals that Ullico may use to support its claims or defenses include, at this time and subject to supplementation, the following:

1.  **Gene Domanico**
    AIG Technical Services, Inc.
    175 Walter Street
    New York, New York 10038
    (212) 458-3498

2.  **Larry Fine**
    AIG Technical Services, Inc.
    175 Walter Street
    New York, New York 10038

3.    **Barbara A. Leone**
AIG Technical Services, Inc.
175 Walter Street
New York, New York 10038
(212) 458-1090

4.    **Natalie C. Louis, Esq.**
AIG Technical Services, Inc.
175 Walter Street, 9th Floor
New York, New York 10038
Phone: (212) 458-2550

5.    **Michelle P. Wong**
AIG Technical Services, Inc.
175 Walter Street
New York, New York 10038
(212) 458-3691

6.    **Keith Zinsley**
AIG Technical Services, Inc.
175 Walter Street
New York, New York 10038

Each of the individuals listed above may have information concerning, but not limited to, each of the areas discussed above.

**F.    D'Amato & Lynch**

The law firm of D'Amato & Lynch was retained by AIG as counsel to monitor the Underlying Litigation and in connection with Ullico's and the Individual Defendants' claims for coverage under the insurance policies at issue in this case. Current and former partners, associates, agents and employees of D'Amato & Lynch may possess information concerning, but not limited to, the following areas: the insurance policies at issue in this coverage action; AIG's investigation, if any, of the claims by the insureds and of the availability of coverage; AIG's actions and admissions with respect to the application of the policies' exclusions to bar coverage for the Underlying Litigation and the DOL Investigation; waiver of the insurance policies' panel counsel provisions; the Insurers' coverage positions with respect to each claim made under the policies at issue; AIG's lack of adherence to the rules of good faith conduct with respect to its

policyholders; D'Amato & Lynch's and AIG's correspondence with each of the insureds; the Underlying Litigation; the DOL Investigation; the defense costs incurred by each insured in connection with the Underlying Litigation and the DOL Investigation; reimbursement of defense costs or preferential payments made by the Insurers to the Individual Defendants under the insurance policies at issue in this action; the Insurers' refusal to reimburse Ullico for defense costs incurred in connection with the Underlying Litigation and the DOL Investigation; Ullico's claim for breach of contract against National Union; Ullico's claim for preliminary and permanent injunction against National Union and the Individual Defendants; Ullico's claim for specific performance against the Insurers; Ullico's declaratory judgment claim against all Defendants; and the Insurers' counterclaims against Ullico. Individuals that Ullico may use to support its claims or defenses include, at this time and subject to supplementation, the following:

1.   **Samuel F. Paniccia**
     D'Amato & Lynch
     70 Pine Street
     New York, New York 10270-0110

2.   **R. David Ades**
     D'Amato & Lynch LLP
     70 Pine Street
     New York, New York 10270-0110

3.   **Mary Jo Barry**
     D'Amato & Lynch LLP
     70 Pine Street
     New York, New York 10270-0110

     Each of the individuals listed above may have information concerning, but not limited to, each of the areas discussed above.

### G.    Frank Crystal & Co.

Frank Crystal & Co. ("Frank Crystal") was the insurance broker that brokered the insurance policies at issue in this case. As the insurance broker, Frank Crystal also provided notice of claims to AIG on behalf of the insureds. Frank Crystal employees and agents may

possess information concerning, but not limited to, the following areas: the insurance policies at issue in this coverage action; claims made by the insureds under the policies; policy exclusions cited by D'Amato & Lynch and AIG to bar coverage; Frank Crystal's correspondence with AIG, D'Amato & Lynch and the insureds. Individuals that Ullico may use to support its claims or defenses include, at this time and subject to supplementation, the following:

1. **Allison Eisenberg**
   Frank Crystal & Co.
   40 Broad Street
   New York, New York 10004

2. **Robert Duran**
   Frank Crystal & Co.
   40 Broad Street
   New York, New York 10004

3. **Craig de Gruchy**
   Frank Crystal & Co.
   40 Broad Street
   New York, New York 10004

4. **Robert W. Wooldredge**
   Frank Crystal & Co.
   40 Broad Street
   New York, New York 10004

Each of the individuals listed above may have information concerning, but not limited to, each of the areas discussed above.

**H.    Others**

Other individuals or organizations may possess information related to this action. Individuals that Ullico may use to support its claims or defenses include, at this time and subject to supplementation, the following:

1.    **Robert A. Georgine**
      301 Valley Brook Drive
      Silver Spring, Maryland 20904
      Phone: (301) 622-3012

      Mr. Georgine is a former officer and director of Ullico who may have
      information concerning, but not limited to, the claims in the Underlying
      Litigation; the DOL Investigation; the defense costs incurred by the
      Individual Defendants in connection with the Underlying Litigation and
      the DOL Investigation; and the Individual Defendants' claims under the
      insurance policies at issue in this action.

2.    **Bryan Erman**
      Baker Botts LLP
      1299 Pennsylvania Avenue, N.W.
      Washington, D.C. 20004-2400

3.    **Randall J. Turk**
      Baker Botts LLP
      1299 Pennsylvania Avenue, N.W.
      Washington, D.C. 20004-2400

4.    **Samuel J. Waldon**
      Baker Botts LLP
      1299 Pennsylvania Avenue, N.W.
      Washington, D.C. 20004-2400

      Baker Botts LLP is counsel for Robert A. Georgine in connection with
      the Underlying Litigation.  Mr. Erman, Mr. Turk and Mr. Waldon of
      Baker Botts LLP may have information concerning, but not limited to,
      the claims in the Underlying Litigation; the DOL Investigation; the
      defense costs incurred by the Individual Defendants in connection with
      the Underlying Litigation and the DOL Investigation; and the Individual
      Defendants' claims under the insurance policies at issue in this action.

5.    **Howard M. Bard**
      Slevin & Hart, P.C.
      1625 Massachusetts Avenue, N.W., Suite 450
      Washington, D.C. 20036

6.    **Joseph Semo**
      Joseph Semo, LLC
      3 Bethesda Metro Center
      Office Building, Suite 700
      Bethesda, MD 20814

Mr. Bard and Mr. Semo were formerly with the law firm of Feder, Semo & Bard, PC which was counsel for Ullico in connection with the DOL Investigation. Mr. Bard and Mr. Semo may have information concerning, but not limited to, the DOL Investigation; notice to the Insurers regarding the DOL Investigation; the defense costs incurred by Ullico in connection with the DOL Investigation; correspondence between Ullico and the Insurers regarding the DOL Investigation; and the Insurers refusal to reimburse defense costs to Ullico in connection with the DOL Investigation.

7.    **Gary M. Ford**
Groom Law Group
1701 Pennsylvania Avenue, N.W., Suite 1200
Washington, D.C. 20006

8.    **Thomas S. Gigot**
Groom Law Group
1701 Pennsylvania Avenue, N.W., Suite 1200
Washington, D.C. 20006

The law firm of Groom Law Group is counsel for Ullico in connection with the DOL Investigation. Mr. Ford and Mr. Gigot of the Groom Law Group may have information concerning, but not limited to, the DOL Investigation; notice to the Insurers regarding the DOL Investigation; the defense costs incurred by Ullico in connection with the DOL Investigation; and correspondence between Ullico and the Insurers regarding the DOL Investigation.

9.    **Stuart Philip Ross**
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C. 20006

Ross, Dixon & Bell, LLP served as coverage counsel for Ullico. Mr. Ross may have information related to Ullico's claims under the insurance policies at issue in this action and correspondence relating to those claims.

10.     **David S. Preminger**
        Rosen Preminger & Bloom, LLP
        708 Third Avenue, Suite 1600
        New York, New York 10017

        Mr. Preminger represents Carabillo in regards to his benefits claims.
        Mr. Preminger may have information concerning, but not limited to, the
        claims in the Underlying Litigation; the defense costs incurred by the
        Individual Defendants in connection with the Underlying Litigation; and
        the Individual Defendants' claims under the insurance policies at issue
        in this action.

11.     **Joseph Vaccaro**
        ARC Excess & Surplus, LLC
        The ARC Group, LLC
        1122 Franklin Avenue, 3rd Floor
        P.O. Box 9240
        Garden City, New York 11530-9240

        ARC Excess & Surplus, LLC assisted the insurance brokers and the
        insurance carriers at issue in this case.  Mr. Vaccaro may possess
        information concerning, but not limited to, the following areas: the
        insurance policies at issue in this coverage action; claims made by the
        insureds under the policies; policy exclusions cited by D'Amato &
        Lynch and AIG to bar coverage; and correspondence with AIG,
        D'Amato & Lynch and the insureds.

12.     **Webster Hubbell**
        The McLaughlin Company
        1725 DeSales Street, N.W.
        Washington, D.C. 20036

13.     **Brenda Mantz**
        The McLaughlin Company
        1725 DeSales Street, N.W.
        Washington, D.C. 20036

        The McLaughlin Company was an insurance broker that brokered the
        insurance policies at issue in this case.  Mr. Hubbell and Ms. Mantz may
        possess information concerning, but not limited to, the following areas:
        the insurance policies at issue in this coverage action; claims made by
        the insureds under the policies; policy exclusions cited by D'Amato &
        Lynch and AIG to bar coverage; and correspondence with AIG,
        D'Amato & Lynch and the insureds.

**II.**   **Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)(B): Description by Category and Location of Documents, Data Compilations and Tangible Things**

A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

In accordance with Rule 26(b)(5), Ullico objects to disclosure or production of documents and materials that constitute attorney work product or privileged attorney-client communications. Subject to and without waiving the foregoing objection, Ullico presents the following description, by category and location, of non-privileged documents, data compilations and tangible things in the possession, custody, or control of Ullico, that Ullico presently anticipates it may use to support its claims or defenses:

**A.**   **Categories of Documents, Data Compilations and Tangible Things**

The following categories of documents, data compilations and tangible things may be used to support Ullico's claims or defenses:

1.   The Employee Benefit Plan Fiduciary Liability Policy issued by National Union to Ullico and its subsidiaries, Policy Number 874-44-03, with a policy period from October 30, 2001 to October 30, 2002 ("2001 Fiduciary Policy"), and correspondence and documents related to the 2001 Fiduciary Policy.

2.   The Employee Benefit Plan Fiduciary Liability Policy issued by National Union to Ullico and its subsidiaries, Policy Number 495-38-35, with a policy period from October 30, 2002 to October 30, 2003 ("2002 Fiduciary Policy"), and correspondence and documents related to the 2002 Fiduciary Policy.

3.   The Directors, Officers and Private Company Liability Insurance Policy issued by National Union to Ullico and its subsidiaries, Policy Number 495-36-84, with a policy period from October 30, 2002 to October 30, 2003 ("D&O Policy"), and correspondence and documents related to the D7O Policy.

4.    The Professional Liability Insurance Policy issued by AISLIC to Ullico and its subsidiaries, Policy Number 348-92-35, with a policy period from October 30, 2003 to October 30, 2004 ("Professional Liability Policy"), and correspondence and documents related to the Professional Liability Policy.

5.    Correspondence between Ullico's employees, officers, agents and attorneys and the Insurers' employees, officers, agents and attorneys regarding the Underlying Litigation, the DOL Investigation, or coverage under any of the insurance policies at issue in this action.

6.    Correspondence between the Individual Defendants, their agents and attorneys and the Insurers' employees, officers, agents and attorneys regarding the Underlying Litigation, the DOL Investigation, or coverage under any of the insurance policies at issue in this action.

7.    Correspondence between counsel for Ullico and counsel for the Individual Defendants in the Underlying Action.

8.    The Complaint filed in the instant action.

9.    The pleadings in the Underlying Litigation.

10.    Discovery in the Underlying Litigation, including but not limited to, deposition transcripts or recordings, deposition exhibits, interrogatories and answers to interrogatories, requests for production of documents and responses to those requests, requests for admissions and responses to such requests, and expert reports produced in the prosecution of or defense of the Underlying Litigation.

11.    Subpoenas received from the Department of Labor, responses to the subpoenas received from the Department of Labor, and communications with the Department of Labor relating to the DOL Investigation.

12.    Privileged defense bills, statements, calculations, time entries, and data compilations of defense costs incurred by Ullico in connection with the Underlying Litigation and the DOL Investigation.

**B.    Location of Documents, Data Compilations and Tangible Things**

The documents, data compilations and tangible things are, to the best of Ullico's present knowledge and belief, located at the offices of Miller & Chevalier, Chartered, the Groom Law Group or in the possession, custody, or control of Ullico and/or Ullico's directors, officers, agents, employees, consultants, representatives and attorneys.

### III.     Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)(C)

A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

Ullico presently claims the following categories of damages:

- Advancement of all defense costs and expenses incurred by Ullico and owed by National Union Fire Insurance Company ("National Union") under the 2001 Fiduciary Policy, the 2002 Fiduciary Policy, and the Directors' and Officers' Liability Policy in connection with the Department of Labor Investigations and the Underlying Litigation plus pre-judgment interest in an amount to be determined at trial.  The principal amount as of December 2005 is presently believed to be at least $4,231,676.21.

- Monetary damages incurred by Ullico due to National Union's failure to reimburse Ullico's defense costs under the 2001 Fiduciary Policy, the 2002 Fiduciary Policy, and the Directors' and Officers' Liability Policy plus pre-judgment interest in an amount to be determined at trial.

- Entry of preliminary and permanent injunction against National Union enjoining it from making payments to the Individual Defendants under the 2001 Fiduciary Policy and the 2002 Fiduciary Policy.

- A judgment ordering National Union and AISLIC to provide an accounting to Ullico concerning all payments made under the 2001 Fiduciary Policy, the 2002 Fiduciary Policy, the Directors' and Officers' Policy, and the Professional Liability Policy.

• The costs and expenses incurred by Ullico in bringing this lawsuit including, but not limited to, attorneys' fees and costs of suit plus pre-judgment interest to be determined at trial.

Ullico will make available for inspection and copying at a time and place mutually agreeable to the parties, **and subject to a confidentiality agreement,** the documents or other evidentiary material, not privileged or protected from disclosure, on which such computations are based, including materials bearing on the nature and extent of injuries suffered.

## IV.    Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)(D)

For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

The insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment were previously attached to Ullico's First Amended Complaint for Damages, Declaratory Judgment and Injunctive Relief as Exhibits I-L in this action.

Respectfully submitted,
Ullico Inc.

By: _____
One of Its Attorneys

John F. Anderson
D.C. Bar No. 393764
TROUTMAN SANDERS LLP
1660 International Drive
Suite 600
McLean, Virginia 22102
(703) 734-4356

Of Counsel:
Timothy W. Burns
Angela R. Elbert
Cheryl A. Fender
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Suite 2200
Chicago, IL 60602