UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ULLICO INC.,<br>    Plaintiff,<br>v.<br>NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH, PA., et al.,<br>    Defendants.<br><br>NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH, PA.<br>and<br>AMERICAN INTERNATIONAL<br>SPECIALTY LINES INSURANCE<br>COMPANY,<br>    Counterclaim Plaintiffs,<br>v.<br>ULLICO INC.,<br>    Counterclaim Defendant. | Civil Action No. 1:06cv00080 (RJL) |

**INITIAL DISCLOSURES OF DEFENDANTS/
COUNTERCLAIM PLAINTIFFS NATIONAL UNION AND AISLIC**

Defendants/Counterclaim Plaintiffs National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and American International Specialty Lines Insurance Company ("AISLIC") (collectively referred to herein as the "Insurers"), by and through their undersigned counsel, Patton Boggs LLP, hereby make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). The Insurers' investigation of the subject matter of this action is ongoing, and they reserve the right to supplement these disclosures. In making specific responses, the Insurers are not representing that any individual's testimony or any category of documents will actually be used in their defense, but only that they believe that the individual has, or the document contains, information relevant to the allegations in the First Amended Complaint and/or the Insurers' Counterclaim that may be utilized in their defense.

1

**Specific Responses**

1.  Rule 26(a)(1)(A): The following individuals likely have discoverable information that the Insurers may use to support their defenses and counterclaims, unless solely for impeachment:

The Individual Defendants: Each of Joseph A. Carabillo ("Carabillo"), John K. Grelle ("Grelle"), James W. Luce ("Luce") are defendants in this case and likely have information relating to the following areas, which the Insurers reserve the right to supplement: the underlying litigation between Ullico and the Individual Defendants (the "Ullico litigation"); the insurance policies at issue in this action; correspondence between the Insurers and the Individual Defendants; the defense costs incurred by the Individual Defendants in connection with the Ullico litigation; the Individual Defendants' claims for coverage under the insurance policies issued by the Insurers (including the claims asserted in the related litigation by Carabillo against the Insurers); and the Insurers' counterclaims against Carabillo and Ullico. The Insurers may use the following Individual Defendants to support their defenses and counterclaims in this action:

>   Joseph A. Carabillo
>   1543 Beahm Town Road
>   P.O. Box 43
>   Oak Park, VA  22730
>
>   John K. Grelle
>   2556 Bridge Hill Lane
>   Oakton, VA  22124
>
>   James W. Luce
>   10712 Milkweed Drive
>   Great Falls, VA  22066

Employees of AIG Domestic Claims, Inc., f/k/a AIG Technical Services, Inc.: Certain current and former employees of AIG Domestic Claims, Inc. f/k/a AIG Technical Services, Inc. likely have information relating to the following areas, which the Insurers reserve the right to supplement: the

insurance policies at issue in this action; the availability of coverage under such insurance policies; correspondence between Ullico and the Insurers and between the Individual Defendants and the Insurers; and the Insurers' counterclaims in this action and the related action between Carabillo and the Insurers. The Insurers may use the following current and former AIG Domestic Claims, Inc. employees to support their defenses and counterclaims:

>Gene Domanico
>AIG Domestic Claims, Inc., f/k/a AIG Technical Services, Inc.
>175 Water Street
>New York, NY  10038

>Gia Cavellini
>AIG Domestic Claims, Inc., f/k/a AIG Technical Services, Inc.
>175 Water Street
>New York, NY  10038

>Natalie Louis
>AIG Domestic Claims, Inc., f/k/a AIG Technical Services, Inc.
>175 Water Street
>New York, NY  10038

>Jonathan Weber
>AIG Domestic Claims, Inc., f/k/a AIG Technical Services, Inc..
>175 Water Street
>New York, NY  10038

>Jose Jara
>Mr. Jara is no longer employed by AIG Domestic Claims, Inc. and the Insurers are currently without information as to his last known address. The Insurers will immediately supplement these Disclosures upon obtaining such information.

<u>AIG Underwriting Employees</u>: Certain current and former underwriting employees of AIG likely have information relating to the following areas, with the Insurers reserve the right to supplement: the insurance policies at issue in this action; the availability of coverage under such insurance policies; correspondence between Ullico and the Insurers and between the Individual Defendants and the Insurers; and the Insurer's counterclaims in this action and the related action between Carabillo

and the Insurers. The Insurers may use the following current and former AIG underwriting employees to support their defenses and counterclaims:

>Michael Kambos
>175 Water Street
>New York, NY 10038
>
>Gregory Vernaci
>175 Water Street
>New York, NY 10038
>
>Sophia Smith
>175 Water Street
>New York, NY 10038
>
>Anton Lavrenko
>175 Water Street
>New York, NY 10038
>
>Tom McArdle
>Mr. McArdle is no longer an underwriting employee of AIG and the Insurers are without information as to his last known address. The Insurers will immediately supplement these Disclosures upon obtaining such information.

Various Attorneys of the Insurers: In addition to the above-named individuals, the Insurers may use various counsel to support their counterclaims and defenses. Such counsel may have information relating to all of the areas previously discussed herein. At present, and until such time as a determination is made as to whether the information possessed by such counsel is privileged in nature, the Insurers are not separately identifying each counsel, whose names can be found on various pleadings in the associated cases. The Insurers will supplement these disclosures if necessary at a future time.

Ullico Employees: Certain current and former employees at Ullico likely have information relating to the following areas, which the Insurers reserve the right to supplement: the insurance policies at issue in this action; the underlying Ullico litigation; the defense costs incurred by Ullico in

4

connection with the underlying Ullico litigation; correspondence between the Insurers and Ullico; Ullico's claims against the Insurers in this action; and the Insurers' counterclaims in this action. Because discovery has not yet commenced in this action, the Insurers are currently unaware of the identity of the current and former Ullico employees who may be used to support the Insurers defenses and counterclaims. The Insurers will supplement these disclosures immediately upon learning such identities.

<u>Ullico's and/or Individual Defendants' Insurance Brokers/Agents</u>: Ullico's and/or the Individual Defendants' various insurance brokers and/or agents may have information relating to the following areas, which the Insurers reserve the right to supplement: the insurance policies at issue in this action, correspondence between the Insurers and Ullico and between the Insurers and the Individual Defendants; correspondence between Ullico and its brokers and/or agents; and correspondence between the Individual Defendants and such brokers and/or agents. The Insurers may use the following brokers and/or agents to support their defenses and counterclaims:

>   Allison Eisenberg
>   Frank Crystal & Co.
>   40 Broad Street
>   New York, NY 10004
>
>   Joseph Vaccaro
>   ARC Excess & Surplus, LLC
>   The ARC Group, LLC
>   1122 Franklin Avenue, 3rd Floor
>   P.O. Box 9240
>   Garden City, New York 11530
>
>   Stuart Philip Ross
>   Ross, Dixon & Bell, LLP
>   2001 K Street, N.W.
>   Washington, D.C. 20006

Theodore M. Pappas
The McLaughlin Company
1725 De Sales Street
Washington, D.C. 20036

Webster Hubbell
The McLaughlin Company
1725 De Sales Street
Washington, D.C. 20036

Brenda Mantz
The McLaughlin Company
1725 De Sales Street
Washington, D.C. 20036

The Insurers' investigation is ongoing, and the Insurers specifically reserve the right to supplement these disclosures with any other individuals or entities that may possess information related to this action.

2.  Rule 26(a)(1)(B):  The Insurers have in their possession the following documents, data compilations and tangible things that they may use to support their defenses and counterclaims in this action:

Underwriting and claims files maintained in the ordinary course of business, containing copies of the policies at issue in this litigation, and correspondence relating to the coverage sought thereunder.

The Insurers will make these documents available for copying and inspection at the offices of their counsel at a mutually convenient time. The Insurers' investigation is ongoing, and the Insurers specifically reserve the right to supplement these disclosures.

3.  Rule 26(a)(1)(C):  The Insurers have not asserted any claims for monetary damages against any party in this action.

4. Rule 26(a)(1)(D): The Insurers have no responsive documents in their possession, custody or control.

Respectfully submitted,

_____/s/_____
Eric A. Kuwana
David J. Farber
Shannon W. Conway
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315