**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ULLICO INC.,

      Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, et al.,

      Defendants.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA
and
AMERICAN INTERNATIONAL
SPECIALTY LINES INSURANCE
COMPANY,

      Counterclaim Plaintiffs,

v.

ULLICO INC.,

      Counterclaim Defendant.

Case No. 1:06CV00080
Judge: Richard J. Leon

**DEFENDANT JOSEPH A. CARABILLO'S MEMORANDUM
OF POINTS AND AUTHORITY IN OPPOSITION TO ULLICO INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

    Defendant, Joseph A. Carabillo ("Carabillo"), by counsel, files this memorandum of points and authority in opposition to the motion for partial summary judgment filed herein by Plaintiff, ULLICO Inc. ("ULLICO").

### I. Introduction

    For more than sixteen years, Carabillo was employed by ULLICO in the company's legal department, serving most of that time as the company's Vice President

and Chief Legal Officer. In June of 2003, ULLICO wrongfully terminated his employment. Said termination was alleged by ULLICO to have divested Carabillo's early retirement pension benefits, upon which he had intended to rely for his livelihood. Soon thereafter, seeking to protect his benefits and contractual rights, Carabillo filed a civil action against ULLICO, challenging the actions of its Acting President and alleging that following a change of control and acting through new management, ULLICO had breached a contract with him, wrongfully terminated him, and improperly deprived him of his statutory rights under the Employee Retirement Income Security Act ("ERISA") ("Carabillo I"). ULLICO, with four additional parties, asserted a counterclaim against Carabillo and other individuals, accusing them of "self-dealing . . . in violation of [] fiduciary and contractual duties to, [sic] ULLICO and its shareholders."

Carabillo filed a second Complaint against ULLICO sponsored employee benefit plans, alleging claims under ERISA for his pension benefits and attorneys' fees and costs. ("Carabillo II"). ULLICO and its employee benefit plans brought counterclaims against Carabillo, alleging breach of fiduciary duty and breach of contract. The District Court in Carabillo I determined that it would retain jurisdiction only of the ERISA-based claims. Partial coverage for the ERISA-based claims was extended to Carabillo by National Union Fire Insurance Company of Pittsburgh, PA ("National Union") under National Union Employee Benefits Plan Fiduciary Liability Policy No. 874-44-03, subject to a reservation of rights. Carabillo I and Carabillo II have been consolidated with other related actions in the United States District Court for the District of Columbia for discovery purposes.

Following the District Court's March 29, 2005, dismissal of Counts I and II in Carabillo I, ULLICO and the related plaintiffs initiated lifting the stay on an earlier filed prophylactic "state" court action in the Superior Court of the District of Columbia ("Superior Court"), Civil Action No. 04-0000361 ("Carabillo III"). Plaintiffs moved to revive that case and its identical non ERISA-based claims. Only Court I (breach of corporate law duties) and Count II (professional negligence) of the Superior Court action are asserted against Carabillo.

Carabillo sought coverage for defense and indemnity of the claims set forth against him in Carabillo I, II, and III from American International Specialty Lines Insurance Company ("AISLIC") and National Union. In that regard, Carabillo filed a declaratory judgment action against AISLIC and National Union for defense and indemnification. That action is Case No. 1:04CV00970 pending before this Court. A copy of Carabillo's Amended Complaint in that case, without exhibits, is attached hereto as Exhibit 1. Although Carabillo has received partial defense costs from National Union for the ERISA claims in the underlying federal court litigation, he has received no coverage for claims remaining in the Superior Court.

The case at hand was brought by ULLICO against National Union, AISLIC, Carabillo, and two other individual defendants. In this action, ULLICO seeks, among other things, "a declaratory judgment with respect to the parties' respective rights" and "preliminary and permanent injunction barring Insurers from paying and preferentially paying Individual Defendants' purported claims under the policies in the Underlying Litigation." ULLICO INC.'S FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF ¶ 8.

ULLICO's motion for partial summary judgment seeks an order from this Court that National Union is required to pay it for the costs it incurred in defense of the underlying litigation and for its costs incurred in the defense of the Department of Labor ("DOL") investigations. However, no where in its motion for partial summary judgment or supporting memorandum does ULLICO provide support for a finding that this issue is ripe for consideration nor does it address the impact that such a ruling could have on Carabillo or the other individual defendants.

## II. Argument

**A. Carabillo has standing to respond in opposition to ULLICO's motion for partial summary judgment.**

It is anticipated that ULLICO will claim that Carabillo has no standing to respond in opposition to its motion for partial summary judgment because the motion is directed to National Union and not Carabillo. Such an argument is disingenuous at best. Having named Carabillo as a defendant in this action, ULLICO has intended Carabillo to be bound by the Court's rulings and determinations in this case. ULLICO cannot now claim that Carabillo has no interest in whether National Union is ordered to pay proceeds from the policies at issue in the motion for partial summary judgment to ULLICO. To the contrary, Carabillo has every interest in the world as to whom or what those policy proceeds are paid as they are among the policies under which he seeks coverage for defense and indemnity of the claims against him by ULLICO in Carabillo I, II, and III.

**B. It is premature to order National Union to pay policy proceeds to ULLICO in this case and would be prejudicial to Carabillo.**

The purpose of a declaratory judgment action, such as this one, is "the determination of legal relations and controversy between interested parties." 10 Fed.

Proc., L.Ed. § 23:2 (2006). In cases involving insurance, the issue is often -- like here -- whether a party is entitled to coverage pursuant to a certain insurance policy/policies. Additionally, in a case such as this where there are multiple claimants seeking the same policy proceeds, a determination must be made as to the extent, if any, to which the various parties are entitled to the insurance proceeds, and the priority of payment among the parties. No legal determination has yet been made with respect to whether ULLICO, Carabillo, or any of the other individual defendants is entitled to coverage with respect to the National Union policies at issue. Neither of those policies contains a provision that sets forth the order of payment for competing claims.[1] Therefore, not only does there need to be a determination with regard to the extent of coverage, if any, the priority of payment as between the various claimants must also be decided.

Until such time as there has been a determination made concerning entitlement to coverage; the extent of coverage; and the priority of payment with respect to the interested parties, it is premature to grant ULLICO's motion for partial summary judgment. To allow otherwise could potentially be to Carabillo's detriment by depleting the finite policy proceeds. Carabillo submits that he is entitled to coverage from National Union pursuant to the very same policies which are the subject of ULLICO's motion. In that regard, he directs the Court to paragraphs 52-60 and 112-126 of the Amended

---

[1] It should be noted that Endorsement #6 to National Union Policy No. 548-03-72, the replacement of Policy No. 495-38-35 which is at issue here, provides in paragraph 20 that "[i]n the event of Loss arising from a covered Claim for which payment is due under the provisions of this policy, then the Insurer shall in all events: (a) first, pay Loss for which coverage is provided under this policy for any Natural Person Insured and any covered Plan under this policy." Policy No. 548-30-72 defines "Natural Person Insured", in pertinent part, as any "past, present or future natural person director, officer, governor, general partner, management committee member, member of the board of managers or employee of a Sponsor Organization or if applicable, of a Plan, and as to all of the above in his or her capacity as a Fiduciary, Administrator or trustee of a Plan."

Complaint in his declaratory judgment action against AISLIC and National Union, a copy of which is attached hereto as Exhibit 1.

### III. Conclusion

On the basis of the foregoing, Carabillo submits that it is premature to order the relief sought by ULLICO, and to do so could be prejudicial to Carabillo and others. Therefore, Carabillo respectfully submits that ULLICO's motion for partial summary judgment should be denied.

                                          Respectfully submitted,

_____/s_____
Jennifer Z. Cain
*Pro Hac Vice* (WV Bar #583)
JACKSON KELLY PLLC
256 Russell Avenue
New Martinsville, WV  26155
Telephone:  (304)455-1751
Facsimile:  (304)455-6314

Daniel C. Grove
(DC Bar #066399)
JACKSON KELLY PLLC
2401 Pennsylvania Avenue, N.W.
Suite 400
Washington, DC  20037
Telephone:  (202)973-0200
Facsimile:  (202)973-0232

*Counsel for Defendant Joseph A. Carabillo*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 5th day of December, 2006, true and correct copies of the foregoing DEFENDANT JOSEPH A. CARBILLO'S MEMORANDUM OF POINTS AND AUTHORITY IN OPPOSITION TO ULLICO INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT and proposed ORDER were served upon all counsel of record via Electronic Case Filing or as otherwise required by LCvR 5.4(d) of the Court's Local Rules.

              _____/s/_____
                  Jennifer Z. Cain