IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ULLICO INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NATIONAL UNION FIRE | : | |
| INSURANCE COMPANY OF | : | |
| PITTSBURGH, PA., *et al.* | : | Civil Action No. 1:06cv00080 (RLJ) |
| | : | |
| | : | |
| Defendant, | : | |
| | : | |
| NATIONAL UNION FIRE | : | |
| INSURANCE COMPANY OF | : | |
| PITTSBURGH, PA., *et al.* | : | |
| ULLICO, Inc., *et al.,* | : | |
| | : | |
| Counter-Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| ULLICO INC. | : | |
| | : | |
| Counter- Defendant. | : | |

## DEFENDANT JOHN GRELLE'S LOCAL RULE 56.1
## STATEMENT OF DISPUTED FACTS AND ISSUES

Pursuant to Fed. R. of Civ. P. 56 and LCvR 56.1, Defendant John Grelle, by his

attorneys Offit Kurman, P.A. hereby files this Statement of Disputed Facts and Issues,

and in support hereof, states:

## I.    STATEMENT OF MATERIAL FACTS IN DISPUTE

1.    It is disputed that Ullico has incurred "over $7 million" in costs for the

defense of the DOL investigation and the Underlying Litigation.  How much, if any of

Ullico's attorney's fees are truly defense costs that might be covered by the applicable policies covered is a material issue to be resolved by the trier of fact at trial.

2.      Mr. McGlone lacks personal knowledge of the nature of the legal work for which Ullico seeks coverage and lacks competency to address whether items of attorney services are defense costs, or costs incurred in the prosecution of Ullico's numerous affirmative claims and counterclaims.

3.      Contrary to the allegations of Ullico's Memorandum supporting its Motion for Partial Summary Judgment, Mr. Grelle did not engage in self-dealing at Ullico,  did not unjustly enrich himself while at Ullico, did not breach duties allegedly owed to Ullico and other parties, did not engage in improprieties with regard to stock offers or repurchases at Ullico, did not manipulate investments in Ullico deferred compensation plans, among other things, and did not commit any other wrong alleged by Ullico's Motion for Partial  Summary Judgment.  Ex.  C (Affidavit of John Grelle).

## II.   <u>ISSUES IN DISPUTE</u>

1.      Whether, in connection with the DOL Investigation and Underlying Litigation as defined in Ullico's Motion for Partial Summary Judgment, Ullico has incurred attorney's fees that should be covered as "defense costs" under either the Employee Benefit Plan Fiduciary Liability Insurance Policy (Policy Number 87-44-03 (renewal of 473-68-49, Policy Period October 30, 2001 to October 30, 2002), or Employee Benefit Plan Fiduciary Liability Insurance Policy (Policy Number 495-38-35 (renewal of 473-68-49, Policy Period October 30, 2002 to October 30, 2003).

Respectfully submitted,

12/5/2006                        _____/s/_____
Date                            Timothy C. Lynch, Unified Bar No. 461651
                                tlynch@offitkurman.com
                                (301) 575-0336
                                _____/s/_____
                                Eric J. Pelletier, Unified Bar No. 454794
                                epelletier@offitkurman.com
                                (301) 575-0339
                                Offit Kurman, P.A.
                                8171 Maple Lawn Boulevard, Suite 200
                                Maple Lawn, Maryland 20759
                                *Attorneys for Defendant John Grelle*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of December, 2006 a true and correct copy of John K. Grelle's Statement of Disputed Facts and Issue in Opposition To Ullico Inc.'s Motion For Partial Summary Judgment was served electronically upon counsel of records via electronic case filing or otherwise as filed  LCvR 5.4 of the Local Rules

                                _____/s/_____
                                Eric Pelletier