

**AIG Technical Services, Inc.**

176 Water Street, 6th Floor
New York, New York 10038
Telephone (212) 770-7000

**Natalie C. Louis, Esq.**
Middle-Market-Directors-and-Officers-Complex-Claims
Direct Dial (212) 458-2550 • Fax (212) 458-0490
E-mail: Natalie.Louis@aig.com

January 15, 2003

Stuart Philip Ross, Esq.
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040

        Re:      Employee Benefit Plan Fiduciary Liability Insurance
               Policy No.:    874-44-03
               Insured:      Ullico Inc. and its Subsidiaries ("Ullico")
               Matter :       Ullico Inc. Stock
               A.I. File No.:  434-003376

Dear Mr. Ross:

AIG Technical Services, Inc. ("AIGTS") on behalf of National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") has established a file to handle the above-referenced matter. Please note our file number above and kindly reference same on any future correspondence, in order to ensure a prompt response to any inquiry. Based upon the limited information National Union has received to date, the following will serve to set forth National Union's preliminary coverage position under the Policy after review of: (i) the Subpoena *duces tecum* dated June 11, 2002 issued by the U.S. Department of Labor ("DOL") to the Ullico, Inc. Pension Plan and Trust ("June 11 Subpoena"); (ii) the Subpoena *duces tecum* dated April 25, 2002 issued by the DOL to Playa Pacific Partners, LLC ("PPP") ("April 25 Subpoena"); and (iii) the Subpoena *duces tecum* dated April 11, 2002 issued by the DOL to Ullico, Inc ("April 11 Subpoena") (the June 11 Subpoena, the April 25 Subpoena and the April 11 Subpoena are hereinafter collectively referred to as the "DOL Subpoenas").

National Union issued Employee Benefit Plan Fiduciary Liability Insurance under Policy No. 874-44-03 ("Policy") to Ullico. The Policy has a policy period of October 30, 2001 to October 30, 2002. The limit of liability is $5,000,000 in the aggregate for all loss combined (including defense costs) and there is a $15,000 retention for each covered Claim under the Policy.

Please note that the Policy defines "Claim", in pertinent part, as a written demand for monetary or injunctive relief, a civil or criminal proceeding for monetary or injunctive relief, a formal agency adjudication proceeding or a fact finding investigation by the Department of Labor or Pension Benefit Guaranty Corporation. (Please see definition 3(c) of the Policy). Although the DOL Subpoenas indicate that the DOL has undertaken a fact-finding investigation, it is unclear whether a Claim has, in fact, been made. However, National Union will be treating this matter as

A Member Company of
American International Group, Inc.
61055B (2/00)

Ullico Inc. And Its Subsidiaries
January 15, 2003
Page 2 of 6

a Claim against Ullico, subject to receipt of more detailed information, further development of the facts and under a full reservation of rights.

In accordance with the information provided with the DOL Subpoenas, at the hearings that apparently took place at the Silver Spring, Maryland offices of the DOL, the DOL demanded the production of a long list of documents from Ullico and PPP. In that regard, National Union requests a copy of all documents produced by Ullico at those hearings, along with a written report of what transpired at those hearings. In addition, National Union requests that it be provided with a copy of all correspondence between the DOL and Ullico, including all correspondence from the time that the DOL Subpoenas were issued and any communications from the DOL involving PPP or the Ullico stock deals prior to issuance of the subpoenas. Please also provide us with information regarding whether any other federal agencies (other than the DOL) are conducting an investigation into this matter.

Also, there are several references in the April 25 Subpoena to PPP and to Playa Vista ("PV"). In that regard, please indicate what PPP and PV are and what their formal business association is with Ullico and provide us with a copy of the document(s) memorializing that relationship. Further, please provide us with a copy of any and all correspondence between Ullico, PPP, and PV. We would like more particularized information about the underlying transactions (i.e. copies of the contracts or agreements at issue) which caused Ullico to be served with the April 25 Subpoena along with a written report from Ullico concerning its understanding of the underlying facts and investigation by the DOL. In addition, we note that the April 25 Subpoena was issued to PPP. On that basis, it does not appear that PPP is an Insured under the Policy and National Union assumes no responsibility for any expenses incurred by Playa Pacific Partners in connection with this matter.

Furthermore, the Policy defines Wrongful Act, in pertinent part, to mean "as respects a Fiduciary, the Plan or the Sponsor Organization: a violation of any of the responsibilities, obligations or duties imposed upon fiduciaries by ERISA; or any matter claimed against an Insured solely by reason of his, her, or its status as a Fiduciary, the Plan or the Sponsor Organization, but only with respect to a Plan." In that regard, the decision to invest in one business venture as opposed to another (real estate, in this instance) may constitute a non-ERISA corporate act. If the decision to invest in PPP or PV was not undertaken on behalf of a covered Plan, the April 25 Subpoena and investigation may fall outside of the coverage provided under the Policy. Please advise if the investments at issue were on behalf of an employee benefit plan sponsored by Ullico. If so, please advise us of the name of each such employee benefit plan and provide us with a copy of the plan documents (including any Summary Plan Description or plan amendments).

Please note the potential application of the following exclusions: Exclusion (a) of the Policy precludes coverage for "the gaining in fact of any profit or advantage to which an Insured was not legally entitled." On that basis, and to the extent that the DOL investigation uncovers activities that have resulted in the gaining of any profit or advantage or for restitution or

---

[*] Capitalized terms used herein are defined in the Policy unless otherwise defined in this letter.

Ullico Inc. And Its Subsidiaries
January 15, 2003
Page 3 of 5

disgorgement of amounts wrongfully withheld, Exclusion (a) would serve to preclude coverage for all payments made on account of such wrongdoing.

Exclusion (b) of the Policy states that there will be no coverage for any claim "arising out of, based upon or attributable to the committing in fact of any criminal or deliberate fraudulent act, or any knowing or willful violation of any statute (including, but not limited to ERISA)."

Exclusion (e) of the Policy precludes coverage for any claim "alleging, arising out of, based upon or attributable to any pending or prior litigation as of the Continuity Date [October 30, 1998], or alleging or derived from the same or essentially the same facts as alleged in such pending or prior litigation." In that regard, an August 2, 1999 article from **THE BOND BUYER** entitled *DreamWorks' Departure Delays $400 Million Deal* states that "Under development for more than five years, the project [Playa Vista] has faced--and continues to face--environmental, business and legal challenges. The development was stalled for years by environmental lawsuits, claiming the project threatened the wetlands on which it will be built." (Emphasis added.) In that regard, the April 25 Subpoena involves an investigation into activities associated with PV. Therefore, National Union reserves its rights to the extent that the "environmental lawsuits" referenced in the article constitute "pending or prior litigation" as contemplated by exclusion (e).

Exclusion (g) of the Policy precludes coverage for any claim "alleging, arising out of, based upon or attributable to any act or omission in his, her or its capacity as a Fiduciary or Administrator of any plan, fund or program other than a Plan as defined in this policy, or by reason of his, her or its status as a Fiduciary or Administrator of such other plan, fund or program."

Exclusion (i) of the Policy precludes coverage for any claim "alleging, arising out of, based upon or attributable to any Wrongful Act as respects the Plan taking place at any time when the Sponsor Organization did not sponsor such Plan or when the Natural Person Insured was not a director, officer, partner or employee or the Sponsor Organization or a Plan."

Exclusion (j) of the Policy precludes coverage for any claim "alleging, arising out of, based upon, attributable to, or in any way involving, directly or indirectly: (1) the actual, alleged or threatened discharge, dispersal, release or escape of pollutants; or (2) any direction or request to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize pollutants." In that regard, PV appears to have had significant environmental issues that may be related to the April 25 Subpoena. National Union reserves its rights to the extent that Exclusion (j) applies to this matter.

National Union believes that the DOL Subpoenas may all be related to a common nucleus of facts in that they all involve an investigation into the business dealings of Ullico with a company called Global Crossing, an individual named Gary Winnick, and some other business ventures in which Mr. Winnick was, or is, a principal. National Union reserves its rights to the extent that the DOL Subpoenas represent a single Claim under the Policy.

Please be advised that pursuant to Section 2 of the Policy entitled Defense Agreement, "the Insurer shall have both the right and duty to defend any Claim against an Insured alleging a

Wrongful Act, even if such Claim is groundless, false or fraudulent." The Policy also provides, pursuant to its NOTICE provisions that the Insured may elect to assume the defense of the Claim. In such a case, the provisions of Section 2(b) of the Policy shall apply, including National Union's right to effectively associate with Ullico in the defense of the Claim. Also, in matters pertaining to a fact finding investigation by the DOL, National Union or Ullico, whichever the case may be, is required to retain panel counsel in defense of the Claim from the list of panel counsel firms attached to the Policy as Appendix A. (Please see Section 9 of the Policy).

National Union has been advised that Ullico has retained four law firms to serve as defense counsel in this matter. These law firms are: (1) Feder Semo & Bard; (2) Arnold & Porter; (3) Manatt Phelps & Philips; and (4) Sidley & Austin. It is unclear at this time why four separate firms have been retained and what the necessity is for four law firms in light of the matter only being at the investigative stage. Please advise as to whom each law firm represents. In any event, National Union does not consent to the retention by Ullico of more than one law firm to serve as defense counsel in this matter. Furthermore, of the four law firms, only Arnold & Porter is an approved panel counsel law firm. Unless there is an _actual_ conflict of interest, National Union consents only to the retention by Ullico of Arnold & Porter to serve as defense counsel in this matter. Please also be advised that National Union has no obligation to reimburse any defense fees incurred in connection with this matter prior to the date that National Union first received notice of the DOL Subpoenas (October 15, 2002) or for any unreasonable or duplicative legal services provided in this matter.

Further, pursuant to Section 2(c) of the Policy, "The Insured shall not admit or assume any liability, enter into any settlement agreement, stipulate to any judgment, or incur any Defense Costs without the prior written consent of the Insurer. Only those settlements, stipulated judgments and Defense Costs which have been consented to by the Insurer shall be recoverable as Loss under the terms of this policy." On that basis, please provide us with: i) a summary of defense counsel's billing rates, ii) the name of the lead attorney at Arnold & Porter assigned to this matter and a summary of that person's expertise and experience in handling ERISA investigations and lawsuits involving the DOL, and iii) a list of the Arnold & Porter staff assigned to this matter and their respective titles. In the event there is any settlement offer or demand in this matter, please immediately provide full particulars to the undersigned and a copy of any document setting forth the proposal. National Union is entitled to a reasonable period of time to review, consider or participate in any settlement discussions prior to any settlement agreement being reached.

Also, please note that the coverage provided by the Policy shall be excess of any other valid and collectible insurance. Please forward to us copies of any other insurance policies under which Ullico has reported this Claim, along with any corresponding coverage letters Ullico receives from such insurer(s).

Further, National Union has retained Samuel F. Paniccia, Esq. of the law firm of D'Amato & Lynch to represent its interests in this matter. Kindly copy Mr. Paniccia and myself on any future correspondence regarding this matter.

Ullico Inc. And Its Subsidiaries
January 15, 2003
Page 5 of 5

AIGTS on behalf of National Union reserves all of National Union's rights, privileges and defenses under the Policy, at law and in equity. To the extent that discovery, new information or other developments may later indicate that other terms, conditions, provisions, exclusions or endorsements of the Policy are applicable in addition to those mentioned above, National Union reserves the right to supplement this letter or its coverage defenses if circumstances so warrant.

If you have any questions or comments concerning the above, please do not hesitate to contact us immediately.

Very truly yours,

Natalie Louis

cc:

Robert Pearson
Aon Financial Services Group, Inc.
1000 Milwaukee Ave., 2nd floor
Glenview, IL 60025

Lois Gruenberg
John H. Camlin Company
318 North First Street
P.O. Box 1538
Ullico, IL 61110-0038

Samuel F. Paniccia
D'Amato & Lynch
70 Pine Street
New York, NY 10270-0110