# STATE NATIONAL INSURANCE COMPANY

# TRUSTEE AND FIDUCIARY LIABILITY INSURANCE POLICY



## IMPORTANT NOTICE:
## THIS IS A CLAIMS-MADE
## TRUSTEE AND FIDUCIARY LIABILITY POLICY

1.   This policy does not become effective unless a **declarations** is issued to form a part of it.

2.   This is a claims-made Trustee and Fiduciary Liability Insurance Policy. The coverage afforded by this policy is limited to liability for only those **claims** first made during the **policy period** specified on the **declarations** resulting from **wrongful acts** and which are subsequently reported to State National Insurance Company as soon as practicable.

3.   This is a policy with **claims expenses** included in the Limits of Liability.

4.   Please review this policy carefully and discuss the coverage with your lawyer, insurance advisor, agent or broker.

TFL-1001 (02/2004)

# TABLE OF CONTENTS

**SECTION I**

    Insuring Agreement............................................................................... 1

**SECTION II**

    Defense and Settlement....................................................................... 1

**SECTION III**

    Estates and Legal Representatives, Spousal Liability......................... 2

**SECTION IV**

    Exclusions........................................................................................... 2

**SECTION V**

    Severability of Exclusions.................................................................... 3

**SECTION VI**

    Limits of Liability................................................................................. 3

**SECTION VII**

    Conditions........................................................................................... 4

**SECTION VIII**

    Extended Reporting Period Endorsement........................................... 8

**SECTION IX**

    Definitions........................................................................................... 8

SPECIMEN

# STATE NATIONAL INSURANCE COMPANY
## TRUSTEE AND FIDUCIARY LIABILITY INSURANCE CLAIMS-MADE POLICY

Whenever the term **insured** is used in this policy, it refers to any person or organization qualifying as such in Definition L., Section IX. Whenever the terms "we," "us," "our" or "State National" are used in this policy, they refer to State National Insurance Company. There are other defined terms that are used throughout this policy. These terms appear in bold-face type and are defined in Section IX., Definitions.

In consideration of payment of premium and subject to the **declarations**, limitations, conditions, provisions and other terms of this policy, State National agrees as follows:

## SECTION I. INSURING AGREEMENT

State National shall pay on behalf of the **insured** all **loss** for which the **insured** becomes legally obligated to pay resulting from any **claim** first made against the **insured** during the **policy period** or the **extended reporting period** (if applicable) which results from a **wrongful act**.

## SECTION II. DEFENSE AND SETTLEMENT

The **insureds**, and not State National, shall have the duty to defend **claims** against them. State National will advance, excess of any applicable Deductible Amount, **claims expenses** for **claims** to which this policy provides coverage, subject to the **insureds'** agreement to repay such **claims expenses** in the event and to the extent that there is no coverage for such **claims** or **claims expenses** under this policy.

The **insured** shall have the right to select counsel to defend any covered **claim**, subject to the consent of State National, which shall not be unreasonably withheld, and subject to the selected counsel's agreement to comply with the litigation guidelines set forth by State National for the defense of covered **claims**. State National shall have the right and shall be given the opportunity, at any time, to effectively associate with the **insured** in the investigation, defense and settlement of any **claim** covered by this policy, by giving notice to the **insured** of such election. State National's obligation to pay any **loss** shall cease upon exhaustion of the applicable Limit(s) of Liability shown in Item 4. of the **declarations.**

State National may, with the written consent of the **insured**, make any settlement or compromise of a **claim** we deem appropriate. Such consent shall not be unreasonably withheld. If the **insured** withholds such consent to any settlement for any reason, our liability for all **loss** with respect to that **claim** shall not exceed the amount for which we could have settled such **claim** plus **claims expenses** accrued as of the date the **insured** refused to consent to settlement as recommended by State National, subject to the applicable Limit(s) of Liability shown in Item 4. of the **declarations**.

The **insureds** shall not settle any **claim**, make any settlement offer, incur any **claims expenses** or otherwise assume any contractual obligation or admit any liability with respect to any **claim** without State National's written consent, which shall not be unreasonably withheld. State National shall not be liable for any settlement, **claims expenses**, assumed obligations or admissions to which it has not consented.

If both **loss** covered by this policy and loss not covered by this policy are incurred, either because a **claim** against an **insured** includes both covered and uncovered matters or because a **claim** is made against both an **insured** and others, the **insureds** and State National shall allocate such amount between covered **loss** and uncovered loss based upon the relative legal exposures of such parties to such matters.

1

## SECTION III.  ESTATES AND LEGAL REPRESENTATIVES, SPOUSAL LIABILITY

Subject to the limitations, conditions, provisions and other terms of this policy:

A.    Coverage shall extend to **claims** for the **wrongful acts** of **insureds** made against the estates, heirs, legal representatives or assigns of **insureds** who are deceased or against the legal representatives or assigns of **insureds** who are incompetent, insolvent or bankrupt;

B.    If a **claim** against an **insured** includes a **claim** against the lawful uninsured spouse of such **insured** solely by reason of such spouse's status as a spouse or such spouse's ownership interest in property which the claimant seeks as recovery for an alleged **wrongful act** of such **insured**, all **loss** which such spouse becomes legally obligated to pay on account of such **claim** shall be treated for purposes of this policy as **loss** which such **insured** becomes legally obligated to pay on account of a **claim** made against such **insured**.  All limitations, conditions, provisions and other terms of coverage applicable to such **insured's loss** shall also be applicable to such spousal loss.  However, coverage shall not apply to the extent any **claim** alleges any act or omission by such **insured's** spouse.

## SECTION IV.  EXCLUSIONS

A.    State National shall not be liable for **loss** on account of any **claim** made against an **insured** based upon, arising from, or in consequence of:

1.    Any fact, circumstance or situation, or demand, suit or other proceeding pending, or order, decree or judgment rendered against an **insured**, if written notice of such has been given under any policy prior to the **effective date of this policy**;

2.    Any deliberately dishonest, fraudulent or criminal acts or any willful violation of any statute or regulation by the **insured**; provided, however, that this exclusion shall not apply to such **claim**, or to State National's obligation to pay, reimburse or advance **claims expenses** regarding such **claim**, until an admission of liability, judgment or other final adjudication adverse to the **insured** shall establish such acts and/or violations;

3.    Any actual or alleged **bodily injury**, **property damage** or **personal injury**, except this exclusion shall not apply to **claims** asserting discrimination in violation of Section 510 of the Employee Retirement Income Security Act (ERISA) of 1974, as amended;

4.    Any liability of others assumed by the **insured** under any contract or agreement, either oral or written, except to the extent that the **insured** would have been liable in the absence of the contract or agreement or unless the liability was assumed in accordance with or under the Agreement and Declaration of Trust pursuant to which the **trust** or **plan** were established;

5.    Any failure of the **insured** to comply with any law governing workers' compensation, unemployment, social security or disability benefits or any similar law, except the Consolidated Omnibus Budget Reconciliation Act (COBRA) of 1985, as amended;

6.    Any demand, suit or other proceeding pending, or order, decree or judgment rendered against an **insured** on or prior to the effective date of coverage under the first fiduciary liability insurance claims-made policy issued to the **insured** by State National provided that similar and uninterrupted coverage has been in force with State National since that time; or from the same or substantially similar fact, circumstance or situation underlying or alleged therein;

2

7.    Any **insured** having gained, in fact, any personal profit, remuneration or advantage to which such **insured** was not legally entitled, or for the return by the **insured** of any remuneration paid to or received by such **insured** if payment or receipt of such remuneration was in violation of law;

8.    Any **wrongful act** of an **insured** seeking adjudication or determination of: (i) the eligibility or non-eligibility of any person or persons to receive benefits or participate in the **trust** or **plan**; or (ii) the receipt or non-receipt of benefits from the **trust** or **plan** by any person or persons;

9.    Any benefits which have been paid or are payable under the term of a **trust** or **plan** unless and to the extent that: (i) the **insured** is a natural person and the benefits are payable by such **insured** solely as a personal obligation, but that State National has no obligation to pay any **claim** or **claims expenses** unless and until such personal obligation is established by judgment or other final adjudication, and (ii) recovery for the benefits is based upon a covered **wrongful act**;

10.   The actual or alleged or threatened discharge, release, seepage, escape or disposal of any hazardous or toxic waste, emissions or substance, including but not limited to pollution or contamination of any kind, and including but not limited to directions, requests or orders that an **insured** report, test for, monitor, clean up, remove, contain, treat, detoxify or neutralize any hazardous or toxic waste, emissions or substances; or

11.   Nuclear radiation in any form, no matter how emitted.

B.    State National shall not be liable for that part of loss, other than **claims expenses**, on account of any **claim** made against an **insured** based upon, arising from, or in consequence of:

1.    The failure to collect from employers those contributions owed to the **trust** or **plan** or the return of any contributions to any employer if such amounts are or could be chargeable to the **trust** or **plan**;

2.    Any demand and/or award of punitive or exemplary damages, fines or penalties, or the multiple portion of any multiplied damage award, other than civil penalties imposed upon an **insured** as a fiduciary under Section 502 (i) or (l) respectively, of ERISA;

3.    Any **claim**, or any portion thereof, seeking injunctive or equitable relief.

## SECTION V. SEVERABILITY OF EXCLUSIONS–

With respect to the Exclusions in Section IV. of this policy, no act or omission of one **insured** shall be imputed to any other **insured** for the purpose of determining the applicability of any exclusion, and the coverage otherwise afforded under this policy shall continue to apply to all **insureds** who did not commit, direct, approve, ratify or have knowledge of such act or omission.

## SECTION VI. LIMITS OF LIABILITY

Regardless of the number of persons or entities bringing **claims** and regardless of the number of persons or entities who are **insureds**, State National's liability under this policy and any written **endorsements** hereto, except as expressly provided therein, is limited as follows:

A.    **"EACH CLAIM" LIMIT:**

The "Each **Claim**" Limit of Liability shown in Item 4.A. of the **declarations** is the maximum State National will pay as **loss** for any one **claim**. All **claims** arising out of the same **wrongful act** and all **interrelated wrongful acts** of any **insured** shall be deemed one **claim**, and such **claim** shall be deemed to have originated in the earliest **policy period** in which a **claim** is first made or deemed to have been first made against any **insured** alleging any such **wrongful act** or **interrelated wrongful acts**.

B.    **"AGGREGATE" LIMIT:**

The "Aggregate" Limit of Liability shown in Item 4.B. of the **declarations** is the total sum State National will pay for all **claims** first made or deemed to have been first made during a single **policy period**.

C.    **"DEDUCTIBLE AMOUNT":**

The "Deductible Amount" shown in Item 5. of the **declarations** shall be deducted from all amounts, including **claims expenses**, paid by State National for each **claim**, and State National shall be liable only for sums in excess of such Deductible Amount. State National may elect to pay all or part of the Deductible Amount to effect settlement of a **claim** and, upon notice of the action taken by State National, the **insured** shall promptly reimburse such part of the Deductible Amount as has been paid by State National. The Deductible Amount is not included within the Limits of Liability shown in Item 4. of the **declarations.**

## SECTION VII.  CONDITIONS

A.    **INSURED'S DUTIES IN THE EVENT OF A CLAIM, REPORTING REQUIREMENTS AND NOTICE PROVISIONS**

1.    The **insureds** shall, as a condition precedent to the application of all insurance afforded by this policy, give State National written notice as soon as practicable of any **claim** made against any of them for a **wrongful act.**

2.    If during the **policy period** or **extended reporting period** (if applicable) an **insured** first becomes aware of any **wrongful act** which may subsequently give rise to a **claim** and gives written notice thereof as set forth herein to State National, then any **claim** subsequently made against the **insured** with regard to such **wrongful act** shall be deemed to have been made during the **policy period** or the **extended reporting period** (if applicable) in which the **wrongful act** was first reported to us.

3.    The required written notices as stated above shall contain particulars sufficient to identify the **insured,** any claimant or potential claimant and full information with respect to the time, place and circumstances of the **wrongful act** which led to the **claim,** or which may subsequently give rise to a **claim,** including the names and addresses of persons or entities which may have or which claim to have suffered injury or **loss,** and of available witnesses.

4.    The **insureds** shall, as a condition precedent to the application of all insurance afforded by this policy, give State National such information and cooperation as it may reasonably request. The **insureds** shall, upon request, assist in making settlements and in defense of **claims** and in enforcing rights of contribution or indemnity against any person or entity which may be liable to the **insured** because of an act or omission covered under this policy, shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The **insureds** shall not prejudice State National's position or its potential or actual rights of recovery.

4

5.      Notice to State National under this condition shall be given in writing to:

> Fiduciary Liability Claims Management
> c/o Ulico
> Silver Spring Metro Plaza
> 8403 Colesville Road
> Silver Spring, MD 20910

## B.     SUBROGATION AND WAIVER OF RECOURSE

In the event of any payment under this policy, State National shall be subrogated to all of the **insured's** rights of recovery against any person or organization to the extent of such payment and the **insured** shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The **insured** shall do nothing after an injury or **loss** to prejudice such rights.

If any premium for this policy is paid out of the assets of the **trust** or **plan**, then we shall have the right of recourse required by Section 410(b)(1) of ERISA, unless an **insured** other than the **trust** or **plan,** has paid a waiver of recourse premium.

## C.     AUTHORIZATION

By acceptance of this policy, the **insurance representative** agrees to act on behalf of all **insureds** with respect to the giving and receiving of notice of cancellation or non-renewal, the payment of premiums and the receiving of any return premiums that may become due under this policy, the negotiation, agreement to and acceptance of **endorsements**, and all **insureds** agree that the **insurance representative** shall act on their behalf; provided, however, that nothing herein shall relieve the **insureds**, and each of them, from giving any notice to State National that is required under Condition A. above.

## D.     ACTION AGAINST STATE NATIONAL

No action shall lie against State National unless, as a condition precedent thereto, there shall have been full compliance with all of the terms and conditions of this policy and not, except with respect to the duty to pay, reimburse or advance **claims expenses,** until the amount of the **insured's** obligation to pay shall have been finally determined whether by judgment against the **insured** after actual trial or by summary judgment, or by written agreement of the **insured,** the claimant, and State National. No person or organization shall have any right under this policy to join us as a party to any action against an **insured** to determine the **insured's** liability, nor shall we be impleaded by the **insured** or the **insured's** legal representatives.

## E.     BANKRUPTCY OR INSOLVENCY

Bankruptcy or insolvency of the **insured** or **insured's** estate shall not relieve State National of any of its obligations hereunder nor deprive us of our rights under this policy.

## F.     REPRESENTATIONS AND SEVERABILITY

By acceptance of this policy the **insured** agrees that the statements in the application (hereby made part of this policy) are its representations, that they shall be deemed material and that this policy is issued in reliance upon the truth of such representations, and that this policy embodies all agreements existing between the **insured** and State National, or any of its representatives, relating to this insurance.

Such written application for this policy shall be construed as a separate application for coverage by each **insured**. With respect to the statements contained in such written application for coverage, no statement in the application or knowledge possessed by any **insured** shall be imputed to any other **insured** for the purpose of determining the availability of coverage hereunder.

5

**G.   ASSIGNMENT AND TRANSFERS**

This policy shall be void if assigned or transferred without State National's prior written consent by **endorsement** to this policy.

**H.   CHANGES**

Notice to or knowledge possessed by any agent or other person acting on behalf of State National shall not effect a waiver or a change of any part of this policy or estop us from asserting any right under the terms of this policy, nor may the terms of this policy be waived or changed, except by **endorsement**.

**I.   PREMIUM**

All premiums for this policy shall be computed in accordance with State National's rules, rates, premiums and minimum premiums applicable to the insurance afforded herein.

**J.   CANCELLATION**

The **insured** can cancel this policy at any time. State National has the same right, subject to paragraph J.2.

1.   If the **insured** cancels:
     To cancel this policy, the **insured** must surrender the policy to State National or mail a written notice stating when thereafter it wishes the cancellation to take effect. If the **insured** cancels prior to the **expiration date** of the current **policy period**, the **insured** shall be refunded any unearned premium computed at the customary short rates for early cancellation.

2.   If State National cancels:
     If State National cancels this policy, a written notice will be mailed to the address shown in Item 2. of the **declarations**.

     The date of cancellation shall be at least sixty (60) days from the date of written notice, unless cancellation is for non-payment of premium, in which event the date of cancellation will be at least ten (10) days from the date of the written notice.

State National will refund any unearned premium computed on a pro rata basis. However, the cancellation will be effective regardless of whether the **insured** has received the unearned premium.

**K.   NON-RENEWAL**

The **insured** may non-renew this policy at the end of the **policy period**. State National has the same right, subject to paragraph K.2.

1.   If the **insured** non-renews:
     If the **insured** does not pay the renewal premium, or sends us written notice stating the intent not to renew the policy for the next **policy period**, the **insured** has non-renewed the policy.

2.   If State National non-renews:
     If State National non-renews the policy at the end of the **policy period**, a written notice will be sent out a minimum of sixty (60) days in advance to the address shown on the **declarations** or to the most current address the **insured** has provided in writing.

6

L.    **OTHER INSURANCE**

This insurance shall apply only as excess insurance over, and shall not contribute with, any other valid and collectible insurance available to the **insured**, unless such other insurance is specifically in excess of this policy.

M.    **COVERAGE TERRITORY**

The insurance afforded by this policy applies anywhere in the world.

N.    **VALUATION AND CURRENCY**

All premiums, Limits of Liability, Deductible Amounts, **loss** and other amounts under this policy are expressed and payable in the currency of the United States of America. If judgment is rendered, settlement is denominated or another element of **loss** under this policy is stated in a currency other than United States of America dollars, payment under this policy shall be made in United States of America dollars at the rate of exchange published in the Wall Street Journal on the date the final judgment is reached, the amount of settlement is agreed upon or any element of **loss** is due, respectively.

O.    **CHANGES IN EXPOSURE**

1.    Merger, consolidation or assumption of **trust** or **plan**:

    a.    If a **trust** or **plan** merges into or consolidates with another trust or plan not enumerated in Item 2. of the **declarations**, coverage under this policy for such **insureds** thereof who were **insureds** prior to such merger or consolidation shall continue until cancellation or non-renewal of this policy.

    b.    If the responsibility for the administration or as a fiduciary of a **trust** or **plan** is fully assumed by another person or entity, coverage under this policy for **insureds** who were **insureds** prior to such assumption of responsibilities shall continue until cancellation or non-renewal of this policy but only with respect to **claims** for **wrongful acts** which occurred prior to such assumption of responsibilities.

The **insured** shall give written notice to State National of such merger, consolidation or assumption of responsibilities as soon as practicable together with such information as we may require.

2.    Termination of **trust** or **plan**:

If a **trust** or **plan** terminates before the **expiration date** of this policy, coverage with respect to such terminated **trust** or **plan** shall continue until cancellation or non-renewal of this policy for those who were **insureds** at the time of such **trust** or **plan** termination with respect to actual or alleged **wrongful acts** occurring prior to or after the date of such **trust** or **plan** termination. The **insured** shall give written notice to State National of such termination as soon as practicable together with such information as we may require.

3.    Amendment or modification of Agreement and Declaration of Trust:

In the event that any amendment or modification is made to the Agreement and Declaration of Trust, a copy of such amendment or modification must be furnished to State National no later than ninety (90) days after such change was approved by the trustees of the **trust** or **plan** or the end of the **policy period**, whichever is earlier.

P.      **TERMS OF POLICY CONFORM TO STATUTE**

Terms of this policy that conflict with applicable statutes of the state where this policy is issued are hereby amended to conform to such statutes.

Q.      **AUTHORIZED REPRESENTATIVE OF STATE NATIONAL INSURANCE COMPANY**

The authorized representative- Ulico Insurance Group, Inc., shall act on behalf of State National with respect to receiving notices as required under this policy, any other correspondence from the **insureds** or **insurance representative**, and receipt of any premiums that may be due under this policy. Except as required in Condition A. above, all notices shall be given in writing to:

Ulico Insurance Group, Inc.
180 Montgomery Street, Suite 1725
San Francisco, CA 94104

## SECTION VIII.  EXTENDED REPORTING PERIOD ENDORSEMENT

If this policy is non-renewed or is canceled by either the **insured** or State National, the **insured** shall have the right to purchase an **extended reporting period endorsement** provided that the **insured** is in compliance with all terms and conditions of the policy and all billed premiums have been paid. The **extended reporting period endorsement** provides coverage on account of any **claim** first made against the **insured** during the **extended reporting period**, but only for **wrongful acts** occurring wholly prior to the non-renewal or cancellation date of this policy, and which are subsequently reported as soon as practicable but in no event more than thirty (30) days after the end of the **extended reporting period** specified in the **extended reporting period endorsement**. Any **claim** made during the **extended reporting period** shall be deemed to have been made during the immediately preceding **policy period**. Therefore, the **extended reporting period endorsement** shall not provide a new, additional or renewed "Aggregate" limit of liability.

This right to purchase this optional **endorsement** shall lapse unless State National receives the following: (i) a written notice requesting an **extended reporting period endorsement** within ten (10) days following the non-renewal or cancellation date of this policy; and (ii) the payment of the additional premium for such coverage by the due date specified on the premium invoice. The term of the **extended reporting period** is twelve (12) months. State National reserves the right to approve a request for an **extended reporting period** exceeding twelve (12) months, but under no circumstances shall the **extended reporting period** exceed seventy-two (72) months.

The additional premium for the **extended reporting period endorsement** will be computed in accordance with the rules, rates and premiums in effect on the date of non-renewal or cancellation. Upon payment of such additional premium, which shall be deemed fully earned and non-refundable, the **extended reporting period endorsement** will be issued. The **extended reporting period endorsement** is not cancelable.

## SECTION IX.  DEFINITIONS

The following terms in bold-face type, when used in this policy, shall have the meanings set forth below:

A.      **Administration** means handling the records, effecting enrollment, and termination or cancellation of employees or participants with respect to benefits under a **trust** or **plan**.

B.      **Bodily Injury** means injury to the body, sickness, or disease sustained by a person, including death resulting from any of these at any time. **Bodily injury** also means mental injury, mental anguish, mental tension, emotional distress, pain, suffering, or shock sustained by that person, as a result of such **bodily injury**.

8

C.   **Claim** means:

  1.    A written demand for monetary damages or injunctive or other equitable relief,

  2.    A civil proceeding commenced by the service of a complaint or similar pleading,

  3.    A criminal proceeding commenced by the return of an indictment, or

  4.    A formal administrative or regulatory investigation or proceeding commenced by the filing of a notice of charges, formal investigative order or similar document,

against an **insured** for a **wrongful act**, including any appeal therefrom.

D.   **Claims Expenses** means that part of **loss** consisting of reasonable and necessary fees and expenses incurred in the investigation, defense, settlement and appeal of a **claim**, including the premium for appeal bonds regarding such **claim**; but **claims expenses** shall not include salaries, wages, benefits or overhead of, or paid to, any **insured**.

E.   **Declarations** means the document that validates the coverage available under this policy. The **declarations** shows the **trust** or **plan**, the policy number, the **policy period**, the Limits of Liability purchased, the Deductible Amount, the premium, and the **insurance representative**. This policy is not in effect unless a **declarations** signed by an authorized representative of State National has been issued.

F.   **Effective Date** means the day this coverage begins at 12:01 a.m. Local Time in this **policy period**. This date is shown in Item 3. of the **declarations**.

G.   **Endorsement** means a document signed by an authorized representative of State National that modifies the coverage provisions set forth in the policy. If the terms of any **endorsement** are inconsistent with the terms of this policy, the terms of the **endorsement** supersede the policy.

H.   **Expiration Date** means the day this coverage ends at 12:01 a.m. Local Time in this **policy period**. This date is shown in Item 3. of the **declarations**.

I.   **Extended Reporting Period** means the period of time indicated in the **extended reporting period endorsement**. All dates are 12:01 a.m. Local Time.

J.   **Extended Reporting Period Endorsement** is an **endorsement** which provides coverage on account of any **claim** first made against the **insured**, but only for **wrongful acts** occurring wholly prior to the non-renewal or cancellation date of this policy, and which are subsequently reported as soon as practicable but in no event more than thirty (30) days after the end of the **extended reporting period** shown on this **endorsement**.

K.   **Insurance Representative** means the person or organization authorized to represent the **insured** and designated in Item 1. of the **declarations**.

L.   **Insured** means any:

  1.    **Trust** and **plan**;

  2.    Natural person serving as past, present or future trustee of a **trust** or **plan**, while acting in his or her capacity as a fiduciary;

  3.    Natural person serving as past, present or future employee of a **trust** or **plan**, while acting in his or her capacity as such; and

9

4.      Other natural person or organization designated as an additional **insured** by **endorsement** to this policy.

M.      **Interrelated Wrongful Acts** means all **wrongful acts** which are based upon, directly or indirectly arising or resulting from, related to or are in consequence of, the same or a series of continuous or related facts, circumstances, situations, transactions or events.

N.      **Loss** means money, including, but not limited to, damages, judgments, settlements, costs, prejudgment and postjudgment interest, which any **insured** shall become legally obligated to pay as a result of a **claim. Loss** also means **claims expenses** incurred in the investigation, defense, settlement and appeal of a **claim. Loss** does not include matters uninsurable under the law pursuant to which this policy is construed.

O.      **Personal Injury** means injury arising out of one or more of the following offenses:

1.      False arrest, detention or imprisonment, or malicious prosecution;

2.      Abuse of process;

3.      The publication or utterance of libel or slander or of other defamatory or disparaging material, or a publication or an utterance in violation of an individual's right to privacy;

4.      Wrongful entry or eviction, or other invasion of the right to private occupancy; or

5.      Harassment, misconduct or discrimination of any nature arising out of any cause whatsoever, including, but not limited to, age, race, creed, color, sex, national origin, religion, disability, marital status or sexual orientation.

P.      **Plan** means those plans shown in Item 2. of the **declarations**.

Q.      **Policy Period** means the period of time between the **effective date** and **expiration date** shown in Item 3. of the **declarations**. If the policy is canceled prior to the **expiration date**, the **policy period** is the period of time between the **effective date** and the cancellation date of this policy.

R.      **Pollutants** means any substance located anywhere in the world exhibiting any hazardous characteristics as defined by, identified on a list of hazardous substances issued by, the United States Environmental Protection Agency or a state, county, municipality, or locality counterpart thereof. Such substances shall include, without limitation, solids, liquids, gaseous or thermal irritants, contaminants or smoke, vapors, soot, fumes, acids, alkalis, chemicals or waste. Waste includes materials to be recycled, reconditioned or reclaimed. **Pollutants** shall also mean any other air emission, odor, waste water, oil or oil products, infectious or medical waste, asbestos, or asbestos products and any noise.

S.      **Property Damage** means physical injury to, or destruction of, tangible property, including loss of use thereof.

T.      **Trust** means those trusts shown in Item 2. of the **declarations**.

U.      **Wrongful Act** means:

1.      Any actual or alleged error or omission or breach of duty committed or alleged to have been committed by the **insured**, either jointly or severally, in the discharge of fiduciary duties, responsibilities or obligations as imposed upon fiduciaries of any **trust** or **plan** by ERISA or by COBRA, or by the common or statutory law of the United States of America, or any state or other jurisdiction anywhere in the world; or

10

2.        Any negligent act, error or omission in the **administration** of any **trust** or **plan**.

IN WITNESS WHEREOF; State National Insurance Company has caused this policy to be signed by its President and Secretary at Fort Worth, Texas, but this policy is not effective unless State National has issued a **declarations** as part of this policy.

_____                    _____
              President                                                     Secretary

SPECIMEN

11