UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ULLICO INC., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 1:06cv00080 (RJL/AK) |
| : | |
| NATIONAL UNION FIRE INSURANCE : | |
| COMPANY OF PITTSBURGH, PA., et al., : | |
| : | |
| Defendants. : | |

### DECLARATION OF LAWRENCE FINE IN SUPPORT OF NATIONAL UNION'S OPPOSITION TO ULLICO'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Lawrence Fine, pursuant to 28 U.S.C. § 1746, does hereby declare and state:

1. I am a Vice President of AIG Domestic Claims, Inc., Financial Lines Claims Department. I am over 21 years of age and I have personal knowledge of the facts stated herein, and I am otherwise competent to make this declaration. I am familiar with all proceedings herein and make this affidavit in support of National Union Fire Insurance Company of Pittsburgh, Pa's ("National Union") Memorandum in Opposition to Ullico's Motion for Partial Summary Judgment and in Support of National Union's Cross-Motion for Partial Summary Judgment being filed simultaneously herewith (the "Memorandum").

2. By letter dated January 15, 2003, National Union accepted Ullico's notice of claim in connection with the Department of Labor's investigation into Ullico's stock repurchase plans and related transactions (the "DOL Investigation") under the 2001 Fiduciary Policy (as that policy is defined in the Memorandum). In that letter, as well as in multiple subsequent correspondences to Ullico and its counsel, National Union agreed to reimburse Ullico for its defense fees and costs under a full reservation of rights, so long as Ullico agreed to retain panel

398463

counsel, as required by the 2001 Fiduciary Policy's Clause 9. A copy of the January 15, 2003 letter and subsequent correspondences from National Union to Ullico is included as an Exhibit to the Memorandum.

3. National Union subsequently received notice from Ullico of the Underlying Litigation (as that term is defined in the Memorandum) and has agreed to reimburse Ullico for its defense fees and costs under a full reservation of rights, so long as Ullico retains panel counsel, as required by the policy's Clause 9.

4. To date, Ullico has intentionally refused to retain panel counsel for its defense in the DOL Investigation or in the resulting Underlying Litigation.

5. Nor has Ullico or its non-panel defense counsel complied with National Union's litigation guidelines (as required from all of National Union's panel counsel) or provided National Union with any status update on the DOL Investigation or Underlying Litigation in over three years. As a result, National Union has been unable to associate in the defense of Ullico or otherwise investigate the facts and participate in the defense strategy of the claims against Ullico.

6. In addition, National Union is competitively disadvantaged when it is forced to incur the added time and expense to investigate a non-panel counsel law firm's experience and qualifications and potential conflicts, and to coordinate the exchange of information and defense protocol with which panel counsel is already familiar.

7. It is my understanding that Ullico and Robert Georgine have entered into a settlement agreement. National Union's consent to that settlement has never been sought or granted.

8. Every other claimant seeking coverage for covered claims in the DOL Investigation and Underlying Litigation, including Joseph Carabillo, John Grelle, James Luce

and Robert Georgine, has utilized panel counsel, followed National Union's litigation guidelines and has received reimbursement of defense costs for covered claims under the 2001 Fiduciary Policy.

9. Ullico has submitted several invoices purporting to set forth the defense costs incurred in defense of the claims against it in the DOL Investigation and resulting Underlying Litigation. However, those invoices are so severely redacted and contain such incomplete service descriptions that it has been impossible to discern the actual amount of costs incurred in the defense of covered claims under the 2001 Fiduciary Policy.

10. Despite Ullico's refusal to use panel counsel, National Union has nevertheless reimbursed Ullico for those defense fees and costs determined to have been incurred in defense of covered claims under the 2001 Fiduciary Policy. This reimbursement was issued to Ullico under a complete reservation of National Union's rights, including its rights under the policy's Clause 9 panel counsel requirements. National Union also informed Ullico of the difficulties created by Ullico's billing submissions and the reimbursement was accompanied by National Union's request that Ullico re-submit its legal invoices in non-redacted form.

11. National Union's receipt of the Affidavit of Patrick McGlone was the first time National Union has ever been informed that Ullico has incurred defense fees and costs of "over $7 million." That figure is far above the total amount that appears on the invoices previously submitted by Ullico to National Union. That amount is also surprising to me, in that I do not believe there is any counsel on National Union's panel counsel list that could justify spending $7 million in Ullico's defense of the Underlying Litigation. Indeed that $7 million amount dwarfs the fees charged by the other counsel in the Underlying Litigation and, if paid in full, would exhaust the $5 million policy limit of the 2001 Fiduciary Policy.

12. Notwithstanding National Union's discovery requests propounded to Ullico, which specifically requested all documents concerning the legal fees and costs Ullico contends it incurred in defense of the DOL Investigation and resulting Underlying Litigation, Ullico has yet to produce such documents in this litigation.

13. I hereby declare, under penalty of perjury, that the foregoing is true and correct.

Executed on December 5, 2006

_____
Lawrence Fine