# Exhibit 1

U.S. Department of Labor    Pension and Welfare Benefits Administration
Washington District Office
1335 East-West Highway, Suite 200
Silver Spring, MD 20910-3225



(301) 713-2000          FAX: (301) 713-2008

J.A. CAR

APR 1 7

April 11, 2002

CERTIFIED MAIL NO:    7001 1940 0005 1773 3266
Return Receipt Requested

Joseph Carabillo, Chief Legal Counsel
ULLICO, Inc.
111 Massachusetts Avenue, NW
Washington, DC 20001

RE: ERISA covered Plans that are eligible to purchase ULLICO, Inc. stock

Dear Mr. Carabillo:

Accompanying this letter is a subpoena _duces tecum_ directed to the ULLICO, Inc. (ULLICO) requiring the production of certain specified documents. These documents are necessary and relevant to the above-referenced investigation being conducted by this office pursuant to Section 504 (a)(1) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Section 1134 (a)(1), to determine whether any person has violated or is about to violate any provision of Title I of that Act. Your personal appearance pursuant to this subpoena will not be required provided the documents as requested in the subpoena are produced. Please disregard the subpoena issued on March 22, 2002 to ULLICO, Inc.

In connection with the enclosed subpoena, we wish to minimize as much as possible interference with the normal functioning of ULLICO. We would be agreeable to discussing alternative arrangements for production of the requested documents. Please contact Investigator William Barron at (301) 713-3366 ext.129 regarding any questions arising from this subpoena.

Thank you for your cooperation in this matter.

Sincerely,

MABEL CAPOLONGO
Regional Director
Philadelphia Region
Enclosure

## SUBPOENA

# UNITED STATES OF AMERICA
## DEPARTMENT OF LABOR
### Pension and Welfare Benefits Administration

*To:*  *ULLICO, Inc.*
*111 Massachusetts Avenue, NW*
*Washington, DC 20001*

*You are hereby required to appear before William Barron of the Pension and Welfare Benefits Administration,*
*U.S. Department of Labor, at*

*1335 East-West Highway, Suite 200*

*in the City of Silver Spring, Maryland on the 22nd day of April 2002 at 10:00 o'clock a.m. of that day, to*
*testify in the Matter of an investigation of:*

*ERISA covered Plans that are eligible to purchase ULLICO, Inc. stock*

*being conducted pursuant to Section 504 of the Employee Retirement Income Security Act of 1974 ("ERISA"),*
*9 U.S.C. Section 1134, in order to determine whether any person has violated or is about to violate any*
*provision of Title I of ERISA or any regulation or order thereunder;*

*And you are hereby required to bring with you and produce at said time and place the following books,*
*papers, and documents:*

*See Attached*

*Fail not at your peril.*



In testimony whereof *I have hereunto affixed my signature*
*and the seal of the* United States Department of Labor

at *Silver Spring, MD*
this *11* day of *April,* 2002

*MABEL CAPOLONGO, REGIONAL DIRECTOR*

## ATTACHMENT TO SUBPOENA FOR
## ULLICO, Inc.

### A. Definitions and Instructions

1. The term "ULLICO" means ULLICO, Inc.

2. The term "document" or "documents" shall mean all writings and recordings (including, but not limited to, letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, wire transfer, mechanical or electronic recording, or other form of data compilation), however produced or reproduced, of every kind and description, including, but not limited to, notes, memoranda, records, reports, correspondence, telexes, agreements, contracts, accounting or financial records or worksheets, books of account, journals, ledgers, bills receipts, vouchers, transcripts or notes of conversations or meetings, minutes of meetings, statements, directives, diary entries, studies, summaries, tabulations, and all drafts and copies of such documents containing additional marks or notations not found on the original within your possession, custody or control, or that of any agent, employee, representative or other person acting or purporting to act for or on your behalf.

3. The term "fiduciary" shall have the same meaning as such term has under section 3(21)(A-B) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C., Section 1002(21), and sections and regulations related thereto.

4. The words "and" and "or" shall be construed conjunctively and disjunctively as necessary to make the request inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation".

5. Unless otherwise specified, this subpoena pertains to all documents produced, generated, or received during the period from January 1, 1997, up to and including the date of final production hereunder and shall also include those documents generated, produced or received prior to that date but which may have been used or relied upon by you at any time during the period January 1, 1997, to the date of final production hereunder.

6. If any document required to be produced pursuant to this section is withheld because of a claim of privilege, identify with respect to each document:

   a. the specific privilege being asserted;
   b. the nature of the document, (e.g., letter memorandum, etc.);
   c. the author of the document and date it was prepared;
   d. the recipient of the document and all individuals who have received or been sent copies of it, and
   e. the subject matter of the document.




B.    Documents to be Produced:

1.    All documents relating to offers to purchase and offers to sell ULLICO stock in which the proposed buyer or seller of such stock was an employee benefit plan or a fiduciary of an employee benefit plan.

2.    All documents which reflect purchases, sales, and transaction prices of ULLICO stock, in which the buyer or seller of such stock was an employee benefit plan or a fiduciary of an employee benefit plan, including but not limited to the ULLICO stock register and financing arrangements.

3.    Minutes of the Board of Directors of ULLICO, any committee of ULLICO, or any committee of officers, directors, or employees of ULLICO that pertain to employee benefit plans or ULLICO's services to such plans.

4.    All communications by and between ULLICO and any employee benefit plan covered by ERISA regarding ULLICO stock.

5.    All documents reflecting disbursements by ULLICO with respect to ULLICO stock purchases in which the buyer or seller of such stock was an employee benefit plan or a fiduciary of an employee benefit plan.

6.    Documents reflecting the identity of the officers and directors of ULLICO.

7.    Articles of incorporation of ULLICO.

8.    By-laws of ULLICO.



**U.S. Department of Labor**  Pension and Welfare Benefits Administration
Washington District Office
1335 East-West Highway, Suite 200
Silver Spring, MD 20910-3225

(301) 713-2000     FAX: (301) 713-2008



APR 15 2002

CERTIFIED MAIL NO. 7000 0600 0024 0040 0810
RETURN RECEIPT REQUESTED

Joseph Carabillo, Chief Legal Officer
Union Labor Life Insurance Company (ULLICO)
111 Massachusetts Avenue, N.W.
Washington, D.C. 20001

Re: International Brotherhood of Painters and Allied Trades Union and Industry
Pension Fund, National Shopmen Pension Fund, Bakery and Confectionery Union
and Industry International Pension Fund, Sheet Metal Workers National Pension
Fund, Laborers National Pension Fund, and International Brotherhood of Painters
and Allied Trades Local Union and District Council Pension Fund.

Dear Mr. Carabillo:

Accompanying this letter is a subpoena directed to your attention, requiring the production of certain
documents. These documents are necessary and relevant to an investigation being conducted of the
above referenced Plans, pursuant to Section 504 (a)(1) of the Employee Retirement Income Security
Act of 1974 (ERISA), 29 U.S.C. Section 1134 (a)(1), to determine whether any person has violated
or is about to violate any provision of Title I of ERISA. This investigation should not be construed
as an indication that any violations of ERISA have occurred or as a reflection upon any person
involved in this matter. Your personal appearance pursuant to this subpoena will not be required
provided the documents as requested in the subpoena are produced.

In connection with this subpoena, we wish to minimize as much as possible interference with the
normal functioning of the ULLICO. The documents shall be produced as specified in the attachment
to the subpoena. Any documents previously produced need not be produced again. Please contact
Supervisory Investigator Jean Machiz at (301) 713-3366 ext.101 regarding any questions arising
from this subpoena.

Sincerely,

Mabel Capolongo
Regional Director
Philadelphia Regional Office

Enclosure

# SUBPOENA

# UNITED STATES OF AMERICA
## DEPARTMENT OF LABOR
### Pension and Welfare Benefits Administration

*To:*  *Union Labor Life Insurance Company*
*111 Massachusetts Avenue, N.W.*
*Washington, D.C. 20001*

*You are hereby required to appear before Jean Machiz of the Pension and Welfare Benefits Administration, U.S. Department of Labor, at 1335 East-West Highway, Suite 200, Silver Spring, Maryland 20910 on the 25th day of April 2002 at 10:00 o'clock a.m. of that day, to testify in the matter of an investigation of the International Brotherhood of Painters and Allied Trades Union and Industry Pension Fund, National Shopmen Pension Fund, Bakery and Confectionery Union and Industry International Pension Fund, Laborers National Pension Fund, and International Brotherhood of Painters and Allied Trades Local Union and District Council Pension Fund. being conducted pursuant to Section 504 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Section 1134, in order to determine whether any person has violated or is about to violate any provision of Title I of ERISA or any regulation or order thereunder;*

*And you are hereby required to bring with you and produce at said time and place the following books, papers, and documents:*

　　　　*See Attachment A*

*Fail not at your peril.*



*In testimony whereof I have hereunto affixed my signature and the seal of the United States Department of Labor*

*at*  <u>*Silver Spring, Maryland*</u>
*this* 15th *day of*  <u>*April*</u>  *, 2002*

*Mabel Capolongo,*
*REGIONAL DIRECTOR*

## ATTACHMENT A
### Union Labor Life Insurance Company

A. __Definitions__

1. The term "document(s)" means all writings of any nature whatsoever within the possession, custody or control of Union Labor Life Insurance Company ("ULLICO"), or within the possession, custody or control of any agent, employee, representative, business organization or other person acting or purporting to act for or on behalf of ULLICO, including, but not limited to, contracts, agreements, correspondence, e-mail, memoranda, reports, ledger books, journals and journal entries, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, work-papers, notes, drafts, copies, graphs, charts, accounts, analytical records, minutes or records of meetings or conferences, reports or summaries of negotiations, marginal notations, bills, invoices, checks, bank statements, lists, journals, computer tapes and cards, and all other written, printed, recorded or photographic matter or sound reproductions, however produced or reproduced.

2. The term "relating to" means constituting, referring to, pertaining to, or containing any information which in any way concerns, affects, or describes the terms or conditions, or identifies facts with respect to the subject of the inquiry.

3. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation."

4. Unless otherwise specified, the time period covered by this request is from January 1, 1987 to January 1, 1998. Documents created prior to January 1, 1987, but which have been used or relied on by ULLICO since January 1, 1987, or which describe legal duties which remain in effect after January 1, 1987 (such as contracts and trust agreements), shall be produced in response to this request.

5. The term "Plans," means, collectively, the a) National Shopmen Pension Fund; b) International Brotherhood of Painters and Allied Trades Union and Industry Pension Fund; c) Bakery and Confectionery Union and Industry International Pension Fund; d) Sheet Metal Workers National Pension Fund; e) Laborers National Pension Fund; and f) International Brotherhood of Painters and Allied Trades Local Union and District Council Pension Fund.

6.  If any document required to be produced pursuant to this subpoena is withheld because of a claim of privilege, identify with respect to each document:

    a.  the specific privilege being asserted;

    b.  the nature of the document, (e.g., letter, memorandum, etc.);

    c.  the author of the document and date it was prepared;

    d.  the recipient of the document and all individuals who have received or been sent copies of it; and

    e.  the subject matter of the document.

B.  <u>Documents to be produced</u>

    1.  All documents relating to the loan and mortgage that the Plans, or any of them, participated in for which the Diplomat Hotel, Broward County, Florida, was collateral.

    2.  All documents relating to the December 1996 settlement agreements between the Plans, or any of them, and TNDL, Ltd., TNDL, Inc., and ULLICO and the decisions of ULLICO to enter into said agreement.



**CONFIDENTIAL**

U.S. Department of Labor  Pension and Welfare Benefits Administration
Washington District Office
1335 East-West Highway, Suite 200
Silver Spring, MD 20910-3225

(301) 713-2000      FAX: (301) 713-2008

June 11, 2002

CERTIFIED MAIL NO: <u>7099 3400 0013 3213 9864</u>
Return Receipt Requested

ULLICO, Inc. Pension Plan and Trust
C/O Joseph Carabillo, Esq.
111 Massachusetts Avenue, NW
Washington, DC 20001

RE: ULLICO, Inc. Pension Plan and Trust



LEGAL DEPARTMENT
RECEIVED BY

JUN 1 7 2002

REFERRED TO:

Dear Mr. Carabillo:

Accompanying this letter is a subpoena <u>duces tecum</u> directed to the ULLICO, Inc. Pension Plan and Trust (ULLICO) requiring the production of certain specified documents. These documents are necessary and relevant to the above-referenced investigation being conducted by this office pursuant to Section 504 (a)(1) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Section 1134 (a)(1), to determine whether any person has violated or is about to violate any provision of Title I of that Act. Your personal appearance pursuant to this subpoena will not be required provided the documents as requested in the subpoena are produced.

In connection with the enclosed subpoena, we wish to minimize as much as possible interference with the normal functioning of ULLICO. We would be agreeable to discussing alternative arrangements for production of the requested documents. Please contact Jean Machiz at (301) 713-3366 ext.101 regarding any questions arising from this subpoena.

Thank you for your cooperation in this matter.

Sincerely,

MABEL CAPOLONGO
Regional Director
Philadelphia Region

Enclosure

## SUBPOENA

CONFIDENTIAL

# UNITED STATES OF AMERICA
## DEPARTMENT OF LABOR
### Pension and Welfare Benefits Administration

*To:    ULLICO, Inc. Pension Plan and Trust*
*111 Massachusetts Avenue, NW*
*Washington, DC 20001*

*You are hereby required to appear before Jean Machiz of the Pension and Welfare Benefits Administration,*
*U.S. Department of Labor, at*

*1335 East-West Highway, Suite 200*

*in the City of Silver Spring, Maryland on the 21st day of June, 2002 at 10:00 o'clock a.m. of that day, to*
*testify in the Matter of an investigation of:*

*ULLICO, Inc. Pension Plan and Trust*

*being conducted pursuant to Section 504 of the Employee Retirement Income Security Act of 1974 ("ERISA"),*
*29 U.S.C. Section 1134, in order to determine whether any person has violated or is about to violate any*
*provision of Title I of ERISA or any regulation or order thereunder;*

*And you are hereby required to bring with you and produce at said time and place the following books,*
*papers, and documents:*

*See Attached*

*Fail not at your peril.*



*In testimony whereof I have hereunto affixed my signature*
*and the seal of the United States Department of Labor*

*at    Philadelphia, PA*
*this 11th day of June, 2002*

MABEL CAPOLONGO, REGIONAL DIRECTOR

CONFIDENTIAL

### ATTACHMENT A
### ULLICO, Inc. Pension Plan and Trust

A.   Definitions

1.   The term "document(s)" means all writings of any nature whatsoever within the possession, custody or control of ULLICO, Inc. Pension Plan and Trust (Plan), or within the possession, custody or control of any agent, employee, representative, business organization or other person acting or purporting to act for or on behalf of Plan, including, but not limited to, contracts, agreements, correspondence, e-mail, memoranda, reports, ledger books, journals and journal entries, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, work-papers, notes, drafts, copies, graphs, charts, accounts, analytical records, minutes or records of meetings or conferences, reports or summaries of negotiations, appraisals, feasibility studies, expert opinions, marginal notations, bills, invoices, checks, bank statements, lists, journals, computer tapes and cards, and all other written, printed, recorded or photographic matter or sound reproductions, however produced or reproduced.

2.   The term "relating to" means constituting, referring to, pertaining to, or containing any information which in any way concerns, affects, or describes the terms or conditions, or identifies facts with respect to the subject of the inquiry.

3.   The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation."

4.   Unless otherwise specified, the time period covered by this request is from January 1, 1997 to the present. Documents created prior to January 1, 1997, but which have been used or relied on by Plan since January 1, 1997, or which describe legal duties which remain in effect after January 1, 1997 (such as contracts and trust agreements), shall be produced in response to this request.

5.   If any document required to be produced pursuant to this subpoena is withheld because of a claim of privilege, identify with respect to each document:

   a.   the specific privilege being asserted;
   b.   the nature of the document, (e.g., letter, memorandum, etc.);
   c.   the author of the document and date it was prepared;
   d.   the recipient of the document and all individuals who have received or been sent copies of it; and
   e.   the subject matter of the document.

CONFIDENTIAL

B.   Documents to be produced

1.   All documents relating to historical cost data for the Plan's investment in the pooled separate accounts of Union Labor Life Insurance Company (ULLICO);

2.   All documents relating to the Plan's payments to ULLICO for investment management fees relating to the Plan's investments in ULLICO's pooled separate accounts;

3.   Plan document;

4.   Trust agreement;

5.   Summary Plan Description;

6.   Summary Annual Report;

7.   Form 5500, Annual Return/Report of Employee Benefit Plan, for Plan years 1997 to present, together with all attachments, including accountant's opinion, financial statements, and notes to the financial statement;

8.   Fidelity bond (i.e., declaration page and loss payover rider, identifying the plan as a named insured and specifying the amount of coverage and name of surety company);

9.   Minutes of Plan Board of Trustees' / Plan Committee meetings from 1997 to present;

10.  Balance sheet/statement of assets and liabilities for the Plan for the period 1997 to present;

11.  Investment Management Agreements and other service provider agreements;

12.  Fiduciary liability insurance policies; and

13.  All documents which contain information identifying Plan trustees and dates of service.

Jan-03-2003 15:34    From-FEDER SEMO & BARD,P.C.    +2029558311    T-453  P.003/006  F-505

**U.S. Department of Labor**      Pension and Welfare Benefits Administration
Washington District Office
1335 East-West Highway, Suite 200
Silver Spring, MD 20810-3225

(301) 713-2000      FAX: (301) 713-2008



January 3, 2003

CERTIFIED MAIL NO. 7002 0510 0000 5535 8377
RETURN RECEIPT REQUESTED
AND VIA FAX (202) 955-8311

Robert Georgine
C/O Howard Bard, Esq.
Feder, Semo, & Bard, PC
1350 Connecticut Avenue, NW, Suite 600
Washington DC 20036

     Re: ULLICO, Inc. Pension Plan and Trust

Dear Mr. Bard:

In accordance with your telephonic discussion with Joan Roller, ERISA Counsel, and Mark Swirsky, Esq., of the Philadelphia Regional Solicitor's Office, in which you agreed to accept service by facsimile of a subpoena duces tecum to Robert Georgine in connection with this investigation, we are faxing to you with this letter a subpoena duces tecum directed to Robert Georgine in connection with the above-referenced investigation. It requires the production of certain specified documents. These documents are necessary and relevant to the above-referenced investigation being conducted by this office pursuant to Section 504 (a)(1) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Section 1134 (a)(1), to determine whether any person has violated or is about to violate any provision of Title 1 of that Act. Mr. Georgine's personal appearance pursuant to this subpoena will not be required provided the documents as requested in the subpoena are produced.

Please contact Kimberly Neil at (301) 713-3366, ext. 148 regarding any questions arising from this subpoena.

Thank you for your cooperation in this matter.

Sincerely,

MABEL CAPOLONGO
Regional Director
Philadelphia Region

Enclosure

Jan-03-2003  15:34    From-FEDER SEMO & BARD,P.C.    +2029558311    T-463  P.004/008  F-505

## SUBPOENA

# UNITED STATES OF AMERICA
## DEPARTMENT OF LABOR
### Pension and Welfare Benefits Administration

To      *Robert Georgine*
        *111 Massachusetts Avenue, NW*
        *Washington DC 20001*

*You are hereby required to appear before Investigator Kimberly Neil of the Pension and Welfare Benefits Administration, U.S. Department of Labor, at*

    *1335 East-West Highway, Suite 200*

*in the City of Silver Spring, Maryland on the 17th day of January 2003 at 10:00 o'clock  a.m. of that day, to testify in the Matter of an investigation of:*

    *ULLICO, Inc. Pension Plan and Trust*

*being conducted pursuant to Section 504 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Section 1134, in order to determine whether any person has violated or is about to violate any provision of Title I of ERISA or any regulation or order thereunder;*

*And you are hereby required to bring with you and produce at said time and place the following books, papers, and documents:*

    *See Attached*

*Fail not at your peril.*



In testimony whereof *I have hereunto affixed my signature and the seal of the United States Department of Labor*

at   *Silver Spring, MD*

this  3rd  day of  *January, 2003*

MABEL CAPOLONGO, REGIONAL DIRECTOR

Jan-03-2003  15:34   From-FEDER SEMO & BARD,P.C.                    +2029658311        T-463  P.005/008  F-505

### ATTACHMENT TO SUBPOENA FOR
#### Robert Georgine

A. Definitions and Instructions

1. The term "ULICO" means ULICO Inc.

2. The term "Plan" or "Plans" means any ERISA covered employee benefit plan.

3. The term "document" or "documents" shall mean all writings and recordings (including, but not limited to, letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, wire transfer, mechanical or electronic recording, or other form of data compilation), however produced or reproduced, of every kind and description, including, but not limited to, notes, memoranda, records, reports, correspondence, telexes, agreements, contracts, accounting or financial records or worksheets, books of account, journals, ledgers, bills, receipts, vouchers, transcripts or notes of conversations or meetings, minutes of meetings, statements, directives, diary entries, studies, summaries, tabulations, and all drafts and copies of such documents containing additional marks or notations not found on the original within your possession, custody or control, or that of any agent, employee, representative or other person acting or purporting to act for or on your behalf.

4. The term "fiduciary" shall have the same meaning as such term has under section 3(21)(A-B) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Section 1002(21), and sections and regulations related thereto.

6. The words "and" and "or" shall be construed conjunctively and disjunctively as necessary to make the request inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation".

7. Unless otherwise specified, this subpoena pertains to all documents produced, generated, or received during the period from January 1, 1997 up to and including the date of final production hereunder and shall also include those documents generated, produced or received prior to that date but which may have been used or relied upon by you at any time during the period January 1, 1997 to the date of final production hereunder.

8. If any document required to be produced pursuant to this section is withheld because of a claim of privilege, identify with respect to each document:

    a. the specific privilege being asserted;
    b. the nature of the document (e.g., letter memorandum, etc.);
    c. the author of the document and date it was prepared;
    d. the recipient of the document and all individuals who have received or been sent copies of it, and
    e. the subject matter of the document.

Jan-03-2003  15:34     From-FEDER SEMO & BARD,P.C.     +2029558311     T-483   P.006/006   F-505

II.     Documents to be Produced:

1.  All reports prepared for ULLICO by James Thompson , Esquire and/or Winston & Strawn ("the Thompson Report") and all documents related to the Thompson Report.

2.  All correspondence between John Sweeney and/or Robert Georgine and the members of the ULLICO Board of Directors.

3.  All documents relating to confidential agreements entered into by Robert Georgine in connection with the Thompson Report.

4.  All documents relating to the names of the recipients of copies of the Thompson Report.

5.  All documents relating to confidential agreements entered into by recipients of the Thompson Report.

6.  All documents relating to compensation paid by ULLICO to Robert Georgine, including employment agreements, bonuses, incentive agreements and deferred compensation.

7.  All documents relating to loans between ULLICO and Robert Georgine.

8.  All documents relating to any loans received by Robert Georgine including but not limited to loans from Mellon Bank or Mellon Financial Security Group, the proceeds of which were used to acquire ULLICO stock.

9.  All documents relating to stock transactions between Robert Georgine and ULLICO, including, but not limited to, purchase and credit agreements, evidence of consideration paid for shares of stock, and evidence of redemptions or buybacks by ULLICO.

10. All documents relating to Robert Georgine's acquisition of stock through an initial public offering ("IPO stock").

11. All documents relating to Robert Georgine's sale of IPO stock.

 **U.S. Department of Labor**    Employee Benefits Security Administration
Washington District Office
1335 East-West Highway, Suite 200
Silver Spring, MD 20910-3225

(301) 713-2000    FAX: (301) 713-2008



March 11, 2003

**HAND DELIVERY**

ULLICO Inc.
C/O Joseph A. Carabillo, Esq.
111 Massachusetts Avenue, N.W.
Washington DC 20001

Re: ULLICO Inc. Pension Plan and Trust

Dear Mr. Carabillo:

Enclosed is a subpoena _duces_ _tecum_ directed to ULLICO Inc. in connection with the above-referenced investigation.   It requires the production of certain specified documents. These documents are necessary and relevant to the above-referenced investigation being conducted by this office pursuant to Section 504 (a)(1) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Section 1134 (a)(1), to determine whether any person has violated or is about to violate any provision of Title I of that Act.

Please contact Kimberly Neil at (301) 713-3366, ext. 148 regarding any questions arising from this subpoena.

Thank you for your cooperation in this matter.

Sincerely,

MABEL CAPOLONGO
Regional Director
Philadelphia Region

Enclosure





# SUBPOENA

# UNITED STATES OF AMERICA
## DEPARTMENT OF LABOR
### Employee Benefits Security Administration

*To*    *ULLICO Inc.*
        *111 Massachusetts Avenue, NW*
        *Washington DC 20001*

*You are hereby required to appear before Investigator Kimberly Neil of the Pension and Welfare Benefits Administration, U.S. Department of Labor, at*

   *1335 East-West Highway, Suite 200*

*in the City of Silver Spring, Maryland on the 20th day of March 2003 at 10:00 o'clock a.m. of that day, to testify in the Matter of an investigation of:*

   *ULLICO Inc. Pension Plan and Trust*

*ng conducted pursuant to Section 504 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Section 1134, in order to determine whether any person has violated or is about to violate any provision of Title I of ERISA or any regulation or order thereunder;*

*And you are hereby required to bring with you and produce at said time and place the following books, papers, and documents:*

   *See Attached*

*Fail not at your peril.*

*In testimony whereof I have hereunto affixed my signature and the seal of the United States Department of Labor*

at   *Silver Spring, MD*

this *10* day of *March 2003*

*MABEL CAPOLONGO, REGIONAL DIRECTOR*





ATTACHMENT TO SUBPOENA FOR
ULLICO Inc.

A. Definitions and Instructions

1. The term "ULLICO" means ULLICO Inc.

2. The term "document" or "documents" shall mean all writings and recordings (including, but not limited to, letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, wire transfer, mechanical or electronic recording, or other form of data compilation), however produced or reproduced, of every kind and description, including, but not limited to, notes, memoranda, records, reports, correspondence, telexes, agreements, contracts, accounting or financial records or worksheets, books of account, journals, ledgers, bills receipts, vouchers, transcripts or notes of conversations or meetings, minutes of meetings, statements, directives, diary entries, studies, summaries, tabulations, and all drafts and copies of such documents containing additional marks or notations not found on the original within your possession, custody or control, or that of any agent, employee, representative or other person acting or purporting to act for or on your behalf.

3. The words "and" and "or" shall be construed conjunctively and disjunctively as necessary to make the request inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation".

4. Unless otherwise specified, this subpoena pertains to all documents produced, generated, or received during the period from January 1, 1997, up to and including the date of final production hereunder and shall also include those documents generated, produced or received prior to that date but which may have been used or relied upon by you at any time during the period January 1, 1997, to the date of final production hereunder.

5. If any document required to be produced pursuant to this section is withheld because of a claim of privilege, identify with respect to each document:

   a.   the specific privilege being asserted;
   b.   the nature of the document, (e.g., letter memorandum, etc.);
   c.   the author of the document and date it was prepared;
   d.   the recipient of the document and all individuals who have received or been sent copies of it, and
   e.   the subject matter of the document.



B.    **Documents to be Produced:**

1.    All reports prepared for ULLICO by James Thompson , Esquire and/or Winston & Strawn ("the Thompson Report") and all documents related to the Thompson Report.

2.    All correspondence between John Sweeney and any member of the ULLICO Board of Directors.

3.    All documents relating to confidentiality agreements concerning the Thompson Report.

4.    All documents relating to the identities of persons who received or reviewed the Thompson Report.

Case 1:06-cv-00080-RJL    Document 44-3    Filed 01/18/2007    Page 22 of 35

Case 1:06-cv-00080-RJL-AK    Document 34    Filed 11/03/2006    Page 33 of 50
JUN-16-2003 MON 10:35 AM    WDO                                FAX NO. 3017132008    P. 02

**U.S. Department of Labor**

Employee Benefits Security Administration
Washington District Office
1335 East-West Highway, Suite 200
Silver Spring, MD 20910-3225

(301) 713-2000    FAX: (301) 713-2008



June 16, 2003

VIA FAX 202- 682-6784
and
CERTIFIED MAIL NO. 7002 3150 0004 1258 2844
RETURN RECEIPT REQUESTED

Teresa Valentine, Esq.
Union Labor Life Insurance Company
111 Massachusetts Avenue, NW
Washington DC 20001

Re: ULLICO Inc. Pension Plan and Trust

Dear Ms. Valentine:

Accompanying this letter is a subpoena _duces_ _tecum_ directed to Union Labor Life Insurance Company, requiring the production of certain specified documents. These documents are necessary and relevant to the above-referenced investigation being conducted by this office pursuant to Section 504 (a)(1) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Section 1134 (a)(1), to determine whether any person has violated or is about to violate any provision of Title I of that Act. Your personal appearance pursuant to this subpoena will not be required provided the documents as requested in the subpoena are produced.

In connection with this subpoena, we wish to minimize as much as possible interference with the normal functioning of Union Labor Life Insurance Company. We would be agreeable to discussing alternative arrangements for production of the requested documents. Please contact Investigator Michael W. Fontenot at (301) 713-3366 ext.138 regarding any questions arising from this subpoena.

Thank you for your cooperation in this matter.

Sincerely,

MABEL CAPOLONGO
Regional Director
Philadelphia Region

Enclosure

## SUBPOENA

# UNITED STATES OF AMERICA
### DEPARTMENT OF LABOR
#### Employee Benefits Security Administration

*To:*   *Union Labor Life Insurance Company*
*111 Massachusetts Avenue, NW*
*Washington, DC 20001*

*You are hereby required to appear before Michael Fontenot of the Employee Benefits Security
Administration, U.S. Department of Labor, at 1335 East-West Highway, Suite 200, in the City of Silver
Spring, Maryland on the 30th day of June, 2003 at 10:00 o'clock  a.m. of that day, to testify in the Matter of
an investigation of:*

*ULLICO Inc. Pension Plan and Trust*

*being conducted pursuant to Section 504 of the Employee Retirement Income Security Act of 1974
("ERISA"), 29 U.S.C. Section 1134, in order to determine whether any person has violated or is about to
violate any provision of Title I of ERISA or any regulation or order thereunder;*

*and you are hereby required to bring with you and produce at said time and place the following books,
papers, and documents:*

*See Attached*

*Fail not at your peril.*



In testimony whereof *I have hereunto affixed my signature*
and *the seal of the* United States Department of Labor

*at*   *Silver Spring, Maryland*
*this 16th day of June, 2003*

*Mabel Capolongo*
*MABEL CAPOLONGO, REGIONAL DIRECTOR*

EWBA-22D
(Rev. 2/06)

**ATTACHMENT TO SUBPOENA FOR**
Union Labor Life Insurance Company

A.    Definitions and Instructions

1.    The term "Union Labor Life Insurance Company" means Union Labor Life Insurance Company and any predecessor, successor, subsidiary or affiliate corporation, organization, or entity.

2.    The term "document" or "documents" shall mean all writings and recordings (including, but not limited to, letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, wire transfer, mechanical or electronic recording, or other form of data compilation), however produced or reproduced, of every kind and description, including, but not limited to, notes, memoranda, records, reports, correspondence, telexes, agreements, contracts, accounting or financial records or worksheets, books of account, journals, ledgers, bills receipts, vouchers, transcripts or notes of conversations or meetings, minutes of meetings, statements, directives, diary entries, studies, summaries, tabulations, and all drafts and copies of such documents containing additional marks or notations not found on the original within your possession, custody or control, or that of any agent, employee, representative or other person acting or purporting to act for or on your behalf.

3.    The words "and" and "or" shall be construed conjunctively and disjunctively as necessary to make the request inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation".

4.    If any document required to be produced pursuant to this section is withheld because of a claim of privilege, identify with respect to each document:

   a.    the specific privilege being asserted;
   b.    the nature of the document, (e.g., letter memorandum, etc.);
   c.    the author of the document and date it was prepared;
   d.    the recipient of the document and all individuals who have received or been sent copies of it, and
   e.    the subject matter of the document.

5.    Unless otherwise specified, this subpoena pertains to all documents produced, generated, or received during the period from January 1, 1998, up to and including the date of final production hereunder and shall also include those documents generated, produced or received prior to that date but which may have been used or relied upon by you at any time during the period January 1, 1998, to the date of final production hereunder.

B.    Documents to be Produced:

All documents relating to investments and valuations of investments existing in Separate Account J sponsored by the Union Labor Life Insurance Company for the period January 1, 1998 to the present, including but not limited to market value determinations, appraisals, market studies, feasibility studies, borrowers' financial statements, loan documents, business plans, investment summaries, and underwriting procedures.

**U.S. Department of Labor**

Employee Benefits Security Administration
Washington District Office
1335 East-West Highway, Suite 200
Silver Spring, MD 20910-3226

(301) 713-2000    FAX: (301) 713-2058



August 27, 2003

CERTIFIED MAIL NO. 7002 0460 0000 2826 4878
RETURN RECEIPT REQUESTED

Howard M. Bard, Esq.
Feder, Semo & Bard, PC
1350 Connecticut Ave. NW
Suite 600
Washington DC 20036

Re: Investigation of ULLICO, Inc. Pension Plan & Trust

Dear Mr. Bard:

In accordance with your conversation this date with Richard Buchanan, you have agreed to accept service of the enclosed on behalf of Union Labor Life Insurance Company.

Accompanying this letter is a subpoena duces tecum directed to Union Labor Life Insurance Company, requiring the production of certain specified documents. These documents are necessary and relevant to the above-referenced investigation being conducted by this office pursuant to Section 504 (a)(1) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Section 1134 (a)(1), to determine whether any person has violated or is about to violate any provision of Title I of that Act. Your personal appearance pursuant to this subpoena will not be required provided the documents as requested in the subpoena are produced.

In connection with this subpoena, we wish to minimize as much as possible interference with the normal functioning of Union Labor Life Insurance Company. We would be agreeable to discussing alternative arrangements for production of the requested documents. Please contact Investigator Michael W. Fontenot at (301) 713-3366 ext.138 regarding any questions arising from this subpoena.

Thank you for your cooperation in this matter.

Sincerely,

MABEL CAPOLONGO
Regional Director
Philadelphia Region

Enclosure

# SUBPOENA

# UNITED STATES OF AMERICA
### DEPARTMENT OF LABOR
#### Employee Benefits Security Administration

*To:     Union Labor Life Insurance Company*
*111 Massachusetts Avenue, NW*
*Washington, DC 20001*

*You are hereby required to appear before Michael W. Fontenot, Investigator of the Employee Benefits Security Administration, U.S. Department of Labor, at*

*1335 East-West Highway, Suite 200*

*in the City of Silver Spring, Maryland on the 8th day of September, 2003 at 10:00 o'clock  a.m. of that day, to testify in the Matter of an investigation of:*

*ULLICO Inc. Pension Plan and Trust*

*being conducted pursuant to Section 504 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Section 1134, in order to determine whether any person has violated or is about to violate any provision of Title I of ERISA or any regulation or order thereunder;*

*And you are hereby required to bring with you and produce at said time and place the following books, papers, and documents:*

*See Attached*

*Fail not at your peril.*



In testimony whereof *I have hereunto affixed my signature* and the seal of the United States Department of Labor

at    *Silver Spring, MD*
This 27th day of *August,* 2003

**MABEL CAPOLONGO, REGIONAL DIRECTOR**

Aug-27-2003  15:20     From-FEDER SEMO & BARD,P.C.     +2029959311     T-024   P.005/006   F-300

ATTACHMENT TO SUBPOENA FOR
Union Labor Life Insurance Company

A.     Definitions and Instructions

1.     The term "ULLICO" means the Union Labor Life Insurance Company.

2.     The term "separate accounts" means the separate accounts maintained and managed by ULLICO in which ERISA covered employee benefit plans invest.

3.     The term "Plan" or "Plans" means any ERISA covered employee benefit plans.

4.     The term "document" or "documents" shall mean all writings and recordings (including, but not limited to, letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, wire transfer, mechanical or electronic recording, or other form of data compilation), however produced or reproduced, of every kind and description, including, but not limited to, notes, memoranda, records, reports, correspondence, telexes, agreements, contracts, accounting or financial records or worksheets, books of account, journals, ledgers, bills receipts, vouchers, transcripts or notes of conversations or meetings, minutes of meetings, statements, directives, diary entries, studies, summaries, tabulations, and all drafts and copies of such documents containing additional marks or notations not found on the original within your possession, custody or control, or that of any agent, employee, representative or other person acting or purporting to act for or on your behalf.

5.     The term "fiduciary" shall have the same meaning as such term has under section 3(21)(A-B) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C., Section 1002(21), and sections and regulations related thereto.

6.     The words "and" and "or" shall be construed conjunctively and disjunctively as necessary to make the request inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation".

7.     Unless otherwise specified, this subpoena pertains to all documents produced, generated, or received during the period from January 1, 1995, up to and including the date of final production hereunder and shall also include those documents generated, produced or received prior to that date but which may have been used or relied upon by you at any time during the period January 1, 1995, to the date of final production hereunder.

8.     If any document required to be produced pursuant to this section is withheld because of a claim of privilege, identify with respect to each document:

       a.     the specific privilege being asserted;
       b.     the nature of the document, (e.g., letter memorandum, etc.);
       c.     the author of the document and date it was prepared;
       d.     the recipient of the document and all individuals who have received or been sent copies of it, and
       e.     the subject matter of the document.

Aug-27-2009  15:20    From-FEDER SEMO & BARD,P.C.    .    +2029558317    T-024  P.006/008  F-885

**8.    Documents to be Produced:**

1.    Documents sufficient to identify the person or persons responsible for determining the amounts of money transferred to the Accumulation Account from January 1, 2000 to the date of production.

2.    All documents relating to the transfer of money to the Accumulation Account from January 1, 2000 to the date of production, including all actuarial calculations made in determining the amounts transferred to the Accumulation Account.

3.    All documents relating to any formulas, equations, or methodologies for determining the amount of the market value adjustment, if any, in the event of termination of Group Annuity Contract GA-223 or the distribution of a lump sum payment to the Plan, from January 1, 2000 to the date of production.

4.    All documents relating to any actual calculations of market value adjustment applicable to the Accumulation Account, including any descriptions of specific variables used in such calculations, the value of each of such variable, and how the value of each such variable was determined, from January 1, 2000 to the date of production.

5.    All documents relating to any penalties applicable to the withdrawal of funds from the Accumulation Account, from January 1, 2000 to the date of production.

**U.S. Department of Labor**

**JUL 2 0 2005**

Employee Benefits Security Administration
Washington District Office
1335 East-West Highway, Suite 200
Silver Spring, MD 20910-3225

(301) 713-2000    FAX: (301) 713-2008



VIA FACSIMILE &
CERTIFIED MAIL NO.
RETURN RECEIPT REQUESTED    7002 3150 0004 1258 7252

Howard M. Bard, Esquire
Feder, Semo & Bard, PC
1350 Connecticut Ave. NW
Washington, DC 20036

> Re:  Union Labor Life Insurance Company (Case No. 22-012815) and
> Board of Trustees of Ullico, Inc. Pension Plan & Trust
> (Case No: 22-012741) and Zenith Administrators, Inc. Central Plan
> (Case No: 22-012816).

Dear Mr. Bard:

Accompanying this letter is a subpoena *duces tecum* directed to the Union Labor Life Insurance Company requiring the production of certain specified documents by August 15, 2005.  This production of documents is necessary and relevant to the above-referenced investigations being conducted by this office pursuant to Section 504 (a) (1) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Section 1134 (a) (1), to determine whether any person has violated or is about to violate any provision of Title I of that Act. Your personal appearance pursuant to the subpoena for documents (subpoena *duces tecum*) will not be required provided the documents as requested in the subpoena are produced.

It is my understanding that you have agreed to accept service of the subpoenas by facsimile. Should you need to discuss the subpoena for corporate deposition or documents, please contact Senior Investigator Michael W. Fontenot at (301) 713-3366 ext. 138.

Thank you for your cooperation in this matter.

Sincerely,

MABEL CAPOLONGO
Regional Director, EBSA
Philadelphia Region

Enclosures

## SUBPOENA

# UNITED STATES OF AMERICA
## DEPARTMENT OF LABOR
### Employee Benefits Security Administration

To:    *Union Labor Life Insurance Company*
        *1625 Eye Street, NW*
        *Washington, DC 20006*

*You are hereby required to appear before Michael W. Fomenot, Senior Investigator of the Employee Benefits Security Administration, U.S. Department of Labor, at*

        *1335 East-West Highway, Suite 200*

*in the City of Silver Spring, Maryland on the 15th of August , 2005 at 10:00 o'clock  a.m. of that day, to testify in the Matter of an investigation of:*

        *Union Labor Life Insurance Company; Board of Trustees of Ullico, Inc. Pension Plan and Trust and*
        *Zenith Administrators, Inc. Central Plan*

*being conducted pursuant to Section 504 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Section 1134, in order to determine whether any person has violated or is about to violate any provision of Title I of ERISA or any regulation or order thereunder;*

*And you are hereby required to bring with you and produce at said time and place the following books, papers, and documents:*

        *See Attached*

*Fail not at your peril.*



In testimony whereof *I have hereunto affixed my signature and the seal of the* United States Department of Labor

at   *Silver Spring, MD*
this 20th day of July, 2005

*MABEL CAPOLONGO, REGIONAL DIRECTOR*

## Return of Service

*I hereby certify that the original of the within subpoena was duly served on the person named herein.*

(Check method used)

+, - - *in person*

+, - - *by certified or registered mail*

+, - *other (specify)* _____

+, - - *by leaving at principal office or place of business, to wit:* _____

*on* _____ [Month, day, year]

_____ [Name of person making service]

_____ [Official Title]

## Certification of Compliance

*I certify that the person named herein was in attendance as a witness and/or produced the records requested herein at* _____

*on* _____ [Month, day, year]

_____ [Name of person certifying]

_____ [Official Title]

JUL-20-2005 WED 03:00 PM ●         FAX NO. ●         P. 05

## ATTACHMENT TO SUBPOENAS FOR
### Union Labor Life Insurance Company

A.    Definitions and Instructions

1.   The term "Union Labor" means the Union Labor Life Insurance Company.

2.   The term "REIBG" means the Real Estate Investment Banking Group of Union Labor.

3.   The term "GAC" means a Group Annuity Contract issued by Union Labor.

4.   The term "Plan" means the employee benefit plan specifically referred to in a given, enumerated subpoena request; the term "plans" means all employee benefit plans that are invested in Union Labor's J for Jobs Account.

5.   The term "document" or "documents" shall mean all writings and recordings (including, but not limited to, letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, wire transfer, mechanical or electronic recording, or other form of data compilation), however produced or reproduced, of every kind and description, including, but not limited to, notes, memoranda, records, reports, correspondence, telexes, agreements, contracts, accounting or financial records or worksheets, books of account, journals, ledgers, bills receipts, vouchers, transcripts or notes of conversations or meetings, minutes of meetings, statements, directives, diary entries, studies, summaries, tabulations, and all drafts and copies of such documents containing additional marks or notations not found on the original within your possession, custody or control, or that of any agent, employee, representative or other person acting or purporting to act for or on your behalf.

6.   The words "and" and "or" shall be construed conjunctively and disjunctively as necessary to make the request inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation".

7.   Unless otherwise specified, this subpoena pertains to all documents produced, generated, or received during the period from January 1, 1999, up to and including the date of final production hereunder and shall also include those documents generated, produced or received prior to that date but which may have been used or relied upon by you at any time during the period January 1, 1999, to the date of final production hereunder.

8.   If any document required to be produced pursuant to this section is withheld because of a claim of privilege, identify with respect to each document:

    a.   the specific privilege being asserted;
    b.   the nature of the document, (e.g., letter memorandum, etc.);
    c.   the author of the document and date it was prepared;
    d.   the recipient of the document and all individuals who have received or been sent copies of it, and
    e.   the subject matter of the document.



JUL-20-2000 WED 03:00 PM                    FAX NO.                              P. 06

9. The term "person (s)" shall mean an individual or individuals designated by Union Labor to be the person or persons most knowledgeable to testify on behalf of the Company as to the matters designated in attachment.

JUL-20-2005 WED 05:00 PM              FAX NO.                    P. 01

### B.  ATTACHMENT TO SUBPOENA FOR UNION LABOR LIFE INSURANCE COMPANY

1.  All documents relating to the policies, practices, criteria and procedures utilized by Union
    Labor or its REIBG for processing loan applications of potential borrowers, specifically
    including the following: (a) soliciting loan applications, (b) taking loan applications, (c)
    underwriting loans, (d) approving loans, and (e) choosing or determining the source
    which will fund the loan, including loans funded by J for Jobs, CALPERS, Union Labor,
    or any other funding source.

2.  All documents relating to Union Labor's policies, practices, criteria and procedures
    which were utilized in processing, reviewing and approving the following loan
    commitments: Nos. 730-99, 735-99, 741-99, 771-00, 773-00, 777-00, 808-02, and 830-
    02, including, but not limited to, the policies, practices, criteria, and procedures used for
    determining: a) the assessment of fees to potential borrowers and borrowers, b) the entity
    which retained or kept the fees paid by potential borrowers and borrowers, and c) the
    entity or funding source which would fund the loan should the loan proceed to closing.

3.  All documents relating to Union Labor's policies, practices, criteria and procedures for
    determining, allocating, and disclosing to the plans which invest in J for Jobs, all fees
    charged to borrowers and potential borrowers related to loans funded by J for Jobs,
    including, but not limited to, application fees, dropped commitment fees, claims
    administration fees, "mod. fees," inspection fees, loan prepayment fees, escrow account
    draw fees, loan assumption fees, loan forward commitment fees, loan broker fees and any
    other fees.

4.  As to the ULLICO, Inc. Pension Plan & Trust #001, all documents relating to Union
    Labor's policies, practices, criteria and procedures for imposing and assessing all fees
    and charges assessed or charged to the Plan, or the Plan's investment in J for Jobs,
    specifically including, but not limited to, all investment management fees, loan servicing
    fees, administrative fees, and any other fees charged to the Plan, or the Plan's investment
    in J for Jobs, the accumulation account, or any other account relating to the GAC
    between Union Labor and the Plan.

5.  As to the Zenith Administrators, Inc. Central Pension Plan & Trust #006, all documents
    relating to Union Labor's policies, practices and procedures for imposing and assessing
    all fees and charges assessed or charged to the Plan or the Plan's investment in J for Jobs,
    specifically including, but not limited to, all investment management fees, loan servicing
    fees, administrative fees, and any other fees charged to the Plan, or the Plan's investment
    in J for Jobs, the accumulation account, or any other account relating to the GAC
    between Union Labor and the Plan.

6.  As to the ULLICO, Inc. Pension Plan & Trust #001, all documents relating to the dates
    and amounts of all fees assessed or charged by Union Labor to the Plan or the Plan's
    investment in J for Jobs and the dates on which such fees were collected by Union Labor.



JUL-20-2005 WED 03:01 PM                    FAX NO.                         P. 09



18. All documents which relate to or establishes that J for Jobs has its own "J for Jobs" stationary or letterhead.

19. All internal monthly, quarterly, and yearly financial statements of Union Labor.

20. All copies of the Union Labor Life Insurance Company Retirement Plan, and all successor Plans, from the establishment of the predecessor plans to date.

21. All copies of the ULLICO, Inc. Pension Plan & Trust #001, and any predecessor plans, from the establishment of the predecessor plans to date.

22. All copies of the Zenith Administrators, Inc. Central Pension Plan & Trust #006, and any predecessor plans, from the establishment of the predecessor plans to date.

23. All documents identifying all loan commitments issued by Union Labor which were funded by Union Labor, including documents identifying the name of the borrower, the date of the loan commitment, the date of loan closing, and the amount of the loan.

24. All loan documents concerning the collection of fees by Union Labor from potential borrowers or borrowers in connection with loan applications, loan commitments, and funded loans, including, but not limited to, all documents identifying the entity that keeps or retains all such fees, including, but not limited to, application fees, dropped commitment fees, claims administration fees, "mod. fees," inspection fees, loan prepayment fees, escrow account draw fees, loan assumption fees, loan forward commitment fees, loan broker fees, inspection fees, extension fees, miscellaneous fees, and any other type of fee.

25. All documents relating to Union Labor's policies, practices, criteria and procedures for disclosing all fees charged to J for Jobs or the plans that invest in the J for Jobs Account, including but not limited to investment management fees, administrative fees, and loan-servicing fees for the period from August 13, 2004 to the present.

26. All documents relating to Union Labor's policies, practices, criteria and procedures for disclosing all fees charged to J for Jobs or the plans that invest in the J for Jobs Account, including but not limited to investment management fees, administrative fees, and loan-servicing fees for the period from January 1999 through August 12, 2004.

27. All GACs entered into between Union Labor and the ULLICO, Inc. Pension Plan & Trust #001 from January 1982 to the present.

28. All GACs entered into between Union Labor and the Zenith Administrators, Inc. Central Pension Plan & Trust #006 from January 1982 to the present.