# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JAMES W. LUCE                               :
10712 Milkweed Drive                        :
Great Falls, VA  22066                      :
                                            :
     Plaintiff,                            :
                                            :
v.                                          :
                                            :
THE UNION LABOR LIFE AUXILIARY              :    Civil Action No. 03-CV1014
RETIREMENT BENEFITS PLAN,                   :
an unincorporated association               :
                                            :
and                                         :
                                            :
ULLICO, INC. NONQUALIFIED DEFERRED          :
COMPENSATION PLAN,                          :
an unincorporated association               :
Serve: Secretary of the Commonwealth        :
     of Virginia                           :
                                            :
and                                         :
                                            :
UNION LABOR LIFE INSURANCE                  :
COMPANY, a Maryland corporation             :
                                            :
and                                         :
                                            :
ULLICO, Inc. a Maryland corporation         :
Serve: Secretary of the Commonwealth        :
     of Virginia                           :
                                            :
     Defendants.                           :



## FIRST AMENDED COMPLAINT

### Parties

1.     The Plaintiff James W. Luce ("Luce") is a resident of the Commonwealth of Virginia.  On May 31, 2003 Luce retired as Executive Vice President of ULLICO Inc. and Union Labor Life Insurance Company ("ULLICO"), Maryland corporations.

2.     The Defendant, the Union Labor Life Auxiliary Retirement Benefits Plan ("Auxiliary Retirement Plan"), is an employee benefits plan, established by ULLICO effective as of January 1, 1983.

3.     The Defendant, ULLICO, Inc. Nonqualified Deferred Compensation Plan ("Deferred Comp Plan"), is an employee benefits plan, established by ULLICO, Inc., effective as of August 1, 1998.

4.     The Defendant Union Labor Life Insurance Company ("ULLICO") is a Maryland corporation,  that created the Auxiliary Retirement Plan, retains the right to amend or terminate the Auxiliary Retirement Plan, and is responsible for payment of benefits under the Auxiliary Retirement Plan.  As a result, the Plan and ULLICO are closely intertwined.

5.     The Defendant ULLICO, Inc. is a Maryland corporation incorporated in 1987 as a holding company for ULLICO and other affiliated corporations.  ULLICO, Inc. owns all the issued and outstanding stock of ULLICO, created the Deferred Comp Plan, retains the right to amend or terminate the Deferred Comp Plan and is responsible for payment of benefits under the unfunded Deferred Comp Plan.  As a result, ULLICO, Inc. and the Deferred Plan are closely intertwined.

2

6.    Luce is a participant in and beneficiary of the Auxiliary Retirement Plan.

7.    Luce is a participant in and beneficiary of the Deferred Comp Plan.

## Subject Matter Jurisdiction

8.    This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 1132(a)(1) because Luce is a participant and beneficiary of the Auxiliary Retirement Plan and the Deferred Comp Plan and because in this action he seeks to recover benefits due to him under the terms of the Auxiliary Retirement Plan, and the Deferred Comp Plan, to enforce his rights under the terms of the Auxiliary Retirement Plan and the Deferred Comp Plan, and to clarify his rights to future benefits under the Auxiliary Retirement Plan as the Deferred Comp Plan. This Court has subject matter jurisdiction over the non-ERISA based declaratory judgment claims pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1367(a) because all other claims, including claims for declarations that the plan sponsors have no rights of set off and forfeiture of benefits against Luce, are so related to claims within the original jurisdiction of the Court that they form the same case or controversy under Article III of the United States Constitution

## Venue

9.    This action is properly brought in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) because the breaches asserted in this action took place in this district and the Auxiliary Retirement Plan and Deferred Comp Plan may be found here because each Plan is subject to personal jurisdiction in this district. Venue is also proper pursuant to 28 U.S.C. § 1391(b) (3).

## Personal Jurisdiction

10.    The Auxiliary Retirement Plan and the Deferred Comp Plan have contracted to supply retirement benefits to Luce in this Commonwealth and have otherwise transacted business in Virginia, directly and through their agents. The causes of action asserted in this case arise out of the contract to supply retirement benefits and deferred compensation payments to Luce in this Commonwealth and the transaction of business in this Commonwealth by both Plans. As a result, personal jurisdiction over the Auxiliary Retirement Plan and the Deferred Comp Plan is proper pursuant to Va. Code Ann. § 8.01-328.1.A.(1) and (2).

11.    The Auxiliary Retirement Plan and the Deferred Comp Plan created continuing contractual relationships with citizens of the Commonwealth of Virginia including but not limited to Luce and Joseph A. Caribillo, ULLICO's former Chief Legal Officer who are participants in both Plans, and Rosemary O'Sullivan, the widow of the former Chairman and CEO of ULLICO who is a participant in and beneficiary of the Auxiliary Retirement Plan and who resides in this Commonwealth and this judicial district.

12.    As a result of the contractual relationships entered into by the Auxiliary Retirement Plan and the Deferred Comp Plan, each Plan is obligated to pay retirement benefits to Luce and other Plan beneficiaries in the Commonwealth of Virginia.

13.    The Auxiliary Retirement Plan and the Deferred Comp Plan have failed and refused to pay Luce substantial retirement benefits and deferred compensation in which

4

he is vested, thereby causing substantial injury to him in this Commonwealth and this judicial district.

14. ULLICO is qualified to do business in Virginia and has appointed a registered agent for service of process in Virginia.

15. ULLICO, Inc. has transacted business in Virginia in connection with the cause of action asserted against it by transacting business in Virginia and contracting to supply services or things in Virginia through its agents, the Deferred Comp Plan, the Auxiliary Benefits Plan, and the ULLICO, Inc. Pension Plan Trust (" the Qualified Plan"), by denying benefits under the Auxiliary Retirement Plan and the Deferred Compensation Plan payable to Luce in Virginia, by demanding Luce refund stock profits paid to him in Virginia, and by asserting rights of forfeiture and offset as grounds for instructing its agents to refuse to pay benefits to Luce.

## Factual Background

16. ULLICO established the Auxiliary Retirement Plan as of January 1, 1983 to provide benefits to employees and beneficiaries of employees whose benefits under the ULLICO qualified retirement plan might be reduced because of limitations contained in Section 415 of the Internal Revenue Code. A copy of the original Auxiliary Retirement Plan is attached as Exhibit 1.

17. Effective as of January 1, 1989, the Plan was amended to provide that recipients of benefits under the ULLICO qualified retirement plan whose benefits are reduced because of the application of Section 401(a)(17) of the Internal Revenue Code are automatically Plan participants and that the benefits payable by the Plan include any

5

benefit that would have been payable under the qualified retirement plan had that plan not been subject to the limitations of Section 401(a)(17) of the Internal Revenue Code. The resolution amending the Plan effective January 1, 1989 is attached as Exhibit 2.

18.     As a result of the amendment of the Auxiliary Retirement Plan effective January 1, 1989, the Plan ceased to be created and maintained for the sole purpose of providing benefits in excess of the limitations imposed by Section 415 of the Internal Revenue Code and therefore was no longer exempt from ERISA coverage as an unfunded "excess benefit plan". 29 U.S.C. § 1003(b) (5).

19.     The Auxiliary Retirement Plan is a "top hat" plan subject to enforcement provisions of the Employment Retirement Income Security Act ("ERISA"), but exempt from ERISA's substantive provisions including, vesting, funding and fiduciary requirements.

20.     The Auxiliary Retirement Plan provides for payment of benefits which would otherwise be payable under the qualified retirement plan available to all ULLICO employees that cannot be paid as a result of certain limitations set forth in the Internal Revenue Code. Consequently, the definition of compensation and the calculations of benefits under the Auxiliary Retirement Plan are made by reference to the terms of the qualified retirement plan. A copy of the ULLICO, Inc. Pension Plan Trust as Amended and Restated effective as of February 28, 2002 (the "Qualified Plan") is attached hereto and incorporated by reference as Exhibit 3.

21.     Prior to January 1, 2000, the Qualified Plan definition of "Sponsoring Employer ULLICO Group Compensation" did not include incentive compensation paid

6

to a "Sponsoring Employer ULLICO Group Employee" by the Sponsor Employer ULLICO Group for personal services rendered during the Plan year. See definition of "Sponsoring Employer ULLICO Group Compensation", Section 2.61, Qualified Plan.

22.    However, on October 20, 1999, the Benefits Committee of ULLICO, Inc., resolved to amend the definition of compensation in the Qualified Plan to include "regularly established annual incentive compensation with no maximum, effective January 1, 2000". A copy of the minutes of the Meeting of the Benefits Committee of ULLICO, Inc. held October 20, 1999 is attached as Exhibit 4.

23.    The Benefits Committee of ULLICO, Inc. was created and was delegated the authority to effect changes in the ULLICO Qualified Plan by action of the Executive Committee of the Board of Directors of ULLICO, Inc. taken on May 5, 1997. On that date, the Executive Committee also authorized "the appropriate officers of the Corporation to acknowledge, execute and deliver any and all actions or documents, which may be necessary or desirable to effectuate the foregoing resolutions, and their acts and deeds in so doing shall be conclusively presumed to be the acts and deeds of the Corporation." (Emphasis added). A copy of the minutes of that meeting are attached as Exhibit 5.

24.    For each Plan Year after January 1, 2000, Luce received incentive compensation payments for services rendered to ULLICO.

25.    Thereafter, Luce's incentive compensation for the years 2000, 2001, and 2003 was included in the computation of "Sponsoring Employer ULLICO Group

7

Compensation" for purposes of reporting ULLICO's obligation to fund the retirement benefits Luce was entitled to receive upon retirement.

26.    The Board of Directors of ULLICO adopted an Early Retirement Program by resolution dated April 16, 2002. The Board authorized, among other things, the amendment of the Qualified Retirement Plan to allow an individual to be qualified to receive his "Sponsoring Employer ULLICO Group Benefit" upon the attainment of age 55 and completion of 15 or more years of service. See Qualified Plan, Section 4.3(a). A draft of the Board resolution adopting the Early Retirement Plan and authorizing its implementation through the amendment of the Qualified Plan is Exhibit 6.

27.    Luce is over the age of 55 years of age and completed over 20 years of service with ULLICO. Consequently, Luce was eligible for early retirement under the Early Retirement Plan.

28.    On May 5, 2003, Luce wrote a memo to Louis J. Hejl, the Director of Corporate Benefits for ULLICO requesting confirmation of the pension benefits to which he would be entitled if he accepted the offer of early retirement.

29.    On May 6, 2003, Hejl wrote a memorandum to Luce assuring him that in the event he elected to accept the June 1, 2003 Early Retirement Program offer, he would receive a monthly pension benefit payable beginning June 1, 2003 of approximately $18,333.00 from the ULLICO, Inc. Auxiliary Retirement Benefits Plan based upon a 50% Joint and Survivor election. Exhibit 7.

30.    On May 8, 2003, Teresa E. Valentine wrote to Luce confirming that he was a participant in the Deferred Comp Plan, that the then present balance of Luce's account

8

was $1,361,169.63 and that the account balance would be paid to him upon his early retirement, subject to the terms of the Deferred Comp Plan.

31.    The Deferred Comp Plan has paid benefits in accordance with the terms of the Deferred Comp Plan, including earnings based on deemed investments in ULLICO, Inc. stock, to several former employees including at least one officer, Mr. Grelle, while refusing to pay the same benefits to Luce.

32.    After receiving assurances from the Plan and Officers of ULLICO that he would receive the entire auxiliary pension benefit under the Early Retirement Program and the amendments to the Qualified Plan authorized by the Board of Directors, and the balance of his contributions from 1998 through May 2003 and investment return on those contributions under the Deferred Comp Plan, Luce elected to retire as Executive Vice President of ULLICO as of May 31, 2003. On that date, his right to benefits under the Auxiliary Retirement Plan and the Deferred Comp Plan became vested.

33.    On June 13, 2003, Luce received his first post-retirement payment from ULLICO along with a "Pay Statement Detail" reflecting that ULLICO had valued his Supplemental Retirement Benefits under the Auxiliary Retirement Plan for Medicare Tax calculations at $1,529,089.00 and, therefore, withheld over $20,000.00 in Medicare Taxes.

34.    Luce later received a Statement of Benefits from ULLICO containing a calculation of his Supplemental Retirement Benefit under the Auxiliary Retirement Plan at $2,521,224.00 based on its Present Value as of June 1, 2003.

35.    However, ULLICO did not pay the auxiliary retirement benefit installment due to Luce on June 1, July 1, August 1, September 1 or October 1, 2003.

36.    On June 26, 2003, Damon Silvers, Acting Special Counsel to the Chairman of ULLICO, INC. left a voicemail message on Luce's telephone purporting to explain: "why the non-qualified portion of your ordinary staff retirement pension has been frozen". Silver said that the October 20, 1999 decision made by the Benefits Committee to include regular incentive compensation in the definition of Compensation under the Qualified Plan "was subject to question as to whether it was valid." Silver stated that the matter was being reviewed by "plan counsel" and that until the matter was resolved, Luce would not receive any payments of the non-qualified portion of his retirement benefits, that is, the payments from the Auxiliary Retirement Plan.

37.    On July 8, 2003, Luce met with Ed Grebow, the Acting President of ULLICO, INC. and Damon Silvers, to discuss the failure of the Auxiliary Retirement Plan to pay him the monthly benefits to which he was entitled beginning on June 1, 2003. During that meeting, Silvers told Luce that all Auxiliary Retirement Plan payments to former senior officers were frozen pending a review by "Plan Counsel" and submission of recommendations to the Board of Directors of ULLICO.

38.    During the July 8, 2003 conversation, Damon Silvers stated that the Board of Directors of ULLICO, based upon advice of "Plan Counsel," would make the decision whether or not the amendment of the Qualified Plan to include incentive compensation effective January 1, 2000 was a valid Plan amendment.

39.     On July 28, 2003 Luce wrote to Terrence M. O'Sullivan, requesting more information about the Plan's basis for refusing to pay him his vested retirement benefits.

40.     On July 29, 2003, and again on September 5, 2003, Luce wrote to ULLICO, Inc., requesting an explanation of the refusal of the Deferred Comp Plan to pay him the "undisputed portion" of the deferred compensation benefits due upon termination of his employment with ULLICO, Inc. composed of the $775,680.87 in contributions he had made to the Plan. Copies of those letters are attached as Exhibits 8 and 9.

41.     On September 11, 2003, Ted Green, General Counsel of ULLICO, Inc. responded on behalf of ULLICO, Inc., the Deferred Comp Plan and the Auxiliary Retirement Plan. A copy of that response is Exhibit 10.

42.     Green's letter unconditionally and unequivocally stated ULLICO, Inc. had decided that benefits would not be paid to Luce by the Deferred Comp Plan or the Auxiliary Retirement Plan.

43.     Green explained that the Deferred Comp Plan and ULLICO, Inc. refused to pay Luce the deferred compensation he is owed under the Deferred Comp Plan because Luce allegedly received a windfall in 2000 and 2001 as a result of "deemed" purchases and sales of ULLICO stock permitted by the Deferred Comp Plan. Green also claimed the salary and incentive compensation amounts Luce contributed to the Deferred Compensation Plan "may be subject to forfeiture or be setoff against any liability that you have to ULLICO."

44.     Also on September 11, 2003, Terrence M. O'Sullivan, Chairman and CEO of ULLICO, Inc. wrote to Luce demanding that he return, within 30 days, the sum of

11

$801,624.00, allegedly representing the profits Luce received from the sale of ULLICO, Inc. stock while he was an officer of the company. Exhibit 11.

45.    It appears the $801,624.00 demanded by O'Sullivan is the amount that ULLICO, Inc. claims is subject to setoff against the payments due to Luce from the Deferred Comp Plan and the Auxiliary Retirement Plan.

46.    The Deferred Comp Plan's refusal to pay Luce his vested benefits is an anticipatory breach and repudiation of its obligations under the Plan. A copy of the Plan is Exhibit 12.

47.    Luce's Deferred Comp and Auxiliary Retirement Plan benefits are not subject to alienation under the express anti-alienation provisions of both Plans and, thus, may not be "set-off" against any claim ULLICO, Inc. has against Luce.

48.    The Thompson Report, relied upon by ULLICO, Inc. as the basis for its claims against Luce for return of stock profits, is dated November 26, 2002. It was delivered to the ULLICO, Inc. Board of Directors shortly thereafter.

49.    On December 2, 2002 the ULLICO, Inc. Board of Directors created a Special Committee consisting of eight members of the Board, none of whom participated in the stock transactions criticized in the Thompson Report. The Special Committee was authorized to independently review the Thompson Report. The Special Committee tendered its Report to the Board of Directors on March 25, 2003. The Special Committee Report condoned the conduct of the officers and directors challenged in the Thompson Report.

12

50.   On March 28, 2003, the Thompson Report, the Report of the Special Committee to the Board of Directors and a Summary Analysis of the Report of the Special Counsel by Sidley Austin Brown & Wood, LLP were released to the public.

51.   James Luce was not terminated as an employee of ULLICO, Inc. nor ULLICO, nor was he removed as an officer of ULLICO, Inc. prior to his retirement on May 31, 2003. For over six months after the Thompson Report leveled accusations of misconduct against him, he continued to work diligently for his employer.

52.   Upon his early retirement on May 31, 2003, the new Acting President of ULLICO, Ed Grebow, asked Luce to remain as a consultant to the company for 60 days performing essentially the same duties, as well as assisting with the transition to a new executive team.

53.   ULLICO and ULLICO, Inc. elected to retain Luce as an employee and officer, and later as a consultant, and allowed him to retire under the Early Retirement Plan with full knowledge of the facts upon which they now rely in asserting that Luce breached his fiduciary duties as an officer of ULLICO, Inc. At the same time, conversely, ULLICO and ULLICO, Inc. elected to terminate another officer, Joseph Carabillo, for alleged disloyalty based on the same facts.

54.   By retaining Luce as an employee and officer after they acquired knowledge of alleged disloyalty warranting his discharge, ULLICO, Inc. and ULLICO condoned Luce's conduct and waived any claim for forfeiture of his Auxiliary Retirement Plan or Deferred Comp Plan benefits.

13

55.    On July 8, 2003, Edward Grebow, ULLICO, Inc.'s Acting President personally confided to Luce in the presence of Damon Silvers, Acting Special Counsel to ULLICO, Inc.'s Chairman, that he did not believe that Luce had done anything wrong while an officer of the corporation.

56.    The Deferred Comp Plan and the Auxiliary Retirement Plan have no right to declare a forfeiture of Luce's benefits because Luce violated no duty to his employer and ULLICO, Inc. waived any claim against him that would justify a benefit forfeiture under the federal common law applicable to nonqualified ERISA top-hat benefit plans.

57.    The proper resolution of the conflict between Luce and the Deferred Comp Plan and the Auxiliary Retirement Plan regarding any claim of forfeiture or setoff must be made by this Court sitting in its plenary capacity as a matter of federal common law and Luce's proper recourse is to apply to the Court for a declaratory judgment.

58.    Upon information and belief, the Auxiliary Retirement Plan has paid and is continuing to pay Auxiliary Retirement Plan benefits, including benefits based on compensation which included all regularly established incentive compensation, to other ULLICO retirees.

59.    The validity of the October 20, 1999 Qualified Plan amendment amending the definition of Compensation to include regularly established incentive compensation is a legal issue not a Plan administration or interpretation decision. The Board of Directors of ULLICO has no authority to decide whether prior amendments to the Qualified Plan are valid and enforceable against the Plan by Luce.

14

60.    The proper resolution of the conflict between Luce and the Auxiliary Retirement Plan regarding the validity of the October 20, 1999 Qualified Plan Amendment must be made by this Court sitting in its plenary capacity and Luce's proper recourse is to apply to the Court for a declaratory judgment.

61.    An actual antagonistic assertion and denial of rights exists between Luce and the Auxiliary Retirement Plan, the Deferred Comp Plan, ULLICO and ULLICO, Inc.

### Count I
### (For Declaratory Judgment and Clarification of Future Benefits Under the Terms of the Auxiliary Retirement Plan)

62.    The allegations of fact of paragraphs 1 through 61 are incorporated herein by reference as if set forth in full.

63.    The October 20, 1999 Resolution of the Benefits Committee that amended the definition of compensation in the Qualified Plan, effective January 1, 2000, to include regularly established incentive compensation, was a valid plan amendment.

64.    The October 20, 1999 valid plan amendment also amended the Auxiliary Retirement Plan which incorporates the definition of compensation contained in the Qualified Plan by reference.

65.    The acts and documents executed by the officers of ULLICO that implemented the October 20, 1999 Resolutions adopted by the Benefits Committee were expressly authorized by the Executive Committee of ULLICO pursuant to a resolution of the Executive Committed dated May 5, 1997.

66.    The acts of ULLICO officers, including the revision, execution and filing of the amended Qualified Plan with the Internal Revenue Service and the preparation and

15

dissemination of new summary plan descriptions containing the amendments duly adopted are conclusively presumed to be the acts and deeds of ULLICO and cannot be challenged by the Auxiliary Retirement Plan in this action.

67.    Article 7 of the Auxiliary Retirement Plan provides that ULLICO's written decisions with respect to the "meaning or application of the provisions of the Plan" shall be binding and conclusive in the event of a dispute between a participant and ULLICO.

68.    The dispute at issue in this case does not relate to the "meaning or application of the provisions of the Plan."

69.    The dispute in this case is over what the provisions of the Auxiliary Retirement Plan are. Specifically, the parties dispute whether the October 20, 1999 amendment to the definition of compensation is a proper Plan amendment.

70.    Article 7 of the Auxiliary Retirement Plan does not give ULLICO the power to decide the validity of amendments to the Auxiliary Retirement Plan.

71.    Article 9 of the Auxiliary Retirement Plan reserved to ULLICO the right to amend or terminate the Plan at any time without the consent of any participant. However, any such amendment or termination cannot "affect adversely" the benefits (i) of any participant receiving benefits under the Plan at or prior to the amendment or termination or (ii) to the extent such benefits are attributable to service prior to the date of such amendment or termination.

72.    Luce is a participant receiving benefits under the Plan and those benefits are attributable to service prior to his retirement date of May 31, 2003.

16

73.    Therefore, no amendment of the Auxiliary Retirement Plan by ULLICO made hereafter, can "affect adversely" the Auxiliary Retirement Benefits to which Luce is entitled.

74.    Upon information and belief, ULLICO and the Qualified Plan intend to adopt an amendment to the Qualified Plan that would delete incentive compensation from the definition of compensation in the Qualified Plan.

75.    Upon information and belief, the principal purpose for adopting an amendment to the Qualified Plan is to deny Luce and other former executives of ULLICO benefits under the Auxiliary Retirement Plan.

76.    Upon information and belief, the Plan intends to rely on the proposed amendment to the Qualified Plan to deny benefits to Luce under the Auxiliary Retirement Plan in violation of Article 9 of the Auxiliary Retirement Plan.

77.    The Plan intends to setoff Luce's vested benefits against alleged claims of ULLICO, Inc. in violation of the anti-alienation provisions of the Plan and federal common law.

78.    The Plan intends to declare a forfeiture of Luce's vested benefits in violation federal common law.

79.    This Court has jurisdiction pursuant to 29 U.S.C. § 1132(a)(1)(B) to enforce Luce's rights under the terms of the Auxiliary Retirement Plan and to enter a declaratory judgment clarifying his rights to future benefits under the terms of the Auxiliary Retirement Plan.

17

WHEREFORE, James W. Luce demands a declaratory judgment against the Union Labor Life Auxiliary Retirement Benefits Plan declaring:

(a)     That the October 20, 1999 Resolution of the Benefits Committee effected a valid Plan amendment of the Auxiliary Benefits Plan;

(b)     That the acts and documents executed by the officers of ULLICO that implemented the October 20, 1999 Resolution of the Benefits Committee to amend the Qualified Plan are conclusively presumed to be the acts and deeds of ULLICO and cannot be challenged by the Auxiliary Retirement Plan or ULLICO in this action;

(c)     That Article 7 of the Auxiliary Retirement Plan does not give ULLICO the power to determine the validity of amendments to the Auxiliary Retirement Plan;

(d)     That any decision by ULLICO regarding the validity of amendments to the Auxiliary Retirement Plan is of no force and effect and entitled to no judicial deference;

(e)     That James W. Luce is a participant eligible to receive benefits under the Auxiliary Retirement Plan and that such benefits are attributable to service in the Plan prior to May 31, 2003 and, therefore, no future amendment of the Auxiliary Retirement Plan may be given any force or effect which would in any way reduce or otherwise adversely affect the payment of benefits to Luce under the terms of the Auxiliary Retirement Plan;

(f)     That the Auxiliary Retirement Plan has no right to setoff benefit payments against the alleged claims of ULLICO, Inc. against Luce;

18

(g)     That the Auxiliary Retirement Plan has no right to declare a

forfeiture of Luce's vested benefits for breach of fiduciary duty to ULLICO, Inc.

(h)     James W. Luce also demands judgment against the Union Labor Life

Auxiliary Retirement Benefits Plan for a reasonable attorneys' fee and costs of the action

in the discretion of the District Court pursuant to 29 U.S.C. § 1132(g).

### Count II
### (Recovery of Benefits Due Under the Terms of
### the Auxiliary Retirement Plan)

80.     The allegations of fact in paragraphs 1 through 61 are incorporated herein

by reference as if set forth in full.

81.     Luce has a vested right to receive a monthly annuity payment of his

retirement benefits under the Auxiliary Retirement Plan in the amount of $18,333.00.

82.     Luce was entitled to receive his monthly pension benefits from the

Auxiliary Retirement Plan beginning on June 1, 2003.

83.     The Auxiliary Retirement Plan and ULLICO have failed and refused to pay

Luce's monthly retirement benefit as and when payable on June 1, 2003, July 1, 2003,

August 1, 2003, September 1, 2003 and October 1, 2003.

84.     Consequently, Luce is entitled to recover from The Auxiliary Retirement

Plan and ULLICO the benefits due to him under the terms of the Auxiliary Retirement

Plan in the amount of at least $91,665.00 as of the date of this Complaint.

85.     Additional and further retirement benefits will accrue on a monthly basis

during the pendency of this action.

19

86.     This Court has the jurisdiction to award recovery of benefits due to Luce pursuant to 29 U.S.C. § 1132(a) (1) (B).

WHEREFORE, James W. Luce demands judgment against the Union Labor Life Auxiliary Retirement Benefits Plan and Union Labor Life Insurance Company, jointly and severally, in the sum of at least $91,665.00 due as of the date of filing of this Complaint and for the further sum of at least $18,333.00 per month to the extent such obligations accrue and are not paid when due during the pendency of this action. James W. Luce further demands judgment against the Union Labor Life Auxiliary Retirement Benefits Plan and Union Labor Life Insurance Company for a reasonable attorneys' fee and the costs of this action in the District Court's discretion pursuant to 29 U.S.C. § 1132(g).

### Count III
### (For Declaratory Judgment and Clarification of Future Benefits Under the Terms of the Deferred Comp Plan)

87.     The allegations of fact in paragraphs 1 through 61 are incorporated herein by reference as if set forth in full.

88.     The Deferred Comp Plan was adopted by the Compensation Committee of the Board of Directors of ULLICO, Inc. which was authorized to adopt a deferred compensation plan for senior officers of ULLICO, Inc.

89.     The acts and documents executed by the officers of ULLICO, Inc. that implemented the decision of the Compensation Committee were expressly authorized by ULLICO, Inc.

20

90.    On September 11, 2003, ULLICO, Inc. unequivocally and unambiguously issued a written denial of benefits to which Luce is entitled under the Deferred Comp Plan.

91.    The disputed issue in this case relating to the payment of Deferred Comp Plan benefits does not relate to the interpretation or administration of the Plan.

92.    The dispute in this case regarding the right to payment of Deferred Comp Plan benefits relates to whether the Deferred Comp Plan was properly adopted by ULLICO, Inc., and whether the Deferred Comp Plan benefits are subject to offset or forfeiture based on ULLICO, Inc.'s as yet unasserted claims against Luce.

93.    The Plan has asserted a right to setoff Luce's vested Deferred Comp Plan benefits against certain as yet unasserted claims of ULLICO, Inc. in violation of the anti-alienation provisions of the Deferred Comp Plan and federal law.

94.    The Deferred Comp Plan has asserted a right to declare a forfeiture of Luce's vested benefits under the Deferred Comp Plan based on an as yet unasserted claim for breach of fiduciary duty claim in violation of federal common law.

95.    This Court has jurisdiction pursuant to 29 U.S.C. § 1132(a) (1) (B) to enforce Luce's rights under the terms of the Deferred Comp Plan and to enter a declaratory judgment clarifying his rights to future benefits under the terms of the Deferred Comp Plan

WHEREFORE, James W. Luce demands a declaratory judgment against the ULLICO, Inc. and ULLICO, Inc. Nonqualified Deferred Compensation Plan declaring:

21

(a)    That the ULLICO, Inc. Nonqualified Deferred Compensation Plan was properly adopted by the Compensation Committee of the Board of Directors of ULLICO, Inc.;

(b)    That the acts and documents executed by the officers of ULLICO, Inc. that implemented the decision of the Compensation Committee to adopt a nonqualified deferred compensation plan for the executive officers of ULLICO, Inc., including the "deemed" investment in ULLICO, Inc. stock by Plan participants are the valid acts and deeds of ULLICO, Inc. and the ULLICO, Inc. Nonqualified Deferred Compensation Plan and cannot be challenged by the ULLICO, Inc. or the ULLICO, Inc. Nonqualified Deferred Compensation Plan in this action;

(c)    That James W. Luce is a participant eligible to receive benefits under the Deferred Comp Plan and that such benefits were payable to him "as soon as practicable" after the termination of his employment with ULLICO, Inc. on May 31, 2003;

(d)    That the ULLICO, Inc. Nonqualified Deferred Compensation Plan has no right to setoff benefit payments owed to Luce against the alleged liability of Luce to ULLICO, Inc.

(e)    That the ULLICO, Inc. Nonqualified Deferred Compensation Plan has no right to forfeit Luce's vested deferred compensation benefits for any alleged breach of fiduciary duty of Luce to ULLICO, Inc.

22

(f)    James W. Luce also demands judgment against the ULLICO, Inc.

Nonqualified Deferred Compensation Plan for a reasonable attorneys' fee and the costs of

the action in  the discretion of the District Court pursuant to 29 U.S.C. § 1132(g).

### Count IV
### (Recovery of Benefits Due Under the Terms of the Deferred Comp Plan)

96.    The allegations of fact in paragraphs 1 through 61 are incorporated herein

by reference as if set forth in full.

97.    Luce has a vested right to receive deferred compensation benefits under the

Deferred Comp Plan in the amount of approximately $1,450,000.00.

98.    Luce was entitled to receive his deferred compensation benefits from the

Deferred Comp Plan as soon as practicable after May 31, 2003.

99.    The Deferred Comp Plan and ULLICO, Inc. have failed and refused to pay

Luce's deferred compensation benefits when due under the terms of the Plan.

100.    Consequently, Luce is entitled to recover from the ULLICO, Inc.

Nonqualified Deferred Compensation Plan the benefits due to him under the terms of the

Plan in the amount of approximately  $1,450,000.00.

101.    This Court has jurisdiction to award recovery of benefits due to Luce under

the Deferred Comp Plan pursuant to 29 U.S.C. § 1132(a) (1) (b).

WHEREFORE, James W. Luce demands judgment against ULLICO, Inc. non-

qualified deferred compensation plan and ULLICO, Inc., jointly and severally, in the sum

of approximately $1,450,000. James W. Luce further demands judgment against the

ULLICO, Inc. Nonqualified Deferred Compensation Plan and ULLICO, Inc. for a

23

reasonable attorneys' fee and the costs of this action in the District Court's discretion

pursuant to 29 U.S.C. 1132(g).

                                              JAMES W. LUCE
                                              By Counsel

Robert E. Scully, Jr.
Virginia State Bar No.: 19218
REES, BROOME & DIAZ, P.C.
8133 Leesburg Pike, Ninth Floor
Vienna, Virginia 22182
(703) 790-1911
Fax No. (703) 848-2530
Counsel for James W. Luce

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Amended Complaint in this action
was served upon the Secretary of the Department of Labor, Elaine L. Chao, 200
Constitution Avenue, N.W., Washington, DC 20210, and the Secretary of the Treasury,
John W. Snow, 1500 Pennsylvania Avenue, N.W., Washington, DC 20220 by certified
mail pursuant to 29 U.S.C. § 1132(h) this ___ day of October, 2003.

                                  Robert E. Scully, Jr.

24

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of October, 2003, a true and accurate copy of the foregoing First Amended Complaint was served by first class mail, mailed, postage prepaid and addressed as follows:

> Anthony J. Trenga
> Miller & Chevalier, Chartered
> 655 15th Street, N.W., Suite 900
> Washington, D.C. 20005-5701
> Attorney for Defendants

Robert E. Scully, Jr.

K:\12\12410\00003\PLDNGS\030806 First Amended Complaint.doc

25