**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ULLICO INC., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> NATIONAL UNION FIRE INSURANCE : <br> COMPANY OF PITTSBURGH, PA, et al., : <br> : <br> Defendants. : <br> : <br> NATIONAL UNION FIRE INSURANCE : <br> COMPANY OF PITTSBURGH, PA, : <br> and : <br> AMERICAN INTERNATIONAL : <br> SPECIALTY LINES INSURANCE : <br> COMPANY, : <br> : <br> Counterclaim Plaintiffs, : <br> : <br> v. : <br> : <br> ULLICO INC., : <br> : <br> Counterclaim Defendant. : | Civil Action No. 1:06cv00080 (RJL) |

**ULLICO'S JOINT REPLY TO DEFENDANTS**
**JOSEPH A. CARABILLO'S AND JOHN K. GRELLE'S OPPOSITIONS**
**TO ULLICO'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff/Counterclaim Defendant, Ullico Inc. ("Ullico"), by and through it attorneys, hereby respectfully submits this Joint Reply to Defendant Joseph A. Carabillo's ("Carabillo") Memorandum of Points and Authorities in Opposition to Ullico Inc.'s Motion for Partial Summary Judgment ("Carabillo Opposition") and John K. Grelle's ("Grelle") Opposition to Ullico's Inc. Motion for Partial Summary Judgment ("Grelle Opposition" and together, with the Carabillo Opposition, the "Oppositions").

I.  **The Oppositions should be disregarded by this Court as irrelevant and improper.**

The Court should disregard the Oppositions entirely because they attempt to raise issues outside the scope of what is before the Court for decision in Ullico's Motion for Partial Summary Judgment ("Ullico's Partial Summary Judgment Motion") and fail to comply with applicable federal rules regarding the use of affidavits and evidence supporting oppositions to summary judgment motions.

   A.  **The Oppositions assert arguments relating only to the payment of specific cost amounts and the priority of payments for covered insureds—issues not raised in Ullico's Partial Summary Judgment Motion.**

The only question brought before this Court for determination by Ullico's Partial Summary Judgment Motion was whether the panel counsel requirement of National Union's 2001 and 2002 Fiduciary Policies applied to exclude coverage for Ullico's defense costs in the Underlying Litigation and the DOL Investigations.[1] Carabillo and Grelle have attempted to use Ullico's Partial Summary Judgment Motion as an opportunity to raise issues with the Court regarding the amount of coverage and the priority of payments to covered insureds.

Specifically, Carabillo argues that he has standing to oppose Ullico's Partial Summary Judgment Motion because he has an interest if National Union is ordered to pay proceeds to Ullico from the policies at issue. (*See* Carabillo Opp'n at 4.) Ullico has not requested that National Union be ordered to pay it any specific proceeds, and it is clear that Carabillo has no standing to oppose Ullico's Partial Summary Judgment Motion. Carabillo argues that Ullico's motion should be denied because Carabillo would be prejudiced by an order compelling National Union to pay specific amounts to Ullico. (*Id.*) However, Ullico has not requested payment for any specific amounts; nor has Ullico sought any determination as to the priority of payment for

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in Ullico's Memorandum in Support of its Motion for Partial Summary Judgment.

covered insureds. (*See* Mem. in Supp. at 2-3.[2]) While these questions are raised in the pleadings and will eventually be decided by the Court, they are not at issue in Ullico's Partial Summary Judgment Motion. Rather, Ullico's Partial Summary Judgment Motion seeks only a determination that the panel counsel requirement does not preclude coverage for Ullico under either National Union's 2001 or 2002 Fiduciary Policies.

Grelle, after also claiming he has standing which he does not, focuses the majority of his opposition on asserting that Ullico has not properly distinguished its "defense costs" from the costs associated with pursuing Ullico's counterclaims against its former officers. (*See* Grelle Opp'n at 8-14.) In addition, Grelle asserts that the Court will have to determine the priority of payments for covered insureds, and as a last ditch effort, Grelle argues the Court should delay its ruling on Ullico's Partial Summary Judgment Motion until Grelle has had an opportunity to seek discovery with respect to Ullico's "defense costs." (*See* Grelle Opp'n at 14-18.) Again, while priority of payments and evidence of the amount of covered defense costs will be issues for the Court to eventually determine, they are neither issues raised in Ullico's Partial Summary Judgment Motion nor defenses to the issues raised in Ullico's Partial Summary Judgment Motion.

In anticipation that Grelle and Carabillo might suggest that National Union's Cross-Motion for Partial Summary Judgment brings the amount or priority of payment to covered insureds into question, it should be noted that the only additional issue raised by National Union in its cross motion was whether coverage for the Underlying Litigation was precluded by an exclusion under the 2002 Fiduciary Policy. The specific amounts due and owing to Ullico (or

---

[2] All citations to Ullico's Memorandum in Support of its Motion for Partial Summary Judgment are made as follows: "Mem. in Supp. at __."

any other insured) and the priority of payment are not at issue in National Union's Cross-Motion for Partial Summary Judgment.

Tellingly, the Oppositions are devoid of any arguments with respect to the issues actually raised in Ullico's Partial Summary Judgment Motion, *i.e.* the application of the panel counsel requirement to Ullico's coverage. For example, the affidavit of John K. Grelle (the "Grelle Affidavit") attached as support for the Grelle Opposition is completely devoid of any facts demonstrating a genuine issue for trial on the narrow issue before this Court – whether the panel counsel requirement of National Union's 2001 and 2002 Fiduciary Policies applies and precludes coverage as to Ullico for the Underlying Litigation and the DOL Investigations. (*See* Grelle Opp'n Ex. C.) Indeed, in his affidavit, Grelle merely denies that he engaged in self-dealing, was unjustly enriched, breached duties owed to Ullico and others, or manipulated investments in Ullico deferred compensation plans.[3] (*Id.*) As the Oppositions fail to address the issues raised by Ullico's Partial Summary Judgment Motion and focus instead on issues not currently before the Court for determination, they should be disregarded in their entirety as irrelevant.

**B.      The Oppositions fail to comply with Rule 56 of the Federal Rules of Civil Procedure.**

In addition to asking this Court to address issues outside the scope of the relief sought in Ullico's Partial Summary Judgment Motion, both the Carabillo Opposition and the Grelle Opposition fail to comply with applicable federal rules and should be disregarded for this reason as well. The Carabillo Opposition fails to comply with Rule 56(e) of the FEDERAL RULES OF CIVIL PROCEDURE. Pursuant to Rule 56(e), when a motion for summary judgment has been filed,

---

[3] To conserve both judicial and party resources, Ullico declined to file a motion to strike the Grelle Affidavit. Ullico reserves its right to file such a motion, however, as the Grelle Affidavit is irrelevant to the motion pending before this Court. *See Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 224 F.R.D. 261, 263 (D.D.C. 2004) (noting that a motion to strike pursuant to Rule 12(f) of the Federal Rules of Civil procedure is proper as the "only viable method for attacking materiality and pertinence defects" in supportive affidavits and declarations).

a non-moving party "may not rest upon the mere allegations or denials of [the] pleadings." Rather, the non-moving party must support its arguments with evidence such as an affidavit. Fed. R. Civ. P. 56(e). Even if Carabillo had raised relevant arguments in his opposition, he failed to include any evidence in support of his argument that summary judgment should be denied. Indeed, Carabillo submitted only a copy of his Amended Complaint in which he seeks a declaration that he is entitled to coverage under certain insurance policies issued by National Union and American International Specialty Lines Insurance Company ("AISLIC") and in which he asserts bad faith claims against both insurers. (*See* Carabillo Opp'n Ex. 1.)

The Grelle Opposition also fails to comply with Rule 56. The Grelle Opposition attaches irrelevant and improper affidavits, and offers nothing more than Grelle's self-serving denial of the allegations of wrongdoing asserted against him in the Amended Complaint and Underlying Litigation. (*See* Grelle Opp'n Ex. C.) The Affidavit of Timothy C. Lynch (the "Lynch Affidavit") is equally irrelevant and improper. (*See* Grelle Opp'n Ex. D.) Rather than attesting to any facts, the Lynch Affidavit amounts to nothing more than Mr. Lynch's legal argument that Ullico's Partial Summary Judgment Motion should be delayed to allow discovery into Ullico's defense costs. Indeed, the only factual assertion in the Lynch Affidavit is Mr. Lynch stating that he did not request a delay of the Court's determination sooner because he was only retained on November 14, 2006, and needed time to learn the facts and issues in dispute in the case. (*Id.* at ¶ 5.)

Further, the Grelle Opposition (and the Lynch Affidavit) fail to comply with the requirements of Rule 56(f). Pursuant to Rule 56(f), a party seeking to delay a ruling on a summary judgment motion in order to seek discovery, " bears the burden of identifying the facts to be discovered that would create a triable issue *and* why the party cannot produce those facts in

opposition to the motion[,]" and "must also demonstrate a reasonable basis to suggest that discovery might reveal triable issues of fact." *Doe v. U.S. Dep't of Labor*, 451 F. Supp. 2d 156, 164–165 (D.D.C. 2006) (citations omitted).  Neither the Grelle Opposition nor the Lynch Affidavit satisfy this burden.

In the Lynch Affidavit, Lynch attests that he needs leave to take discovery, obtain and audit Ullico legal bills, and depose attorneys who rendered the services billed to Ullico.  (*See* Grelle Opp'n Ex. D, ¶ 3.)  Lynch contends that the discovery would reveal how to apportion defense costs, and would reveal the extent of coverage remaining available to Ullico.  (*Id*. at ¶ 4.)  As discussed above, however, the amount of defense costs and the apportionment of coverage payments are not issues currently before the Court for determination.  Glaringly absent from either the Grelle Opposition or the Lynch Affidavit is any explanation of what discovery is needed to respond to the narrow issue that is actually before this Court.  Grelle sets forth no facts he might discover that would create a triable issue regarding the panel counsel requirement, nor any facts explaining why he could not yet produce those facts.

Since the Oppositions address only issues which are not raised in Ullico's Partial Summary Judgment Motion and are irrelevant to the Court's determination of whether the panel counsel requirement precludes coverage for Ullico's defense costs in the Underlying Litigation and DOL Investigations, and since the Oppositions fail to attach proper evidentiary support for their arguments or to comply with the requirements of Rule 56, they should be disregarded by this Court.

ULLICO INC.

/s/ John F. Anderson
By One of Its Attorneys

John F. Anderson
D.C. Bar No. 393764
TROUTMAN SANDERS LLP
1660 International Drive
Suite 600
McLean, VA 22102
(703) 734-4356

Of Counsel:

Timothy W. Burns (*Pro Hac Vice* Admission)
Angela R. Elbert (*Pro Hac Vice* Admission
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 2200
Chicago, Illinois 60602
(312) 269-8000