UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH A. CARABILLO<br>    Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>AMERICAN INTERNATIONAL<br>SPECIALTY LINES INSURANCE<br>COMPANY<br>and<br>NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH, PA<br>    Defendants/Counterclaim Plaintiffs | Case No. 1:04CV00970 (RJL/AK) |
| ULLICO INC.,<br>    Plaintiff/Counterclaim Defendant,<br><br>v.<br>AMERICAN INTERNATIONAL<br>SPECIALTY LINES INSURANCE<br>COMPANY<br>and<br>NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH, PA<br>    Defendants/Counterclaim Plaintiffs | Case No 1:06cv0080 (RJL/AK) |

## DEFENDANTS'/COUNTERCLAIM PLAINTIFFS' MOTION TO STAY

Defendants/Counterclaim Plaintiffs American International Specialty Lines Insurance Company ("AISLIC") and National Union Fire Insurance Company of Pittsburgh, PA ("National Union") (AISLIC and National Union are hereinafter collectively referred to as the "Insurers"), by and through their undersigned counsel and pursuant to Local Civil Rule 7, hereby move to stay the above-captioned coverage cases until a resolution of the underlying claims between the

406325

plaintiffs currently pending before this Court. A Memorandum of Points and Authorities in support of the instant motion is being filed simultaneously herewith.

Dated: January 31, 2007

                                        Respectfully submitted,

                                        **PATTON BOGGS LLP**

By:
                          /s/
                David J. Farber (415899)
                Shannon W. Conway (477863)
                2550 M Street, N.W.
                Washington, D.C. 20037
                Telephone: (202) 457-6000
                Facsimile: (202) 457-6315

*Counsel for Defendants/Counterclaim Plaintiffs American International Specialty Lines Insurance Company and National Union Fire Insurance Company of Pittsburgh, PA*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOSEPH A. CARABILLO | : | |
| | : | |
| Plaintiff/Counterclaim Defendant, | : | |
| | : | Case No. 1:04CV00970 (RJL/AK) |
| v. | : | |
| | : | |
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA | : | |
| | : | |
| Defendants/Counterclaim Plaintiffs | : | |
| ---------------------------------------------- | : | |
| ULLICO INC., | : | |
| | : | |
| Plaintiff/Counterclaim Defendant, | : | |
| | : | Case No. 1:06cv0080 (RJL/AK) |
| v. | : | |
| | : | |
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA | : | |
| | : | |
| Defendants/Counterclaim Plaintiffs | : | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'/COUNTERCLAIM PLAINTIFFS' MOTION TO STAY

406325

# TABLE OF CONTENTS

PAGE

INTRODUCTION .................................................................................................................. 2

PROCEDURAL BACKGROUND ........................................................................................ 4

    The *Carabillo* Action ........................................................................................................ 4

    The *Ullico* Action ............................................................................................................. 4

ARGUMENT .......................................................................................................................... 5

I.    The Balance of Equities Requires Staying the *Ullico* and *Carabillo* Actions
    Until the Underlying Litigation is Resolved .................................................................. 5

    A.    The General Standard Governing Stay Requests ............................................. 5

    B.    A Stay Is Necessary to Prevent the Underlying Litigants From
        Obtaining Through the Coverage Actions Discovery Privileged
        and Other Confidential Information About Each Other .................................. 6

II.   The *Carabillo* and *Ullico* Actions are Premature on at Least Half of the Claims
    They Assert ...................................................................................................................... 8

III.  The Insurers' Coverage Defenses Cannot be Fully Litigated Unless the Underlying
    Litigations are First Resolved ....................................................................................... 10

Rule 7.1 CERTIFICATION ................................................................................................. 11

CONCLUSION ...................................................................................................................... 11

# TABLE OF AUTHORITIES

PAGE

*Al-Shabany v. Bush*,
  No. 05-2029JDB, 2005 WL 3211407 (D.D.C. Nov. 17, 2005) .................................5, 10

*American Policyholders Ins. Co. v. Nyacol Products, Inc.*,
  No. 918667, 1996 WL 1186779 (Mass. Super. Jan 29, 1996) ................................6, 9

*Avocados Plus Inc. v. Johanns*,
  421 F.Supp.2d 45 (D.D.C. 2006) ..................................................................5, 10

*Children's Friend & Service v. St. Paul Fire & Marine Ins. Co.*,
  893 A.2d 222 (R.I. 2006) ............................................................................. 9

*City of Danbury v. Connecticut Interlocal Risk Management Agency*,
  No. X01980166984, 2001 WL 1200890 (Conn. Super. Sept. 14, 2001) ................ 10

*In re Search of the Rayburn House Office Building*,
  434 F.Supp.2d 3 (D.D.C. 2006) ................................................................... 5

*National Union Fire Ins. Co. v. Binker*,
  665 F.Supp. 35 (D.D.C. 1987) ..................................................................... 9

*Ortiz v. Biscanin*,
  34 Kan.App.2d 445, 1 P.3d 253 (Kan.App.2005) ............................................ 6

*Perdue Farms, Inc. v. National Union Fire Ins. Co. of Pittsburgh, Pa.*,
  No. 04-1176, 2005 WL 1316955 (4th Cir. June 2, 2005) .................................. 8

*S. Freedman & Sons, Inc. v. Hartford Fire Ins. Co.*,
  396 A.2d 195 (D.C. 1978) ........................................................................... 8

*Salus Corp. v. Continental Cas. Co.*,
  478 A.2d 1067 (D.C. 1984) ......................................................................... 8

*Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*,
  559 F.2d 841 (D.C.Cir. 1977) ...................................................................... 5

*Wight v. United Pacific Ins. Co.*,
  154 F.Supp. 548 (D. Utah 1957) ..............................................................7, 11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH A. CARABILLO<br><br>    Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>AMERICAN INTERNATIONAL<br>SPECIALTY LINES INSURANCE<br>COMPANY<br>and<br>NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH, PA<br><br><br><br>    Defendants/Counterclaim Plaintiffs | Case No. 1:04CV00970 (RJL/AK) |
| ULLICO INC.,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>AMERICAN INTERNATIONAL<br>SPECIALTY LINES INSURANCE<br>COMPANY<br>and<br>NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH, PA<br><br>    Defendants/Counterclaim Plaintiffs | Case No. 1:06cv0080 (RJL/AK) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'/COUNTERCLAIM PLAINTIFFS' MOTION TO STAY

Defendants/Counterclaim Plaintiffs American Specialty Lines Insurance Company ("AISLIC") and National Union Fire Insurance Company of Pittsburgh, PA ("National Union") (AISLIC and National Union are hereinafter collectively referred to as the "Insurers") hereby submit this Memorandum of Points and Authorities in support of their Motion to Stay these

406325

matters until a resolution of the underlying claims at issue in related litigation has occurred, and state as follows:

## INTRODUCTION

These two cases are satellite coverage cases stemming from the multitude of underlying "Ullico" suits pending before this Court. In the first of these two satellite coverage actions, No. 1:04CV00970 ("the *Carabillo* Action"), Plaintiff Joseph A. Carabillo ("Carabillo") seeks from the Insurers coverage under a plethora of policies arising out of claims against him by his former employer, Ullico Insurance Company ("Ullico") in this and the Superior Court – *Ullico Inc. Litigation*, No. 1:03-cv-01556-RJL (D.D.C.) and *Ullico, Inc. v. Georgine, et al.*, No. 2004 CA 000361 (Sup. Ct. D.C.) (collectively the "Underlying Litigations"). The second satellite coverage action, No.1:06CV00080 ("the *Ullico* Action"), is a similar suit brought by Ullico seeking coverage determinations under the same policies for claims against it in the Underlying Litigations. In the *Ullico* Action, Ullico also seeks to enjoin the Insurers from paying for the Carabillo and other individual litigants' Underlying Litigations defenses.[1]

Although "paper" discovery has begun in both coverage actions, Rule 16 filings have been jointly submitted, and interrogatories have been answered,[2] material document production simply has not, and cannot occur. Indeed, for at least three reasons, all parties to the coverage actions have reached a point where, until a resolution of the Underlying Litigations has occurred, continuation of the coverage litigations is simply not possible. First, each of Carabillo, Grelle

---

[1] National Union specifically reserves its rights under all of the insurance policies at issue in this litigation, and expressly states that by moving for a stay, National Union is not implicitly or explicitly agreeing to defend or indemnify any insured beyond the $5 million limit of liability in the 2001 Fiduciary Policy. Likewise, AISLIC specifically reserves its rights under all of the insurance policies at issue in this litigation and expressly states that by moving for a stay, AISLIC is not implicitly or explicitly agreeing to defend or indemnify any insured where such defense and indemnity is explicitly excluded or otherwise not available under such policies.

[2] The Insurers do not agree that Ullico or Carabillo have met the requirements of Rule 33 in their interrogatory responses, and reserve the right, at an appropriate point in the litigation, to move to compel interrogatory and other discovery responses.

406325                                                          2

and Ullico – litigants against each other in the Underlying Litigations, have sought discovery from the Insurers (and, amazingly, from each other) as to the details of the opponents' defense costs submitted to and paid by the Insurers, along with the Insurers' confidential communications with the requestor's Underlying Litigations opponents. The Insurers' fiduciary and other obligations to each policyholder, as well as the need for orderly conduct of the Underlying Litigations and the Coverage Actions, however, necessarily prohibits the Insurers from disclosing any one policyholder's confidential communications and defense cost bills to Underlying Litigations opponents. Thus, discovery cannot proceed efficiently or at all in many respects, until the Underlying Litigations are resolved.

Second, and even if the litigants in the Underlying Litigations were not using the Coverage Actions' discovery process to access otherwise privileged information, the Coverage Actions would still warrant a stay given that at least half of the issues involved in the *Carabillo* and *Ullico* cases – those seeking indemnification for their liabilities in the Underlying Litigations – are not even ripe. Simply put, there can be no finding of the Insurers' duty to indemnify until the Underlying Litigations reach resolution. Thus, it simply makes judicial, economical, equitable and practical sense to stay the Coverage Actions until they can be resolved once, rather than having to be litigated twice.

Third, the Insurers' coverage defenses (such as the "intentional acts" defense) in the instant cases cannot be fully litigated without prejudicing the underlying litigants unless the Underlying Litigations are first resolved. Thus, the Coverage Actions cannot, and should not, be litigated simultaneous to the Underlying Litigations. These traditional concerns, which normally compel courts to stay coverage cases until resolution of the underlying case, are particularly heightened in this case, where both Carabillo and Ullico, plaintiffs in the Coverage Actions, are suing each other in the Underlying Litigations, and are seeking coverage for those suits under the

406325                                    3

same policies. Thus, the potential prejudice to all parties – Ullico, Carabillo, other individual defendants and the Insurers – is particularly extreme in this case. For these reasons, the Court should immediately stay all aspects of both Coverage Actions until complete resolution of the Underlying Litigations.

## PROCEDURAL BACKGROUND

**The *Carabillo* Action**

On June 15, 2004, Carabillo filed his initial complaint against AISLIC, seeking a determination of insurance coverage arising out of the Underlying Litigations. After the parties exchanged Answers and Counterclaims and submitted their Joint Rule 16.3 Report, Carabillo filed his First Amended Complaint to join National Union as a Defendant on October 13, 2005. Before any discovery commenced among the parties, on December 28, 2005, Carabillo moved for summary judgment, against AISLIC only. AISLIC opposed the motion and on August 22, 2006 this Court summarily denied Carabillo's requested summary judgment.

The parties have engaged in limited discovery, but the Insurers, for reasons discussed in more detail herein, are unable to respond fully to Carabillo's discovery requests. Likewise – but for reasons unknown to the Insurers – Carabillo has thus far refused to fully respond to the Insurer's discovery requests and has only provided a very limited and incomplete set of responsive documents.

**The *Ullico* Action**

On November 17, 2005, Ullico initiated its own coverage action against the Insurers in the United States District Court for the Eastern District of Virginia. Ullico subsequently filed its Amended Complaint, the Insurers collectively filed their Answer and Counterclaims, and on January 17, 2006 the action was transferred to this Court. In this action, Ullico seeks a determination of insurance coverage arising out of the Underlying Litigations, and seeks to

enjoin the Insurers' payment of any monies under the relevant insurance policies to any of the individual defendants, Carabillo, Grelle and Luce (collectively, the "Individual Defendants").

The parties jointly filed a Rule 16.3 Report and have exchanged Rule 26(a)(1) statements. In addition, various motions to dismiss were filed by the Individual Defendants, each of which was denied by this Court's Minute Orders issued on August 22, 2006. Ullico and the Insurers have exchanged limited discovery and individual defendants Luce and Grelle have served discovery upon Ullico, as well. To date, however, none of the litigants in the Ullico coverage action have actually exchanged documents.

## ARGUMENT

I. **The Balance of Equities Requires Staying the *Ullico* and *Carabillo* Actions Until the Underlying Litigation is Resolved.**

   A. **The General Standard Governing Stay Requests.**

The general standard governing a motion to stay is whether a "balance of the equities" will be achieved. *See In re Search of the Rayburn House Office Building*, 434 F.Supp.2d 3, 4 (D.D.C. 2006) (quoting *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C.Cir. 1977)); *Avocados Plus Inc. v. Johanns*, 421 F.Supp.2d 45, 49 (D.D.C. 2006) (Kessler, J.) (granting a stay of all proceedings pending the resolution of "a case that Defendants argued would 'provide this Court with guidance as to the issues presented here'"); *see also Al-Shabany v. Bush* No. 05-2029JDB, 2005 WL 3211407 (D.D.C. Nov. 17, 2005) (Bates, J.) (granting motion to stay and holding "case in abeyance pending the disposition of critical issues presented in the related appeals"). In this case, the Insurers respectfully submit that the "balance of the equities" requires staying the *Carabillo* and *Ullico* coverage actions until the Underlying Litigations among, *inter alia*, Carabillo and Ullico, are resolved. Indeed, experience to date demonstrates that the Coverage Actions are unable to proceed further until the policyholders' Underlying Litigations are concluded.

406325                                   5

### B. A Stay Is Necessary to Prevent the Underlying Litigants From Obtaining Through the Coverage Actions Discovery Privileged and Other Confidential Information About Each Other.

At its minimum, a stay is necessary in this case because discovery is unable to proceed; Ullico's and Carabillo's discovery requests of the Insurers seek information that each may use against one another in the Underlying Litigations. Simply stated, both Ullico and Carabillo (and, most recently, Individual Defendants Luce and Grelle) seek each other's defense cost bills, and other information about the defense costs that the Insurers have paid to each of Ullico, Carabillo and the other Individual Defendants. Exhibit A (Ullico's First Request for Production of Documents) at Request Nos. 2, 3, 4, 5, 7, 8; Exhibit B (Carabillo's First Set of Interrogatories and Request for Production of Documents) at Request Nos. 2, 3, 5, 8 and 9. Defendants Luce and Grelle have not even taken this circuitous route of asking the Insurers for this information, but instead have directly asked Ullico in the *Ullico Action* for Ullico's defense cost bills, which Ullico refuses to produce. Exhibit C (Ullico's Response to Luce's First Request for Production of Documents) at Response No. 1; Exhibit D (Grelle's First Request for Production of Documents). Predictably, Ullico has asserted a privilege defense, and its disclosure in the midst of the Underlying Litigations among those same individuals would be prejudicial to each of them.

However the underlying litigants respond to each other, the Insurers are not free to respond to discovery requests that would prejudice one policyholder over another – particularly, as in this case, when their policyholders are in active litigation against each other in the very same case to which the discovery relates. *See Ortiz v. Biscanin*, 34 Kan.App.2d 445, 460, 1 P.3d 253 (Kan.App. 2005) (factor in analysis of whether insurer acted in bad faith included whether it acted "in a manner so as to limit the potential prejudice to its insured"); *American Policyholders Ins. Co. v. Nyacol Products, Inc.*, No. 918667, 1996 WL 1186779, at *1 (Mass. Super. Jan. 29,

406325                                                    6

1996) (insurer "cannot act for its own benefit to the prejudice of its insured"); *see also Wight v. United Pacific Ins. Co.*, 154 F.Supp. 548 (D. Utah 1957) (dismissing coverage action upon finding that "it would be better not to continue with the [coverage] action at all," until resolution of underlying claim, for fear of causing prejudice to the insured). While the Insurers are prepared to produce this information upon consent of each of the policyholders at issue, the policyholder litigants quite obviously have not consented to this disclosure. Nor has Ullico responded to the Luce discovery requests. Simply stated, discovery is at a logjam. Thus, the fiduciary duties owed by the Insurers to each of their insureds compel a stay of the *Carabillo* and *Ullico* actions. There is simply no way in which discovery can proceed on many of the coverage defenses and coverage claims at issue here lest they prejudice one side or the other in the Underlying Litigations.

While discovery into the underlying litigants' defenses and defense fees and costs are an obvious example of the inherent conflicts in permitting the Coverage Actions to proceed concurrently to the Underlying Litigations, they are hardly the only examples. For instance, the Insurers cannot provide documents or responses to propounded interrogatories that seek information relating to the various positions taken by the Insureds in the Underlying Litigations or the litigation tactics used by its Insureds in the Underlying Litigations, without prejudicing their policyholders. *See, e.g.,* Exhibit A at Request Nos. 2, 4; Exhibit B at Request Nos. 12, 14. Thus, to the extent that Ullico, Carabillo and/or any of the other Individual Defendants seek to obtain discovery in this litigation that they are unable to obtain in the Underlying Litigation, the Insureds will have to adhere to their obligation not to take any action that may cause prejudice to their insureds, which in turn will stymie the Insurers' ability to respond to discovery requests in the Ullico and Carabillo cases.

It is rare that courts are presented with the situation present here. Granted, and as explained below, it is often the case that a policyholder's declaratory judgment coverage action will be stayed until resolution of the underlying claims. Here, however, the policyholders who brought the two pending Coverage Actions are litigating *against each other* in the Underlying Litigations. For that reason, the need for a stay in these cases is all the more pronounced.

## II. The *Carabillo* and *Ullico* Actions are Premature on at Least Half of the Claims They Assert.

Even if the somewhat unique circumstances described above did not warrant a stay, which they most clearly do, the *Carabillo* and *Ullico* actions are also premature given that at least half of the issues presented therein are not even ripe for adjudication. Both actions seek, *inter alia,* a declaratory judgment that the Insurers owe their purported insureds indemnity under the policies at issue. *See* Ullico's First Amended Complaint at Count IV (06cv00080, Docket #1); Carabillo's Amended Complaint at Count I (04cv00970, Docket #14). However, duties of indemnification, as a matter of law, cannot be determined until the Underlying Litigations are resolved. *Salus Corp. v. Continental Cas. Co.*, 478 A.2d 1067, 1069-70 (D.C. 1984) (insurer's duty to indemnify depends not upon the facts as they are alleged in the underlying complaint, but rather upon the true facts decided at trial) (citing *S. Freedman & Sons, Inc. v. Hartford Fire Ins. Co.*, 396 A.2d 195, 197 (D.C. 1978)); *see also Perdue Farms, Inc. v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, No. 04-1176, 2005 WL 1316955 at *5 (4th Cir. June 2, 2005) ("insurer's duty to indemnify depends on the resolution of facts alleged . . .").

Individual Defendants Luce, Carabillo and Grelle have previously recognized that resolution of the Underlying Litigations is necessary to a determination of the Insurers' duty to defend. Indeed, in Luce's Motion to Dismiss the *Ullico* action – the arguments of which Carabillo and Grelle both incorporated into their respective motions to dismiss the *Ullico* action (06cv00080, Docket # 3, 10) – Luce stated:

> A declaratory judgment in this action will not provide complete relief or settle the entire dispute among the parties. The only issue even arguably ripe for resolution is whether National Union has a duty to defend and is properly advancing Defense Costs to Luce and the Individual Defendants. Whether National Union will ultimately become liable to indemnify Luce against any portion of a judgment entered against Luce or any other Individual Defendant cannot be resolved at this time.

*Luce's Motion to Dismiss* (a copy of which is attached hereto as Exhibit E), at 19.

Thus, five of the six parties to the *Carabillo* and *Ullico* actions **agree** that the issues of whether the Insurers are obligated to indemnify any insured will not be ripe for adjudication until resolution of the Underlying Litigations is achieved. And it simply makes no sense to bifurcate the issues in these complex coverage actions when they may be finally resolved in their entirety upon such resolution of the Underlying Litigations.[3] As such, a stay of the *Carabillo* and *Ullico* Actions is appropriate until all issues involved are ripe for adjudication.

Given this problem, many courts have recognized that even discovery ought not to begin, nor can it proceed in an orderly fashion, until the underlying disputes are resolved. *See, e.g., National Union Fire Ins. Co. v. Binker,* 665 F.Supp. 35, 36 (D.D.C. 1987) (earlier proceedings stayed pending resolution of the underlying case); *Children's Friend & Service v. St. Paul Fire & Marine Ins. Co.,* 893 A.2d 222 (R.I. 2006) ("In the declaratory judgment action . . . issues concerning indemnity coverage were severed and stayed pending resolution of the underlying tort action"); *American Policyholders Ins. Co.,* 1996 WL 1186779, at *1 ("[t]o eliminate any risk

---

[3] Of course, to the extent any party objects to the within Motion to Stay on the grounds that there are purely legal issues that might be resolved in the interim, the Insurers are prepared, on a case-by-case basis, to address such issues. The proposed stay of these proceedings will not prevent the filing of a Motion for Partial Lift of Stay for purposes of filing any such motions. However, experience in these cases to date suggests that even such Motions ought to be held in abeyance. For example, Carabillo's Motion for Summary Judgment (*Carabillo Action,* Docket No. 27) made several arguments about certain policy terms, conditions and exclusions that simply could not be addressed until the Underlying Litigations were resolved, which is, in part, why that motion was premature and was denied. Ullico's most recent Motion for Partial Summary Judgment (*Ullico Action,* 06cv00080, Docket #34, filed on November 3, 2006) raises a host of factual issues related to the underlying litigation and payment of defense costs which Ullico has failed to produce discovery upon. This Court's summary denial of Carabillo's motion only underscores the need for additional information – which will not be available for these proceedings until the Underlying Litigations are resolved.

of inconsistent factual determinations that could prejudice [the insured], a stay of discovery, which may be prejudicial to [the insured], pending resolution of the [underlying] EPA suit is appropriate when the coverage question turns on facts which may be determinative in the underlying proceeding"). As the state court in *City of Danbury v. Connecticut Interlocal Risk Management Agency,* No. X01980166984, 2001 WL 1200890 (Conn. Super. Sept. 14, 2001), articulated:

> Staying the [coverage action] until resolution of the [underlying] claims therefore presents the prospect that the issues, facts, and number of claims to be decided in this case may be fewer and the amounts at issue and duration of the trial of the [coverage] action may be reduced by the time the case is tried. If the [coverage action is] not stayed the court may needless[ly] spend resources managing discovery and trying facts in the [coverage action] that are related to claims or that are not ultimately proven in [the underlying case].

*Id.* at *3.

For this reason, the Insurers respectfully submit that the Coverage Actions should be stayed pending resolution of the Underlying Litigations. Only at that time will the litigants, and the Court, be able to address and resolve the issues pending in the current proceedings. *See, e.g., Avocados Plus Inc.,* 421 F.Supp.2d at 49 (granting a stay of all proceedings pending the resolution of "a case that Defendants argued would 'provide this Court with guidance as to the issues presented here'"); *see also Al-Shabany,* 2005 WL 3211407.[4]

### III. The Insurers' Coverage Defenses Cannot be Fully Litigated Unless the Underlying Litigations are First Resolved

---

[4] The Insurers note, however, that the Court can and should rule on National Union's pending Cross-Motion for Summary Judgment on the sole issue of whether the 2002-03 Fiduciary Policy is even implicated by the Underlying Litigations. The Court's disposition of that issue further narrows the issues of coverage and will thus result in an even more straight-forward resolution of the Coverage Actions once the Underlying Litigations are resolved.

406325                                           10

In addition, the Insurers' defenses to coverage include, *inter alia*, an "intentional acts" exclusion applicable to some of the claims at issue in the Underlying Litigations. Until resolution of the Underlying Litigations occurs, however, it would be similarly prejudicial for discovery to proceed on this issue. While that is a typical reason courts grant the types of stays requested here, the concern is far more extreme in these cases, where the underlying litigants are all named or additional insureds under the same policies, and both sides of the Underlying Litigations are seeking coverage under the same policies for the same claims and counterclaims. *See, e.g., Wight*, 154 F.Supp. 548 (dismissing coverage action upon finding that "it would be better not to continue with the [coverage] action at all," until resolution of underlying claim, for fear of causing prejudice to the insured).

In sum, the complex insurance coverage issues cannot proceed without prior resolution of the Underlying Litigations. When those cases are concluded, the coverage issues here become far less complex, the discovery process may go forward, and an appropriate resolution based on the applicable policies, terms, conditions and exclusions – in light of the findings made in the Underlying Litigation – may be achieved.

**Rule 7.1 CERTIFICATION**

Pursuant to Local Civil Rule 7.1, counsel for the Insurers discussed the instant motion with counsel for Carabillo and Ullico in telephone conferences on October 5, 2006, and counsel for the Insurers raised the issue again before counsel for all parties during the Status Conference which took place on October 6, 2006 before this Court. Further conversations and correspondence among counsel for the Insurers and Ullico discussing the instant motion were had during the weeks of January 22 and January 29, 2007. Unanimous consent was not achieved.

## CONCLUSION

For the foregoing reasons, Carabillo respectfully requests that this Court issue a stay of all proceedings in the Carabillo and Ullico cases pending resolution of the Underlying Litigations.

Dated: January 31, 2007

                                                Respectfully submitted,

                                                **PATTON BOGGS LLP**

By:                   /s/
                                        David J. Farber (415899)
                                        Shannon W. Conway (43958)
                                        2550 M Street, N.W.
                                        Washington, D.C. 20037
                                        Telephone: (202) 457-6000
                                        Facsimile: (202) 457-6315

                                        *Counsel for Defendants/Counterclaim Plaintiffs American International Specialty Lines Insurance Company and National Union Fire Insurance Company of Pittsburgh, PA*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH A. CARABILLO  :<br><br>    Plaintiff/Counterclaim Defendant,  :<br><br>v.  :<br><br>AMERICAN INTERNATIONAL  :<br>SPECIALTY LINES INSURANCE<br>COMPANY  :<br>and<br>NATIONAL UNION FIRE INSURANCE  :<br>COMPANY OF PITTSBURGH, PA<br>:<br><br>    Defendants/Counterclaim Plaintiffs  : | Case No. 1:04CV00970 (RJL/AK) |
| ULLICO INC.,  :<br><br>    Plaintiff/Counterclaim Defendant,  :<br><br>v.  :<br><br>AMERICAN INTERNATIONAL  :<br>SPECIALTY LINES INSURANCE<br>COMPANY  :<br>and<br>NATIONAL UNION FIRE INSURANCE  :<br>COMPANY OF PITTSBURGH, PA<br>:<br><br>    Defendants/Counterclaim Plaintiffs  : | Case No. 1:06cv0080 (RJL/AK) |

**ORDER**

UPON CONSIDERATION of Defendants'/Counterclaim Plaintiffs' Motion to Stay, Memorandum of Points and Authorities in support thereof, and the arguments in opposition, it is this ___ day of _____ 2007:

406325

**ORDERED** that Defendants'/Counterclaim Plaintiffs' Motion to Stay be, and the same hereby is GRANTED; and it is

**FURTHER ORDERED** that the proceedings in the above-captioned matters shall be stayed until further notice.

_____
Richard J. Leon
United States District Court Judge