# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ULLICO INC., <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., et al., <br><br> Defendants. | Civil Action No. 1:06cv00080 (RJL) |

## ULLICO INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff ULLICO INC. ("Ullico"), by its attorneys, and pursuant to Federal Rule of Civil Procedure 34, hereby requests that Defendants National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and American International Specialty Lines Insurance Company ("AISLIC") (collectively National Union and AISLIC are referred to herein as "Insurers") each produce the following documents, objects and tangible things for inspection within thirty (30) days from the date of service.

### INSTRUCTIONS

1. If you cannot provide all of the documents requested in any particular Request, provide the documents you have or are within your possession, custody or control and state where, if known, Ullico can acquire the documents you do not have and cannot reasonably acquire.

2. The responses should include all documents within your custody, possession or control including, but not limited to, documents in the custody, possession or control of your attorney(s) or any other of your agents.

3. Where an objection is made to any Request or sub-part thereof, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time permitted under the applicable discovery rules shall be waived.

4.  The words "and" and "or" shall be construed conjunctively or disjunctively as is necessary to make the request inclusive rather than exclusive.

5.  The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive.

6.  The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

7.  If a document described by or otherwise falling within the scope of any request was, but no longer is, in existence or in your control, custody or possession, then (1) identify the document, (2) state the present or last known location of that document and identify all persons who you believe may have the document within their possession, custody or control, and (3) identify all persons with knowledge of the contents of that document.

8.  If a document described by or otherwise falling within the scope of any request is no longer in existence because it was discarded, destroyed or otherwise disposed of, then (1) identify the document, (2) identify the date on which the document was discarded, destroyed or disposed of, (3) identify the person(s) who discarded, destroyed or disposed of the document, and (4) identify the person(s) who directed or authorized the document's destruction or disposition.

9.  This discovery is continuing in nature. If information is discovered or comes to Your attention after a Request is responded to that would change or supplement such response, demand is hereby made to furnish such response. Objection will be made at trial to any attempt to introduce evidence which should have been but was not disclosed in the responses or supplementation of responses.

10.  In the event that you refuse to produce a document requested in any of the foregoing Requests on the grounds of privilege or work product, for each such document, state the nature of the claimed privilege with specificity, the date of the document which is claimed to be privileged, the identity of the author and all recipients of the document which is claimed to be privileged, and a general description of the subject matter of the document sufficient to provide an understanding for the claim of privilege and the number of pages for each document.

11.  In producing legal services invoices to any party, except the party on whose behalf the invoices originally were submitted, you may redact the entries describing the legal work performed.

## DEFINITIONS

A.  "Insurers" shall mean National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and American International Specialty Lines Insurance Company ("AISLIC").

B.  "Individual Defendants" shall mean defendants Joseph A. Carabillo, James W. Luce, and John K. Grelle.

C. "2001 Fiduciary Policy" shall mean the Employee Benefit Plan Fiduciary Liability Policy issued by National Union to Ullico and its subsidiaries with a policy period of October 30, 2001 to October 30, 2002, policy number 874-44-03.

D. "2002 Fiduciary Policy" shall mean the Employee Benefit Plan Fiduciary Liability Policy issued by National Union to Ullico and its subsidiaries with a policy period of October 30, 2002 to October 30, 2003, policy number 495-38-35.

E. "D&O Policy" shall mean the Directors, Officers and Private Company Liability Insurance Policy issued by National Union to Ullico and its subsidiaries with a policy period of October 30, 2002 to October 30, 2003, and a Run-Off Endorsement, policy number 495-36-84.

F. "Professional Liability Policy" shall mean the Professional Liability Insurance Policy issued by AISLIC to Ullico and its subsidiaries with a policy period of October 30, 2003 to October 30, 2004, policy number 348-92-35.

G. "Insurance Policies" shall mean collectively the 2001 Fiduciary Policy, the 2002 Fiduciary Policy, the D&O Policy, and the Professional Liability Policy.

H. "Underlying Litigation" shall mean complaints captioned: *Carabillo v. Ullico Inc.*, No. 1:03 CV 01556 (Dist. Ct. D.C.); *Carabillo v. Ullico Inc. Pension Plan & Trust, et al.*, No. 1:04 CV 00776 (Dist. Ct. D.C.); *Luce v. The Union Labor Life Auxiliary Retirement Benefits Plan, et al.*, No 1:03 CV 1014 (transferred from the E.D. VA to Dist. Ct. D.C.); *Ullico Inc. v. Luce*, No. 1:04 CV 01830 (Dist. Ct. D.C.); and *Luce v. Ullico Inc. Pension Plan & Trust, et al.*, No. 1:05 CV 851 (transferred from the E.D. VA to Dist. Ct. D.C.).

I. "DOL Investigation" shall mean the Department of Labor investigation commenced in March of 2002 concerning the sale and purchase of Ullico stock by Ullico's employee benefit plans and fiduciaries.

J. "You" and "Your" shall mean and refer to National Union and AISLIC.

K. The term "document(s)" shall be defined given the broadest scope and meaning permitted under law and shall broadly mean and include all originals and all non-identical copies (whether non-identical by reason of additional writing, markings, notations or otherwise) of all materials discoverable under the Federal Rules of Civil Procedure. The term covers not only materials that are in your actual possession, but also those that are in your custody or control. The term includes, without limitation, all original and non-identical copies of every writing or recording of every kind or description, whether handwritten, typed, drawn, printed, or recorded by any physical, mechanical, electronic or electrical means, whatever, including without limitation letters, electronic mail and messages, correspondence of any other form or type, communications, telegrams, telexes, instructions, intra-corporate and inter-corporate memoranda, notations or memoranda of conversations (including telephone conversations), travel records, diary entries, journals, calendar pads, desk pads, telephone pads, telephone logs, statements prepared by investigators, statements of employees, papers, pamphlets, brochures, circulars, advertisements, sketches, plans, tests, notes, notebooks, analyses, audits, inventories, financial

statements, balance sheets, annual or other periodic reports, prospectuses, registrations, securities, licenses, permits, calendars, appointment books, diaries, commission statements, itineraries, agenda, bank statements, canceled checks, receipts, cash disbursements, ledger, contracts, agreements, instruments, assignments, applications, authorizations, offers, acceptances, bids, proposals, financing statements, documents of title, forecasts, reports, summaries, directors' minutes, corporate minutes, committee minutes, records, legal documents, contracts, agreements, billing records, statements, drafts, attorneys' and accountants' invoices, time records, worksheets, books, ledgers, and other accounts, canceled checks, vouchers, check stubs, and writings of every description, including drawings, graphs, charts, photographs, phone records, recordings, computer tapes, printouts, computer files, and other data compilations from which information can be obtained or translated (if necessary, through detection devices) into reasonably usable form, irrespective of whether the "documents" are printed, recorded, reproduced by any process, or written or produced by hand. "Documents" also includes copies (whether or not identical to the originals) when the originals are not in your possession, custody or control, and any summaries, compilations or indices of "documents."

      L.    "Correspondence" shall mean and refer to all writings, advertisements, agreements, understandings, cards, letters, telegraphic and telex communications, cables, electronic mail, facsimiles or other forms of written intercourse, however transmitted, including reports, notes, memoranda, lists, agenda and other records of communication, and all documents concerning such writings.

      M.    The term "Person" shall mean and include any individual or natural person, any business entity or firm (whether sole proprietorship, partnership, association, cooperative, corporation, joint venture, unincorporated association, trust or national banking association), and any governmental entity or department, agency, bureau, or political subdivision thereof, and any and all officers, directors, employees, agents, trustees, accountants or attorneys and other representatives thereof.

      N.    The term "relating to" or any variant thereof, means concerning, pertaining to, reflecting, demonstrating, regarding, describing, mentioning, manifesting, evidencing, reporting on, showing or indicating knowledge of, consisting of, constituting, referring to (either directly or indirectly), or otherwise being in any way legally, logically or factually connected with the matter discussed.

      O.    The term "Ethical Screen" means any method, including a so-called "Chinese Wall," by which you ensure or attempt to ensure (1) that persons, including counsel, engaged or employed by you to handle, analyze or defend a claim involving one of your policyholders are not the same persons as those engaged or employed by you to handle, analyze, or defend the same or a related claim for another of your policyholders whose interests are adverse to the interests of the first with respect to the claim; or (2) that such persons so employed or engaged by you do not disclose to one another information concerning the claim.

**REQUESTS**

1.      All correspondence between the Insurers' current and former employees, officers, agents and attorneys and Ullico's current and former employees, officers, agents and attorneys relating to the Underlying Litigation, the DOL Investigation, or coverage under any of the Insurance Policies.

2.      All correspondence between the Insurers' current and former employees, officers, agents and attorneys and the Individual Defendants, their agents and attorneys relating to the Underlying Litigation, the DOL Investigation, or coverage under any of the Insurance Policies.

3.      All correspondence between the Insurers' current and former employees, officers, agents and attorneys and Ullico's current and former employees, officers, agents and attorneys relating to the payment, reimbursement or advancement of defense costs under any of the Insurance Policies.

4.      All correspondence between the Insurers' current and former employees, officers, agents and attorneys and the Individual Defendants, their agents and attorneys relating to the payment, reimbursement or advancement of defense costs under any of the Insurance Policies.

5.      All claims files relating to all claims made under the Insurance Policies.

6.      All underwriting files for each of the Insurance Policies.

7.      All documents relating to your coverage positions with regards to all claims made under the Insurance Policies.

8.      All documents relating to or evidencing any payment made by you to any insured under the Insurance Policies.

9.      All marketing, advertising and promotional materials relating to Directors, Officers and Private Company Liability Insurance Policy form number 68462 (8/97), Employee Benefit Plan Fiduciary Liability Insurance Policy form numbers 63853 (12/95) and 77892 (3/01), and the Employed Lawyers Endorsement form attached to the Professional Liability Policy.

10.     All documents relating to or evidencing any notice to you of a potential conflict of interest, any investigation of any potential conflict of interest and any efforts undertaken by you

to resolve any potential conflict of interest by you or your agents or lawyers with respect to the Underlying Litigation, the DOL Investigation, or any claim for coverage under any of the Insurance Policies, including the establishment of any Ethical Screen.

11. All documents, including, but not limited to claims manuals, relating to your procedures and policies with respect to enforcement or waiver of the Panel Counsel or Pre-Authorized Defense Counsel Provisions in your directors and officers and fiduciary liability insurance policies.

12. All documents relating to any agreement, arrangement, contract or deal, written or oral, between the Insurers and any law firm listed as Panel Counsel or Pre-Authorized Defense Counsel in any of the Insurance Policies for the provision of legal services to your policyholders.

13. All documents relating to or evidencing any exemption, waiver or exception received by you or any lawyer listed as Panel Counsel or Pre-Authorized Defense Counsel in any of the Insurance Policies that has allowed or would allow such lawyers to represent Ullico in a matter in which a conflict of interest exists between you and Ullico.

14. All documents that provided you a factual or legal basis, if any, to assert your Fifth Affirmative Defense and paragraph 32 of your Counterclaim.

15. All documents, including, but not limited to claims manuals, relating to your procedures and policies with respect to determining whether an Ethical Screen is appropriate or necessary in the handling of a claim.

16. All documents, including, but not limited to claims manuals, relating to your procedures and policies with respect to determining whether a "wrongful act" alleged in a claim under your directors and officers or fiduciary liability insurance policies is the same or related to any "wrongful act" alleged in any other claim under such policies.

Respectfully submitted,
Ullico Inc.

By: _____
One of Its Attorneys

John F. Anderson (D.C. Bar No. 393764)
TROUTMAN SANDERS LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
(703) 734-4356

Of Counsel:
Timothy W. Burns
Angela R. Elbert
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 2200
Chicago, IL 60602

## CERTIFICATE OF SERVICE

I certify that on August 1, 2006, I served a copy of the foregoing request for production of documents by first class mail, postage prepaid to:

Robert E. Scully, Jr.
Rees Broome & Diaz, P.C.
8133 Leesburg Pike, Ninth Floor
Vienna, Virginia 22182

David J. Farber
Patton Boggs LLP
2550 M Street, N.W.
Washington, D.C. 20037

Daniel G. Grove
Jackson Kelly, PLLC
2401 Pennsylvania Ave., N.W., #400
Washington, DC 20037

Kara M. Maciel
Krupin O'Brien LLC
1156 15th St., N.W., Suite 200
Washington, D.C. 20005

_____
John F. Anderson