# EXHIBIT B

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**JOSEPH A. CARABILLO,**

      **Plaintiff,**

**v.**

                                    **Case No. 1:04cv00970**
                                    **Judge: Richard J. Leon**

**AMERICAN INTERNATIONAL
SPECIALITY LINES INSURANCE
COMPANY, et al.,**

      **Defendants,**

**AMERICAN INTERNATIONAL
SPECIALITY LINES INSURANCE
COMPANY
and
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,**

      **Counterclaim Plaintiffs,**

**v.**

**JOSEPH A. CARABILLO,**

      **Counterclaim Defendant.**

## FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT/COUNTERCLAIM PLAINTIFF AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY

Plaintiff/Counterclaim Defendant, Joseph A. Carabillo ("Carabillo"), hereby requests that the Defendant/Counterclaim Plaintiff, American International Specialty Lines Insurance Company ("AISLIC"), answer the following interrogatories separately and fully in writing and under oath within thirty (30) days of the date of service hereof, pursuant to Rule 33 of the Federal Rules of Civil Procedure.

In answering these interrogatories, furnish all information available to you, including information in the possession of your attorneys, their investigators, or any person acting on your behalf, and not merely such information as is known of your personal knowledge. If you cannot answer any part of these interrogatories in full after exercising due diligence to secure the information requested, so state and answer the remainder as fully as possible, stating whatever information or knowledge you have concerning the unanswered or partially answered portion.

These interrogatories are considered to be continuing; you are requested to provide, by way of supplementary answers, such additional information as you or any person acting on your behalf may obtain which will augment or modify your initial answers.

1.    As used herein, the following terms shall have the meanings indicated below:

   a.    "Person" means natural person, corporation, partnership, sole proprietorship, union, association, federation, and any other kind of entity.

   b.    "Document" means, without limitation, the following items, whether printed, typewritten, written or produced by hand or existing in electronic form: agreements, communications, state and federal governmental hearings and reports, correspondence, telegrams, memoranda, summaries or records of personal conversations or interviews, diaries, calendars, written statements, graphs, reports and notebooks, notes, charts, drawings, sketches, maps, summaries or records of investigations or negotiations, opinions or reports of consultants, photographs, computer disks, motion picture film, video tapes, brochures, pamphlets, circulars, announcements, press releases, drafts, letters, interoffice communications, minutes, purchase orders, bills, catalogs, e-mails, any marginal comments appearing on any document, all other writings, and any carbon or photographic copies of any such materials if you do not have custody or control of the originals.

   c.    "ULLICO" means ULLICO Inc. and The Union Labor Life Insurance Company.

   d.    "The Plans" means ULLICO Inc. Employees' Life and Health Welfare Plan, ULLICO Inc. Non-Qualified Deferred Compensation Plan, ULLICO Inc. Pension Plan and Trust, and Union Labor Life Auxiliary Retirement Benefits Plan.

e.    "The underlying actions" means the federal litigation pending before the United States District Court for the District of Columbia to which Carabillo and ULLICO Inc. are both parties, namely Case Nos. 1:03CV01556, 1:04CV00776, and 1:06CV00080, and the state court litigation pending in the Superior Court of the District of Columbia to which Carabillo and ULLICO Inc. are both parties, namely Civil Action No. 04-0000361.

2.    In responding to these interrogatories, please comply with the following instructions:

a.    In each question wherein you are asked to "identify" a person, state with respect to such person his or her:

(1)    name;
(2)    last known home address and telephone number;
(3)    last known business address and telephone number;
(4)    relationship to you;
(5)    supervisor.

b.    In each question wherein you are asked to "identify" any documents, state with respect to each such document:

(1)    its date;
(2)    the person originating it;
(3)    its current location;
(4)    the person in whose possession or under whose control the document is and the relationship of said person to you;
(5)    any other information necessary to identify the document sufficiently so that an appropriate formal motion to produce may, if necessary, be made.

c.    If any document identified was but is no longer in your possession or control, or is no longer in existence, state whether it is:

(1)    missing or lost;
(2)    destroyed;
(3)    transferred voluntarily or involuntarily to others and, if so, to whom;
(4)    otherwise disposed of.

3.    If you assert any privilege with respect to any document, with respect to each such document:

a.    Identify it;
b.    State the basis of the claim of privilege;
c.    Describe fully the circumstances of the document's origin;

3

d.    Describe fully the circumstances of the document's disposition, including all persons who you believe have or may have seen it or become acquainted with its contents.

## INTERROGATORIES

**INTERROGATORY NO. 1:**    Identify each person preparing or assisting in the preparation of the responses to these interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:**    Identify each and every insurance policy issued to ULLICO and/or Carabillo by AISLIC for the time period of 1996 through 2003 and, for each such policy,  provide the following:

a.    The name of the person or entity to whom or to which it was issued;

b.    The policy and effective dates;

c.    The policy limits; and

d.    The type of insurance coverage provided.

**ANSWER:**

**INTERROGATORY NO. 3:**    Identify each and every insurance policy issued to The Plans by AISLIC for the time period of 1996 through 2003 and, for each such policy, provide the following:

4

    a.   The name of the person or entity to whom or to which it was issued;

    b.   The policy and effective dates;

    c.   The policy limits; and

    d.   The type of insurance coverage provided.

**ANSWER:**

**INTERROGATORY NO. 4:**    For the AISLIC insurance policies, including but not limited to those identified as AISLIC Professional Liability Insurance Policy Nos. 279-91-19 and 348-92-35 (hereinafter collectively referred to as the "subject insurance policies"), set forth in full each provision which you contend provides a basis for denying coverage for the claims asserted by Carabillo herein or with respect to the underlying action, setting forth for each policy:

    a.    Its reference by page, paragraph and/or section number;

    b.    The precise factual basis for your contention that such provision provides a reason for denying coverage;

    c.    The name and address of each person who has information concerning any fact identified, setting forth the particular fact(s) of which each person has knowledge; and

    d.    The identity of each document concerning a fact identified, and, for each document, state the fact(s) of which each document concerns.

**ANSWER:**

**INTERROGATORY NO. 5:**    Identify each business unit, department, division, affiliated company, agent, or person and supervisory personnel who has or has had a role in, responsibility for, or involvement with:

a.    Handling any of the claims made herein or claims made with respect to the underlying actions;

b.    Adjusting any of the claims made herein or with respect to the underlying actions;

c.    Reviewing any of the claims made herein or with respect to the underlying actions; and

d.    Investigating any of the claims made herein or with respect to the underlying actions.

**ANSWER:**

**INTERROGATORY NO. 6:**    For each person identified in your response to the preceding interrogatory, describe that person's role in, responsibility for, or involvement with, handling, adjusting, reviewing or investigating Carabillo's claims made herein or with respect to the underlying actions, and identify that person's supervisor.

**ANSWER:**

6

**INTERROGATORY NO. 7:**        Identify all conferences, meetings, correspondence, conversations or other communications between insurer and insureds concerning claims related to the matters alleged in the underlying actions.  In your response, set forth as to each such communication:

        a.     The date of the communication;

        b.     The specific parties to the communication; and

        c.     The subject matter and content of the communication.

**ANSWER:**

**INTERROGATORY NO. 8:**        If you have conferred, discussed, corresponded or otherwise communicated with an insurance broker or any other person or entity concerning claims related to the matters alleged herein or in the underlying actions, set forth as to each communication:

        a.     The date of the communication;

        b.     The name and address of each entity and/or person with whom you communicated and their relationship to AISLIC; and

        c.     The subject matter  and content of the communication.

**ANSWER:**

**INTERROGATORY NO. 9:**        Identify each business unit, department, division, affiliated company, agent, or person who had any involvement in drafting any of the language contained in the subject insurance policies and, in particular, the employed lawyer endorsement, and for each such person provide a description of that person's involvement.

**ANSWER:**

**INTERROGATORY NO. 10:**        Identify all claims for defense by employed lawyers that have been approved by AISLIC for payment during the time period of 1996 through the present and, for each, identify the following:

      a.    The policy pursuant to which the claim was made;

      b.    The claims examiner involved; and

      c.    The supervisor involved.

**ANSWER:**

**INTERROGATORY NO. 11:**        Identify all claims for defense by employed lawyers that have been denied by AISLIC for payment during the time period of 1996 through the present and, for each, identify the following:

      a.    The policy pursuant to which the claim was made;

8

b.    The claims examiner involved; and

c.    The supervisor involved.

**ANSWER:**

**INTERROGATORY NO. 12:**    Identify each person who is competent to testify, or who has ever testified, as to your intent at the time the subject insurance policies were issued with respect to the terms, conditions, meaning or interpretation of the provisions of the subject insurance policies between the years 1996 and the present.

**ANSWER:**

**INTERROGATORY NO. 13:**    To the extent not already identified in response to these interrogatories, identify each person with information which is or may be relevant, or which will or may lead to discovery of information relevant to the subject matter of this action, and describe such information you believe each person possesses.

**ANSWER:**

9

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Carabillo requests that AISLIC produce the documents hereinafter described for inspection at the offices of its counsel, Jackson Kelly PLLC, 256 Russell Avenue, New Martinsville, West Virginia 26155, within thirty (30) days of the date of service hereof.  This request is intended to cover all documents in the possession of AISLIC or subject to its control or custody or in the possession of its counsel.

As used in this request, the term "document" means without limitation, the following items, whether printed or written or produced by hand: agreements, communications, state and federal governmental hearings and reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, written statements, graphs, reports, notebooks, notes, charts, drawings, sketches, maps, summaries or records of meetings or conferences, tape recordings, summaries or records of investigations or negotiations, opinions or reports of consultants, computer diskettes, e-mails, motion picture film, brochures, pamphlets, circulars, press releases, drafts, letters, any marginal comments appearing on any document and all other writings.

## DOCUMENTS REQUESTED

**REQUEST NO. 1:**  Produce a complete copy of the entire underwriting file(s) maintained by AISLIC regarding the subject insurance policies or any other policies related to this matter and/or the underlying actions.

**RESPONSE:**

10

**REQUEST NO. 2:**    Produce a complete copy of the entire claims file(s) maintained by AISLIC regarding claims made with respect to the subject insurance policies or any other policies related to this matter and/or the underlying actions.

**RESPONSE:**

**REQUEST NO. 3:**    Produce all notes, diary entries, memoranda or similar documents that relate to or reference any matters contained in the claims files kept by AISLIC regarding claims made with respect to the subject insurance policies or any other policies related to this matter and/or the underlying actions.

**RESPONSE:**

**REQUEST NO. 4:**    Produce all notes, diary entries, memoranda or similar documents that relate to or reference any matters contained in the underwriting files kept by AISLIC regarding the subject insurance policies or any other policies related to this matter and/or the underlying actions, including memoranda, documents, and/or other communications establishing underwriting policies or procedures.

**RESPONSE:**

**REQUEST NO.5:**    Produce all notes, diary entries, memoranda or similar documents that relate to or reference any matters contained in the claims files kept by AISLIC regarding the

11

subject insurance policies or any other policies related to this matter and/or the underlying actions, including memoranda, documents, and/or other communications establishing claims policies or procedures.

**RESPONSE:**

**REQUEST NO. 6:** Produce all correspondence, letters, memoranda and like documents from AISLIC or its agents to Carabillo or his agents and from Carabillo or his agents to AISLIC or its agents regarding the subject insurance policies and/or the underlying actions.

**RESPONSE:**

**REQUEST NO. 7** Produce copies of all insurance policies identified in your answers to Interrogatory Nos. 2 and 3, *supra.*

**RESPONSE:**

**REQUEST NO. 8:** Produce all correspondence, letters, memoranda, or opinions of AISLIC denying claims to other insureds with the same or similar policies as those at issue herein, for reasons similar to those given for the denial of coverage in the underlying actions.

**RESPONSE:**

12

**REQUEST NO. 9:**  Produce copies of all summaries, compilations, analyses and like documents regarding the issue of coverage in the underlying actions.

**RESPONSE:**

**REQUEST NO. 10:**  Produce printouts of all electronic recordings including, but not limited to, emails, diary entries, notes and other forms of electronic information storage that relate to the underwriting file(s), claims file(s), or any other file regarding the subject insurance policies or other policies related to this matter or the underlying actions and/or claims made with respect to this matter or the underlying actions.

**RESPONSE:**

**REQUEST NO. 11:**  Produce all correspondence, letters, memoranda, and like documents in the possession of AISLIC that relate to the denial of coverage by AISLIC in the underlying actions and/or any claims asserted by Carabillo in the Amended Complaint herein or against Carabillo in the underlying actions.

**RESPONSE:**

**REQUEST NO. 12:**  Produce all documents in AISLIC's possession which relate to or concern Carabillo, ULLICO, or The Plans.

**RESPONSE:**

13

**REQUEST NO. 13:** Produce all communications, correspondence, letters and like documents between AISLIC or its agents and Carabillo or his agents related to the matters alleged in the underlying actions and/or the Amended Complaint herein.

**RESPONSE:**


**REQUEST NO. 14:** Produce all communications, correspondence, letters and like documents between AISLIC or its agents and ULLICO and/or The Plans related to the matters alleged in the underlying actions and/or the Amended Complaint herein.

**RESPONSE:**


**REQUEST NO. 15:** Produce all communications, correspondence, letters and like documents sent to or received from an insured broker, underwriter, or any other person or entity concerning the matters alleged in the underlying actions and/or the Amended Complaint herein.

**RESPONSE:**


**REQUEST NO. 16:** Produce copies of all Professional Liability and/or Errors and Omissions policies issued by AISLIC during the years 1996 through 2003 that included coverage for employed lawyers.

**RESPONSE:**

14

**REQUEST NO. 17:** Produce copies of all AISLIC underwriting guidelines and memoranda for the years 1996 through 2003.

**RESPONSE:**

**REQUEST NO. 18:** Produce copies of all AISLIC claims manuals and memoranda for the years 1996 through 2003.

**RESPONSE:**

**REQUEST NO. 19:** Produce copies of all AISLIC internal reports, correspondence, analysis and profit and loss studies for the years 1996 through the present, including published results, concerning the subject insurance policies, other insurance policies identified in your answers to the interrogatories herein, and any other insurance policies relevant to the underlying actions.

**RESPONSE:**

**REQUEST NO. 20:** Produce copies of all AISLIC claims files for the years 1996 through 2003 for claims seeking employed lawyer coverage.

**RESPONSE:**

15

**REQUEST NO. 21:** Produce copies of all civil action complaints or similar documents filed against AISLIC during the years 1996 through the present alleging bad faith on the part of AISLIC.

**RESPONSE:**

**REQUEST NO. 22:** Produce copies of all civil action complaints or similar documents filed against AISLIC during the years 1996 through the present alleging wrongful denial of coverage for employed lawyers on the part of AISLIC.

**RESPONSE:**

**REQUEST NO. 23:** Produce copies of all documents relevant to the insurance policies identified in your interrogatory answers herein that have not already been produced in response to another request for production, *supra.*

**RESPONSE:**

**JOSEPH A. CARABILLO**

By Counsel

16

_(signature)_

JENNIFER Z. CAIN
_Pro hac vice_ - WV Bar #583
JACKSON KELLY PLLC
256 Russell Avenue
P.O. Box 68
New Martinsville, WV  26144
(304) 455-1751

DANIEL G. GROVE
DC Bar # 066399
JACKSON KELLY PLLC
175 East Main St., Suite 500
Lexington, KY  40507
(859) 255-9500

_Counsel for Plaintiff/Counterclaim Defendant_

17

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSEPH A. CARABILLO,

     Plaintiff,

v.

     Case No. 1:04cv00970
     Judge: Richard J. Leon

AMERICAN INTERNATIONAL
SPECIALITY LINES INSURANCE
COMPANY, et al.,

     Defendants,

AMERICAN INTERNATIONAL
SPECIALITY LINES INSURANCE
COMPANY
and
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

     Counterclaim Plaintiffs,

v.

JOSEPH A. CARABILLO,

     Counterclaim Defendant.

## CERTIFICATE OF SERVICE

     I, Jennifer Z. Cain, counsel for plaintiff/counterclaim defendant, Joseph A.

Carabillo, do hereby certify that service of the foregoing *First Set of Interrogatories and*

*Request for Production of Documents to Defendant/Counterclaim Plaintiff American*

*International Specialty Lines Insurance Company* was made upon counsel for

18

defendants/counterclaim plaintiffs on the 3rd day of October, 2006, by causing a true and exact

copy thereof to be mailed by United States mail, postage prepaid, addressed as follows:

> David J. Farber, Esquire
> Patton Boggs, LLP
> 2550 M Street, NW
> Washington, DC 20037

JENNIFER Z. CAIN (WVSB#: 583)

19