# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ULLICO INC.,

    Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, et
al.,

    Defendants.

Civil Action No. 1:06cv00080 (RJL/AK)

## ULLICO INC.'S
## RESPONSE TO DEFENDANT JAMES W. LUCE'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff Ullico Inc. ("Ullico"), pursuant to Fed. R. Civ. P. 34, hereby objects and responds to Defendant James W. Luce's ("Luce") First Request for Production of Documents as follows:

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Ullico hereby objects to the form of the Request incorporating definitions or instructions set forth below. By responding to the Request, Ullico does not adopt any instruction or any definition or characterization of any term utilized by Luce.

Comerica objects to Luce's Definitions and Instructions to the extent such Definitions and Instructions are overly broad or purport to impose on Ullico any obligations greater than those imposed by the applicable federal law and rules governing the proper scope and extent of discovery and any orders entered in this action.

Ullico hereby incorporates each objection contained in the Objections to Definitions and Instructions set forth below to the response to Luce's Request using an objected-to term or phrase, as if the objection were fully set forth in the response.

## OBJECTIONS TO DEFINITIONS

1.  Ullico objects to the definition of the terms "YOU" and "YOUR" on the ground they are overly broad, and unduly burdensome, seek irrelevant information and are not calculated to lead to the discovery of admissible evidence.

2.  Ullico objects to the definition of the term "DOCUMENT" or "DOCUMENTS" on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and to the extent that it imposes obligations on Ullico beyond the obligations imposed by the Federal Rules of Civil Procedure. Ullico further objects to the definition to the extent that it encompasses documents not in Ullico's possession, custody or control. Ullico further objects to this definition to the extent that it encompasses documents that are neither relevant nor material and necessary to the defense of this action, as well as documents protected by the attorney-client privilege, attorney work product doctrine, or joint defense privilege or any other applicable legal privilege, protection, or rule of confidentiality.

## SPECIFIC OBJECTION AND RESPONSE

**DOCUMENT REQUEST NO. 1:**

All bills for professional fees or other expenses reflecting defense costs that YOU contend are covered expenses under the insurance policies at issue in this matter. YOUR response should include, but is not limited to, copies of legal bills reflecting the more than seven million dollars ($7,000,000.00) worth of legal expenses that YOU have incurred to date defending the DOL investigations and the Underlying Litigation, as averred by Patrick McGlone in his affidavit in support of YOUR Motion for Partial Summary Judgment.

**RESPONSE:**

Ullico objects to this Request on the basis of the attorney-client privilege and attorney work product doctrine.

DATED this 3rd day of January, 2007.

                                                  Respectfully submitted,
                                                  Ullico Inc.

                                                  By: _____
                                                            One of Its Attorneys

Timothy W. Burns
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Suite 2200
Chicago, IL 60602
(312) 269-8000

John F. Anderson
TROUTMAN SANDERS LLP
1600 International Drive
Suite 600, Tysons Corner
McLean, VA 22102
(703) 734-4356

3

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of January 2007, I served a true and accurate copy of the foregoing Ullico Inc.'s Response to James W. Luce's First Request for Production of Documents to Plaintiff Ullico Inc. by first class mail, postage prepaid to:

Robert E. Scully, Jr.
REES BROOME & DIAZ, P.C.
8133 Leesburg Pike, Ninth Floor
Vienna, Virginia 22182
Telephone: (703) 790-1911

*Counsel for Defendant James W. Luce*

David J. Farber
Shannon W. Conway
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000

*Counsel for Defendant/Counterclaim Plaintiffs American International Specialty Insurance Company and National Union Fire Insurance Company of Pittsburgh, PA*

Daniel G. Grove
Jennifer Z. Cain
JACKSON KELLY, PLLC
2401 Pennsylvania Ave., N.W., #400
Washington, DC 20037
Telephone: (859) 255-9500

*Counsel for Defendant Joseph A. Carabillo*

Ari Karen
James E. Fagan, III
KRUPIN O'BRIEN LLC
1156 15th St., N.W., Suite 200
Washington, D.C. 20005
Telephone: (202) 530-0700

Timothy C. Lynch
OFFIT KURMAN
8171 Maple Lawn Boulevard, Suite 200
Maple Lawn, Maryland 20759
Telephone: (301) 575-0336

*Counsel for Defendant John K. Grelle*

John F. Anderson
TROUTMAN SANDERS LLP
1600 International Drive
Suite 600, Tysons Corner
McLean, VA 22102
Telephone: (703) 734-4356

*Co-Counsel for Plaintiff Ullico Inc.*

_____
Timothy W. Burns

NGEDOCS: 1357009.1