# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ULLICO INC., | : | |
| Plaintiff, | : | |
| v. | : | |
| NATIONAL UNION FIRE | : | |
| INSURANCE COMPANY OF | : | |
| PITTSBURGH, PA., *et al.* | : | Civil Action No. 1:06cv00080 (RLJ) |
| Defendant, | : | |
| NATIONAL UNION FIRE | : | |
| INSURANCE COMPANY OF | : | |
| PITTSBURGH, PA., *et al.* | : | |
| ULLICO, Inc., *et al.*, | : | |
| Counter-Plaintiff | : | |
| v. | : | |
| ULLICO INC. | : | |
| Counter- Defendant. | : | |

**DEFENDANT JOHN K. GRELLE'S**
**DOCUMENT REQUESTS TO ULLICO INC.**

Pursuant to Rule 34 of the Federal of Rules of Civil Procedure, Defendant John

Grelle hereby requests that Plaintiff Ullico, Inc., produce the documents requested below.

You are required to respond to these Requests in writing and to produce and permit a

representative of this Defendant to inspect and copy each of the following documents in

your custody and possession, or under your control, including all documents in the

custody or under the control of any agent or representative, and the response must served

upon counsel for this Defendant within 30 days or such earlier time as the Court may

direct. These Requests are continuing in nature and, pursuant to the Federal Rules and the orders of this Court must be supplemented or corrected as different or more current information becomes available to you or your attorney.

## Definitions and Instructions

     a.    Unless otherwise indicated, this Request for Production of Documents refers to the time, place and circumstances of the occurrences mentioned or complained of in the pleadings.

     b.    Where a document or documents in the possession of a party is requested, such request includes documents in the possession of the party's agents, representatives, and, unless privileged, the party's attorneys.

     c.    The pronouns "you" and "your" refer to the party to whom the Request for Production of Documents is addressed and the persons mentioned in clause "b" hereinabove.

     d.    The term "person" includes natural persons, proprietorships, partnerships, firms, corporations, federal, state, and local governments, all departments and agencies thereof, and any other governmental agencies, political subdivisions, groups, associations, or organizations, whether located in the United States or abroad.

     e.    "Documents" or "documents" shall mean any kind of written, recorded or graphic matter, whether produced, reproduced or stored on paper, cards, tapes, film, recordings (tape, disk or other), electronic facsimile, computer storage devices or any other media, of any kind or description, whether sent or received or neither, and includes, but is not limited to, originals, copies (with or without notes or changes thereon) and drafts, including but not limited to: papers, electronic mail (e-mail), books, letters, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews, or of conferences, or of other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, computer printouts, data processing input and output, microfilm, all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing however denominated in the possession, custody or control of any officer, director, employee, consultant or any other person acting on behalf of any of the defendants, including (without limitation) any attorney who has any such documents which are not subject to a claim of attorney-client privilege or attorney work product.

     f.    All documents which are not produced under a claim of privilege, under a claim that such documents form a part of the attorneys' work product, or under a claim

that such documents were prepared in anticipation of litigation shall be identified in a log with sufficient detail to permit a request for <u>in camera</u> inspection of each such document in the event any such claim is disputed. The log shall accompany Plaintiff's Response to this Request for Production of Documents.

g.   Whenever appropriate in this Request for Production of Documents, the singular form of a word shall also be interpreted as its plural and vice versa.

h.   The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Request for Production of Documents any information which might otherwise be construed to be outside its scope.

i.   This Request for Production of Documents is continuing in nature, requiring a supplemental response and production when new, different or clarifying information comes into the possession of the party to whom this Request is addressed or the possession of said party's counsel.

j.   As used herein, the term "relate" or "relating to" means constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, concerning, or referring to, directly or indirectly.

k.   The term "including" means including but not limited to.

## DOCUMENT REQUESTS

**Request No. 1:** Copies of all bills and invoices that reflect the attorney's fees for more than $7,000,000.00 which you contend are covered defense costs under the following policies issued by National Union Fire Insurance Company of Pittsburgh, Pa. that are at issue in the above-captioned case:

(1) Employee Benefit Plan Fiduciary Liability Insurance Policy (Policy Number 874-44-03 (renewal of 473-68-49) Policy Period October 30, 2001 to October 30, 2002 (hereinafter, the "2001-2002 Fiduciary Policy"); and,

(2) Employee Benefit Plan Fiduciary Liability Insurance Policy (Policy Number 495-38-35 (renewal of 4874-44-03) Policy Period October 30, 2002 to October 30, 2003 (hereinafter, the "2002-2003 Fiduciary Policy").

Respectfully submitted,

1/11/2007

_____

Eric J. Pelletier, Unified Bar No. 454794
epelletier@offitkurman.com
(301) 575-0339
Offit Kurman, P.A.
8171 Maple Lawn Boulevard, Suite 200
Maple Lawn, Maryland 20759

*Attorneys for Defendant John Grelle*

### Certificate of Service

I hereby certify that on this 11th day of January, 2007, I served a true and accurate

copy of the foregoing "Defendant John K. Grelle's Requests for Production of

Documents to Ullico, Inc. by first class mail, postage prepaid, to:

Robert E. Scully, Jr.
Rees, Broome & Diaz, P.C.,
8133 Leesburg Pike, 9th Floor,
Vienna, VA 22181

Counsel for Defendant James Luce

David J. Farber
Shannon Conway
Patton Boggs, LLP
2550 M Street, N.W.,
Washington, D.C. 20037

Counsel for Defendant National Union Fire Ins. Co. and
American Specialty Insurance Co.

Daniel G. Grove
Jennifer Z. Cain
Jackson Kelly, PLLC
2401 Pennsylvania Avenue
Washington, D.C. 20037

Counsel for Defendant Joseph Carabillo

John F. Anderson
Troutman Sanders, LLP
1600 international Drive
Suite 600, Tysons Corner
McLean, VA 22101

Counsel for Plaintiff Ullico Inc.

_____
Eric Pelletier