# EXHIBIT E

ZCG CCG 14 CD 3: 18

.ERK US DISTRICT COURT
LEXANDRIA. VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

**FILED**

JAN **1 7** 2006

NANCY MAYER WHITTINGTON, **CLERK**
U.S. DISTRICT COURT

| | | |
|---|---|---|
| ULLICO INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION NO. 1:05CV1324 |
| | : | (TSE/LO) |
| NATIONAL UNION FIRE INSURANCE | : | |
| COMPANY OF PITTSBURGH, PA, *et al.* | : | |
| | : | |
| Defendants. | : | |

JAMES W. LUCE'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF HIS
MOTION TO DISMISS ULLICO INC.'S FIRST AMENDED COMPLAINT

CASE NUMBER   1:06CV00080

JUDGE: Richard J. Leon

DECK TYPE: Contract

DATE STAMP: 01/17/2006

# TABLE OF CONTENTS

**SECTION**                                                        **PAGE**

INTRODUCTION ................................................................................. 1

ARGUMENT ...................................................................................... 4

  A.    Count II Fails to State a Claim for Injunctive Relief Against Luce for Breach of an Implied Covenant of Good Faith. ........................................ 4

    1.   District of Columbia Law does not Recognize a Claim for Breach of an Implied Covenant of Good Faith in a Liability Policy Containing an Unambiguous Duty to Advance Defense Costs. ........................................... 4

    2.   Exclusion 5(a) does not trump Section 2(c) of the Defense Agreement. ........ 8

    3.   Count II Fails to State a Claim for Bad Faith Refusal to Advance Costs of Defense to ULLICO to Defend Against Luce's Claims for ERISA Plan Benefits or to Prosecute the ULLICO-Sponsored Benefit Plan's Counterclaims Against Him. ....................................................................... 13

    4.   Count II Fails to State a Claim for Equitable Relief. ................................... 15

  B.    The Court Should Decline to Exercise Jurisdiction Over the Declaratory Judgment Claim in Count IV of the First Amended Complaint. ........................... 16

    1.   A Declaratory Judgment will not Provide Complete Relief. ........................ 19

    2.   This Court Should Decline to Decide Unsettled Issues of District of Columbia Law. .................................................................................................. 21

    3.   Declining Jurisdiction will Promote Judicial Efficiency and Deter Forum Shopping. ........................................................................................................ 21

CONCLUSION ..................................................................................... 23

# TABLE OF AUTHORITIES

<u>CASES</u>

*Adler v. Abramson*, 728 A.2d 86, 90 (D.C. 1999) .......................................................................................... 8

*Am. Online, Inc. v. St. Paul Mercury Ins. Co.*, 347 F.3d 89, 92 (4th Cir. 2003) ........................................ 5

*Athridge v. Aetna Cas. & Sur. Co.*, 351 F.3d 1166, 1171 (D.D.C. 2003) .................................................... 21

*Boyle v. Nat'l Cas. Co.*, 84 A.2d 614, 615 (D.C. 1951) .............................................................................. 4, 9

*Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942).......................................................... 16

*Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1276-79 (11th Cir. 1999).................................................. 12

*Buchanan v. Doe*, 246 Va. 67, 70, 431 S.E.2d 289, 291 (1993) ................................................................. 5

*Cambridge Holdings Group, Inc. v. Federal Ins. Co.*, 357 F. Supp. 2d 89, 96 (D.D.C. 2004)..........6, 7, 22

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) ........................................................................................... 4

*Crowley Cutlery Co. v. United States*, 849 F.2d 273 (7th Cir. 1988).......................................................... 18

*Enercons Virginia, Inc. v. American Sec. Bank, N.A.*, 720 F.2d 28, 29 (D.C. Cir. 1983).......................... 15

*Federal Ins. Co. v. Kozlowski*, 792 N.Y.S.2d 379, 403 (A.D. 1st 2005) .................................................... 10

*Fight Against Coercive Tactics Network, Inc. v. Coregis Ins. Co.*, 926 F. Supp.
     1426, 1435-1436 n.5 (D. Colo. 1996) ...................................................................................................... 20

*Flecha de Lima*, 2004 D.C. *Supra* LEXIS 21, at *17 .................................................................................. 7

*Gon v. First State Ins. Co.*, 871 F.2d 863, 868-869 (9th Cir. 1989)........................................................... 20

*Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 325-333 (1999).......... 16

*Hais v. Smith*, 547 A.2d 986, 987 (D.C. 1988)........................................................................................... 8

*In re Estate of Corriea*, 719 A.2d 1234, 1241 n. 8 (D.C. 1998) ................................................................. 14

*In re ULLICO Inc. Litigation*, Master Docket and Case No. 1:03CV01556(RJL) .................................... 22

*Indemnity Ins. Co. v. Schriefer*, 142 F.2d 851, 853 (4th Cir. 1944).......................................................... 22

*Kakaes v. George Washington Univ.*, 790 A.2d 581, 583 (D.C. App. 2002) .............................................. 15

*Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 496-97 (1941) ................................................. 5

*Lexington Ins. Co. v. Dreyfuss Bros., Inc.*, 1993 U.S. Dist. LEXIS 3473 *3 (D.D.C. 1993) ...................... 19

*Luce v. The ULLICO Inc. Pension Plan and Trust*, United States District Court for the District of Columbia, Civil Action No. 1:05-CV-1996 (RJL)............................................................................................ 13

*Messina v. Nationwide Mutual Ins. Co.*, 998 F.2d 2, 5 (D.C. Cir. 1993).................................................5, 7

*Mitcheson v. Harris*, 955 F.2d 235, 237-239 (4th Cir. 1992) ..................................................................18, 21

*Nat'l Electrical Mfrs. Ass'n v. Gulf Underwriters Ins. Co.*, 162 F.3d 821, 825 (4th Cir. 1998)............... 4

*Nat'l Union Fire Ins. Co. v.* Brown, 787 F. Supp. 1424, 1434 (S.D. Fla. 1991) ......................................... 19

*Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1992) ....................................... 19

*Newton v. State Farm Fire & Casualty Co.*, 138 F.R.D. 76, 79 (E.D. Va. 1990) ..................................18, 21

*Pacific Ins. Co., Ltd. v. Eaton Vance Mgmt.*, 369 F.3d 584, 591-592 (1st Cir. 2004) ...........................12, 14

*Paul v. Howard University*, 754 A.2d 297, 310 (D.C. 2000) ........................................................................... 5

*Penn-America Ins. Co. v. Coffey*, 368 F.3d 409 (4th Cir. 2004).................................................................17, 19

*Resource Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 635 (4th Cir. 2005).................. 5

*Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ........................................................................ 4

*Seabulk Offshore, Ltd. v. Am. Home Assurance Co.*, 377 F.3d 408, 419 (4th Cir. 2004) .......................... 5

*Sheets v. The Brethren Mut'l Ins. Co.*, 679 A.2d 540, 548-549 (Md. 1996) ................................................ 14

*Sims v. Stuart*, 291 F. 707, 707-08 (S.D.N.Y. 1922) (Learned Hand, J.) ................................................... 15

*Stevens v. United Gen. Title Ins. Co.*, 801 A.2d 61, 63, 66 n. 4 (D.C. 2002)................................................ 9

*U.S. v. Oncology Assoc. P.C.*, 198 F.3d 489, 495-496 (4th Cir. 1999) ........................................................ 16

*Washington Sports & Entm't, Inc. v. United Coastal Ins. Co.*, 7 F. Supp.2d 1, 7 (D.D.C. 1998)............. 9

*Washington v. Group Hospitalization, Inc.*, 585 F. Supp. 517, 520 (D.D.C. 1984)..................................... 7

### STATUTES

28 U.S.C. § 1404 ................................................................................................................................... 22
28 U.S.C. § 2201 ................................................................................................................................... 16

### OTHER AUTHORITIES

*Appleman on Insurance,* 2d § 116.1[B] .............................................................................................. 14
Papetti, *The Insurer's Duty of Good Faith in the Context of Litigation,* 60 GEO. WASH. L. REV., 1931, 1941, n. 53 (1992) ..................................................................................................................................... 7

### RULES

Fed. R. Civ. P. 26(a)(1) ........................................................................................................................ 11
Fed. R. Civ. P. 64 .................................................................................................................................. 16
Fed. R. Civ. P. 65 .................................................................................................................................. 16
Federal Rule of Evidence 201 .............................................................................................................. 12

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ULLICO INC.,                          :
                                      :
        Plaintiff,                    :
                                      :
vs.                                   :        CIVIL ACTION NO. 1:05CV1324
                                      :        (TSE/LO)
NATIONAL UNION FIRE INSURANCE         :
COMPANY OF PITTSBURGH, PA, *et al.*   :
                                      :
        Defendants.                   :

JAMES W. LUCE'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF HIS
MOTION TO DISMISS ULLICO INC.'S FIRST AMENDED COMPLAINT

### Introduction

JAMES W. LUCE ("Luce"), is the former Executive Vice-President of

ULLICO Inc. ("ULLICO"). ULLICO is the parent holding company of the Union

Labor Life Insurance Company, which is the largest Union-owned life insurance

company in the United States.

As ULLICO's First Amended Complaint alleges, Luce and ULLICO are "...

engaged in collateral civil litigation . . . arising out of [alleged] breaches of fiduciary

duties [Luce] owed to ULLICO, its subsidiaries and a number of ULLICO sponsored

employee benefit plans (collectively "Underlying Litigation")." (First Amended

Complaint (hereafter "Compl."), ¶ 1.) ULLICO complains that the Defendant

insurers, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,

PA ("National Union") and AMERICAN INTERNATIONAL SPECIALTY LINES

1

INSURANCE CO. ("AISLIC"), have refused to reimburse ULLICO for substantial

Defense Costs incurred with respect to a Department of Labor ("DOL") investigation

commenced in March of 2002. (Compl., ¶¶ 18 and 59-61.) ULLICO also complains

it has incurred substantial Defense Costs in defending claims asserted against it

and its subsidiaries in the Underlying Litigation. (Compl., ¶¶19-30 and 59-61.)

However, the guts of ULLICO's claim is set forth in Paragraph 62 of the instant

Complaint:

> Despite ULLICO's insistence that no money be paid to
> Individual Defendants under the insurance policies for
> the Underlying Litigation, on information and belief,
> National Union has paid Individual Defendants' Defense
> Costs under one of the Fiduciary Policies for the
> Underlying Litigation, despite the fact that those claims
> are, or could be, barred under applicable provisions of
> both of the Fiduciary Policies.

(Compl., ¶ 62.)

Based on the foregoing allegations and the attached Employee Benefit Plan

Fiduciary Liability Insurance Policies (Compl., Exs. I and J), ULLICO makes two

claims for relief against Luce as one of the "Individual Defendants."

In Count II, ULLICO seeks a permanent injunction preventing National

Union from paying any Defense Costs to Luce and the other Individual Defendants,

on the theory that it is a ". . . violation of the duty of good faith and fair dealing for

National Union to pay one request for payment of Defense Costs in preference to

others, if both are covered under either of the Fiduciary Policies." (Compl., ¶ 70.)

ULLICO claims that this conduct by National Union breached its obligations under

both of the Fiduciary Policies. (Compl., ¶ 77.) However, rather than sue for breach

of contract damages, National Union seeks a preliminary and permanent injunction against continued payment to Luce on the grounds that "no adequate remedy at law exists with respect to these breaches of either of the Fiduciary Policies." (Compl., ¶ 80.) ULLICO claims it will be irreparably harmed if no injunction is issued. (Compl., ¶ 81.) The only apparent factual basis for these legal conclusions is ULLICO's assertion that National Union's advancement of the cost of a defense to Luce and the other Individual Defendants "provides [Luce] with a defense that [he] could not otherwise afford and encourages [him] to engage in costly and unproductive litigation with ULLICO with no regard for the costs of such litigation," (Compl., ¶ 78) and thereby ". . . skews the normal motivations and mechanisms of litigation, and makes it necessary for ULLICO to continue in unproductive and time-consuming litigation which distracts it from its business." (Compl., ¶ 79.)

In Count IV, ULLICO seeks a declaratory judgment against all defendants clarifying the scope of the insurers' duty to indemnify, as well as the insurers' duty to defend. (Compl., ¶¶ 88-89.)

For the reasons set forth below, Count II fails to state a claim for which relief may be granted against Luce, or any other defendant, under District of Columbia law. Moreover, Count IV states a claim for which relief may be granted at this time only with respect to a declaration of Luce's rights to advancement of Defense Costs. Count IV is premature with respect to the ultimate indemnity issues which are inextricably intertwined with the resolution of the Underlying Litigation. Since the Fiduciary Policies are clear and unambiguous with respect to the obligation of the

insurer to advance the costs of defense to the Individual Insureds (including Luce)

in the Underlying Litigation, as National Union has recognized, and ULLICO's

coverage claim (really its claim that an improper benefit exclusion bars Luce's

entitlement to a defense) is premature, the Court should decline to exercise subject

matter jurisdiction over the claims in Count IV under the Declaratory Judgment

Act.

## ARGUMENT

A.    Count II Fails to State a Claim for Injunctive Relief Against Luce for Breach
      of an Implied Covenant of Good Faith.

  1. District of Columbia Law does not Recognize a Claim for Breach of an
    Implied Covenant of Good Faith in a Liability Policy Containing an
    Unambiguous Duty to Advance Defense Costs.

Count II of the Amended Complaint should only be dismissed if it is clear

that no relief could be granted under any set of facts that could be proven consistent

with the allegations. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The Court must

construe the Amended Complaint in the light most favorable to ULLICO, and give

the Plaintiff the benefit of all inferences that can be derived from the facts alleged.

*Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979).  However, the Court is

not bound by inferences which contradict the express terms of the insurance policies

that are attached to the Amended Complaint. *Boyle v. Nat'l Cas. Co.*, 84 A.2d 614,

615 (D.C. 1951); *see also, Nat'l Electrical Mfrs. Ass'n v. Gulf Underwriters Ins. Co.*,

162 F.3d 821, 825 (4th Cir. 1998) (applying D.C. law).

Count II is a contract claim alleging breach of the Employee Benefit Plan

Fiduciary Insurance Policies ("Fiduciary Policies").  (Compl., Exs. I and J.)  Those

4

policies do not contain choice of law provisions. Since this Court sits as a diversity court, it must apply the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 496-97 (1941); *Am. Online, Inc. v. St. Paul Mercury Ins. Co.*, 347 F.3d 89, 92 (4th Cir. 2003). Consequently, Virginia's choice of law rules govern this action.

"Under Virginia law, a contract is made when the last act to complete it is performed, and in the context of insurance policy, the last act is the delivery of the policy to the insured." *Resource Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 635 (4th Cir. 2005) (citing *Seabulk Offshore, Ltd. v. Am. Home Assurance Co.*, 377 F.3d 408, 419 (4th Cir. 2004) ; *Buchanan v. Doe*, 246 Va. 67, 70, 431 S.E.2d 289, 291 (1993)). Since the exhibits attached to the Complaint demonstrate that the Employee Benefit Plan Fiduciary Insurance Policies were delivered to ULLICO at its headquarters in the District of Columbia, District of Columbia law governs the contract claims.

Under District of Columbia law, all contracts contain an implied duty of good faith and fair dealing. This duty simply means that neither party may destroy or injure the rights of the other party to receive the fruits of the contract. *Paul v. Howard University*, 754 A.2d 297, 310 (D.C. 2000) (citation omitted); *Messina v. Nationwide Mutual Ins. Co.*, 998 F.2d 2, 5 (D.C. Cir. 1993). However, Luce cannot be liable for breach of a covenant of good faith and fair dealing because, although he is an additional insured under the Employee Benefit Plan Fiduciary Insurance Policies, he had no ability to influence the decision making of National Union in

5

allegedly refusing to pay the costs of defense incurred by ULLICO. *Cambridge Holdings Group, Inc. v. Federal Ins. Co.*, 357 F. Supp. 2d 89, 96 (D.D.C. 2004) (Leon, J.) (in the absence of allegations of a factual or legal basis for liability as an agent, there is no vicarious liability for breach of the duty of good faith and fair dealing by the insurer). Moreover, Count II of the Amended Complaint fails to state a claim for bad faith refusal to pay insurance benefits against National Union, because ULLICO must allege that National Union did not have a reasonable basis for denying benefits under the policy. National Union acted in bad faith only if it knew it lacked a reasonable basis for refusing to advance ULLICO's Defense Costs. *Cambridge Holdings Group, Inc.*, 357 F. Supp. 2d at 96.

ULLICO contends that National Union's refusal to pay its Defense Costs in the Department of Labor investigation while paying the Defense Costs of the Individual Defendants in the Underlying Actions constitutes bad faith. However, ULLICO fails to allege how or why that conduct lacked a reasonable basis in light of the express terms of the Employee Benefit Fiduciary Insurance Policies at issue. The policies contain the identical bold-faced notices on the front of each policy:

> **NOTICE: THE INSURER HAS THE DUTY TO DEFEND; HOWEVER, THE INSURED MAY ELECT TO ASSUME THE DUTY TO DEFEND. IN ALL EVENTS, THE INSURER MUST ADVANCE DEFENSE COST PAYMENTS PURSUANT TO THE TERMS HEREIN PRIOR TO THE FINAL DISPOSITION OF A CLAIM.**

(Compl., Exs. I at 1, and J at 1.) It simply cannot be an act of bad faith to advance defense cost payments to Luce, pursuant to the terms of the Policy, prior to the final

6

disposition of the claim when the express language of the insuring agreement requires the insurance company to do so "in all events." *Cambridge Holdings Group, Inc.*, 357 F. Supp. 2d at 96; *Flecha de Lima*, 2004 D.C. *Super.* LEXIS 21, at *17.

There is significant uncertainty whether a cause of action for bad faith refusal to pay first party insurance benefits or claims even exists in the District of Columbia. *Cambridge Holdings Group, Inc.*, 357 F. Supp. 2d at 95-96. United States District Judge Richard J. Leon has observed that, while a third party claim was rejected in *Messina v. Nationwide Mutual Ins. Co.*, 998 F.2d 2, 4 (D.C. Cir. 1993), a first party claim was recognized by *Washington v. Group Hospitalization, Inc.*, 585 F. Supp. 517, 520 (D.D.C. 1984). *Id.* For purposes of this Motion to Dismiss only, Luce concedes the issue is not settled in the District of Columbia. See, e.g., *Flecha de Lima v. International Medical Group, Inc.*, No. 01Ca6866, 2004 D.C. Super LEXIS 21, at *15-17 (D.C. Sup. Ct. Nov. 29, 2004); Papetti, *The Insurer's Duty of Good Faith in the Context of Litigation*, 60 GEO. WASH. L. REV., 1931, 1941, n. 53 (1992).

ULLICO admits that the Policies contain no provision imposing a priority of payment among competing insureds claiming a right to advancement of Defense Costs. (Compl., ¶ 62.) That admission alone warrants dismissal of Count II. The Policy unequivocally and unambiguously compels an advancement of Defense Costs to Luce pending final adjudication of the claim. It cannot be a violation of the covenant of good faith and fair dealing for National Union to do so. See, e.g., *Adler*

7

*v. Abramson*, 728 A.2d 86, 90 (D.C. 1999) (any discretion conferred by the agreement need only be exercised reasonably and not arbitrarily and capriciously in order to satisfy an implied covenant of fair dealing). In no event could Luce be liable to ULLICO for National Union's performance of its duty to advance Defense Costs to him "in all events." *Cf., Hais v. Smith*, 547 A.2d 986, 987 (D.C. 1988) (lender has no duty to ensure fair dealing between co-debtors). Since Luce was unquestionably entitled to an advance of Defense Costs from National Union, his insistence on receiving what he was entitled to under the Policy cannot be a violation of any implied covenant of good faith and fair dealing he owed to a co-insured, such as ULLICO. *Id.*

2.    **Exclusion 5(a) does not trump Section 2(c) of the Defense Agreement.**

ULLICO alleges National Union committed an act of bad faith and frustrated the purpose of both of the fiduciary policies by advancing Defense Costs to Luce, because ULLICO alleged in the Underlying Litigation that indemnity for losses caused by Luce's conduct might potentially be barred by Exclusion 5(a) of the Fiduciary Policies. (Compl., ¶¶ 72-75.) That claim must be dismissed as a matter of law.

Exclusion 5(a) states:

> The insurer shall not be liable to make any payment for Loss in connection with a Claim made against an Insured: (a) arising out of, based upon, or attributable to the gaining in fact of any profit or advantage to which an Insured was not legally entitled.

The Exclusion contains a severability clause that precludes National Union from imputing to any Insured any facts or knowledge of any other Insured for purposes of determining the applicability of Exclusion 5(a).[1]

The rule is well-settled in the District of Columbia, as elsewhere, that the duty to defend is broader than the duty to indemnify. *Washington Sports & Entm't, Inc. v. United Coastal Ins. Co.*, 7 F. Supp.2d 1, 7 (D.D.C. 1998) (Hogan, J.); *Boyle v. Nat'l Cas. Co.*, 84 A.2d 614, 616 (D.C. 1951). The duty to defend arises whenever the underlying complaint alleges facts that fall within the scope of coverage. This is sometimes referred to as the "eight corners rule." *Stevens v. United Gen. Title Ins. Co.*, 801 A.2d 61, 63, 66 n. 4 (D.C. 2002). The same allegations that trigger a duty to defend, trigger the duty to advance Defense Costs, and the ultimate validity of the underlying complaint's allegations is irrelevant. *Nat'l Elec. Mfrs. Ass'n v. Gulf Underwriters Ins. Co.*, 162 F.3d 821, 824 (4th Cir. 1998) (obligation to defend regardless of whether the claims are frivolous).

Moreover, the Defense Agreement in each Fiduciary Policy specifically expands upon the distinction between the duty to advance Defense Costs and the duty to indemnify. Section 2(c) of the Defense Agreement addresses the situation presented by an Insured who receives an advancement of Defense Costs but then is ultimately determined not entitled to payment of those Defense Costs as part of a policy Loss. The policy provides: "Such advanced payments by the Insurer shall be

---

[1] The precise language of Exclusion 5(b) is: "The Wrongful Act of any Insured shall not be imputed to any other Insured for the purpose of determining the applicability of the foregoing Exclusions 5(a) and 5(b)."

repaid to the Insurer by the Insureds, severally, according to their respective
interests. . . ." Consequently, the only situation in which National Union would not
be obligated to advance Defense Costs to Luce prior to the final disposition of a
claim is if the Claims asserted by ULILCO were entirely within the scope of
Exclusion 5(a). In other words, the claim would have to assert a loss arising out of
or attributable solely to the gaining in fact of any profit or advantage to which Luce,
as an Insured, was not legally entitled. *Federal Ins. Co. v. Kozlowski*, 792 N.Y.S.2d
379, 403 (A.D. 1st 2005) (because the allegations in each of the underlying actions
did not solely and entirely fall within the personal profit exclusion, Defense Costs
with respect to both covered and non-covered claims had to be advanced subject to
recoupment when Kozlowski's ultimate liability was determined).

ULLICO Insureds have asserted numerous counterclaims against Luce in the
Underlying Actions. Those claims are not limited to allegations that he obtained an
improper personal benefit as a result of violations of his fiduciary duties to the
various ULLICO sponsored employee benefit plans. To the contrary, the ULLICO
Inc. Pension Plan and Trust alleges that it has suffered extensive damages as a
result of Luce's failure to comply with his duties as a plan administrator and
fiduciary, which has subjected it to liability to other ULLICO retirees in an amount
exceeding $10 million. The ULLICO Inc. Pension Plan and Trust asserted this
counterclaim for compensatory, as well as equitable relief, in *Carabillo II*. See,
Counterclaim for Breach of Duty, Breach of Contract and Declaratory Judgment
("Counterclaim"), ¶ 1 at 13 (Compl., Ex. D). The ULLICO Inc. Pension Plan and

10

Trust asserted the claim for compensatory damages in Count I in which it alleged, among other things, that the Individual Defendants had failed ". . . to act to obtain the protections and benefits to which the Qualified Plan was entitled to receive by virtue of the assets that it owned or controlled." (Compl., Ex. D, ¶ 21 at 18.) The Qualified Plan alleged that as a result it suffered damages, and that each of the individual defendants should be required to indemnify the Qualified Plan for all losses incurred by the Qualified Plan as a result of their violations. This damage remedy was sought in addition to the remedy of disgorgement to the Plan of all benefits allegedly improperly received. (Compl., Ex. D, ¶ 30 at 19.)

As required by Fed. R. Civ. P. 26(a)(1), the ULLICO sponsored plans filed Initial Disclosures relating to their Counterclaims in *Carabillo I and II*. The Initial Disclosures itemized the damages claimed against Luce and the other Individual Defendants. A copy of ULLICO's Initial Disclosures is attached to this Memorandum as Exhibit 1. The Initial Disclosures clearly reflect that the Counterclaim includes claims for damages well beyond recovery, or offset, of the alleged improper benefits paid to Luce and the Individual Defendants. (Ex. 1 at 17-19.)

Those alleged damages include approximately $14 million in attorneys' fees and costs "incurred . . . in connection with past, ongoing and any future investigations of ULLICO transactions "and $10 million in "increased amounts ULLICO will be required to pay under the Qualified Plan and Auxiliary Plan as a result of unauthorized and improper Amendments to the Qualified Plan. . . ." *Id.*

11

ULLICO does not explain how it can be liable to pay benefits "under the Qualified Plan and Auxiliary Plan" if the challenged amendments were unauthorized and thus invalid.  However, such weird claims are not unprecedented in ERISA litigation.  *See e.g. Pacific Ins. Co., Ltd. v. Eaton Vance Mgmt.,* 369 F.3d 584, 591-592 (1st Cir. 2004) (". . . if Eaton Vance's outside ERISA counsel is to be believed – [the benefit claimants] might even have won.")

After the United States District Court for the District of Columbia consolidated the ULLICO related cases for pre-trial discovery and ordered the filing of a Consolidated Counterclaim, the ULLICO sponsored plans asserted additional compensatory damage counterclaims for aiding and abetting breach of fiduciary duty against Luce and the other Individual Defendants seeking judgment for sums allegedly improperly paid to other officers or retirees.  Consolidated Answer and Counterclaim at ¶¶ 137-142 and 158 (Exhibit 2).[2]  Of course, the severability provisions of Exclusion 5(b) render ULLICO's claims that Luce is liable for sums improperly paid to others a covered "Loss."

The Counterclaims against Luce and the other Individual Defendants in the Underlying Litigation clearly allege damage claims beyond the scope of the improper personal benefit exclusion in Section 5(a) of the applicable National Union Policies.  Consequently, the duty to defend and to advance Defense Costs to Luce

---

[2] Luce moves pursuant to Federal Rule of Civil Procedure 10(c) and Federal Rule of Evidence 201 for the Court to take judicial notice of the allegations of fact made in these pleadings in the Underlying Litigation for purposes of deciding the Motion to Dismiss. *Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1276-79 (11th Cir. 1999) (judicial notice is appropriate at the motion to dismiss stage when it is the content of the statements, not the truth of the matters asserted, that is at issue).

and the Individual Defendants was triggered. As a matter of law, the unambiguous terms of the applicable policies compel National Union to advance Defense Costs to Luce and other Individual Defendants. As a matter of law, National Union cannot be liable for bad faith or frustration of purpose of the Fiduciary Policies by complying with their literal dictates. Thus, Count II must be dismissed against Luce and National Union.[3]

> 3. Count II Fails to State a Claim for Bad Faith Refusal to Advance Costs of Defense to ULLICO to Defend Against Luce's Claims for ERISA Plan Benefits or to Prosecute the ULLICO-Sponsored Benefit Plan's Counterclaims Against Him.

Each of Luce's complaints against ULLICO-sponsored plans seeks retirement plan or deferred compensation plan benefits which he claims the plans wrongfully withheld from him. None of those claims seeks a recovery within the Fiduciary Policy definition of "Loss" – which excludes a "Claim" for "Benefits" due under the terms of the Plan. (Compl., Exs. I and J, Definition 3(i)(6) at 3.)[4] ULLICO has no basis for seeking an advancement of defense costs under the Fiduciary Policies to defend against Luce's denial of benefit claims. *Pacific Ins. Co., Ltd. v. Eaton Vance*

---

[3] ULLICO does not seek an allocation or apportionment of the costs of defense in Count II. It seeks a complete prohibition of any further payment of Defense Costs to Luce and the other Individual Defendants. As discussed in Section B below, even if Count IV is deemed an application for a declaratory judgment allocating Defense Costs among covered and not covered claims, this Court should decline to exercise jurisdiction, because any such apportionment in advance of judgment in the Underlying Litigation is premature and impractical.

[4] Indeed, the recently filed First Amended Complaint in *Luce v. The ULLICO Inc. Pension Plan and Trust*, United States District Court for the District of Columbia, Civil Action No. 1:05-CV-1996 (RJL), is the only pleading that asserts a civil claim for monetary relief by Luce against any Natural Person Insured which would be payable by those individuals as their personal obligation and, thus, would fall outside the benefits exclusion in Definition 3(i)(6) of the applicable Fiduciary Policies.

13

*Mgmt*, 369 F.3d 584, 592-593 (1st Cir. 2004) (liability to pay benefits is contractual and not covered by a fiduciary liability policy).

The applicable Fiduciary Policies also exclude from the definition of "Loss," any matters which are ". . . uninsurable under the law pursuant to which the policy shall be construed." (Compl., Exs. I and J), Definition 3(i)(7). It is axiomatic that liability insurance policies are issued to protect against fortuitous events, not events giving rise to a Loss that are within the control or intention of the Insured. *Appleman on Insurance*, 2d § 116.1[B] ("Insurance insures only fortuitous harm, that is, the insured event which the insurer agrees to underwrite must be a "chance event" beyond the control of the insured."). Under District of Columbia Law, as well the law of every other state, the ULLICO Plaintiffs' decision to file permissive counterclaims against Luce in *Carabillo I and II* are not fortuitous acts beyond the control of those Plaintiffs. The permissive Counterclaims were intentional acts completely within the control of the ULLICO Insureds. Consequently, the legal costs of prosecuting those Counterclaims, even if they were "Defense Costs" (they are not), are not a "Loss," insurable under District of Columbia law. *Sheets v. The Brethren Mut'l Ins. Co.*, 679 A.2d 540, 548-549 (Md. 1996) (event that is within the insured's foresight and expectation is not an insurable fortuity); *In re Estate of Corriea*, 719 A.2d 1234, 1241 n. 8 (D.C. 1998) (absent controlling District of Columbia law on insurability District of Columbia courts look to Maryland law). Since it is quite clear that the attorneys' fees and costs ULLICO is incurring in the Underlying Litigation in asserting its counterclaims against Luce and the Other

14

Individual Defendants are not "Losses" covered by the Fiduciary Policies, ULLICO's

claim that National Union has breached the policy by failing to advance the costs of

prosecuting those claims, fails to state a claim for which relief can be granted.

      4.    <u>Count II Fails to State a Claim for Equitable Relief.</u>

It is axiomatic in the District of Columbia, as elsewhere, that equitable relief

is not available where a plaintiff has a complete and adequate remedy at law.

*Kakaes v. George Washington Univ.*, 790 A.2d 581, 583 (D.C. App. 2002). ULLICO

has made no factual allegation demonstrating why the traditional legal damage

remedy for breach of contract would not provide it with full and complete relief.

Consequently, it has failed to state a claim for which relief can be granted for a

preliminary or permanent injunction. In a straightforward action in which plaintiff

has a clear and adequate remedy for money damages at law, a district court has no

power to enter a preliminary or permanent injunction enjoining one party to the

contract against performing its obligations. *Enercons Virginia, Inc. v. American

Sec. Bank, N.A.*, 720 F.2d 28, 29 (D.C. Cir. 1983) (citing *Sims v. Stuart*, 291 F. 707,

707-08 (S.D.N.Y. 1922) (Learned Hand, J.)).

ULLICO seeks a prohibitory injunction in Count II. It wants to prohibit

National Union from continuing to pay Defense Costs to Luce and the other

Individual Defendants.[5] This Court lacks the power to issue the prohibitory

injunction.

---

[5] It also prays for specific performance (a form of mandatory injunction) compelling
National Union to begin advancing Defense Costs to ULLICO in Count III.

The United States Supreme Court has clearly stated that United States District Courts may not enter injunctions freezing assets in actions for damages where the plaintiff claims no lien or equitable interest in the assets claimed. *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 325-333 (1999); *U.S. v. Oncology Assoc. P.C.*, 198 F.3d 489, 495-496 (4th Cir. 1999). ULLICO does not allege that any of National Union's assets were fraudulently obtained or that ULLICO has any equitable interest in National Union's assets. ULLICO does not allege that National Union is insolvent or making transfers and dissipating assets so as to render it unable to meet any judgment for breach of contract that might be entered against it. Consequently, neither Fed. R. Civ. P. 65, nor Fed. R. Civ. P. 64 (whether incorporating either Virginia or District of Columbia law), authorizes an asset freezing injunction against National Union or Luce. Count II must be dismissed.

**B.    The Court  Should Decline to Exercise Jurisdiction Over the Declaratory Judgment Claim in Count IV of the First Amended Complaint.**

Luce does not dispute that the parties are diverse and the requisite amount in controversy exists. However, the Court's jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201 is discretionary. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942). The peculiar posture of this case counsels against the Court's discretionary exercise of jurisdiction over Count IV of the First Amended Complaint.

First, the claim for declaratory relief is unnecessary and cumulative of ULLICO's claim for a liquidated sum due for its Defense Costs in the Department of

Labor investigation. Second, the good faith and fair dealing claim upon which ULLICO INC. premises its claim for relief is a difficult and unsettled issue of District of Columbia law. Third, whether National Union has a duty to indemnify Luce or the other Individual Defendants depends on resolution of issues of fact in the Underlying Litigation and cannot be conveniently adjudicated in this action. Fourth, National Union has acknowledged a duty to defend under the Fiduciary Policies, subject to a reservation of rights, and has agreed to advance Defense Costs. Under these circumstances, any adjudication of coverage issues by this Court would be premature and unnecessarily duplicative of the litigation being conducted by United States District Judge Richard Leon in the United States District Court for the District of Columbia.

This case presents an unusual fact pattern. Usually the insurance company is the plaintiff seeking a declaration that it has no obligation to defend or indemnify a policy holder or additional insured. See e.g., *Penn-America Ins. Co. v. Coffey*, 368 F.3d 409 (4th Cir. 2004). Here the Plaintiff ULLICO INC., the named insured, is seeking a declaration that National Union has no right, much less a duty, to defend Luce as an additional insured and must be prohibited from advancing Defense Costs to Luce and the Individual Defendants. Although no reported case presaged ULLICO's perversely inverted claim, it is reasonable to assume a District Court should review the factors that apply in the ordinary declaratory judgment case when deciding whether to exercise its jurisdiction. Those considerations are well established.

First, a declaratory judgment must serve some useful purpose in clarifying and settling the legal relations at issue among the parties and afford relief from uncertainty, insecurity or controversy. If the declaratory relief sought will not terminate the controversy or provide any meaningful relief, the Court should exercise discretion to decline the relief sought.

Second, the existence of an effective remedy at law for breach of contract may exist and if it does, a declaratory judgment claim should be declined. *Newton v. State Farm Fire & Casualty Co.*, 138 F.R.D. 76, 79 (E.D. Va. 1990).

Third, when a federal court must interpret state law and that state law is unclear, the federal court should decline to render a declaratory judgment based upon an uncertain interpretation of that law. *Mitcheson v. Harris*, 955 F.2d 235, 237-239 (4th Cir. 1992) (courts should not render an "ephemeral" interpretation of state law).

Fourth, when an action has been brought in one federal court and a later action is brought in another federal court, and both actions embrace the same issue, the first court obtaining jurisdiction should proceed and the second court should defer unless there is some special circumstance weighing in favor of the second suit proceeding. It is a waste of resources for concurrent litigation to proceed in parallel federal courts. *Crowley Cutlery Co. v. United States*, 849 F.2d 273 (7th Cir. 1988).

Fifth, the Declaratory Judgment Act should not be used for procedural fencing or as a tool for forum shopping. When the case has a limited connection to the declaratory relief forum, it is reasonable to infer that the suit was filed as a

preemptive measure in order to gain some home court advantage. *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1992).

Each of the foregoing considerations counsels against the exercise of declaratory judgment jurisdiction in this action.

1.    <u>A Declaratory Judgment will not Provide Complete Relief.</u>

A declaratory judgment in this action will not provide complete relief or settle the entire dispute among the parties. The only issue even arguably ripe for resolution is whether National Union has a duty to defend and is properly advancing Defense Costs to Luce and the Individual Defendants. Whether National Union will ultimately become liable to indemnify Luce against any portion of a judgment entered against Luce or any other Individual Defendant cannot be resolved at this time. See, e.g., *Lexington Ins. Co. v. Dreyfuss Bros., Inc.*, 1993 U.S. Dist. LEXIS 3473 *3 (D.D.C. 1993) (resolution of underlying case is necessary to decision on duty to indemnify); *Nat'l Union Fire Ins. Co. v. Brown*, 787 F. Supp. 1424, 1434 (S.D. Fla. 1991) (National Union cannot invoke an indemnity exclusion unless there has been an adjudication and cannot increase the probability of an exclusion applying by denying advancement of defense costs). The Underlying Litigation mixes claims of excludable improper personal benefit with claims for compensatory damages against Luce which are fully indemnifiable under the applicable policies. Consequently, this case is unlike *Penn-America Insurance Co. v. Coffey*, 368 F.3d at 413. There, the Fourth Circuit found that both the duty to defend and the duty to indemnify could be determined without adjudication of the

19

underlying tort claim arising out of a barroom brawl. The Court found that the causation issue triggering the duty to indemnify was different than the causation issue in the underlying tort litigation. That is not the case here.

National Union (unlike Penn-American Insurance Company), has acknowledged that it has an unequivocal duty to defend Luce and advance his Defense Costs. ULLICO appears to concede that the only issue that can be resolved by this Court at this stage is whether National Union's decision to advance Defense Costs to Luce is a bad faith interpretation of its policy obligations. Since this Court cannot go further and decide the applicability of the Section 5(a) personal benefit exclusion at this time, it cannot afford the kind of complete relief which is the purpose of a declaratory judgment action. *Gon v. First State Ins. Co.*, 871 F.2d 863, 868-869 (9th Cir. 1989) (apportionment of defense costs among claims is difficult if not impossible when plaintiff mixes excluded person benefit claims together with neglect, mismanagement and breach of benefit claims); *Fight Against Coercive Tactics Network, Inc. v. Coregis Ins. Co.*, 926 F. Supp. 1426, 1435-1436 n.5 (D. Colo. 1996) (apportionment of defense costs in advance of judgment is impractical and would make the adversary the arbiter of the policy's coverage). Consequently, lack of justiciability also weighs heavily in favor of declining to exercise the Court's discretionary jurisdiction.

As noted above, the Department of Labor Investigation is closed, and the Defense Costs ULLICO incurred are liquidated sums. That factor also weighs against the exercise of declaratory judgment jurisdiction. No declaratory judgment

is necessary when a traditional money judgment can afford complete relief to ULLICO on that claim. *Newton*, 138 F.R.D. at 79.

    2.    This Court Should Decline to Decide Unsettled Issues of District of Columbia Law.

The declaratory judgment ULLICO seeks would require this Court to wade into an unsettled issue of District of Columbia law. As noted in Section A.1 *supra*, at 7, whether an action for first party bad faith exists under District of Columbia law is unsettled. Moreover, a third party bad faith action by ULLICO prior to judgment in the Underlying Litigation would be barred by the "no action" clauses of the Fiduciary Policies. *Athridge v. Aetna Cas. & Sur. Co.*, 351 F.3d 1166, 1171 (D.D.C. 2003). As the Fourth Circuit has noted, there is a strong interest in having "the most authoritative voice speak on the meaning of applicable law, and that voice belongs to the state courts when state law controls the resolution of the case." *Mitcheson*, 955 F.2d at 237. The unsettled nature of the underlying legal issue counsels heavily against the Court declining discretionary jurisdiction in this matter. "Absent a strong counterveiling federal interest, the federal court here should not elbow its way into this controversy to render what may be an 'uncertain and ephemeral' interpretation of state law." *Id.* (citation omitted).

    3.    Declining Jurisdiction will Promote Judicial Efficiency and Deter Forum Shopping.

This Court should not countenance separate suits stemming from the same controversy involving overlapping legal issues proceeding simultaneously in federal courts separated only by the Potomac River. The resulting inefficiencies are clear. The duty to indemnify will be settled by the judgments in the pending consolidated

actions in the United States District Court for the District of Columbia.  Under

similar facts, the Fourth Circuit has approved dismissal of a declaratory judgment

action seeking to adjudicate the duty to indemnify issue.  *Indemnity Ins. Co. v.*

*Schriefer*, 142 F.2d 851, 853 (4th Cir. 1944).

ULLICO's decision to bring a declaratory judgment action in this district,

smacks of the "procedural fencing" the Fourth Circuit has frowned upon.  Judge

Leon has consolidated numerous related civil claims in the United States District

Court for the District of Columbia.  See, *In re ULLICO Inc. Litigation*, Master

Docket and Case No. 1:03CV01556(RJL), Consolidation Order, Exhibit 3.

Admittedly, the insurers have not been joined as parties in any of those actions and,

therefore, are not formally bound by judgments there (other than as parties in

privity with their insureds and thus subject to rights of subrogation or recourse that

may result from the judgments in the underlying cases).  Yet it is also clear that

this action could have been brought in the United States District Court for the

District of Columbia, and the action could be transferred there pursuant to 28

U.S.C. § 1404.  The only apparent reason for ULLICO Inc.'s refusal to bring this

action in the United States District Court for the District of Columbia is that Judge

Leon, the Judge to whom the case would most likely be assigned, has written a

published opinion rejecting the very theory of first party bad faith upon which

ULILCO Inc. relies.  See, Section A.1 *supra* at 7 (citing *Cambridge Holdings Group,*

*Inc. v. Federal Ins. Co.*, 357 F. Supp. 2d 89, 96 (D.D.C. 2004)).  This Court should

not endorse ULLICO's attempt to avoid Judge Leon's prior decisions by choosing this forum.

This Court should exercise its discretion to refuse to exercise declaratory judgment jurisdiction. The Court should stay the case pending the outcome of the Underlying Litigation; transfer the matter to the United States District Court for the District of Columbia; or dismiss the entire action without prejudice to ULLICO Inc. refiling in the United States District Court for the District of Columbia.

## CONCLUSION

For the reasons stated, Count II fails to state a claim for relief against Luce, and Count IV states a claim for declaratory judgment over which this Court should decline to exercise its discretionary jurisdiction.

JAMES W. LUCE
By Counsel

Robert E. Scully, Jr.
REES, BROOME & DIAZ, P.C.
8133 Leesburg Pike, Ninth Floor
Vienna, Virginia 22182
(703) 790-1911
Fax No. (703) 790-5249
Counsel for James W. Luce
Virginia State Bar No. 19218

23

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum of Points and Authorities was mailed, postage prepaid to:

> Theodore I. Brenner, Registered Agent
> National Union Fire Insurance Company of Pittsburgh, PA
> 411 E. Franklin Street, Suite 200
> Richmond, Virginia 23219
>
> American International Specialty Lines Insurance Company
> 175 Water Street
> New York, New York 10038
>
> Daniel G. Grove, Esquire
> Jackson Kelly, PLLC
> 2401 Pennsylvania Avenue, N.W., Suite 400
> Washington, D.C. 20037
>
> Kara M. Maciel, Esquire
> Krupin O'Brien, LLC
> 1156 15th Street, N.W., Suite 200
> Washington, D.C. 20005
>
> John F. Anderson, Esquire
> Troutman Sanders, LLP
> 1660 International Drive, Suite 600
> McLean, Virginia 22102
>
> Timothy W. Burns, Esquire
> Neal, Gerber & Eisenberg, LLP
> Two North LaSalle Street, Suite 2200
> Chicago, Illinois 60602

this ___14th___ day of December, 2005.

_____
Robert E. Scully, Jr.

K:\12\12410\00004\PLDNGS\051208 Memorandum of Points and Authorities.doc