UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ULLICO INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:06cv0-00080 (RJL/AK) |
| v. | ) | |
| | ) | |
| NATIONAL UNION FIRE INSURANCE | ) | |
| COMPANY OF PITTSBURGH, PA, *et al.* | ) | |
| | ) | |

**MEMORANDUM ORDER**

Pending before the Court is Defendants'/Counterclaim Plaintiffs' Expedited Motion for Second Extension of Time to Designate Experts ("Motion") [47]; Plaintiff ULLICO, Inc.'s opposition to the Motion ("Opposition") [48]; and Defendants' reply to the Opposition ("Reply") [49].[1] Defendants' Motion, filed on January 29, 2007, requests that the Court grant a ninety-day extension of time in which Defendant Insurers may designate their experts and provide expert reports. Pursuant to this Court's Minute Order dated November 1, 2006, the Defendant Insurers were previously granted a ninety-day extension of time until January 30, 2007, in which to file their expert designations.[2] Defendant Insurers indicate that while Plaintiff objects to the instant

---

[1]For purposes of this Motion, the Defendants/Counterclaim Plaintiffs ("Defendant Insurers") include American International Speciality Lines Insurance Company and National Union Fire Insurance Company of Pittsburgh, PA

[2]The initial deadline for Defendants to designate their experts was November 1, 2006. Plaintiff designated its expert and filed its expert report on September 29, 2006 [Docket No. 31], which was the deadline set pursuant to the parties' Joint Rule 16.3 Report [16].

Motion. "Defendants Carabillo and Luce do not object to the Motion; and Defendant Grelle does not object . . . [contingent upon] all remaining discovery deadlines [being] accordingly extended." (Motion at 2, n.2.)

Defendant Insurers request this second extension of expert discovery on grounds that "no further meaningful discovery has been had in this litigation . . . ." (Motion at 1.) Defendant Insurers assert that "although Plaintiff and the Defendants have exchanged discovery requests and written responses, neither party [ ] has yet [ ] provide[d] the other with actual responsive documents; and no depositions have been taken or even noted by the Plaintiff., the Insurers, or any of the other Defendants." (Motion at 1-2.) Defendant Insurers contend that they are "unable at this juncture to determine whether expert testimony will be necessary, whether in their affirmative case or in the defense of Plaintiff's claims against them. (Motion at 2.)

In their Motion, Defendant Insurers proffer no explanation for the delay in discovery and the Court notes that there is no record evidence explaining such delay; i.e., Defendant Insurers have not moved to compel discovery responses.  Plaintiff, in its Opposition, argues that "[t]he Insurers' failure to pursue discovery is not grounds for granting another 90-day extension of time to designate experts . . . [particularly where] the Insurers are well aware of the issues involved in this litigation and they have had Ullico's expert disclosure for over four months." (Opposition at 2.)

Defendant Insurers respond by asserting that the discovery delay is attributable to Ullico "who has failed to adequately respond to any of the Defendants' discovery requests, and has produced none of the documents requested during the discovery in this litigation." (Reply at 1.) Defendant Insurers claim that an extension is warranted because Ullico "has not offered any reason as to how the requested extension of time might cause it prejudice or other harm." (Reply at 2. )

Defendant Insurers further note that the other parties in this litigation do not oppose the instant Motion." (Reply at 2, noting the qualification proposed by Mr. Grelle.)[3] Defendant Insurers therefore request that such extension be granted.

The Court finds that Defendant Insurers have not demonstrated good cause for this Court to grant another two month extension of time in which they can designate experts; however, taking into account the lack of objection by the other Defendants and Ullico having proffered no allegation of prejudice or harm resulting from an extension of time, this Court will allow Defendant Insurers an additional 30 days in which to designate their experts, if any. Accordingly, it is this 2nd day of February, 2007, *nunc pro tunc* January 30, 2007,

ORDERED that the Defendants'/Counterclaim Plaintiffs' Expedited Motion for Second Extension of Time to Designate Experts [47] is granted in part and denied in part. Defendant Insurers have until March 2, 2007 to designate their experts, if any.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE

---

[3] Defendant Insurers state that Defendant Grelle's consent to the requested extension is "contingent upon the parties' agreement to extend all of the remaining discovery deadlines - which will likely be achieved through a Consent Motion entered into by all parties upon the Court's grant of this Motion." (Reply at 2, n.2.)