**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JOSEPH A. CARABILLO,

       Plaintiff,

AMERICAN INTERNATIONAL
SPECIALTY LINES INSURANCE
COMPANY,

and

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.

       Defendants.

Case No. 1:04CV00970
Judge: Richard J. Leon

---------------------------------------------------------------------------------------------------------------

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ULLICO INC.,

       Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, et al.,

       Defendants.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA
and
AMERICAN INTERNATIONAL
SPECIALTY LINES INSURANCE
COMPANY,
       Counterclaim Plaintiffs,
v.

ULLICO INC.,
       Counterclaim Defendant.

Case No. 1:06CV00080
Judge: Richard J. Leon

**JOSEPH A. CARABILLO'S MEMORANDUM
OF POINTS AND AUTHORITY IN OPPOSITION TO
AISLIC AND NATIONAL UNION'S MOTION TO STAY**

Joseph A. Carabillo ("Carabillo") is the plaintiff and counterclaim defendant in Case No. 1:04CV00970 and a defendant in Case No. 1:06CV0080, both currently pending before this Honorable Court. Carabillo, by counsel, files this memorandum of points and authority in opposition to the Motion to Stay filed in both actions by American International Specialty Lines Insurance Company ("AISLIC") and National Union Fire Insurance Company of Pittsburgh, PA ("National Union") (also referred to collectively herein as "the Insurers").

### I. Introduction

In a continuing effort to avoid by any means the payment of defense costs owed to Carabillo, the Insurers seek to stay both these insurance coverage actions, claiming that they are protecting the rights of the insureds by arguing that discovery cannot proceed until such time as the underlying litigation is resolved; that there can be no finding of their duty to indemnify until the underlying litigation is resolved; and that these cases cannot be fully litigated without prejudicing the underlying litigants until after the underlying litigation is resolved. *Defendants'/Counterclaim Plaintiffs' Motion to Stay* (hereinafter "*Insurers' Motion*"), 3. Carabillo submits that this is but yet another blatant attempt on the part of the Insurers to continue to deprive him of that to which he is entitled – a defense in the underlying actions. The Insurers have a duty to defend Carabillo which they have avoided for many years. To stay these actions would only

serve to further prejudice Carabillo and his defense of the underlying actions. Therefore, the Motion to Stay must be denied.

## II. Litigation Background

Following Carabillo's election of and qualification for an early retirement with his former employer, ULLICO Inc. ("ULLICO"), new management at ULLICO purported to terminate his employment the day before the promised retirement payments were scheduled to commence. Carabillo filed a civil action against ULLICO, challenging the actions of its then Acting President and alleging that following a change of control and acting through new management, ULLICO breached a contract with him; wrongfully terminated him; and improperly deprived him of his statutory rights under the Employee Retirement Income Security Act ("ERISA") ("Carabillo I"). ULLICO, with four additional parties, asserted a counterclaim against Carabillo and other individuals, accusing them of "self-dealing . . . in violation of [] fiduciary and contractual duties to, [sic] ULLICO and its shareholders."

Carabillo then filed a second Complaint against ULLICO sponsored employee benefit plans, alleging claims under ERISA for his pension benefits and attorneys' fees and costs. ("Carabillo II"). ULLICO and its employee benefit plans brought counterclaims against Carabillo, alleging breach of fiduciary duty and breach of contract. The District Court in Carabillo I determined that it would retain jurisdiction only of the ERISA-based claims. Partial coverage for the ERISA-based claims was extended to Carabillo by National Union under National Union Employee Benefits Plan Fiduciary Liability Policy No. 874-44-03, subject to a reservation of rights. Carabillo I and

3

Carabillo II were consolidated with other related actions in the United States District Court for the District of Columbia for discovery purposes.

Following the District Court's March 29, 2005, dismissal of Counts I and II in Carabillo I, ULLICO and the related plaintiffs initiated lifting the stay on an earlier filed prophylactic "state" court action in the Superior Court of the District of Columbia ("Superior Court"), Civil Action No. 04-0000361 ("Carabillo III"). Plaintiffs moved to revive that case and its identical non ERISA-based claims. Only Court I (breach of corporate law duties) and Count II (professional negligence) of the Superior Court action are asserted against Carabillo.

Carabillo filed the instant declaratory judgment action, Case No. 1:04CV00970 ("the Carabillo action"), against AISLIC and National Union for defense and indemnification of the claims set forth against him in Carabillo I, II, and III. Although Carabillo has received partial defense costs under a separate policy from National Union for the ERISA claims in the underlying federal court litigation, he has received no coverage for any of the other claims and/or actions against him.

Case No. 1:06CV0080 ("the ULLICO action") was brought by ULLICO against National Union, AISLIC, Carabillo, and the two other individual defendants, John K. Grelle and James W. Luce. In that action ULLICO seeks, among other things, "a declaratory judgment with respect to the parties' respective rights and "preliminary and permanent injunction barring Insurers from paying and preferentially paying Individual Defendants' purported claims under the policies in the Underlying Litigation." *ULLICO Inc.'s First Amended Complaint for Damages, Declaratory Judgment and Injunctive Relief* ¶ 8.

4

### III.     Argument

**A. <u>The Insurers have failed to meet the requirements for grant of a motion to stay</u>**

AISLIC and National Union claim that the standard governing their Motion to Stay is "whether a 'balance of the equities' will be achieved." *Insurers' Motion*, 5. They fail to mention, however, what analysis is necessary in order to make a determination of whether such a balance has been achieved. The requirements and analysis applicable to the grant or denial of a motion to stay are the same as those applicable to a preliminary injunction and, as such, are well established and straight forward.

In order to prevail on a motion to stay, the movant must demonstrate: (1) a substantial likelihood of success on the merits; (2) that he would suffer irreparable injury if the stay is not granted; (3) that the stay will not cause substantial harm to other parties; and (4) that issuing a stay will not harm the public interest. *In re Search of The Rayburn House Office Bldg.*, 434 F.Supp.2d 3, 4 (D.D.C. 2006); *Lightfoot v. District of Columbia*, 2006 WL 175222 (D.D.C. Jan. 24, 2006); *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841, 842-43 (D.C. Cir. 1977). The Insurers have not even attempted to apply these criteria to their Motion to Stay. They have made no showing whatsoever of having met any of these four prerequisites to granting of a stay. Therefore, the motion must be denied. Moreover, as discussed more fully below, to grant a stay would substantially injure other interested parties and, in particular, Carabillo.

B. **Determination of the Insurers' duty to defend is not dependent upon resolution of the Underlying Actions**

In the Carabillo action, Carabillo seeks a declaration establishing, among other things, AISLIC's and National Union's duty to defend and indemnify him in Carabillo I, II, and III, and the other related cases ("the Underlying Actions"). Carabillo does not concede that the Underlying Actions must be resolved in order for a determination to be made with respect to the Insurers' duty to indemnify him. In that regard, see *Plaintiff Joseph A. Carabillo's Motion for Summary Judgment* and *Memorandum in Support of Joseph A. Carabillo's Motion for Summary Judgment* filed in the Carabillo action as Document 27. However, the issue of indemnity need not even be addressed as it is clear that resolution of the Underlying Actions is **not** required in order for a determination to be made with respect to the Insurers' duty to defend him. For the Insurers to suggest otherwise stretches the bounds of credulity.

The law is clear that "[a]n insurer's duty to defend is conceptually distinct from and legally independent of its duty to indemnify, that is, its obligation to pay a judgment." *Sherman v. Ambassador Insurance Co.,* 216 U.S.App.D.C. 93, 100-01, 670 F.2d 251, 258-59 (1981). "[I]f the allegations of a plaintiff's complaint **may** bring the claim within the coverage of the defendant's policy, the insurance company must honor its duty to defend, even if ultimately relieved of any duty to indemnify." 216 U.S.App.D.C. at 101, 670 F2d at 259(emphasis added). "An insurer's duty of defense requires it to defend all cases against a policyholder until the carrier can demonstrate affirmatively that a particular plaintiff's underlying claim is totally outside the scope of its coverage." *Independent Petrochemical Corporation v. Aetna Casualty and Surety*

6

*Company*, 654 F. Supp. 1334, 1345-46 (D.D.C. 1986), *rev'd in part on other grounds*, 944 F.2d 940 (D.C. Cir. 1991). *See also Hartford Accident & Indemnity Co. v. Syntex Corp.*, 23 Cal.App.4th 1774, 29 Cal.Rptr.2d 32 (1994)(holding that the insurer has a duty to defend until it obtains a declaratory judgment or summary judgment that it has exhausted it policy limits). In that regard, "the burden is on the [insurers] to demonstrate that there is no possibility of recovery under their policy before they can be relieved of their defense obligation." *Independent Petrochemical Corporation*, 654 F. Supp. at 1346.

      The purpose of defense policies such as those issued by AISLIC and National Union is to defend against claims asserted against their insureds. In this case, a determination of whether AISLIC and National Union are required to extend a defense to Carabillo is wholly independent of whether they are required to indemnify him. The duty to defend is broader and more extensive than the duty to indemnify. *Salus Corp. v. Continental Cas. Co*., 478 A.2d 1067, 1069-70 (D.C. 1984). The Insurers cite *Salus* for the proposition that the duties of indemnification cannot be determined, as a matter of law, until the underlying litigation is resolved. *Insurers' Motion*, 8. However, this completely ignores the more important holding in *Salus* which states: "considering the ease with which . . . claims can be made in a complaint, it would be contrary to public policy to allow an insurance company to bow out of its obligation to defend *whenever* [allegations of non-covered items] are merely claimed against its insured." *Salus Corp*., 478 A.2d at 1070 (emphasis in original).

      The duty to defend arises whenever the underlying complaint alleges facts that fall within the scope of coverage. *Stevens v. United Gen. Title Ins. Co.,* 801 A.2d 61, 63

7

(D.C. 2002). The ultimate validity of the underlying complaint's allegations is totally irrelevant to the duty to advance defense costs. *National Electrical Manufacturers Association v. Gulf Underwriters Insurance Co.,* 162 F.3d 821, 824 (4th Cir. 1998); *S. Freedman & Sons, Inc. v. Hartford Fire Ins. Co.,* , 396 A.2d 195, 199 D.C. 1978). The obligation to defend "is not affected by facts ascertained before suit or developed in the process of litigation or by the ultimate outcome of the suit." *Boyle v. National Cas. Co.*, 84 A.2d 614, 615 (D.C. 1951). "[I]f it is **possible** that the allegations of a complaint would bring it within coverage of the policy, the insurer is obligated to defend, even if it ultimately is not required to pay a judgment." *American Continental Ins. Co. v. Pooya*, 666 A.2d 1193, 1198 (D.C. 1995) (emphasis added).

Because resolution of the Underlying Actions is not necessary in order to determine the issue of whether a defense is owed to Carabillo, the Motion to Stay must be denied.

C. **Carabillo will be severely prejudiced if the Carabillo action is stayed**

Carabillo is a private individual who has been under-employed since his termination by ULLICO in June of 2003. In addition to the two instant actions, he is currently a party in three other related cases arising out of his relationship with ULLICO. There can be no question that issuing a stay in the Carabillo action will severely prejudice Carabillo's defense in the Underlying Actions by prohibiting him from obtaining his defense costs when they are incurred, constituting irreparable harm to him.

The United States District Court for the Southern District of New York considered the prejudice to an individual denied defense costs in *In re WorldCom, Inc., Securities Litigation,* 354 F.Supp. 455 (S.D.N.Y. 2005). In *WorldCom* the former

chairman of the board of directors moved for a preliminary injunction compelling the insurer to immediately advance the chairman's costs of defending numerous claims against him pursuant to an excess directors and officers liability polity.  The Court held:

> The failure to receive defense costs when they are incurred constitutes "an immediate and direct injury."  To hold otherwise, "would not provide insureds with protection from financial harm that insurance policies are presumed to give."

*Id*. at 469 (internal citations omitted).  As noted by the court in *WorldCom:*

> Every party . . . requires effective representation.  It is impossible to predict or quantify the impact on a litigant of a failure to have adequate representation at this critical stage of litigation.  The ability to mount a successful defense requires competent and diligent representation.  The impact of an adverse judgment will have ramifications beyond the money that will necessarily be involved.  There is the damage to reputation, the stress of litigation, and the risk of financial ruin – each of which is intangible but very real burden.

*Id.*

Here, while granting the Insurers' Motion to Stay would in no way injure or prejudice AISLIC or National Union, it would completely prejudice and undermine the defense of Carabillo and irreparably harm him by denying him that for which his former employer contracted and to which he is legally entitled – the costs of defense.  The purpose of purchasing insurance for coverage of defense costs would be completely nullified if the insured were required to wait for the outcome of the litigation he was defending in order to be provided the costs of his defense.  In this case, it is quite possible that were the Carabillo action stayed pending the outcome of the Underlying Actions the

9

proceeds of the applicable insurance policies will be exhausted before Carabillo's entitlement to coverage is ever determined, leaving him without any coverage at all.

It is not up to AISLIC and National Union to decide whether Carabillo is entitled to his defense costs. "Insurance carriers do not function as courts of law;" in fact, even where the insurance company has completely rescinded the contract, it must pay defense costs while the recission claims are being litigated. *See National Railroad Passenger Corp. v. ERC Frankona Ruckversicherungs-AG*, 2005 WL 4708212 at *3 (D.D.C. 2005)(citation omitted). The Insurers have no right to further delay the determination of Carabillo's rights to a defense by staying the Carabillo action. To hold otherwise, "would not provide [Carabillo] with protection from financial harm that insurance policies are presumed to give." *WorldCom* at 469.

### D. The Insurers' stated bases for their motion are specious

The Insurers claim the Carabillo action and the ULLICO action must be stayed because discovery is unable to proceed due to the confidential and prejudicial nature of some of the information sought by the discovery requests propounded upon them. However, the Insurers have undertaken no efforts whatsoever to provide the requested information via protective order(s); to obtain consent from any of the parties at issue concerning the disclosure of such information; or to take any other action to resolve this discovery issue. Instead, the only action AISLIC and National Union have taken is to file the motion at hand seeking to stay the Carabillo action and the ULLICO action – a completely self-serving action designed to deprive their insureds of the defense coverage to which they are entitled.

### IV.  Conclusion

On the basis of the foregoing, Carabillo submits that the stay sought by AISLIC and National Union would be severely prejudicial to him as it would, in effect, deny him his defense in the Underlying Actions.  Therefore, Joseph A. Carabillo respectfully submits that AISLIC and National Union's Motion to Stay must be denied.

Respectfully submitted,

_____/s_____
Jennifer Z. Cain
*Pro Hac Vice* (WV Bar #583)
JACKSON KELLY PLLC
256 Russell Avenue
New Martinsville, WV  26155
Telephone:  (304)455-1751
Facsimile:  (304)455-6314

Daniel C. Grove
(DC Bar #066399)
JACKSON KELLY PLLC
2401 Pennsylvania Avenue, N.W.
Suite 400
Washington, DC  20037
Telephone:  (202)973-0200
Facsimile:   (202)973-0232

*Counsel for Defendant Joseph A. Carabillo*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 12th day of February, 2007, true and correct copies of the foregoing DEFENDANT JOSEPH A. CARBILLO'S MEMORANDUM OF POINTS AND AUTHORITY IN OPPOSITION TO AISLIC AND NATIONAL UNION'S MOTION TO STAY and proposed ORDER were served upon all counsel of record via Electronic Case Filing or as otherwise required by LCvR 5.4(d) of the Court's Local Rules.

                                                            _____/s/_____
                                                                  Jennifer Z. Cain