**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ULLICO INC., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> NATIONAL UNION FIRE INSURANCE : <br> COMPANY OF PITTSBURGH, PA, et al., : <br> : <br> Defendants. : <br> : <br> NATIONAL UNION FIRE INSURANCE : <br> COMPANY OF PITTSBURGH, PA., : <br> and : <br> AMERICAN INTERNATIONAL : <br> SPECIALTY LINES INSURANCE : <br> COMPANY, : <br> : <br> Counterclaim Plaintiffs, : <br> : <br> v. : <br> : <br> ULLICO INC., : <br> : <br> Counterclaim Defendant. : | Civil Action No. 1:06cv00080 (RJL) |

**ULLICO'S RESPONSE MEMORANDUM TO AMERICAN
INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY'S AND NATIONAL
UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.'S MOTION TO STAY**

Plaintiff/Counterclaim Defendant, Ullico Inc. ("Ullico"), by and through it attorneys, hereby respectfully submits this Response Memorandum to Defendants/Counterclaim Plaintiffs American International Specialty Lines Insurance Company ("AISLIC") and National Union Fire Insurance Company of Pittsburgh, Pa.'s ("National Union") (hereinafter collectively "Insurers") Motion to Stay.

**I.      Introduction**

Insurers moves for a stay because they contend that: (1) the adverse positions of the parties of the Underlying Litigation prohibit the Insurers from disclosing any one policyholder's confidential communications and defense costs bills to Underlying Litigation opponents; (2) half the issues involved in the Underlying Litigation and this coverage action are not ripe; and (3) the Insurers' coverage defenses cannot be fully litigated without prejudicing the underlying litigants unless the Underlying Litigation is first resolved.  (Insurers' Br. at 2-3.)  While Ullico does not agree that this dispute is not ripe, Ullico opposes the Insurers' Motion to Stay unless safeguards are put in place to protect Ullico's interests.

**II.     Background**

As this Court is aware, in April 2002 Ullico became the subject of numerous federal investigations, including Department of Labor investigations (the "DOL Investigations"), into certain of Ullico's stock transactions.  Additionally, Ullico was sued by former officers Joseph A. Carabillo ("Carabillo"), John K. Grelle ("Grelle") and James W. Luce ("Luce") for payment under Ullico's benefits plans, including *Carabillo v. Ullico Inc.*, No. 1:03cv01556 (D.D.C.), *Carabillo v. Ullico Inc. Pension Plan & Trust, et al.*, No. 1:04cv00776 (D.D.C.), *Luce v. The Union Labor Live Auxiliary Retirement Benefits Plan, et al.*, No: 1:03cv1014 (E.D. Va.), *Luce v. Ullico Inc. Pension Plan & Trust, et al.*, No. 1:05cv851 (E.D. Va.) (collectively the "Underlying Litigation").  In response, Ullico has fully defended these investigations and actions, and asserted defenses and counterclaims that seek to offset any recovery sought by Carabillo, Grelle and Luce.  Even though National Union has acknowledged that Ullico provided appropriate notice of the Underlying Litigation and DOL Investigations, it has refused to pay Ullico's defense costs while paying the defense costs of Carabillo, Grelle and Luce who also (as former officers of Ullico) made claims under National Union's policies.

Moreover, despite its currently expressed concerns over confidentiality, National Union has refused to set up a confidentiality arrangement that would allow Ullico to submit un-redacted legal invoices for payment of defense costs incurred in the Underlying Litigation and DOL Investigations -- even though there are obvious conflicts of interest posed by the adverse positions of Ullico and its former officers in the Underlying Litigation, despite the fact that the same coverage counsel is representing National Union in regard to Ullico's claims as well as the former officers' claims, and despite the same claims adjusters handling Ullico's claims as well as the former officers' claims.

As a result, on November 17, 2005, Ullico was forced to file a complaint against the Insurers as well as Carabillo, Grelle and Luce (collectively "Individual Defendants") to protect its interests. Ullico's complaint seeks a determination of insurance coverage arising out of the Underlying Litigation and the DOL Investigations.[1] Specifically, Ullico alleges a breach of contract against National Union for failure to pay defense costs incurred in defense of the Underlying Litigation and DOL Investigations, preliminary and permanent injunction against National Union and the Individuals Defendants to enjoin payment of any monies under the relevant insurance policies to any of the Individual Defendants, specific performance against the Insurers to provide an accounting of payments made under the relevant insurance policies, and declaratory judgment against all defendants of the rights and duties under the relevant insurance policies.

On October 11, 2006, in a transparent attempt to avoid bad-faith liability, National Union sent a letter to Ullico enclosing a check for $273,382.26, the amount National Union contends that Ullico incurred in defense of covered claims. Unfortunately, this amount constitutes just a fraction of the defense costs Ullico has incurred in the Underlying Litigation and DOL

---

[1] Ullico filed a First Amended Complaint on December 6, 2005.

Investigations. To date, Ullico has incurred defense costs of over $7,000,000 with respect to the Underlying Litigation and the DOL Investigations.

On November 3, 2006, Ullico filed a motion for partial summary judgment seeking a determination whether the panel counsel requirement of National Union's 2001 and 2002 Fiduciary Policies[2] apply to the Underlying Litigation and DOL Investigations. In response, National Union cross-moved for partial summary judgment seeking a determination that exclusion 5(d) of the 2002 Fiduciary Policy applies to the Underlying Litigation and the panel counsel requirement of the 2001 Fiduciary Policy applies to the Underlying Litigation and DOL Investigations. Both Ullico's Motion for Partial Summary Judgment and National Union's Cross-Motion for Partial Summary Judgment are fully briefed and pending before this Court.

**III.    Argument**

    **A.    The Power to Stay an Action Is Inherent**

"The power to stay a proceeding is incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936); *IBT/HERE Employee Representatives' Council v. Gate Gourmet Division Americas, et al.*, 402 F. Supp. 2d 289, 292 (D.D.C. 2005). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *IBT/HERE*, 402 F. Supp. 2d at 292. In exercising its stay authority, a court must weigh competing interests and maintain an even balance. *See Landis*, 299 U.S. at 254-255; *National Airmotive Corporation v. Government*

---

[2] Ullico refers to National Union's Employee Benefit Plan Fiduciary Liability Insurance Policy No. 874-44-03 issued to "Ullico Inc. and its Subsidiaries" which was effective for the Policy Period of October 30, 2001 to October 30, 2002 as the "2001 Fiduciary Policy". Similarly, Ullico refers to National Union's Employee Benefit Plan Fiduciary Liability Insurance Policy No. 495-38-35 to "Ullico Inc. and its Subsidiaries," which was effective for the Policy Period of October 30, 2002 to October 30, 2003 as the "2002 Fiduciary Policy".

*and State of Iran, et al.*, 499 F. Supp. 401, 406 (D.D.C. 1980).  In particular, federal district courts have the discretion to decide whether to entertain or stay actions for declaratory judgments.  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 286-288 (1995).  As the United States Supreme Court recently explained about the exercise of discretion:

> a motion to a court's discretion is a motion, not to its inclination, but to its judgment; and *its judgment is to be guided by sound legal principles.*  Discretion is not whim, and limiting *discretion according to legal standards helps promote the basic principle of justice that like cases should be decided alike.*

*Martin v. Franklin Capital Corp., et al.*, 126 S.Ct. 704, 710 (2005) (citations omitted) (emphasis added).

Here, weighing the competing interests and maintaining an even balance requires the Court, in connection with the grant of any stay, to ensure prompt payment of Ullico's defense costs and that Ullico's interest in obtaining such prompt payment is protected.

### B.    National Union Is Obligated to Pay Ullico's Defense Costs

It is not unusual for litigation under directors and officers and fiduciaries policies to be stayed pending the outcome of the suit for which coverage is sought, but in staying such litigation courts require insurers to live up to their obligations to advance defense costs under their policies.  Otherwise, the insured could be robbed of the benefit of its policy.

National Union is obligated immediately to pay Ullico's defense costs regardless of whether a stay is granted.  Where an insurer is obligated under a policy to pay defense costs, it incurs that obligation "as soon as the insured incurs the liability for the loss[.]"  *In re WorldCom Sec. Lit.*, 354 F. Supp. 2d 455, 464 (S.D.N.Y. 2005) (collecting cases).  *See also Nat'l Union Fire Ins. Co. v. Brown*, 787 F. Supp. 1424 (S.D. Fl. 1991) (collecting cases, and holding on insured's motion for summary judgment that the D & O policy's loss clause requiring payment

of "any amount which the Insured's legally must pay" demand contemporaneous payment of defense costs).

While courts await adjudication of the underlying action to determine if any policy exclusions will relieve an insurer of its obligation to pay defense costs, *see, e.g., Assoc. Elec. & Gas Ins. Servs., Ltd. v. Rigas*, 382 F. Supp. 2d 685, 686 (E.D. Pa. 2004), in doing so, courts require the insurers to live up to their advancement of defense costs obligations.

For example, the Eastern District of Pennsylvania considered whether insurance carriers must advance costs to five former directors and officers of Adelphia and Adelphia Business Solutions, Inc. *Id.* The *Rigas* court, after finding that a bankruptcy court stayed the proceedings, considered whether insurers could nonetheless avoid advancing defense costs based on their argument that the underlying claims were subject to a fraud exclusion and a prior knowledge exclusion. *Id.* at 696-700. The court held that such exclusions did not relieve insurers of their duty to contemporaneously pay defense costs, holding instead that the obligation would continue until judicial determination of the exclusion's application to the claims. *Id.* at 700; *see also PepsiCo, Inc. v. Cont'l Cas. Co.*, 640 F. Supp. 656, 659 (S.D.N.Y. 1986) (granting partial summary judgment to insured, and noting that policy language merely provides right of reimbursement for costs excluded under provision); *Brown*, 787 F. Supp. at 1429, 1434 (finding that policy's fraud exclusion does not apply until a final adjudication establishing insured's fraud, dishonesty, or criminal acts, and holding that insurers may not wait until adjudication of underlying claim to pay defense costs); *Gon v. First State Ins. Co.*, 871 F.2d 863, 868-869 (9th Cir. 1989) (affirming district court's injunction requiring insurer to pay defense costs as incurred, where district courts also held in abeyance insurer's rescission action); *Independent Petrochemical Corp. v. Aetna Cas. & Sur. Co.*, 654 F. Supp. 1334, 1346 (D.D.C. 1986) (granting

partial summary judgment to insureds, requiring insurer to defend until insurer could demonstrate polices did not cover underlying claims).

Here, similar to *Rigas*, National Union has argued that exclusions prohibit payment of Ullico's defense costs. There is no dispute that Ullico has incurred liability covered under the 2002 and 2001 Fiduciary Policies in the Underlying Litigation and DOL Investigations. Rather, National Union has argued that exclusion 5(d) of the 2002 Fiduciary Policy prohibits payment of defense costs of the Underlying Litigation. Further, National Union has argued that the panel counsel requirement of the 2001 Fiduciary Policy prohibits payment of defense costs of the Underlying Litigation and DOL Investigations. As in *Rigas*, National Union is not relieved of its duty to contemporaneously pay defense costs, instead National Union's obligation continues until this Court determines whether exclusion 5(d) of the 2002 Fiduciary Policy applies to the Underlying Litigation and the panel counsel requirement of 2001 Fiduciary Policy applies to the Underlying Litigation and DOL Investigations.

      **C.    In the Alternative, the Court Can and Should Decide Ullico's Pending Motion for Partial Summary Judgment**

Even if a limited stay is granted, Ullico should be allowed to proceed forward with its Motion for Partial Summary Judgment. None of the prejudice that National Union insists will occur if a stay is not granted applies to the resolution of Ullico's Motion for Partial Summary Judgment. The only questions brought before the Court in Ullico's Motion for Partial Summary Judgment are (1) whether the panel counsel requirement of National Union's 2001 and 2002 Fiduciary Policies apply to the Underlying Litigation, and (2) whether the panel counsel requirement was enforceable against Ullico with respect to the DOL Investigations of Ullico under the 2001 Fiduciary Policy. Both of these questions address whether National Union owes a duty to defend Ullico under the 2001 and 2002 Fiduciary Policy and do not require a resolution

of the Underlying Litigation in order to be answered. The Insurers suggest, in a footnote, that Ullico's Motion for Partial Summary Judgment cannot be decided because it "raises a host of factual issues to the underlying litigation and payment of defense costs which Ullico has failed to produce discovery upon." (Insurers' Br. at 9 n. 3.) However, the question of whether the panel counsel requirement applies to the Underlying Litigation and DOL Investigations involve an interpretation of the terms of an insurance contract which is a matter of law. *See Spears v. Nationwide Mutual Ins. Co.*, 254 F. Supp. 2d 144, 152 (D.D.C. 2003).

Ullico's Motion for Summary Judgment does not require a resolution of the issues in the Underlying Litigation. "An insurer's duty to defend[3] is conceptually distinct from and legally independent of its duty to indemnify, that is its obligation to pay a judgment." *Salus Corp. v. Continental Cas. Co.*, 478 A.2d 1067, 1069 (D.C. 1984). "Whereas the duty to defend depends only upon the *facts as alleged to be*, the duty to indemnify, i.e., ultimate liability, depends rather upon the true facts." *Id.* at 1069-1070 (emphasis added). "Thus, if the allegations of a plaintiff's complaint may bring the claim within the coverage of the defendant's policy, the insurance company must honor its duty to defend, even if ultimately relieved of any duty to indemnify." *Id.* at 1070 (internal quotations omitted). A stay as to a determination of the duty to defend is inappropriate because resolution of the underlying claims is unnecessary for such a determination. *See Lexington Insurance Co. v. Dreyfuss Brothers, Inc., et al.*, No. 92-1640 SSH, 1993 WL 102629, *1 (D.D.C. March 23, 1993) (applying Maryland law which is the same as District of Columbia).

The above also holds true for additional motions which implicate the Insurers' duty to defend and do not require a resolution of the Underlying Litigation. It is Ullico's intent to file a

---

[3] Even though the 2001 and 2002 Fiduciary Policies provide for the advancement of defense costs, the policies are still treated similar to policies which provide for the duty to defend.

motion for partial summary judgment concerning National Union's improper allocation of defense costs. Such a motion addresses the duty to defend and does not necessitate a resolution of the Underlying Litigation in order to make a determination and, thus, can be carved out of any potential stay.

**IV.   Conclusion**

Based on the foregoing, Ullico prays that any grant of Insurers' Motion for Stay be conditioned on Ullico's interests being protected by:

1. National Union being ordered to advance the outstanding defenses costs due to Ullico; or

2. the stay not applying to Ullico's Motion for Partial Summary Judgment; and

3. the stay not applying to Ullico's intended motion for partial summary judgment regarding allocation.

                              ULLICO INC.

                              _/s/ John. F. Anderson_____
                              By One of Its Attorneys

                              John F. Anderson
                              D.C. Bar No. 393764
                              TROUTMAN SANDERS LLP
                              1660 International Drive
                              Suite 600
                              McLean, VA 221 02
                              (703) 734-4356

                              Timothy W. Burns (*Pro Hac Vice* Admission)
                              NEAL, GERBER & EISENBERG LLP
                              Two North LaSalle Street, Suite 2200
                              Chicago, Illinois 60602
                              (312) 269-8000