UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ULLICO INC., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 1:06cv00080 (RJL/AK) |
| | : |
| NATIONAL UNION FIRE INSURANCE | : |
| COMPANY OF PITTSBURGH, PA., et al., | : |
| | : |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF JAMES W. LUCE'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM ULLICO INC.**

James W. Luce ("Luce") submits this memorandum in support of his motion to compel production of documents from ULLICO Inc. (hereinafter "ULLICO"), made pursuant to Federal Rule of Civil Procedure 37(a)(2)(B).

**INTRODUCTION**

On December 07, 2005 ULLICO filed its First Amended Complaint for Damages, Declaratory Relief and Injunctive Relief in the United States District Court for the Eastern District of Virginia. On January 6, 2006, District Judge Ellis transferred the case to this District, where it was received and filed on January 17, 2006. In its First Amended Complaint (hereinafter "Complaint"), ULLICO seeks: (a) damages from National Union Fire Insurance Company of Pittsburgh, PA (hereafter "National Union") and American International Specialty Lines of Insurance Company (hereinafter "AISLIC") arising out of their alleged failure to pay ULLICO's defense costs in the Department of Labor Investigations and Underlying Litigation (hereinafter the "Underlying Litigation"); (b) a declaratory judgment with respect to the parties' respective rights and responsibilities under the Insurance Policies for the Underlying Litigation;

(c) a preliminary and permanent injunction barring National Union and AISLIC from paying and allegedly preferentially paying Luce, Joseph Carabillo and John Grelle's claims under the policies in the Underlying Litigation; and (d) specific performance requiring National Union and AISLIC to provide ULLICO an accounting showing critical information necessary for it to fully exercise its rights under the Insurance Policies.  (First Amended Complaint, ¶ 8.)

On November 3, 2006 ULLICO filed a Motion for Partial Summary Judgment seeking judgment as a matter of law that (1) National Union is obligated to pay it for the costs it incurred in defense of the Underlying Litigation and (2) that National Union is obligated to pay ULLICO for the costs it incurred in the defense of the Department of Labor Investigations.  [Document 34-1, at ¶¶ 3-4.]   In support of its Motion for Partial Summary Judgment, ULLICO filed the affidavit of Patrick McGlone, Associate General Counsel for ULLICO.  [Exhibit 2 to Document 34-1.]  According to Mr. McGlone, ULLICO has incurred defense costs in excess of $7 million defending the Underlying Litigation the Department of Labor Investigations, of which only $273,382.26 has been reimbursed by National Union.  [Exhibit 2 to Document 34-1, at ¶ 5.]

Luce is also an "Insured" under the insurance policies that are at issue in this case.  Indeed, one of ULLICO's claims in this matter is that National Union and AISLIC have improperly paid Defense Costs incurred by Luce (and others) related to the Underlying Litigation, which payments "serve to reduce sums otherwise due to *Ullico* under the policies". (First Amended Complaint, ¶ 6 (emphasis added).)  No determination has yet been made as to which of the claimants are entitled to coverage.  No determination has yet been made as to the priority of payment between the claimants.  Thus, as co-insured under the policies, Luce has an interest in ensuring that the alleged $7 million in defense costs which ULLICO seeks to recoup from the Insurers were reasonable and necessary to its defense of the covered claims, rather than

its massive affirmative claims for relief against Luce, Grelle and Carabillo, and the Department of Labor Investigations because those inappropriate claims would improperly reduce the proceeds available to *Luce* under the policy.

## THE DOCUMENT REQUEST AT ISSUE

On December 4, 2006, Luce served a single request for production of documents upon ULLICO (hereinafter the "Request"). That Request sought:

> All bills for professional fees or other expenses reflecting defense costs that YOU contend are covered expenses under the insurance policies at issue in this matter. YOUR response should include, but is not limited to, copies of legal bills reflecting the more than seven million dollars ($7,000,000.00) worth of legal expenses that YOU have incurred to date defending the DOL investigations and the Underlying Litigation, as averred by Patrick McGlone in his affidavit in support of YOUR Motion for Partial Summary Judgment.

*See* James W. Luce's First Request for Production of Documents to ULLICO, Inc., Exhibit 1 to this Memorandum. On January 3, 2007 ULLICO served its response to Luce's Request, which consisted solely of an objection on the basis of attorney-client privilege and attorney work product doctrine. *See* ULLICO Inc.'s Response to Defendant James W. Luce's First Request for Production of Documents, Exhibit 2 to this Memorandum.

ULLICO has not produced any documents in response to the Request nor has it produced a privilege log as required by Fed. R. Civ. P. 26(b)(5)(A).

## ARGUMENT

A.  ULLICO Has Waived any applicable Privilege by Failing to Provide Rule 26(b)(5)(A) Information.

Upon withholding information in response to Luce's Request on the grounds that it is privileged or protected trial preparation material, ULLICO was obligated to describe the nature of the documents or communications not produced in a manner that would have enabled Luce to assess the applicability of the privilege or protection. Fed. R. Civ. P. 26(b)(5)(A). The mere

3

assertion of the privilege is insufficient, *United States of America v. Exxon Corp.*, 87 F.R.D. 624, 637-38 (D.D.C 1980) (requiring production of document "index" identifying the privilege claimed for each document, to be numbered and described).  ULLICO has not provided any information in support of its claim of privilege and work product protection.

The failure on ULLICO's part to provide a privilege log or to otherwise explain the reasons for its objections should be deemed a waiver of the privilege asserted.  *See Dage v. Leavitt*, No. 04-0221, 2005 U.S. Dist. LEXIS 17958, *7 (D.D.C., Aug. 18, 2005) (failure to produce a privilege log can be deemed a waiver of the privileges asserted); *Bregman v. District of Columbia*, 182 F.R.D. 352, 363 (D.D.C. 1998) (barring claim of privilege where plaintiff failed to provide a privilege log).  The fact that Luce sought only one category of documents (bills for professional fees or other expenses reflecting defense costs) does not mean that the basis for ULLICO's objection was entirely self-evident.  *See Banks v. Office of the Senate Sergeant At Arms*, 226 F.R.D. 113, 116 (D.D.C. 2006) (noting that one court had excused a party from producing a privilege log only because the opposing party had already provided an adequately specific description of the nature of the privilege claimed and its application to the documents in question or when it was self evident from the request itself that a party was seeking documents to which it was not entitled).  In fact, because Luce's request sought documents that generally are not privileged *per se* (see discussion in part B below) the production of an adequate privilege log is necessary to Luce's ability to assess the claim of privilege.  *See GFL Advantage Fund Ltd. v. Colkitt*, 216 F.R.D. 189, 195 ("The apparent inapplicability of the privilege on its face increases, rather than decreases, the need for a privilege log" under Rule 45(d)(2).").

By failing to produce appropriate Rule 26(b)(5)(A) information ULLICO has waived the privileges asserted with respect to the requested documents.

4

B.        Attorney Billing Statements and Invoices are Not Privileged *Per Se*.

The documents sought by Luce are bills for legal services or other professional services that ULLICO contends are covered defense costs under the policies. "The attorney-client privilege does not ordinarily protect the identity of a client, the amount of a fee, or the general purpose of legal work performed." *United States of America v. Legal Services for New York City*, 100 F. Supp. 2d 42, 44-45 (D.D.C. 2000); *see also*, Montgomery v. Leftwich, Moore and Douglas, 161 F.R.D. 224, 227 (D.D.C. 1995) ("It is well established that the attorney-client privilege is generally not violated by requiring the disclosure of billing arrangements 'because such information ordinarily reveals no confidential professional communication between attorney and client'".). (citation omitted). The attorney-client privilege does protect confidential communications made by the client to an attorney for the purpose of seeking legal advice. *GFL Advantage Fund Ltd. v. Colkitt*, 216 F.R.D. 189, 194 (D.D.C. 2003) (*citing Tax Analysts v. Internal Revenue Service*, 117 F.3d 607, 617 (D.C. Cir. 1997)). The privilege also protects communications from the attorney to the client if their disclosure would reveal the client's confidential communications to the attorney. *Id.* Thus, the attorney-client privilege only applies to the bills that an attorney sends to its client if such bills reveal the client's confidential communications. *See Athridge v. Aetna Casualty and Surety Co.*, 184 F.R.D. 181, 188 (D.D.C. 1998) (attorney-client privilege not applicable where the "letters and bills [contained nothing] which discloses any information communicated to [the attorney] by [the insurer] or [the client] for the purpose of seeking his legal advice".) ULLICO must demonstrate that the legal bills requested by Luce reveal confidential communications between it and its attorneys. *In Re Sealed Case*, 737 F.2d 94, 99 (D.C. Cir. 1984) (party asserting privilege has burden of establishing its applicability).

5

ULLICO also objected to the Request on the grounds that the legal bills are protected by the attorney work-product doctrine. *See* Exhibit 2 at 3. The work product privilege protects documents prepared "in anticipation of litigation or for trial". *See* Fed. R. Civ. P. 26(b)(3). The concept has both temporal and motivational aspects. *Athridge v. Aetna Casualty and Surety Co.*, 184 F.R.D. 181, 189 (D.D.C. 1998). Thus, the document for which protection is asserted must have been prepared (1) before or during the litigation *and* (2) it must also have been prepared *for litigation* and not for some other purpose. *Id.* Clearly legal bills are not prepared *for* litigation; they are prepared and transmitted to the client as part of the law firm's ordinary course of business. ULLICO's assertion of work-product protection fails because the requisite motivational aspect is missing. *See Leach v. Quality Health Services*, 162 F.R.D. 499, 502 (E.D. Pa. 1995) (work protect doctrine does not likely apply to billing records, which are produced in the regular course of business not in anticipation of litigation). As with the attorney-client privilege, ULLICO bears the burden of demonstrating the applicability of the asserted work-product protection. Generally, an *in camera* inspection of the withheld documents is necessary for the Court to be satisfied that a basis for asserting the privilege or protection exists. *See Montgomery v. Leftwich, Moore and Douglas*, 161 F.R.D. 224, 226 (D.D.C. 1995).

C.      By Placing Its Legal Bills "At Issue" ULLICO has Waived any Applicable Protection.

In this Circuit an implied waiver of the attorney-client privilege and the work product doctrine occurs whenever a party places the communications of his counsel at issue in litigation. In *Ideal Electric Security Co. v. Int'l Fidelity Ins. Co.*, 129 F.3d 143, the Court of Appeals held that International Fidelity Insurance Company ("International") "effectively waived its attorney-client privilege with regard to all communications going to the reasonableness of the fees claimed when it placed the purportedly privileged matters in dispute by claiming indemnification

for the attorneys fees." 129 F.3d at 146. In support of its claim for attorneys fees, International had submitted billing statements from its lawyers, but it had redacted portions of the billing records on the grounds that the undisclosed portions were privileged. 129 F.3d at 147. Ideal objected to the redaction. As a result, the District Court awarded fees to International only for the unredacted portions of the bills. *Id*. The Court of Appeals found that the District Court abused its discretion in assessing the amount due to International and remanded the case to allow Ideal to challenge the reasonableness of International's claim for fees following full disclosure of the redacted portions of the billing statements. 129 F.3d at 147. According to the Court,

> Ideal is entitled to discover the information it requires to appraise the reasonableness of the amount of fees requested by IFIC, including the nature and extent of the work done by IFIC 's counsel on various phases of the case, so that its may present to the court any legitimate challenges to IFIC's claim. . . . IFIC may opt to withhold billing statement under a claim of attorney-client privilege; however, where IFIC's assertion of a privilege results in the withholding of information necessary to Ideal's defense to IFIC's claim against it, the privilege must give way to Ideal's right to mount a defense. Under the common law doctrine of implied waiver, the attorney-client privilege is waived when the client places otherwise privileged matters in controversy.

129 F.3d at 151 (citations omitted).

Like the defendant in the *Ideal Electric* case, ULLICO has placed its legal fees at issue in this case. Not only does ULLICO rely on the undisclosed bills by submitting the affidavit of its Associate General Counsel in support of its claim for fees, but it also touts the reasonableness of the rates charged and the competence of the various law firms by whom it has been represented without actually disclosing the rates or the work performed. [Document 34-1 at 35-35.] Thus, ULLICO relies on information contained within its legal bills in support of its claim for reimbursement out of the Policy Proceeds. Luce also claims entitlement to reimbursement from those policy proceeds and he is "entitled to discover the information [he] requires to appraise the reasonableness of the amount of [defense costs] requested by" ULLICO. *Ideal Electric*, 129

F.3d at 151; *see also*, *Potomac Electric Power Company v. California Union Ins. Co.*, 136 F.R.D. 1, 4 (D.D.C. 1990) (holding that Pepco must produce unredacted copies of legal bills because "[i]t is clear that Pepco has brought its own conduct and the conduct of its counsel in the underlying proceedings directly into issue by instituting this action to recover approximately $3.25 million for clean-up costs and $3.5 million for defense costs allegedly incurred in connection with those proceedings.").

ULLICO has impliedly waived any attorney-client privilege and work-product protection applicable to its attorney's billing statements by placing the reasonableness of the fees at issue in this case.

D.   Any Confidential Communications or Attorney Mental Impressions Revealed in the Bills can be Appropriately Redacted.

Luce recognizes that, by bringing the claims asserted in this case, ULLICO has placed itself in the uncomfortable position of having to disclose its legal bills for the Underlying Litigation, which is ongoing, to other parties involved in the Underlying Litigation. Appreciative of the situation, and despite the clear holding in *Ideal Electric*, counsel for Luce offered to accept copies of the requested professional fee billing statements with privileged communications and attorney mental impressions redacted. The offer was met with silence.

Assuming, *arguendo*, that a privilege or protection applies to portions of the billing statements (to be confirmed by an *in camera* review by the Court) and that ULLICO has not waived that privilege or protection through its failure to produce Rule 26(b)(5)(A) information or its decision to put its attorneys' fees at issue in this case, then the appropriately withheld material can be redacted but the remainder of the requested documents must be produced. *See Leach*, 162 F.R.D. at 501-02 ("a typical [attorney] time sheet may contain several pieces of information,

8

such as the attorney's name, the client's name, the general matter being worked on if the attorney has represented the client in more than one matter, the date and time the services were provided, as well as a description of the actual legal services performed" and only the latter category of information might contain privileged information that may be redacted).

## CONCLUSION

ULLICO must demonstrate that the documents requested by Luce actually contain material protected by the privileges it has asserted. Assuming it can do so, it has waived any such privilege or protection by failing to produce a privilege log and by placing its attorneys fees at issue in this case. If, upon an *in camera* review, this Court concludes that the requested documents contain protected information for which the privilege has not been impliedly waived, such information can be redacted from the remainder of the material. Therefore, Luce respectfully requests that this Court grant his Motion to Compel, order that ULLICO submit responsive documents to the Court for *in camera* inspection and order production of such responsive materials as this Court deems appropriate upon its review.

Dated:  February 20, 2007                          Respectfully Submitted,

                                                   _____/s/_____
                                                   Robert E. Scully, Jr.
                                                   REES, BROOME & DIAZ, P.C.
                                                   8133 Leesburg Pike, Ninth Floor
                                                   Vienna, Virginia 22182
                                                   (703) 790-1911
                                                   Fax No.  (703) 790-5249
                                                   Counsel for James W. Luce
                                                   D.C. Bar No. 340828
                                                   rscully@rbdlaw.com

K:\12\12410\00003\PLDNGS\070205 Memorandum in support of motion to Compel ULLICO coverage case.doc