UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH A. CARABILLO<br><br>    Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>AMERICAN INTERNATIONAL<br>SPECIALTY LINES INSURANCE<br>COMPANY<br>and<br>NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH, PA,<br><br>    Defendants/Counterclaim Plaintiffs | Case No. 1:04CV00970 (RJL/AK) |
| ULLICO INC.,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>v.<br>AMERICAN INTERNATIONAL<br>SPECIALTY LINES INSURANCE<br>COMPANY<br>and<br>NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH, PA,<br><br>    Defendants/Counterclaim Plaintiffs | Case No. 1:06cv0080 (RJL/AK) |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
DEFENDANTS'/COUNTERCLAIM PLAINTIFFS' MOTION TO STAY**

Defendants/Counterclaim Plaintiffs American International Specialty Lines Insurance Company ("AISLIC") and National Union Fire Insurance Company of Pittsburgh, PA ("National Union") (AISLIC and National Union are hereinafter collectively referred to as the "Insurers"),

by and through their undersigned counsel and pursuant to Local Civil Rule 7, hereby submit this Reply Memorandum in Further Support of their Motion to Stay, and state as follows:

## INTRODUCTION

All but one of the parties involved in these coverage actions concede that a stay of these actions is proper until the Underlying Litigations are resolved. Specifically, neither John K. Grelle ("Grelle") nor James W. Luce ("Luce"), defendants in the *Ullico* Action, filed any opposition to the Insurers' pending motion. Ullico submitted a "Response Memorandum," in which Ullico does not set forth any real opposition, but only insists that certain "safeguards [must be] put in place to protect Ullico's interests," (Ullico's Resp. at p. 3)[1] and makes a number of disputed factual assertions along the way. *See id.* And Carabillo, whose Opposition must only apply to the Insurers' Motion to Stay with respect to the pending *Carabillo* Action because he does not seek any relief from the Court in the *Ullico* Action, erroneously asserts that this Court must apply a standard only applicable when a party seeks to stay an action *pending an appeal* – which is not the case here. Carabillo then goes on to base the alleged prejudice caused by a stay of that action by reciting similar arguments advanced in his Motion for Summary Judgment – i.e., that the Insurers have a duty to defend Carabillo against the claims asserted against him in the Underlying Litigation under the D&O and E&O policies (he is already receiving defense costs under the 2001 Fiduciary Policy) – an issue which this Court has already summarily denied. In any event, none of the parties in these coverage actions will be prejudiced by the requested stay because, as no one can seriously dispute, National Union continues to

---

[1] References to Ullico's Response Memorandum to the Motion to Stay are cited herein as "Ullico's Resp. at __;" references to Carabillo's Memorandum of Points & Authorities in Opposition are cited as "Carabillo's Opp. at __;" and references to the Insurers' opening Memorandum in Support of their Motion to Stay are cited as "Insurers' Br. at __".

reimburse its insureds for their covered defense fees and costs incurred in the Underlying Litigation under the 2001 Fiduciary Policy.

Neither Ullico nor Carabillo, however, address – much less distinguish – any of the Insurers' cited authorities that support a stay in cases like these, where the resolution of insurance coverage actions is entirely dependent upon a resolution of the underlying litigations for which competing insureds seek coverage under the same policies. For the reasons set forth in the Insurers' opening memorandum and further detailed herein, a stay of the *Ullico* and *Carabillo* Actions is both warranted and necessary.

### I. The Standard on a Motion to Stay

As already set forth by the Insurers, the general standard on a motion to stay is whether a "balance of the equities" may be achieved. *Motion* at 5. In addition, Ullico – agreeing with National Union – points out that this Court's power to stay the *Ullico* and *Carabillo* Actions is inherent to "control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Ullico's Br. at 4 (quoting *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)).

Carabillo's suggestion that the Court must first analyze a litany of factors before issuing a stay is misplaced. Carabillo's Opp. at 5. The "prerequisites" to a stay, as cited by Carabillo, are only applicable when a movant seeks to stay an injunction or other action *pending an appeal* – and, as such, are irrelevant here. *See In re Search of The Rayburn House Office Bldg.*, 434 F.Supp.2d 3, 4 (D.D.C. 2006) (listing factors that must be considered "in determining whether to grant a motion to **stay pending appeal**"); *Lightfoot v. District of Columbia*, 2006 U.S. Dist. LEXIS 4633 (D.D.C. Jan. 24, 2006 (recognizing that a **stay pending appeal** is an extraordinary remedy that requires the movant to satisfy the stringent standards proposed by Carabillo);

*Washington Metropolitan Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 842-43 (D.C. Cir. 1977) (stay of an injunction **pending appeal**). Unlike the movants in those cases, however, the Insurers are not seeking a stay pending an appeal – and Carabillo's cited factors have no bearing on this Court's decision.

Ullico correctly cites *Landis v. North American Co.*, 299 U.S. 248 (1936), in which suits brought by two holding companies to restrain the Securities & Exchange Commission and other officials from enforcing the Holding Company Act were stayed to await decision of a like suit brought by the Commission and still pending in another district court. *Id.* at 249. The *Landis* court noted that the power to stay proceedings is

> incidental to the power inherent in every court to control the disposition of the causes on its docket with economy and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Id.* at 254; *see also IBT/HERE Employee Representatives' Council v. Gate Gourmet Division Americas, et al.*, 402 F.Supp.2d 289, 292 (D.D.C. 2005) (finding it efficient for court's docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case); *Dellinger v. Mitchell*, 442 F.2d 782 (D.D.C. 1971) (justifying stay until completion of related criminal case without consideration of Carabillo's proposed factors).

As such, the standard for a stay pending appeal is not the same standard used for a stay pending resolution of independent proceedings, which requires the Court simply to "weigh competing interests and maintain an even balance." *National Airmotive Corp. v. Government and State of Iran*, 499 F.Supp 401, 406 (D.D.C. 1980). For all of the reasons discussed in the Insurers' opening memorandum – namely, that at least half of the issues (those requiring a determination of whether the Insurers have a duty to indemnify under the policies at issue) are

not even ripe, and the remainder of the complex insurance coverage issues cannot proceed without prior resolution of the Underlying Litigations, the discovery obstacles removed and the threat of any prejudice to the insureds vitiated – the *Ullico* and *Carabillo* Actions are precisely the type of proceedings that call for this Court's inherent power to grant a stay in order to achieve such "even balance" of equities, especially where, as here, the insured underlying litigants are being reimbursed for their covered defense fees and costs under the 2001 Fiduciary Policy, and will continue to receive such reimbursement up to that policy's limit of liability.

## II. Neither Ullico nor Carabillo Have Demonstrated any Prejudice That Would Result if a Stay is Issued

Ullico does not even claim any prejudice that might result from a stay of these coverage proceedings, but instead merely reasserts its position that "National Union is obligated immediately to pay Ullico's defense costs regardless of whether a stay is granted." Ullico's Resp. at 5. This contention is a red herring because National Union has reimbursed Ullico for those defense costs that National Union was able to determine from Ullico's severely redacted invoices were actually incurred in its defense of the Underlying Litigations, and such reimbursements, under a complete reservation of rights, will continue – whether or not a stay is granted – until the 2001 Fiduciary Policy's limit of liability is reached. Moreover, Ullico's statement that "National Union has refused to set up a confidentiality arrangement that would allow Ullico to submit un-redacted legal invoices for payment of defense costs" resulting in Ullico being "forced to file a complaint against the Insurers ... to protect its interests" is completely false. Ullico's Resp. at 3. Notably, Ullico offers nothing to demonstrate that it ever requested any such "confidentiality arrangement" prior to filing its complaint in the *Ullico* Action. Indeed, it was National Union who *initiated* an offer of such an arrangement upon submitting Ullico's redacted invoices to an outside auditing firm in its good faith effort to ensure

that as much of Ullico's defense costs as could be discerned to have been incurred by Ullico in defense of the Underlying Litigation were reimbursed to Ullico, under a complete reservation of National Union's rights under the 2001 Fiduciary Policy. *See* Conway Decl. Exh. A.

In any event, and as Ullico's Response points out, the issue of whether National Union is obligated to defend Ullico in the Underlying Litigation despite Ullico's refusal to comply with the applicable policy's precondition to coverage has been fully briefed in connection with Ullico's pending Motion for Partial Summary Judgment, and National Union does not disagree with Ullico that the Court can decide that pending motion, as well as National Union's pending Cross-Motion for Partial Summary Judgment, whether or not it issues the requested stay. *See* Ullico's Resp. at 7-8.

Carabillo's claims of prejudice apply only to the *Carabillo* Action (*see* Carabillo Opp. at 9) and are grounded solely on the arguments raised in his Motion for Summary Judgment – namely that the Insurers are somehow obligated to defend Carabillo under the D&O and E&O policies, which on their face preclude such coverage – that has already been denied by this Court. Moreover, the cases cited by Carabillo in purported support of his "prejudice" are completely inapposite. *In re WorldCom, Inc. Securities Litigation*, 354 F.Supp.2d 455 (S.D.N.Y. 2005), quoted at length by Carabillo, involved a former director's preliminary injunction proceeding seeking a defense for *covered claims* under a policy that the insurer claimed was rescinded for fraud and therefore void *ab initio*. *Id.* at 458. Unlike here, the *WorldCom* director's entitlement to defense costs clearly existed under the terms of the policy and the court simply held the insurer's duty to defend otherwise covered claims existed "until the rescission issues have been litigated and resolved." *Id.* at 468.

Equally inapposite is Carabillo's second cited case, *National RR Passenger Corp. v. ERC Frankona Ruckversicherungs-AG*, No. 03-2420 (JGP), 2005 WL 4708212 (D.D.C. June 24, 2005) (Penn, J.), another rescission case, in which Judge Penn agreed with "the myriad cases, in this and other jurisdictions, establishing that insurers are bound by their policies while their rescission claims are litigated." *Id.* at *2. Unlike the insurers in *WorldCom*, *National RR Passenger Corp.*, and every other case involving attempted rescissions of insurance contracts, the Insurers here do not attempt to *rescind* the insurance policies at issue in the *Ullico* and *Carabillo* Actions, they merely seek to enforce the policies terms, conditions, and exclusions as written. Because coverage for the Underlying Litigation is precluded on the face of the D&O and E&O policies at issue in these coverage actions, the Insurers are without a duty to defend and Carabillo cannot be prejudiced by the requested stay.

Finally, Carabillo's claim that the instant Motion to Stay is "a completely self-serving action designed to deprive their insureds of the defense coverage to which they are entitled" (Carabillo Opp. at 10) is disingenuous. What Carabillo fails to inform this Court is that he *is receiving* reimbursement of the "defense coverage to which [he] is entitled" under the 2001 Fiduciary Policy for the defense of covered claims. Thus, Carabillo fails to demonstrate any prejudice that would result from the requested stay.

In sum, neither Ullico nor Carabillo has demonstrated that any prejudice will result if this Court issues a stay of the coverage actions. By contrast, the interests of achieving a balance of equities, judicial economy and efficiency of these litigations demonstrated by the Insurers' opening memorandum will only be furthered by a stay. As such, the Insurers respectfully submit that these coverage actions are precisely the type of cases that warrant this Court to employ its inherent power, to control the disposition of the causes in its docket with economy and effort for

itself, for counsel and for the litigants, to issue a stay until the Underlying Litigations are resolved.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in the Insurers' opening Memorandum in Support of their Motion to Stay, the Insurers respectfully requests that this Court issue a stay of all proceedings in the *Ullico* and *Carabillo* Actions pending resolution of the Underlying Litigations.

Dated:  February 20, 2007

                                          Respectfully submitted,

                                          **PATTON BOGGS LLP**

By: _____/s/_____
David J. Farber (415899)
Shannon W. Conway (43958)
2550 M Street, N.W.
Washington, D.C.  20037
Telephone:  (202) 457-6000
Facsimile:  (202) 457-6315

*Counsel for Defendants/Counterclaim Plaintiffs American International Specialty Lines Insurance Company and National Union Fire Insurance Company of Pittsburgh, PA*

408831                                                  8