## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ULLICO INC., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 1:06cv00080 (RJL/AK) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, et al., | : |
| Defendants. | : |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, | : |
| Counterclaim Plaintiffs, | : |
| v. | : |
| ULLICO INC., | : |
| Counterclaim Defendant. | : |

### ULLICO INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO JAMES W. LUCE'S MOTION TO COMPEL

Plaintiff/Counterclaim Defendant, Ullico Inc. ("Ullico"), by and through its attorneys, hereby respectfully submits this Opposition Memorandum to Defendant James W. Luce's ("Luce") Motion to Compel.

**I.  Introduction**

Luce moves to compel production of Ullico's legal invoices with respect to its defense of the DOL Investigations and Underlying Litigation, contending: (1) any claim of privilege was waived by Ullico's failure to provide a privilege log; (2) the attorney-client privilege and work product doctrine do not apply to Ullico's legal invoices; and (3) Ullico placed its legal invoices

"at issue", waiving any applicable protection.  Luce's Motion to Compel should be deferred until consideration of American International Specialty Lines Insurance Company's ("AISLIC") and National Union Fire Insurance Company of Pittsburgh, PA.'s ("National Union") (hereinafter collectively "the Insurers") pending Motion to Stay.  If the Insurers' Motion to Stay is denied then Luce's Motion to Compel can be considered.  Regardless of when it is considered, Luce's Motion to Compel is without merit because Ullico has not waived any applicable privilege.  Ullico's legal invoices are protected by the attorney-client privilege and work product doctrine in this instance and are not "at issue", and even if the invoices were "at issue" they continue to be protected by privilege until after a ruling on National Union's obligation to defend.

## II.     Background

As this Court is aware, in April 2002 Ullico became the subject of numerous federal investigations, including Department of Labor investigations (the "DOL Investigations"), into certain of Ullico's stock transactions.  Additionally, Ullico was sued by former officers Joseph A. Carabillo ("Carabillo"), John K. Grelle ("Grelle") and James W. Luce ("Luce") for payment under Ullico's benefits plans, including *Carabillo v. Ullico Inc.*, No. 1:03cv01556 (D.D.C.), *Carabillo v. Ullico Inc. Pension Plan & Trust, et al.*, No. 1:04cv00776 (D.D.C.), *Luce v. The Union Labor Live Auxiliary Retirement Benefits Plan, et al.*, No: 1:03cv1014 (E.D. Va.), *Luce v. Ullico Inc. Pension Plan & Trust, et al.*, No. 1:05cv851 (E.D. Va.) (collectively the "Underlying Litigation").  In response, Ullico has fully defended these investigations and actions, and asserted defenses and counterclaims that seek to offset any recovery sought by Carabillo, Grelle and Luce.  Even though National Union has acknowledged that Ullico provided appropriate notice of the Underlying Litigation and DOL Investigations, it has refused to pay Ullico's defense costs while paying the defense costs of Carabillo, Grelle and Luce who also (as former officers of Ullico) made claims under National Union's policies.

As a result, on November 17, 2005, Ullico was forced to file a Complaint against the Insurers as well as Carabillo, Grelle and Luce (collectively "Individual Defendants") to protect its interests. Ullico's Complaint seeks a determination of insurance coverage arising out of the Underlying Litigation and the DOL Investigations.[1] Specifically, Ullico: (1) alleges a breach of contract against National Union for failure to pay defense costs incurred in defense of the Underlying Litigation and DOL Investigations; (2) seeks a preliminary and permanent injunction against National Union and the Individuals Defendants to enjoin payment of any monies under the relevant insurance policies to any of the Individual Defendants; (3) seeks specific performance against the Insurers to provide an accounting of payments made under the relevant insurance policies; and (4) seeks a declaratory judgment against all defendants of the rights and duties under the relevant insurance policies.

In response to Ullico's Complaint, Carabillo, Grelle and Luce each individually filed motions to dismiss. After each motion had been denied, the parties, in accordance with Federal Rule of Civil Procedure 26(a)(1), provided their initial disclosures.[2] None of the parties provided any documents with their Rule 26(a)(1) disclosures, nor has any party supplemented its Rule 26(a)(1) disclosures by providing any documents. Limited discovery has been propounded since the inception of the case, including Luce's Request for Production of Documents at issue in this motion and an almost identical Request for Production of Documents by Grelle.

On January 31, 2007, twenty days before this motion was filed, the Insurers moved for a stay of this action. The Insurers put forth several reasons for the stay, the most notable of which was that the adverse positions of the parties in the Underlying Litigation prohibits the Insurers

---

[1] Ullico filed a First Amended Complaint on December 6, 2005.
[2] Of note, the Insureds, Carabillo and Grelle have each filed Answers to Ullico's Complaint. Luce has never filed an Answer to Ullico's Complaint.

from disclosing any one policyholders' confidential communications and defense costs bills to parties in this litigation. This motion is pending before this Court.

Lastly, Luce is and has been represented in both this action and the Underlying Litigation by the same counsel, Robert E. Scully, Jr. of Rees, Broome & Diaz P.C.

### III.   Argument

#### A.   The Court Should Resolve the Motion to Stay First

The Court should defer any ruling on Luce's Motion to Compel until it resolves the Insurers' Motion to Stay, as well as the Cross-Motions for Partial Summary Judgment. If the Court were to consider Luce's Motion to Compel first, any grant of relief under this motion obviously could be impacted by the Court's granting of the pending Motion to Stay and Cross-Motions for Partial Summary Judgment. Therefore, logic dictates, not to mention judicial economy, that the Court should resolve the Insurers' Motion to Stay and only address Luce's Motion to Compel if and when it is necessary.

#### B.   Ullico Is Entitled to Assert Any Applicable Privilege

Ullico is entitled to assert any applicable privilege without the production of a privilege log because there is sufficient information for the Court to make a determination as to the invoked privileges from the request itself. It is self-evident that Luce has sought documents to which he is not entitled. "As the federal rules, case law and commentators suggest, waiver of privilege is a serious sanction most suitable for cases of unjustified delay, inexcusable conduct, and bad faith." *United States of America v. British American Tobacco (Investments) Ltd.*, 387 F.3d 884, 891 (D.C. Cir. 2004). The assertion of a privilege must be accompanied by sufficient information to allow the court to adjudicate the merits of the invocation. *See United States of America v. Exxon Corporation*, 87 F.R.D. 624, 637 (D.D.C 1980). The absence of a privilege log alone may not merit a finding of waiver. *First American Corp. v. Al-Nahyan*, 2 F. Supp. 2d

58, 63 (D.D.C. 1998). And, as Luce recognizes, a party may be excused from producing a privilege log when it is self-evident from the request itself that an opposing party is seeking documents to which it is not entitled. *Banks v. Office of the Senate Sergeant-at-Arms and Doorkeeper*, 226 F.R.D. 113, 116-117 (D.D.C. 2005) (citing *Garner, Lovel & Stein P.C. v. Burnett*, 911 S.W. 2d 108, 112-113 (Tex. App. 1995)).

Luce's request for documents asks for only one thing – Ullico's legal invoices – which Luce, in this instance, is attempting to improperly obtain for no other reason than to gain a tactical advantage in the Underlying Litigation. It is disingenuous for Luce to suggest a privilege log is necessary for the Court, much less him, to determine whether the invocation of the attorney-client privilege and work product doctrine is appropriate. If Ullico produces a privilege log for its legal invoices it would consist of the author's name, recipient's name, dates of each invoice and the privilege asserted. Such a privilege log would not assist the Court or Luce in any manner in determining whether the attorney-client privilege and/or work product doctrine is applicable. By its nature the request identifies the author and recipient, and the date of each invoice is irrelevant to the privilege issue. Ullico's objections identify the privilege asserted. The Court has sufficient information to determine applicability of privilege based on the privilege asserted and the request itself.

In a corollary argument, the request itself also proves that Luce's discovery request for Ullico's legal invoices is inappropriate in this instance. This is an action to determine coverage, which is decided based upon the relevant insurance policies. If Ullico succeeds in its arguments, the only party entitled to Ullico's legal invoices is the carrier, National Union.[3] The only possible reason for Luce's request is to obtain the privileged information contained in the

---

[3] Ullico also submits, as will be addressed in its forthcoming Motion for Partial Summary Judgment, that its legal invoices are not necessary since National Union's fiduciary policies do not contain an allocation provision and, thus, all defense costs are allocated as Covered.

invoices detailing the defense work performed in the Underlying Litigation. Luce cannot be allowed, as the Insurers pending Motion to Stay articulates, to obtain privileged information to use in the Underlying Litigation.

### C. The Attorney-Client Privilege and Work Product Doctrine Protect Ullico's Invoices

#### 1. Attorney-Client Privilege

The attorney-client privilege applies to legal invoices if, under the circumstance, this disclosure would in effect reveal confidential communications between the attorney and client. *See In re Witnesses Before the Special March 1980 Grand Jury*, 729 F.2d 489, 495 (7th Cir. 1984); *United States of America v. Legal Services for New York City*, 100 F. Supp. 2d 42, 45 (D.D.C. 2000).

*In re Grand Jury Witnesses* is instructive in this instance. In that case, the Seventh Circuit Court of Appeals found that legal invoices which contain "the nature of documents prepared, issues researched or matters discussed could reveal the substance of confidential discussions between attorney and client." *In re Grand Jury Witnesses*, 729 F.2d at 495. Further, the court, quoting a Ninth Circuit Court of Appeals decision, stated:

> Confidential communications, including a client's motive for litigation or for consultation with an attorney, are privileged. Therefore . . . privilege would protect correspondence between attorney and client which reveals the client's motivation for creation of the relationship or possible litigation strategy, as well as bills, ledgers, statements, time records and the like which also reveal the nature of the services provided.

*Id.* (internal quotes omitted).

Here, the production of Ullico's legal invoices would reveal the confidential communication concerning Ullico's defense strategies in the Underlying Litigation. Ullico's legal invoices, similar to most legal invoices, contain descriptions of the services provided. Normally, this would not be of much significance, but in the context of this action it is. Luce,

who is an adverse party in the Underlying Litigation, is attempting to compel the production of Ullico's legal invoices for the Underlying Litigation containing descriptions of services provided, including the nature of documents prepared, issues researched or matters discussed. *See In re Grand Jury Witnesses*, 729 F.2d at 495. Therefore, these legal invoices – whose disclosure could reveal the substance of confidential discussions between attorney and client in ongoing litigation to an adverse party in that litigation – are protected by the attorney-client privilege. *Id.*

### 2. Work Product Doctrine

Ullico's legal invoices also are protected by the work product doctrine. "The work product doctrine protects only materials prepared 'in anticipation of litigation.'" *United States of America v. Naegele*, No. 05-0151, 2007 WL 39177, at *6 (D.D.C. Jan. 4, 2007). "The testing question for the work product privilege . . . is whether in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Naegele*, 2007 WL 39177, at *6. Of more significance is the purpose of the work product doctrine which "encourage[s] effective legal representation within the framework of the adversary system by removing counsel's fears that his thoughts and information will be invaded by his adversary." *Athridge v. Aetna Casualty and Surety Co.*, 184 F.R.D. 181, 189 (D.D.C. 1989).

Ullico's legal invoices are protected under the work product doctrine because they contain the mental impressions and defense strategies of Ullico and its lawyers in the Underlying Litigation. As discussed above, Ullico's legal invoices contain descriptions of the services provided, including the nature of documents prepared, issues researched or matters discussed. These descriptions are essentially the mental impressions and defense strategies that Ullico and its lawyers are developing and pursuing in the Underlying Litigation. For Luce's counsel, who is

also counsel to Luce in the Underlying Litigation, this information is a Rosetta Stone to defending his client in the Underlying Litigation. As the United States Supreme Court articulated:

> Were such material open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp practices would inevitably develop in giving of legal advice and in the preparation of case for trial. And the interest of the client and the cause of justice would be poorly served.

*Hickman v. Taylor*, 329 U.S. 495, 511, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

### D. Ullico Has not Waived any Applicable Privilege by Placing its Invoices "At Issue"

Luce incorrectly contends that Ullico has impliedly waived the attorney-client privilege and the work product doctrine with respect to Ullico's legal invoices by placing them "at issue" in this coverage action. As support for this contention, Luce has attempted to analogize the cases of *Ideal Electronic Security Co., Inc. v. International Fidelity Ins. Co.*, 129 F.3d 143 (D.C. Cir. 1997) and *Potomac Electric Power Company v. California Union Ins. Co.*, 136 F.R.D. 1 (D.D.C. 1990) with this situation. *Ideal* involved a discovery dispute over billing statements between a principal and surety. *Potomac Electric* involved a discovery dispute over documents pertaining to an investigation, defense, and settlement of underlying proceedings between an insurer and its policyholder. *See Ideal*, 129 F.3d at 146-147; *Potomac Electric*, 136 F.R.D. at 2. Both courts held that the documents must be disclosed because a party waives any right to assert attorney-client privilege or the work product doctrine when it interjects an issue in a case that the privileged information contained in a document is necessary to resolve (i.e. defend). *See Ideal*, 129 F.3d at 151-152; *Potomac Electric*, 136 F.R.D. at 4-5.

Several facts make these cases inapplicable. First, Luce and Ullico do not share a principal and surety or insurer and policyholder relationship as the parties in *Ideal* and *Potomac*

*Electric* did. Second, Ullico's legal invoices are not "at issue." At this time, the issue that is before the Court is whether National Union is obligated under its fiduciary policies for the defense of the DOL Investigations and Underlying Litigation. Ullico's legal invoices do not become "at issue" until the Court makes a determination as to this and, even then, depending on the Court's determination, Ullico's legal invoices may not be at issue. Third, Ullico's legal invoices are not necessary for Luce to defend Ullico's claims because Luce has not averred any defenses to Ullico's claims. In fact, Luce has failed to file an Answer to Ullico's First Amended Complaint.

Even if the Court were to find Ullico's legal invoices would be placed "at issue" at some point in these proceedings, they are still protected by the attorney-client privilege and the work product doctrine. Documents "at issue" continue to be protected from discovery by the attorney-client privilege and work product doctrine where the issue of whether an insurer was obligated to defend has not been resolved. *See Carey-Canada, Inc., et al. v. Aetna Casualty and Surety Co.*, 118 F.R.D. 250, 251 (D.D.C. 1987). In *Carey-Canada*, an insured brought an action seeking a declaration that primary and excess insurers were obligated to indemnify the insured for amounts paid in judgment or settlement of underlying cases alleging asbestos-related property damage. *Id.* at 250. The *Carey-Canada* court, in deciding a motion to compel documents generated in the course of settlement negotiations, found that in regard to the settlement documents which were "at issue" "there remains a live and pivotal issue here as to whether [the insurer] is obligated to shoulder the burden of defending against those underlying claims." *Id.* at 251. The court held that until this issue was resolved the privileges continued to apply and the documents could not be compelled. *Id.* at 251-252. Here, similar to *Carey-Canada*, there has not been a decision as

to whether National Union is obligated to defend Ullico and until that decision is made, Ullico's legal invoices are protected by the attorney-client privilege and work product doctrine.

### E.    Redaction Is an Impossibility

In a last ditch effort to inappropriately obtain privileged material, Luce argues that any confidential communications or attorney mental impressions revealed in Ullico's invoices can be appropriately redacted. This argument is the clearest indication yet of Luce's true intent – to gain a tactical advantage in the Underlying Litigation – since the argument is entirely contrary to the primary reason Luce indicated these documents are needed. Luce stated in his Memorandum in support of his motion to compel that "as co-insured under the policies, Luce has an interest in ensuring that the alleged $7 million in defense costs which Ullico seeks to recoup from the Insurers were reasonable and necessary to its defense of the covered claim . . . ." (Luce's Mem. at 2.) For Luce to suggest that Ullico's legal invoices can be redacted to eliminate confidential communications and mental impressions essentially means that all the descriptions of legal services would be redacted. As a result, Ullico's legal invoices would be gutted of the very information Luce claims is necessary to determine "reasonable and necessary defense costs."

### F.    Disclosure Even Under a Protective Order Ignores Ullico's Interests

If the Court were to grant any relief to Luce and an appropriate protective order were issued, it still could not protect Ullico's legal invoices, including the confidential communications and mental impressions, from disclosure in the Underlying Litigation. As previously stated, Luce, along with Carabillo and Grelle, are adverse parties to Ullico in the Underlying Litigation. Additionally, Luce is represented by the same counsel, Mr. Robert Scully, Jr., in both this action and the Underlying Litigation. Because of the pendency of the Underlying Litigation and any potential use of any information contained in the invoices in the Underlying Litigation, any use and distribution of Ullico's invoices should be limited. An

appropriate protective order would require a restriction of attorneys' eyes only in this case, thereby allowing the invoices to be produced without jeopardy of disclosure in the Underlying Litigation. However, such a protective order would be impossible to enforce as to Mr. Scully, as he represents Luce in this action as well as the Underlying Litigation. Therefore, there is no protective order that could be fashioned which would safeguard the interest of Ullico.

**IV.     Conclusion**

Based on the foregoing, Ullico respectfully requests that the Court deny Defendant James W. Luce's Motion to Compel.

ULLICO INC.

 /s/ John F. Anderson
By One of Its Attorneys

John F. Anderson
D.C. Bar No. 393764
TROUTMAN SANDERS LLP
1660 International Drive
Suite 600
McLean, VA 22102
(703) 734-4356

Timothy W. Burns (*Pro Hac Vice* Admission)
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 2200
Chicago, Illinois 60602
(312) 269-8000

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ULLICO INC., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> NATIONAL UNION FIRE INSURANCE : <br> COMPANY OF PITTSBURGH, PA, et al., : <br> : <br> Defendants. : <br> : <br> NATIONAL UNION FIRE INSURANCE : <br> COMPANY OF PITTSBURGH, PA., : <br> and : <br> AMERICAN INTERNATIONAL : <br> SPECIALTY LINES INSURANCE : <br> COMPANY, : <br> : <br> Counterclaim Plaintiffs, : <br> : <br> v. : <br> : <br> ULLICO INC., : <br> : <br> Counterclaim Defendant. : | Civil Action No. 1:06cv00080 (RJL/AK) |

**ORDER**

UPON CONSIDERATION of Defendant James W. Luce's Motion to Compel, Plaintiff/Counterclaim Defendant's Response thereto; it is this _____ day of _____, 2007, hereby;

ORDERED that Defendant's Motion to Compel, and the same hereby is DENIED.

Entered this _____ day of _____, 2007.

_____
Alan Kay
United States Magistrate Judge

- 12 -