# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ULLICO INC., | : |
|       Plaintiff, | : |
| v. | : Civil Action No. 1:06cv00080 (RJL/AK) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, et al., | : |
|       Defendants. | : |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, | : |
|       Counterclaim Plaintiffs, | : |
| v. | : |
| ULLICO, INC., | : |
|       Counterclaim Defendant. | : |

## DEFENDANT/COUNTERCLAIM PLAINTIFF NATIONAL UNION'S RESPONSE TO ULLICO INC.'S MEMORANDUM IN OPPOSITION TO JAMES W. LUCE'S MOTION TO COMPEL

Defendant/Counterclaim Plaintiff National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), by and through its undersigned counsel, hereby respectfully submits this Response to Ullico Inc.'s ("Ullico") Memorandum in Opposition to James W. Luce's Motion to Compel,[1] and states as follows:

Ullico has impermissibly undertaken to cast a disparaging light on National Union in its Opposition Memorandum to the Luce Motion. Presumably because National Union is not a

---

[1] James W. Luce's Motion to Compel is hereinafter referred to as the "Luce Motion," and Ullico's Memorandum in Opposition to the Luce Motion is hereinafter referred to as the "Opposition Memorandum."

411644

direct participant in the particular discovery controversy addressed by the Luce Motion, Ullico has taken great liberties in making the very false assertions of "fact" that (1) National Union "has refused to pay Ullico's defense costs while paying the defense costs of Carabillo, Grelle and Luce" (Opposition Memorandum at 2); and (2) because "National Union's fiduciary policies do not contain an allocation provision … all defense costs are allocated as Covered." *Id.* at 5, n.3. Not only are both of these assertions unnecessary and irrelevant to the Court's consideration of the issues raised in the Luce Motion, they are completely untrue. For these reasons, National Union objects to and responds to the false statements in order to remove Ullico's taint from the record, and respectfully submits that such assertions be disregarded by the Court when considering the discrete discovery issues raised in the Luce Motion.

Ullico's "background" statement that "[e]ven though National Union has acknowledged that Ullico provided appropriate notice of the Underlying Litigation and DOL Investigations, it has refused to pay Ullico's defense costs while paying the defense costs of Carabillo, Grelle and Luce…." (Opposition Memorandum at 2), is untrue. Indeed, Ullico knows this to be false, because Ullico has admitted otherwise in prior briefings filed in this litigation. *See* Ullico's Memorandum of Points and Authorities in Support of its Motion for Partial Summary Judgment at 2, n.1 (admitting that "National Union sent Ullico a check for a … portion of its defense costs"); *see also* Memorandum in Opposition to Ullico's Motion for Partial Summary Judgment and in Support of National Union's Cross-Motion for Partial Summary Judgment at 9, ¶ 23 (setting forth the undisputed fact that National Union has reimbursed Ullico for defense costs).[2]

---

[2] As has been made abundantly clear to Ullico and the Court, any further unreimbursed defense costs owing to Ullico are solely due to the actions of Ullico – namely, its repeated and continuous failure to comply with the terms and conditions of the 2001 Fiduciary Policy. Indeed, had Ullico simply submitted unredacted invoices and used Panel Counsel (like every other insured in this litigation has done), Ullico would not have been "forced" to sue National Union at all.

In addition, the Opposition Memorandum inappropriately raises for the first time Ullico's novel "allocation" argument, which also is not relevant to the Luce Motion and, in any event, is flat wrong. Opposition Memorandum at 5, n.3. While National Union looks forward to addressing the incorrect position that it is somehow obligated to pay legal fees that are not in defense of the claim that triggered the 2001 Fiduciary Policy, that issue is only properly before the Court if and when Ullico files its referenced second Motion for Partial Summary Judgment. *See id.*

## CONCLUSION

For the foregoing reasons, National Union respectfully submits that Ullico's false assertions addressed above be disregarded by the Court when considering the discrete discovery issues raised by the Luce Motion.

Dated: March 12, 2007                               Respectfully submitted,

By:  _____/s/_____
David J. Farber (415899)
Shannon W. Conway (477863)
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

*Counsel for Defendant/Counterclaim Plaintiff National Union Fire Insurance Company of Pittsburgh, PA and American International Specialty Lines Insurance Company*