UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ULLICO INC., | : |
|       Plaintiff, | : |
| v. | : Civil Action No. 1:06cv00080 (RJL/AK) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., et al., | : |
|       Defendants. | : |

**REPLY MEMORANDUM IN SUPPORT OF JAMES W. LUCE'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM ULLICO INC.**

James W. Luce ("Luce") submits this memorandum in reply to ULLICO Inc.'s Opposition to his motion to compel production of documents, and states briefly as follows:

ULLICO's Opposition is all distractions and no substance.  ULLICO unsuccessfully attempts to avoid the clear applicability of the "at issue" doctrine by suggesting that Luce has defaulted in this case.  While it is true that Luce has not filed an Answer in this case, it is also true that his Motion to Dismiss has not yet been ruled upon and, therefore, he is not required to file an Answer.  Moreover, Luce is not required to raise the reasonableness of ULLICO's alleged "defense costs" as an affirmative defense to ULLICO's claims in order for them to be "at issue".  Fed. R. Civ. P. 8(c) (listing affirmative defenses).  ULLICO has placed the reasonableness of its legal expenses at issue by filing this lawsuit and asking this Court to order the Insurers to pay those expenses.  *See, e.g. Potomac Electric Power Company v. California Union Ins. Co.*, 136 F.R.D. 1, 4 (D.D.C. 1990) (Plaintiff required to produce unredacted copies of legal bills because "[i]t is clear that Pepco has brought its own conduct and the conduct of its counsel in the underlying proceedings directly into issue by instituting this action to recover approximately

$3.25 million for clean-up costs and $3.5 million for defense costs allegedly incurred in connection with those proceedings.").

In addition, it is not true that redaction, if appropriate, would preclude assessment of the reasonableness and necessity of the alleged defense costs. While it is certain that ULLICO's able counsel have developed what they believe to be an ingenious litigation strategy, it is much less likely that the every day billing activities of its lead counsel, associates and paralegals, as recorded in their time records, actually divulge that strategy. For example, billing entries for time spent drafting particular pleadings or discovery or reviewing similar items would clearly not be privileged nor would they reveal attorney mental impressions. Such entries would, however, enable Luce to verify whether the costs were reasonable and necessary "defense" costs and not an improper drain on the insurance policy proceeds for pursuit of ULLICO's massive and hydraheaded affirmative claims against Luce and his co-defendants.

It short, while ULLICO's Opposition succeeds at drawing incorrect conclusions about the motives of Luce's counsel it wholly fails to provide a legal or factual basis for denying Luce's Motion to Compel.

Dated:  March 12, 2007                                     Respectfully Submitted,

                                                           _____/s/_____
                                                           Robert E. Scully, Jr.
                                                           REES, BROOME & DIAZ, P.C.
                                                           8133 Leesburg Pike, Ninth Floor
                                                           Vienna, Virginia 22182
                                                           (703) 790-1911
                                                           Fax No.  (703) 790-5249
                                                           Counsel for James W. Luce
                                                           D.C. Bar No. 340828
                                                           rscully@rbdlaw.com

K:\12\12410\00003\PLDNGS\070312 Reply Memorandum.doc